Marc N. Bernstein (SBN 145837)
THE BUSINESS LITIGATION GROUP, P.C.
150 Spear Street, Suite 800
San Francisco, CA 94105
Telephone:    415.765.6634
Facsimile:    415.283.4804

Gene J. Brockland, Missouri State Bar No. 32770, to be admitted *Pro Hac Vice*
SmithAmundsen LLP
120 South Central, Suite 700
St. Louis, MO 63105
Telephone:    314.719.3732
Facsimile:    314.719.3733

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DONALD WAKEFIELD,<br><br>Plaintiff,<br><br>v.<br><br>OLEN PROPERTIES CORP.; IGOR OLENICOFF, JOHN LIANG and DOES 1 through 10, inclusive,<br><br>Defendants, | Case No. 8:21-cv-1585<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**(1) COPYRIGHT INFRINGEMENT; (2) CONTRIBUTORY COPYRIGHT INFRINGEMENT; (3) VICARIOUS COPYRIGHT INFRINGEMENT; (4) CIVIL CONSPIRACY; (5) FRAUD IN THE INDUCEMENT; and (6) CIVIL RICO;**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff DONALD WAKEFIELD for his Complaint against IGOR

OLENICOFF, OLEN PROPERTIES CORP., JOHN LIANG and DOES 1 through 10, inclusive,

(collectively "Defendants"), and alleges as follows:

For at least the last ten years, Igor Olenicoff , Olen Properties Corp., their affiliated

companies, and others including John Liang, have operated their commercial real estate

development business through a pattern of criminal copyright infringement.  They identified

desired original sculptures, manufactured counterfeit copies in China, and publicly displayed them at commercial properties throughout Southern California and in Florida. By using knockoff artworks in place of the artists' originals, these Defendants saved themselves hundreds of thousands of dollars.

Twice already, juries have found the Olenicoff Defendants guilty of copyright infringement, yet they continue to engage in the same illegal conduct. One of the artists whose work was knocked off, multiple times, is Plaintiff Don Wakefield, who now brings this action.

## **JURISDICTION AND VENUE**

1.      This action asserts claims of copyright infringement under the Copyright Act, 17 U.S.C. §§101, *et seq.*, civil conspiracy and civil RICO under 18 U.S.C. §1964, and fraud. The Court has jurisdiction over Plaintiff's federal claims pursuant to 17 U.S.C. §§101, *et seq.*, 28 U.S.C. §§1331 and 1338(a) and has supplemental jurisdiction over the state law fraud claim under 28 U.S.C. § 1367.

2.      This Court has personal jurisdiction over Defendants IGOR OLENICOFF and OLEN PROPERTIES CORP. based on their significant contacts in the Central District of California and elsewhere in the United States arising from, among other things, their infringement in the Central District of California of copyright rights protected by Federal and California law, and their other continuous and systemic contacts within the Central District of California. This Court has personal jurisdiction over Defendant JOHN LIANG because, on information and belief, he is a citizen and resident of the State of California and conducts business in California.

3.      Venue in this judicial district is proper under 28 U.S.C. §1391(b), 28 U.S.C. §1400(a) and 18 USC §1965 because, among other grounds, a substantial part of the events or omissions giving rise to the Complaint occurred here, because Defendants and their agents may

COMPLAINT FOR INJUNCTION AND DAMAGES AND INJUNCTIVE RELIEF

be found here, and because they transact their affairs here.

## THE PARTIES

4.     Plaintiff DONALD WAKEFIELD (hereafter, "Plaintiff" or "WAKEFIELD") is an individual and a citizen of Canton, Michigan.

5.     Plaintiff is informed and believes, and thereon alleges, that Defendant IGOR OLENICOFF (hereafter, "OLENICOFF") is an individual and citizen of the State of Florida, although he also maintains a residence in and conducts business in Orange County, California.

6.     Defendant OLEN PROPERTIES CORP. (hereafter, "OLEN PROPERTIES") is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Newport Beach, California.  Olen is "at home" in California because, among other things, its corporate headquarters are located in the state and the vast majority of its real estate holdings are there.  OLEN PROPERTIES is registered and/or qualified to do business in the State of California and has an agent for service of process in Newport Beach, California.

7.   Plaintiff is informed and believes, and thereon alleges, that Defendant JOHN LIANG a/k/a John Leon (hereafter, "LIANG") is an individual and citizen of the State of California, residing and conducting business in Los Angeles County, California.

