UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DONALD WAKEFIELD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OLEN PROPERTIES CORP., IGOR OLENICOFF, JOHN LIANG, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No.: SACV 21-01585-CJC(DFMx)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNT III OF DEFENDANTS' COUNTERCLAIMS AND STRIKE AFFIRMATIVE DEFENSES OF INVALIDITY [Dkt. 88] |

I.　　INTRODUCTION & BACKGROUND

　　This is the third of four lawsuits between these parties relating to a copyrighted large-scale granite sculpture called *Untitled* that Plaintiff Donald Wakefield collaborated in making with a man named Joseph Glickman in 1992. (Dkt. 1 [Complaint, hereinafter "Compl."] ¶¶ 16–17.)  In the first lawsuit ("*Wakefield I*"), Plaintiff sued Defendants Olen Properties Corp. ("Olen") and Igor Olenicoff for copyright infringement after he found

-1-

seven infringing copies of *Untitled* and other sculptures on Defendants' properties. (*Id.* ¶¶ 19–29.) Among other affirmative defenses, Defendants asserted that Plaintiff's copyright in *Untitled* was invalid. (Dkt. 88-4 [Declaration of Gene J. Brockland, hereinafter "Brockland Decl.," Ex. B, Defendants' *Wakefield I* Answer].) The jury disagreed:

> We, the jury, answer the questions submitted to us as follows:
> **Question 1**: Is plaintiff the owner of a valid copyright? Please answer "Yes" or "No."
> Yes ✓   No ___

(Dkt. 88-5 [Brockland Decl. Ex. C, *Wakefield I* Verdict Form].) The jury further found that Defendants copied *Untitled* and that Plaintiff suffered $450,000 in actual damages as a result of the infringement of Plaintiff's valid copyright. (*Id.* at Questions 2, 8.) The court, Judge Andrew J. Guilford, ordered Defendants to return or destroy the infringing copies. *Wakefield v. Olenicoff*, 2015 WL 1460152, at *10 (C.D. Cal. Mar. 30, 2015), *aff'd in part, rev'd in part,* 679 F. App'x 591 (9th Cir. 2017), *cert. denied,* 138 S. Ct. 211 (2017) (ordering Defendants "to deliver to Plaintiff any and all infringing copies of the copyrighted work, . . . or, to destroy all existing infringing sculptures within eight months of receiving actual notice of this injunction"). The Ninth Circuit concluded that the jury's $450,000 award was supported by evidence and affirmed the court's injunction requiring Defendants to destroy the infringing sculptures. *Wakefield v. Olenicoff*, 679 F. App'x at 592.

After the *Wakefield I* trial, Plaintiff sued Defendants again when he discovered that Defendants had another infringing copy of *Untitled* on one of their other properties ("*Wakefield II*"). (Compl. ¶¶ 31–33.) During *Wakefield II*, Mr. Olenicoff submitted an affidavit that Defendants had removed all infringing copies of *Untitled* from their properties. (*Id.* ¶ 35.) Plaintiff agreed to settle *Wakefield II* based in part on this affidavit. (*Id.* ¶ 36.)

Plaintiff then discovered two more infringing copies of *Untitled* displayed at Defendants' Florida properties. (*Id.* ¶¶ 37–39.) Based on this discovery, Plaintiff filed this case ("*Wakefield III*"), alleging again that Defendants infringed his copyright in that sculpture. Defendants' answers in this case now[1] contain affirmative defenses that Plaintiff's *Untitled* copyright is invalid and unenforceable. (Dkt. 84 [Olen Corp.'s Answer and Counterclaim] at 14; Dkt. 85 [Olenicoff's Answer and Counterclaim] at 14.) Specifically, Defendants allege "the work is not an original work of authorship and because the purported assignment [to Plaintiff of exclusive litigation rights relating to *Untitled*] is invalid." (Dkt. 84 ¶ 33.) Defendants also assert counterclaims for declaratory judgment that Plaintiff's copyright registration is invalid and unenforceable and therefore cannot support an infringement claim. (Dkt. 84 ¶¶ 52–54; Dkt. 85 ¶¶ 52–54.) Specifically, they allege that "the subject matter of the work was not copyrightable because it lacked originality and was in the public domain" and that Plaintiff "was not the true owner of a valid and enforceable copyright for *Untitled*." (Dkt. 84 ¶¶ 50, 51.)

