Marc N. Bernstein (SBN 145837)
**The Business Litigation Group, P.C.**
150 Spear Street, Suite 800
San Francisco, CA 94105
Telephone: 415.765.6634
Facsimile: 415.283.4804
Email: mbernstein@blgrp.com

Gene J. Brockland (Mo. Bar No. 32770)
Chris O. Miller (Mo. Bar No. 70251)
*Admitted Pro Hac Vice*
**SmithAmundsen LLP**
120 South Central, Suite 700
St. Louis, MO 63105
Telephone: 314.719.3732
Facsimile: 314.719.3733
Email: gbrockland@smithamundsen.com
comiller@smithamundsen.com

William J. O'Brien (SBN 99526)
**One LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA
Telephone: 310.866.5157
Facsimile: 310.943.2085
Email: wobrien@onellp.com

Attorneys for Plaintiff, Donald Wakefield

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| DONALD WAKEFIELD,<br><br>Plaintiff,<br><br>v.<br><br>IGOR OLENICOFF, OLEN PROPERTIES CORP.; JOHN LIANG, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants, | Case No. 8:21-cv-1585-CJC-DFM<br><br>**JOINT STIPULATION TO EXTEND DISCOVERY CUT-OFF DATE AND MEDIATION DEADLINE**<br><br>Complaint Filed: September 27, 2021<br>Trial Date: February 21, 2023<br>Time: 1:30 pm<br><br>Assigned to: Hon. Cormac Carney |

**JOINT STIPULATION AND MOTION TO EXTEND
DISCOVERY CUT-OFF DATE AND MEDIATION DEADLINE**

The parties, Plaintiff, Donald Wakefield, and Defendants, Igor Olenicoff and Olen Properties Corp., by and through their respective attorneys of record, hereby stipulate and respectfully request that the Court reschedule the dates for discovery cut-off and mediation conclusion set by this Court in its Scheduling Order of May 5, 2022 (Doc. 76), postponing each of those deadlines by 50 days. This modest postponement has become necessary because of unanticipated procedural complications and schedule conflicts that have arisen during the course of this case, as explained in detail below. Plaintiff and Defendants do not anticipate that this rescheduling will affect the deadlines set for the filing of all motions, the pre-trial conference date or the trial date.

## INTRODUCTION

1. Plaintiff and Defendants have been actively litigating this case since its inception in September, 2021. Multiple procedural motions have been filed and ruled upon. The parties have also exchanged voluminous written discovery requests and are currently working to resolve discovery disputes, some of which may need to be resolved by the Court. The parties have scheduled, but have not yet taken, the key depositions in this case and have scheduled, but not yet concluded, mediation. As a result, the parties have agreed upon, and ask the Court to consent to, a brief extension of the discovery cut-off date and the date by which mediation must be concluded.

2. This stipulation and request for rescheduling is made based on the following agreed facts set forth below.

## PROCEDURAL HISTORY

3. Plaintiff filed his Complaint on September 27, 2021.

4. On January 5, 2022, Defendant Igor Olenicoff moved to quash service.

5. On January 18, 2022, Defendant Olen moved to dismiss Plaintiff's Complaint.

6. On February 15, 2022, the Court denied Mr. Olenicoff's motion to quash service and denied Olen's Motion to Dismiss.

7. On March 4, 2022, Mr. Olenicoff and Olen filed their original Answers and Affirmative Defenses.

8. On March 8, 2022, Defendant John Liang was dismissed by the Court due to the failure of Plaintiff to obtain service on him.

9. On April 4, 2022, the Defendants in this case filed a state-court action against Donald Wakefield.

10. Mr. Wakefield removed the state-court case to this Court.

11. On May 26, 2022, Mr. Wakefield moved to dismiss, or alternatively to stay, the removed case.

12. On July 6, 2022, the Court granted Mr. Wakefield's Motion to Dismiss the removed case.

13. On July 25, 2022, Defendants moved for leave to amend their answers to Mr. Wakefield's complaint and assert counter-claims in this case.

14. On September 1, 2022, the Court granted Defendants leave to file amended complaints and assert counter-claims.

15. Defendants filed their Amended Answers, Affirmative Defenses and Counter-claims on September 8, 2022.

16. On September 22, 2022, Plaintiff moved to dismiss Count III of Defendants counter-claims and to strike affirmative defenses of invalidity, which the Court granted on October 14, 2022.

17. The parties have been engaged in active and extensive written discovery in this case, including the following:

    a. Defendants served their First Sets of Interrogatories and First Requests for Production of Documents on Plaintiff on April 29, 2022.

    b.    Plaintiff filed his responses to Defendants' First Sets of Interrogatories and First Requests for Production of Documents on May 27, 2022.

    c.    Plaintiff produced responsive documents to Defendants on June 3, 2022.

    d.    Plaintiff served his First Sets of Interrogatories and First Requests for Production of Documents on Defendants on May 13, 2022.

    e.    Defendants filed their initial responses and objections to Plaintiff's First Sets of Interrogatories and First Requests for Production of Documents on June 27, 2022.

    f.    Defendants produced an initial set of documents on June 28, 2022.

18.    Since Defendants served their initial responses to Plaintiff's First Sets of Interrogatories and First Requests for Production of Documents, Plaintiff and Defendants have engaged in extensive communications in an attempt to resolve disputes regarding Defendants' objections. Those communications have included the following:

    a.    Plaintiff sent a 13-page letter to Defendants' counsel on July 28, 2022, outlining what Plaintiff considers to be deficiencies in Defendants' discovery responses and seeking to have Defendants withdraw certain objections.

    b.    Simultaneously with the sending of that letter, Plaintiff sought to meet and confer with Defendants concerning these discovery issues.

    c.    Counsel for Plaintiff and Defendants were unable to meet and confer on these issues until August 24, 2022.

   d. Plaintiff and Defendants were able to resolve some of their discovery disputes. Defendants served supplemental responses to Plaintiff's First Sets of Interrogatories and First Requests for Production of Documents on September 22, 2022.

   e. Defendants produced additional documents to Plaintiff on September 22, 2022.

   f. Plaintiff and Defendants have not resolved all of their discovery disputes. Counsel are in the process of meeting and conferring further. If necessary, Plaintiff's counsel will send a Joint Stipulation regarding Discovery Disputes to Defendants' Counsel after the Court rules on this request for extension of time.

19. Because the parties were still in the midst of trying to resolve written discovery disputes, Plaintiff and Defendants held off on scheduling depositions.

20. On September 30, 2022, Plaintiff served three deposition notices on Defendants for the following depositions:

   a. Igor Olenicoff on October 11, 2022;

   b. Olen Properties Corp. 30(b)(6) witness on October 12, 2022; and

   c. Bradley Lofgren (Defendants' expert witness) on October 13, 2022.

21. On October 4, 2022 Defendants' counsel advised that its witnesses would not be available to be deposed on those dates, which had been chosen unilaterally. The parties agreed to work out an acceptable schedule for all depositions in the case.

22. Defendants' counsel has advised that Igor Olenicoff is unavailable for three weeks commencing November 14, 2022 due to a trial in a case styled Olen Properties v. KCN A Management et al; #30-2021-01190139-CU-BC-CJC pending in Orange County Superior Court, Dept CX104.

23. Plaintiff and Defendants have agreed on the following dates for depositions:

    a. Plaintiff Donald Wakefield to be deposed on November 2, 2022;

    b. Defendant Igor Olenicoff to be deposed on November 3, 2022;

24. Additionally, Plaintiff and Defendants have agreed to schedule other depositions throughout November 2022 as needed.

25. Plaintiff and Defendant have agreed on a mediator and have scheduled mediation for December 6, 2022. Previously, the parties contacted multiple mediators and were unable to find a mutually agreeable mediator who was available to conduct a mediation by October 27.

## PRESENT SCHEDULE

26. The Court's Scheduling Order (Doc. 76) established the following dates:

    a. All discovery, including discovery motions, shall be completed by October 13, 2022 and discovery motions must be heard prior to that date;

    b. The parties are to file and have heard all other motions by December 12, 2022;

    c. A pretrial conference is to be held on February 13, 2023;

    d. The case is set for a jury trial on February 21, 2023; and

    e. Settlement proceedings are to be conducted by October 27, 2022.

## GOOD CAUSE FOR MODIFICATION OF THE SCHEDULE

27. The parties stipulate and submit that, based on the developments in the case as set forth above, there is "good cause" for the requested short extension of the cut-off dates for discovery and mediation. FED. R. CIV. P 16(b)(4); *see, e.g.*, Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha, 218 F.R.D. 667, 671 (C.D. Cal. 2003) ("A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she

was unable to meet the timetable set forth in the order."); 6A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 1522.1 at 231 (2d ed.1990) ("good cause" if scheduling deadlines cannot be met despite party's diligence). Indeed, the pleadings are still being contested as of the date of this stipulation.

28. Plaintiff and Defendants do not believe that the extension sought herein will prejudice any party or result in undue delay.

29. The parties have not previously requested a continuance of any date set in the Scheduling Order.

30. Based on the foregoing facts, the parties hereby stipulate and request that the Court extend the discovery cut-off date to December 2, 2022 and extend the date for completion of mediation to December 16, 2022.

IT IS SO STIPULATED AND AGREED.

Dated: October 18, 2022

Respectfully submitted,

| ONE LLP | SACHS SAX CAPLAN |
|---|---|
| */s/ William J. O'Brien* <br> William J. O'Brien | */s/ Spencer Sax* <br> Spencer Sax |
| *Attorneys for Plaintiff,* <br> *Donald Wakefield* | *Attorneys for Defendants,* <br> *Olen Properties Corp.* <br> *and Igor Olenicoff* |