8.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10 inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will amend this Complaint to include their proper names and capacities when they have been ascertained.  Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants participated in and are in some manner responsible for the acts described in this Complaint and damage resulting therefrom.

9.     Plaintiff alleges on information and belief that each of the Defendants named

COMPLAINT FOR INJUNCTION AND DAMAGES AND INJUNCTIVE RELIEF

herein as DOES 1 through 10 inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged herein below, and are liable to Plaintiff for the damages and relief sought herein.

10.    Plaintiff alleges on information and belief that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of the Defendants was the agent and employee of each of the other Defendants and was at all times acting within the course and scope of such agency and employment with the knowledge and approval of each of the other Defendants.

## FACTUAL ALLEGATIONS

### Defendants' Prior Infringement of Wakefield's Copyright

11.    This is an action arising under the Copyright Act, 17 U.S.C.§§101 *et seq.*, for knowing and intentional infringement of Plaintiff's copyrighted works – namely, unauthorized copies of Plaintiff's sculpture known as *Untitled*.

12.    At all times mentioned herein, OLENICOFF was and is a billionaire real estate developer.  OLENICOFF is also a convicted felon, having pled guilty to tax evasion.

13.    OLENICOFF is the President of OLEN PROPERTIES.  Plaintiff is informed and believes, and thereon alleges, that OLENICOFF is the sole owner of OLEN PROPERTIES.

14.    OLEN PROPERTIES owns approximately 11,000 residential units and 6.25 million square feet of commercial space in California, Nevada, Florida and Illinois.

15.    At all times mentioned herein, WAKEFIELD was and is a contemporary American sculptor.  WAKEFIELD has been creating large-scale stone and metal sculptures since the early 1980s.  Each large-scale sculpture he creates is a one-of-a-kind piece.  WAKEFIELD does not produce multiple editions of any of his sculptures.  Typically, the preparation of one of his large-scale sculptures takes at least six months of effort.  WAKEFIELD

1

has produced approximately 20 to 30 large-scale Sculptures over the past 30 years.

2

16.    In 1992, WAKEFIELD and an artist named Joseph Glickman collaborated in

3

creating a large-scale granite sculpture named *Untitled* (hereafter, "*Untitled*" or the "Sculpture").

4

Two photographs of *Untitled* follow:

5

6

7

8

9

10

11

12

13

14

 

15

16

17.    WAKEFIELD and Glickman registered their copyright in *Untitled* with the U.S.

17

Copyright Office, effective July 16, 2011, Registration Number VAu001072468.

18

18.    WAKEFIELD and Glickman entered into a Joint Copyright Ownership

19

Agreement dated September 18, 2012, in which WAKEFIELD was assigned the exclusive

20

litigation rights in and to *Untitled*.

21

19.    In or about April 2008, WAKEFIELD discovered a copy of *Untitled* at an OLEN

22

PROPERTIES location in Newport Beach, California (hereinafter, the "First Copy").  At the

23

time of discovery, because the copy was so precise, WAKEFIELD believed that he was looking

24

at the original *Untitled*, and believed that it had been relocated from its original location in

25

Chicago to Newport Beach.  Photographs of three copies referred to as *Human Nature's Many*

26

27

*Faces* and their respective locations are below:

28

COMPLAINT FOR INJUNCTION AND DAMAGES AND INJUNCTIVE RELIEF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

  

Century Centre-Plaza          Century Centre-Street          Olen Pointe-Brea

20.     Subsequent to the discovery of the First Copy, WAKEFIELD discovered six

additional copies at other of OLEN PROPERTIES' locations in Southern California.  Four of the

seven copies were the near exact copy referred to as *Human Nature's Many Faces* and three

were derivative copies containing a stainless steel teardrop, which were titled *A Tear Must Fall*.

Photographs of two copies referred to as *A Tear Must Fall* and their respective locations are

below:

COMPLAINT FOR INJUNCTION AND DAMAGES AND INJUNCTIVE RELIEF

 

Century Centre                                    Olen Pointe-Brea

21.     OLENICOFF and OLEN PROPERTIES caused the copies that they referred to as *Human Nature's Many Faces* and *A Tear Must Fall* to be manufactured in China. To do so, OLENICOFF and OLEN PROPERTIES provided information (including photographs and/or specifications) to Defendant JOHN LIANG a/k/a John Leon, who sometimes did business as Sohou Company (an unincorporated association). LIANG, in turn, secured the manufacture of the copies in China and arranged shipping to OLENICOFF and OLEN PROPERTIES.

22.     Upon information and belief, LIANG would accept orders from OLENICOFF and OLEN PROPERTIES in which OLENICOFF and OLEN PROPERTIES would provide photographs or other descriptions of original sculptures that they wanted copied, as well as details concerning the size, quantity and material to be used in the copies. LIANG would then take that information and arrange for copies to be manufactured in China and shipped to the United States for delivery to OLENICOFF and OLEN PROPERTIES.

23.     Following his discovery of the six additional copies, WAKEFIELD sued

COMPLAINT FOR INJUNCTION AND DAMAGES AND INJUNCTIVE RELIEF

1    OLENICOFF and OLEN PROPERTIES for copyright infringement (the "Wakefield I"

2    litigation).

3        24.    In Wakefield I, WAKEFIELD alleged that OLENICOFF and OLEN

4    PROPERTIES were infringing his copyright in *Untitled* by publicly displaying *Human Nature's*

5    *Many Faces* and *A Tear Must Fall* at their commercial properties in Southern California.

6        25.    WAKEFIELD undertook discovery in Wakefield I to try to determine the extent

7    of the Defendants' copyright infringement.  To that end, WAKEFIELD submitted written

8    interrogatories to OLENICOFF and OLEN PROPERTIES CORP. which included the following:

9

10       • "State how many copies of the *Untitled* Copies were acquired by OLENICOFF."

11       • "State how many copies of the *A Tear Must Fall* Copies were acquired by

12         OLENICOFF."

13       • "State how many copies of the *Untitled* Copies were purchased by OLEN."

14       • State how many copies of the *A Tear Must Fall* Copies were purchased by

15         OLEN."

16       • "Identify each and every location where OLEN has a copy of the *Untitled*

17         Copies."

18       • Identify each and every location where OLEN has a copy of the *A Tear Must Fall*

19         Copies."

20   This substantive line of questioning was also pursued in the depositions of both

21   OLENICOFF and OLEN PROPERTIES in Wakefield I.

22       26.    During discovery and through trial of Wakefield I, Defendants OLENICOFF and

23   OLEN PROPERTIES averred under oath that there were only seven existing copies of Plaintiff's

24   copyrighted work at three separate office parks in Orange County, California.  The seven copies

25   attested to by Defendants OLENICOFF and OLEN PROPERTIES were the same seven copies

8

COMPLAINT FOR INJUNCTION AND DAMAGES AND INJUNCTIVE RELIEF

WAKEFIELD had already discovered on his own. When OLENICOFF and OLEN PROPERTIES testified under penalty of perjury to the existence of just seven copies of WAKEFIELD's works, they knew that they had made and erected additional copies, and thus their testimony was willfully false.

27. Wakefield I was tried to a jury in July 2014. The jury found OLENICOFF and OLEN PROPERTIES guilty of infringing WAKEFIELD'S copyright and awarded WAKEFIELD $450,000 in damages.

28. The District Court judge in Wakefield I granted Defendant's Motion for JNOV, finding insufficient proof of damages, but ordered the infringing copies destroyed. Both sides appealed.

29. The U.S. Court of Appeals for the Ninth Circuit reversed the grant of JNOV, reinstated the jury's award, and affirmed the destruction order. As a result of the Ninth Circuit's ruling, WAKEFIELD recovered his damages, OLENICOFF's and OLEN PROPERTIES' infringement was finally adjudicated and OLENICOFF and OLEN PROPERTIES were required to destroy the infringing copies.

30. As a result of the judgment in Wakefield I, Defendants are collaterally estopped from arguing that their copies known as *Human Nature's Many Faces* and *A Tear Must Fall* did not infringe WAKEFIELD'S copyright in *Untitled*.

31. In September 2014, after the trial of Wakefield I, WAKEFIELD discovered another copy of *Untitled* at an OLEN PROPERTIES location known as Two Venture Plaza in Irvine, California (hereinafter the "Eighth Copy").

32. Prior to WAKEFIELD'S discovery of the Eighth Copy, after the trial of Wakefield I, the existence of the Eighth Copy had never been disclosed to WAKEFIELD and was knowingly concealed by Defendants.

COMPLAINT FOR INJUNCTION AND DAMAGES AND INJUNCTIVE RELIEF

33.     In September, 2017 WAKEFIELD sued OLENICOFF and OLEN PROPERTIES for copyright infringement based on the Eighth Copy (the "Wakefield II" litigation).

34.     In Wakefield II, WAKEFIELD moved for sanctions based on OLENICOFF's and OLEN PROPERTIES' concealment and failure to disclose the Eighth Copy and perjury in their discovery responses and in OLENICOFF's trial testimony regarding the number of infringing copies.

35.     OLENICOFF and OLEN PROPERTIES opposed that Motion for Sanctions.  In doing so, they submitted an affidavit from OLENICOFF, dated December 18, 2017, in which OLENICOFF stated:

> In July 2017, the Olen parties offered to delivery (sic) all pieces of "Untitled" and derivatives thereof to Wakefield.  Wakefield did not accept the offer of delivery.
>
> **Therefore the Olen Parties removed all sculptures of "Untitled" and derivative pieces from all Olen controlled properties, including the Olen headquarters and 2 Venture locations.**

36.     Subsequent to OLENICOFF stating in his affidavit that ***all*** infringing copies had been removed from ***all*** Olen-controlled properties, and in consideration, in part, of the same, WAKEFIELD agreed to a confidential settlement of the Wakefield II case.

## Current Infringement of Wakefield's Copyright

37.     As WAKEFIELD would come to learn in May, 2021, OLENICOFF'S December 18, 2017 Affidavit was knowingly false, as OLENICOFF and OLEN PROPERTIES had not removed two additional, ***never-disclosed***, infringing copies of *Untitled* from an OLEN PROPERTIES location in Boynton Beach, Florida.

38.     Specifically, WAKEFIELD learned in May, 2021 that a nearly-exact copy of *Untitled*, referred to as *Human Nature's Many Faces,* was being publicly displayed, and had

COMPLAINT FOR INJUNCTION AND DAMAGES AND INJUNCTIVE RELIEF

been since 2014, at an OLEN PROPERTIES location know as Quantum Town Center, 1014

Gateway Blvd., Boynton Beach, Florida.  Two photographs of that copy follow:

 

39.    WAKEFIELD also learned in May, 2021 that a derivative copy of *Untitled*,

referred to as *A Tear Must Fall,* was being publicly displayed, and had been since 2014, at an

OLEN PROPERTIES location known as Quantum Town Center, 1034 Gateway Blvd., Boynton

Beach, Florida.  Two photographs of that copy follow:

COMPLAINT FOR INJUNCTION AND DAMAGES AND INJUNCTIVE RELIEF

 

40.     The copies referred to by Defendants as *Human Nature's Many Faces* and *A Tear Must Fall* located at Quantum Town Center in Boynton Beach, Florida are identical to the copies that were found to be infringing copies in Wakefield I.

41.     Defendants have publicly displayed their infringing copies outside their commercial buildings without Plaintiff's authorization.

42.     WAKEFIELD is the exclusive owner of litigation rights in and to *Untitled*.  At no point did WAKEFIELD authorize the Defendants' manufacture, replication or public display of *Untitled*.

## Pattern of Past Copyright Infringement

43.     As alleged in Paragraphs 11 through 37 above, Defendants OLENICOFF and OLEN PROPERTIES engaged in copyright infringement of Plaintiff's work known as *Untitled*, resulting in one judgment against them that was upheld on appeal, and a separate confidential settlement agreement.

COMPLAINT FOR INJUNCTION AND DAMAGES AND INJUNCTIVE RELIEF

44.     Following are other instances of Defendants OLENICOFF and OLEN

PROPERTIES engaging in willful copyright infringement for commercial advantage and private

financial gain.

**Separate Prior Infringement – John Raimondi**

45.     John Raimondi ("Raimondi") is a contemporary American sculptor of

international distinction and renown.

46.     In 1987, Raimondi created a monumental sculpture entitled *Dian*, which he sold

in limited editions of various sizes.  A photograph of *Dian* is below:



*Dian*

47.     In 1994, Raimondi created a monumental sculpture entitled *Ceres*, which he sold

in limited editions of various sizes.  A photograph of *Ceres* is below:

COMPLAINT FOR INJUNCTION AND DAMAGES AND INJUNCTIVE RELIEF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



*Ceres*

48.     In 2010, Raimondi discovered that OLENICOFF and OLEN PROPERTIES were displaying unauthorized copies (two each) of *Dian* and *Ceres* at certain of their commercial properties in Southern California.  The infringing copies bore the titles of *Intertwined* and *Link to Compassion*.  Photographs of *Intertwined* and *Link to Compassion* and their respective locations are below:

COMPLAINT FOR INJUNCTION AND DAMAGES AND INJUNCTIVE RELIEF

 

*Link to Compassion*                    *Intertwined*

49.    Raimondi sued OLENICOFF and OLEN PROPERTIES for copyright infringement in the U.S. District Court for the Central District of California (the "Raimondi Litigation").

50.    The Raimondi Litigation was tried to a jury in December 2014.  At the trial, OLENICOFF and OLEN PROPERTIES stipulated that they had infringed Raimondi's copyright in *Dian* in two locations and had infringed Raimondi's copyright in *Ceres* in two locations.  The jury awarded Raimondi damages of $640,000.  The District Court Judge ordered that Defendants OLENICOFF and OLEN PROPERTIES place a placard on the copy referred to as *Intertwined* stating, "UNAUTHORIZED COPY OF *CERES* BY JOHN RAIMONDI," and a placard on the copy referred to as *Link to Compassion* stating, "UNAUTHORIZED COPY OF *DIAN* BY JOHN RAIMONDI."

51.    OLENICOFF and OLEN PROPERTIES appealed.  While the Raimondi case was on appeal, the parties entered into a confidential settlement agreement.

COMPLAINT FOR INJUNCTION AND DAMAGES AND INJUNCTIVE RELIEF

**<u>Separate Prior Infringement – Bill Bedford</u>**

52.    Bill Bedford is a sculptor who is a citizen and resident of the State of Oregon. He is celebrated and collected as a creator of large bronze works. Bedford has completed multiple large sculptures for public, corporate and private collections throughout the United States.

53.    In 1985, Bedford created a 10-foot bronze sculpture known as *Cognizance*. A photograph of *Cognizance* is below:



54.    *Cognizance* was intended to be created in an edition of five. The first two versions of *Cognizance* were cast by a foundry in bronze and sold by Bedford to OLENICOFF and OLEN PROPERTIES.

55.    Bedford has never had the other three versions of the edition of five of *Cognizance* created and cast by any foundry and the mold for the casting deteriorated beyond use and has been destroyed.

56.    In 2014, Bedford discovered two unauthorized copies of *Cognizance* at commercial properties owned or controlled by OLENICOFF and OLEN PROPERTIES in Southern California.

57.    The unauthorized copies were substantially similar to the original and bore the

COMPLAINT FOR INJUNCTION AND DAMAGES AND INJUNCTIVE RELIEF

title *Cognizance* and attributed the work to Bill Bedford.  At no time did Bedford ever authorize

the copies to be made, nor did he authorize the use of the title or his name with the unauthorized

copies.  Photographs of the unauthorized copies Bedford discovered in 2014 are below:

 

58.    Upon learning of the unauthorized copies, Bedford demanded that OLENICOFF

and OLEN PROPERTIES destroy the unauthorized copies and pay him damages.  Thereafter,

the parties entered into a confidential settlement agreement.

59.    In May, 2021, Bedford discovered yet another unauthorized copy of *Cognizance*

at another property owned or controlled by OLENICOFF and OLEN PROPERTIES, this

property being Quantum Town Center in Boynton Beach, Florida.  A photograph of the Boynton

Beach unauthorized copy follows:

COMPLAINT FOR INJUNCTION AND DAMAGES AND INJUNCTIVE RELIEF

**FIRST CAUSE OF ACTION**

**COPYRIGHT INFRINGEMENT**

**(Against Defendants Olenicoff and Olen Properties and DOES 1 through 10)**

60.    Plaintiff realleges each and every allegation set forth above and incorporates them herein by this reference.

61.    The *Untitled* sculpture contains a substantial amount of wholly original expression and is copyrightable subject matter under the laws of the United States.

62.    WAKEFIELD is the sole owner and proprietor of all litigation rights, titles and interests to the Sculpture.  He and Glickman registered a copyright for the Sculpture in the United States Copyright Office.

63.    Defendants have infringed and will continue to infringe the Artists' exclusive rights in and to the Sculpture by (1) manufacturing and reproducing at least two copies of

*Untitled* and (2) publicly displaying those copies outside Defendants' commercial buildings. Each of these actions was performed by Defendants without the Artists' authorization.

64.     Defendants, and each of them, have knowingly and willfully copied, reproduced and publicly displayed copies of the Sculpture in multiple locations owned by Defendants, and are otherwise infringing upon the Artists' exclusive rights in the Sculpture for the specific purpose of infringing the Artists' rights in and to the copyrights in the Sculpture for Defendants' own benefit and pecuniary interest and to the detriment of the Artists.  By copying, reproducing and publicly displaying copies of the Sculpture, Defendants have infringed the Artists' exclusive rights in and to the copyrights in the Sculpture.

65.     Pursuant to 17 U.S.C. §504, Plaintiff seeks to recover actual damages, statutory damages for willful infringement and attorney's fees suffered and incurred by the Artists as the result of Defendants' infringement.

66.     The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause the Artists great and irreparable injury.  Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further contributing to infringing the Artists' copyright and ordering that each Defendant destroy or turn over to Plaintiff all copies of the Sculpture made in violation of the Artists' exclusive rights to the copyright.

**SECOND CAUSE OF ACTION**

**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

**(Against All Defendants and DOES 1 through 10)**

67.     Plaintiff realleges each and every allegation set forth above, and incorporates them herein by this reference.

68.     Plaintiff is informed and believes, and upon that basis alleges, that each

COMPLAINT FOR INJUNCTION AND DAMAGES AND INJUNCTIVE RELIEF

Defendant, with knowledge of the infringing activities of third parties and other of the

Defendants, as well as with the ability to control same and the intent to themselves benefit, either

directly or indirectly has infringed and threatens to further infringe the copyright in the Sculpture

by the acts alleged herein and by participating in or otherwise knowingly contributing to the

unauthorized manufacture, reproduction and public display of copies of the Sculpture within this

judicial district and elsewhere, and each Defendant has induced, caused and materially

contributed to, and continues to induce, cause and materially contribute to, the infringing

conduct by such third parties and other defendants.

69.    The participation in or otherwise knowing contribution by Defendants to the

unauthorized reproduction and public display of copies of the Sculpture is in violation of 17

U.S.C. §§106(1) and 106(3).

70.    Defendants' reproduction and public display of the Sculpture is without any

permission, license or authorization from WAKEFIELD..

71.    Plaintiff has no adequate remedy at law and has suffered, and is continuing to

suffer irreparable harm and damage as a result of the aforesaid acts of contributory copyright

infringement.  Defendants are each liable in amounts within the jurisdiction of this Court.

72.    Plaintiff is informed and believes and upon that basis alleges, that the aforesaid

contributory copyright infringement by Defendants of the Sculpture was and continues to be

with the knowledge that the Sculpture are copyrighted, and that Defendants, and each of them, in

doing the acts complained of herein, have willfully infringed the Artists' rights under the

Copyright Laws of the United States, 17 U.S.C. §§101, *et seq.*

73.    Defendants have each obtained gains, profits and advantages as a result of their

respective wrongful acts in amounts within the jurisdiction of this Court.

74.    Plaintiff has suffered, and continues to suffer, direct and actual damages as a

result of Defendants' wrongful conduct as alleged herein, in amounts within the jurisdiction of this Court.

75.     The foregoing acts of contributory infringement have been willful, intentional and in disregard of and with indifference to the rights of WAKEFIELD.

76.     As a result of each Defendant's contributory infringement of WAKEFIELD's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504.

77.     The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause WAKEFIELD  great and irreparable injury.  Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further contributing to infringing WAKEFIELD's copyright and ordering that each Defendant destroy or turn over to Plaintiff all copies of the Sculpture made in violation of Plaintiff's exclusive rights to the copyright.

## THIRD CAUSE OF ACTION

### VICARIOUS COPYRIGHT INFRINGEMENT

### (Against All Defendants and DOES 1 through 10)

78.     Plaintiff realleges each and every allegation set forth above, and incorporates them herein by this reference.

79.     At all times relevant herein, Defendants had the right and ability to supervise and/or control the infringing conduct of the manufacturers of the unauthorized copies of the Sculpture, without limitation, by requesting that the manufacturer make the unauthorized copies and supplying the manufacturer with detailed drawings and photographs for the manufacturer to copy.  Further, Defendants had the right to supervise and/or control the infringing conduct of those who placed the unauthorized copies of the Sculpture in front of their buildings.  As a direct and proximate result, Defendants have infringed the Artists' copyrights in the Sculpture as set

COMPLAINT FOR INJUNCTION AND DAMAGES AND INJUNCTIVE RELIEF

forth above.

80.    At all times relevant herein, Defendants derived substantial financial benefit from infringements of Plaintiff's copyrights in that, among other things, Defendants did not pay the Artists the customary price for the purchase of their Sculpture.  Further, the public display of the infringing Sculpture makes Defendants' properties more attractive to potential tenants.

81.    The foregoing acts of infringement by Defendants have been willful, intentional and purposeful, in disregard of and indifference to the rights of the Artists.

82.    Defendants' conduct, as alleged herein, constitutes vicarious infringement of the Artists' copyrights and exclusive rights under copyright, in violation of the Copyright Act, 17 U.S.C. §§106, 115, and 501.

83.    As a direct and proximate result of Defendants' vicarious infringement of the Artists' copyrights and exclusive rights under copyright, Plaintiff is entitled to actual damages pursuant to 17 U.S.C. §504(b) for each infringement.

84.    The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause the Artists great and irreparable injury.  Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further contributing to infringing the Artists' copyright and ordering that each Defendant destroy or turn over to Plaintiff all copies of the Sculpture made in violation of the Artists' exclusive rights to the copyright.

**FOURTH CAUSE OF ACTION**

**CIVIL CONSPIRACY**

**(Against All Defendants and DOES 1 through 10)**

85.    Plaintiff realleges each and every allegation set forth above, and incorporates them herein by this reference.

COMPLAINT FOR INJUNCTION AND DAMAGES AND INJUNCTIVE RELIEF

86.     At all times relevant herein, Defendants intended to and did in fact form a group of persons who agreed to a common plan or design to infringe, directly, contributorily and/or vicariously, the Artists' copyrights in the Sculpture as set forth above.

87.     Defendants did, in fact, infringe the Artists' copyright in the Sculpture pursuant to their agreement to do same.

88.     The foregoing acts of conspiracy by Defendants have been willful, intentional and purposeful, in disregard of and indifference to the rights of the Artists.

89.     As a direct and proximate result of Defendants' conspiracy to infringe the Artists' copyrights and exclusive rights under copyright, Plaintiff is entitled to actual damages.

90.     By virtue of each Defendant's agreement to and participation in the above plan to infringe the Artists' copyrights in the Sculpture, they are each jointly liable for all damages ensuing from the infringement, irrespective of their relative degree of participation.

91.     Defendants' conspiracy is ongoing and is causing and, unless enjoined and restrained by this Court, will continue to cause the Artists great and irreparable injury.  Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further conspiring to infringe the Artists' copyright and ordering that each Defendant destroy or turn over to Plaintiff all copies of the Sculpture made in violation of the Artists' exclusive rights to the copyright.

## FIFTH CAUSE OF ACTION

### FRAUD IN THE INDUCEMENT

### (Against Defendants OLENICOFF and OLEN PROPERTIES and DOES 1 through 10)

92.     Plaintiff realleges each and every allegation set forth above, and incorporates them herein by this reference.

93.     In December, 2017 Defendants OLENICOFF and OLEN PROPERTIES

COMPLAINT FOR INJUNCTION AND DAMAGES AND INJUNCTIVE RELIEF

represented to WAKEFIELD that all infringing copies of *Untitled* had been removed from all properties controlled by OLEN PROPERTIES.

94.    Such representation was false, in that as of that time two infringing copies of *Untitled* were being publicly displayed at OLEN PROPERTIES' Quantum Town Center in Boynton Beach, Florida.

95.    OLENICOFF and OLEN PROPERTIES knew that their representation was false, and made it with the intent to defraud WAKEFIELD.

96.    In reasonable reliance on the false representation made by OLENICOFF and OLEN PROPERTIES, WAKEFIELD entered into the Settlement Agreement in Wakefield I, to his detriment.

97.    As a direct and proximate result of the fraud committed by OLENICOFF and OLEN PROPERTIES as alleged herein, WAKEFIELD has been damaged.

98.    The actions of OLENICOFF and OLEN PROPERTIES as alleged herein were willful, wanton and malicious, entitling WAKEFIELD to an award of punitive damages.

99.    Alternatively, WAKEFIELD is entitled to an order from the Court disaffirming the Settlement Agreement, treating it as rescinded, and to an award of his damages resulting from the rescission.

## SIXTH CAUSE OF ACTION

### CIVIL RICO

### (Against All Defendants)

100.    Plaintiff realleges each and every allegation set forth above, and incorporates them herein by this reference.

COMPLAINT FOR INJUNCTION AND DAMAGES AND INJUNCTIVE RELIEF

101.    OLENICOFF operates in close association with OLEN PROPERTIES, and, on information and belief, other affiliated entities owned or controlled by Igor Olenicoff (the "Olenicoff Entities").

102.    Each Olenicoff Entity is an "enterprise" engaged in "interstate commerce," and affecting interstate commerce, as those terms are defined and used in 18 U.S.C. §§1961(4) and 1962(c). For example, infringing artwork has been publicly displayed by these entities at commercial properties in Southern California and Florida.

103.    Alternatively, there is a broader enterprise (the "Broader Enterprise") that consists of an association-in-fact of members who have functioned for years as a continuing unit for the common purpose of achieving the activities described in this Complaint, including obtaining commercial advantage and private financial gain via willful copyright infringement. The Broader Enterprise includes at least Igor Olenicoff, Olen Properties, Liang and other entities and individuals working with them.

104.    The Broader Enterprise is an "enterprise" engaged in "interstate commerce," and its activities affect interstate commerce, as those terms are defined and used in 18 U.S.C. §§1961(4) and 1962(c).  For example, infringing artwork has been publicly displayed by these entities at commercial properties in Southern California and Florida.

105.    Through the conduct described above, including willful copyright infringement of WAKEFIELD'S works for purposes of commercial advantage and private financial gain, and reproduction and distribution during a 180-day period of multiple copyrighted works with a total retail value of more than $1,000, the individual and entity Defendants who are employed by or associated with one or more of the Olenicoff Entities conspired to, and did, conduct or participate in the conduct of the affairs of the Olenicoff Entities with which they are associated, or by whom they are employed, through a pattern of racketeering activity, all in violation of 18 U.S.C. §§1962(c) and (d).

106.    In addition or in the alternative, through the conduct described above, including willful copyright infringement of WAKEFIELD'S works for purposes of commercial advantage

COMPLAINT FOR INJUNCTION AND DAMAGES AND INJUNCTIVE RELIEF

and private financial gain, and reproduction and distribution during a 180-day period of multiple copyrighted works with a total retail value of more than $1,000, individual or entity counterclaim defendants who are employed by or associated with the Broader Enterprise conspired to, and did, conduct or participate in the conduct of the affairs of the Broader Enterprise through a pattern of racketeering activity, all in violation of 18 U.S.C. §§1962(c) and (d).

107.    WAKEFIELD has suffered injury directly and foreseeably by reason of the counterclaimants' violations of 18 U.S.C. §1962, in an amount to be determined at trial. WAKEFIELD is entitled to compensation for these damages, and for treble damages and costs of suit, including reasonable attorneys' fees, all under 18 U.S.C. §1964(c).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff DONALD WAKEFIELD prays for judgment against Defendants, and each of them, as follows:

1.    For actual damages resulting from Defendants' copyright infringement pursuant to 17 U.S.C. § 504 (b); or

2.    For statutory damages of $150,000 per infringement for willful infringement resulting from Defendants' copyright infringement pursuant to 17 U.S.C. § 504 (c); and

3.    For treble damages against OLENICOFF and OLEN PROPERTIES under 18 U.S.C. § 1964(c); and

4.    For costs and reasonable attorney's fees pursuant to 17 U.S.C. § 505 and 18 U.S.C. § 1964(c); and

5.    For entry of preliminary and permanent injunctions providing that each Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the Untitled sculpture, and any sculpture, whether now in existence or later created, that is owned, licensed to, or controlled by Plaintiff ("Plaintiff's Sculpture"), except pursuant to a lawful

COMPLAINT FOR INJUNCTION AND DAMAGES AND INJUNCTIVE RELIEF

license or with the express authority of Plaintiff.  Each Defendant also shall destroy all copies of Plaintiff's Sculpture that Defendant has at any of its locations without Plaintiff's authorization, or alternatively each Defendant shall deliver possession of such copies to Plaintiff, and shall be enjoined from otherwise selling, distributing, giving, or otherwise disposing of any unauthorized copies of Plaintiff's Sculpture; and

      6.     For rescission of the Settlement Agreement entered into in Wakefield II; and

      7.     For pre- and post-interest provided by law; and

      8.     For such other and further relief against Defendants as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial pursuant to FED. R. CIV .P. 38(b) and L.R. 38-1 on all issues qualifying for one.

COMPLAINT FOR INJUNCTION AND DAMAGES AND INJUNCTIVE RELIEF

RESPECTFULLY SUBMITTED,

Date:  September 27, 2021

    __/s/Marc N. Bernstein_____
Marc N. Bernstein (SBN 145837)
THE BUSINESS LITIGATION GROUP, P.C.
150 Spear Street, Suite 800
San Francisco, CA 94105
Telephone: 415.765.6634
Facsimile:  415.283.4804

Gene J. Brockland, Missouri State Bar No. 32770, to be admitted *Pro Hac Vice*
SmithAmundsen LLP
120 South Central, Suite 700
St. Louis, MO 63105
Telephone:       314.719.3732
Facsimile:  314.719.3733

ATTORNEYS FOR PLAINTIFF

COMPLAINT FOR INJUNCTION AND DAMAGES AND INJUNCTIVE RELIEF