Now before the Court is Plaintiff's motion to dismiss Defendants' counterclaims and to strike Defendants' affirmative defenses relating to copyright invalidity. (Dkt. 88.) For the following reasons, Plaintiff's motion is **GRANTED**.[2]

---

[1] After Plaintiff filed this case, Defendants filed a new case ("*Wakefield IV*") in state court, alleging that Plaintiff violated the *Wakefield II* settlement agreement by filing *Wakefield III* and seeking, among other relief, an order enforcing the covenant not to sue in the settlement agreement. (*Olen Properties Corp., et. al. v. Wakefield*, No. 8:22-cv-00928-CJC-DFM [*Wakefield IV*], Dkt. 1-2 [Complaint].) After removing *Wakefield IV* to federal court, Plaintiff filed a motion to dismiss or stay the case because Defendants' *Wakefield IV* claims are compulsory counterclaims in *Wakefield III*. (*Id.*, Dkt. 8.) The Court granted the motion and dismissed *Wakefield IV*, noting that the dismissal was without prejudice to Defendants moving to amend their *Wakefield III* answer to raise as counterclaims the claims they sought to raise in *Wakefield IV*. (*Id.*, Dkt. 16.) Defendants then moved for leave to file amended answers with amended affirmative defenses and to assert counterclaims for breach of the settlement agreement, specific performance of the settlement agreement, and declaratory judgment of copyright invalidity against Plaintiff. (Dkt. 79.) The Court granted that motion. (Dkt. 83.)

[2] Having read and considered the papers the parties presented, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for October 24, 2022, at 1:30 p.m. is hereby vacated and off calendar.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's claims. The issue on a motion to dismiss for failure to state a claim is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). To survive a motion to dismiss, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Additionally, under Rule 12(f), "the court may order stricken from any pleading any insufficient defense."

## III. DISCUSSION

Plaintiff moves to dismiss the counterclaims for declaratory judgment of invalidity and strike the affirmative defenses of invalidity on the ground that the claims and defenses are barred by the doctrine of collateral estoppel, or issue preclusion. Issue preclusion bars a party from relitigating an issue that the party has litigated and lost in a prior proceeding. *R.T.C. v. Keating*, 186 F.3d 1110, 1114 (9th Cir. 1999). It "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless

litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). Issue preclusion applies when "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (citation omitted).

The doctrine of issue preclusion bars Defendants' invalidity claims and defenses. The issue presented here—the validity of Plaintiff's copyright in *Untitled*—is identical to the issue presented in *Wakefield I*. That issue was necessarily decided in *Wakefield I*, because the jury could not have determined that Defendants infringed Plaintiff's copyright without deciding that Plaintiff's copyright was valid. *Wakefield I* ended with a judgment on the merits—the jury determined that Plaintiff's *Untitled* copyright was valid and that Defendants infringed it. (Dkt. 88-5 [*Wakefield I* Verdict Form].) That judgment is final, as the Supreme Court denied certiorari. 138 S. Ct. 211. And Defendants, against whom collateral estoppel is asserted, were both parties in *Wakefield I*. Additional litigation on the question of whether Plaintiff's *Untitled* copyright is valid would be a waste of the parties' and the Court's resources. *See Parklane Hosiery*, 439 U.S. at 326.

Defendants do not meaningfully argue otherwise. Rather, they assert that preclusion "cannot be unequally applied to Defendants," and that Plaintiff "is likewise estopped from bringing this action for the same claims and issues which he raised previously in Wakefield I and Wakefield II." (Dkt. 89 [Opposition] at 6.) But the issue in this case of whether the Florida sculptures infringe Plaintiff's *Untitled* copyright was not decided in *Wakefield I*; the validity of Plaintiff's *Untitled* copyright was.

//

//

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to dismiss and strike is **GRANTED**.

DATED: October 14, 2022

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE