Marc N. Bernstein (SBN 145837)
mbernstein@blgrp.com
The Business Litigation Group, P.C.
150 Spear Street, Suite 800
San Francisco, CA 94105
Telephone: 415.765.6634
Facsimile: 415.283.4804

Gene J. Brockland (Mo. State Bar No. 32770)
Christopher O. Miller (Mo. State. Bar No. 70251)
*Admitted Pro Hac Vice*
gbrockland@amdunsendavislaw.com
comiller@amundsendavislaw.com
Amundsen Davis, LLC
120 South Central, Suite 700
St. Louis, MO 63105
Telephone: 314.719.3732
Facsimile: 314.719.3733

William J. O'Brien (SBN 99526)
wobrien@onellp.com
One LLP
23 Corporate Plaza Dr., Suite 150-105
Newport Beach, CA 92660
Telephone: 310.866.5157
Facsimile: 310.943.2085

*Attorneys for Plaintiff, Donald Wakefield*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| DONALD WAKEFIELD,<br><br>Plaintiff,<br><br>v.<br><br>IGOR OLENICOFF, OLEN PROPERTIES CORP.; and DOES 1 through 10, inclusive,<br><br>Defendants, | Case No. 8:21-cv-1585-CJC-DFM<br><br>**PLAINTIFF DONALD WAKEFIELD'S STATEMENT OF UNCONTROVERTED MATERIAL FACTS IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing Date: Decl. 12, 2022<br>Time:                1:30 P.M.<br>Courtroom:      9 B<br>Complaint Filed: September 27, 2021<br>Trial Date:        February 21, 2023<br>*Assigned to: Hon. Cormac Carney* |

Plaintiff, Donald Wakefield, asserts that the following facts are uncontroverted:

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| *Wakefield I* | |
| 1. On November 30, 2012, Plaintiff filed a Complaint against Igor Olenicoff and Olen Properties Corp. (collectively the "Olen Parties") in the United States District Court in the Central District of California, Case No. SACV12-2077 AG (RNBx) ("*Wakefield I*"). | Brockland Decl. Ex. 1 (*Wakefield I* Complaint) |
| 2. In *Wakefield I*, Plaintiff alleged the Olen Parties infringed upon his copyrighted sculpture "*Untitled*" by displaying unauthorized copies referred to by the Olen Parties as *Human Nature's Many Faces* on commercial properties it owned and/or controlled in Southern California. | Brockland Decl. Ex. 1 (*Wakefield I* Complaint at ¶¶19-22) |
| 3. A jury trial was held in *Wakefield I* between June 3 and 5, 2014 (the "*Wakefield I* Trial"). | Brockland Decl. Ex. 3 (*Wakefield I* Trial Transcript) |
| 4. During the *Wakefield I* Trial, the copyright registration for the visual work "*Untitled*" was admitted into evidence. | Brockland Decl. Ex. 3 (*Wakefield I* Trial Transcript, 6-3-14, at 145:18-22); Brockland Decl. Ex. 4 (Pltf. Trial Ex. 3) |

| | | |
|---|---|---|
| 5. During the *Wakefield I* Trial, the following photographs of "*Untitled*" were admitted into evidence:<br> | Brockland Decl. Ex. 3 (*Wakefield I* Trial Transcript, 6-3-14, at 162:13-163:3) Brockland Decl., Ex. 7 (Pltf. Trial Ex. 35-A) |

| | |
|---|---|
| 6. During the *Wakefield I* Trial, the following photographs of *Human Nature's Many Faces* on display at commercial properties owned and/or controlled by the Olen Parties were admitted into evidence:<br><br> <br><br>  | Brockland Decl. Ex. 3 (*Wakefield I* Trial Transcript, 6-3-14, at 187:7-11, 189:11-16); Brockland Decl. Ex. 6 (Pltf. Trial Ex. 10); Brockland Decl. Ex. 7 (Pltf. Trial Ex. 11) |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20 |  | |
| 21<br>22<br>23<br>24<br>25 | 7.    In *Wakefield I*, Plaintiff also alleged that the Olen Parties infringed upon his copyrighted sculpture, "*Untitled*," by displaying unauthorized derivative copies referred to as *A Tear Must Fall* on commercial properties they owned and/or controlled in Southern California. | Brockland Decl. Ex. 1 (*Wakefield I* Complaint at ¶¶19-22) |

| | |
|---|---|
| 8. During the *Wakefield I* Trial, the following photographs of *A Tear Must Fall* on display at commercial properties owned and/or controlled by the Olen Parties were admitted into evidence:<br><br><br><br> | Brockland Decl., Ex. 3 (*Wakefield I* Trial Transcript, 6-3-14, at 191:13-16, 202:4-6); Brockland Decl., Ex. 8 (Pltf. Trial Ex. 15); Brockland Decl., Ex. 9 (Pltf. Trial Ex. 16) |

| | | |
|---|---|---|
| | [sculpture photograph, W00101] | |
| | 9. The Olen Parties were represented by counsel in *Wakefield I*. | Brockland Decl. Ex. 3 (*Wakefield I* Trial Transcript) |
| | 10. Following the close of evidence at the *Wakefield I* Trial, the jury returned a verdict finding that Mr. Wakefield owned a valid copyright in the sculpture *"Untitled."* | Brockland Decl. Ex. 12 (*Wakefield I* Jury Verdict at ¶1) |
| | 11. Following the close of evidence at the *Wakefield I* Trial, the jury returned a verdict finding that the Olen Parties copied original elements from "*Untitled*." | Brockland Decl. Ex. 10 (*Wakefield I* Jury Verdict at ¶2) |
| | 12. Following the close of evidence at the *Wakefield I* Trial, the jury returned a verdict finding that the Olen Parties profited directly from the infringing activity of a third party. | Brockland Decl. Ex. 10 (*Wakefield I* Jury Verdict at ¶3) |
| | 13. Following the close of evidence at the *Wakefield I* Trial, the jury returned a verdict finding that the Olen Parties had the right and ability to supervise and control the infringing activity of a third party. | Brockland Decl. Ex. 10 (*Wakefield I* Jury Verdict at ¶4) |

| | |
|---|---|
| 14. Following the close of evidence at the *Wakefield I* Trial, the jury returned a verdict finding that the Olen Parties knew of the infringing activity of a third party. | Brockland Decl. Ex. 10 (*Wakefield I* Jury Verdict at ¶5) |
| 15. Following the close of evidence at the *Wakefield I* Trial, the jury returned a verdict finding that the Olen Parties intentionally induced or materially contributed to the infringing activity of a third party. | Brockland Decl. Ex. 10 (*Wakefield I* Jury Verdict at ¶6) |
| 16. Following the close of evidence at the *Wakefield I* Trial, the jury returned a verdict finding that Mr. Wakefield suffered actual damages as a result of the infringement totaling $450,000. | Brockland Decl. Ex. 10 (*Wakefield I* Jury Verdict at ¶8) |
| 17. After the *Wakefield I* Trial, the Court entered a Judgment permanently enjoining the Olen Parties from infringing upon Plaintiff's copyrighted work known as *Untitled* and further ordered the Olen Parties to destroy all copies of *Human Nature's Many Faces* and *A Tear Must Fall*, exclusive of the bases and stainless steel tear drops in *A Tear Must Fall* (the "*Wakefield I* Judgment"). | Brockland Decl. Ex. 11 (*Wakefield I* Permanent Injunction) |
| 18. The Olen Parties unsuccessfully appealed the jury's findings and the Court's Judgment of injunction in *Wakefield I* to the Ninth Circuit Court of Appeals and United States Supreme Court. | Brockland Decl. Ex. 12 (Ninth Circuit Opinion); Brockland Decl. Ex. 13 (Ninth Circuit Order Denying Rehearing); Brockland Decl. Ex. 14 (Supreme Court Order Denying Cert) |

**PLAINTIFF DONALD WAKEFIELD'S STATEMENT OF UNCONTROVERTED MATERIAL FACTS IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT**

| | | |
|---|---|---|
| 19. In their unsuccessful appeal to the Ninth Circuit Court of Appeals, the Olen Parties stated in their Brief that:<br><br>Wakefield is an artist who contended that two sculptures ("*Human Nature's Many Faces*" ("*Human Nature*") and "*A Tear Must Fall*," ("*Tear*")) infringed sculpture entitled "*Untitled*" | Brockland Decl., Ex. 15 (Olen Parties' Brief on Cross-Appeal, at p. 6.) |
| *Wakefield II* | |
| 20. In 2017, Mr. Wakefield filed a Complaint against Igor Olenicoff and Olen Properties Corp. in the United States District Court in the Central District of California, Case No. 8:17-cv-01147 AG (DFMx) ("*Wakefield II*"a0, alleging that he had discovered an additional infringing sculpture on display at one of Olen's properties in California that had not been disclosed by the Olen Parties prior to trial in *Wakefield I*. | Brockland Decl., Ex. 16 (*Wakefield II* Complaint) |
| 21 In *Wakefield II*, Mr. Wakefield alleged that the Olen Parties were publicly displaying another unauthorized copy of "*Untitled*" on their commercial properties that was not disclosed by them during the course of discovery or at the trial of *Wakefield I*. | Brockland Decl., Ex. 16 (*Wakefield II* Complaint) |

| | |
|---|---|
| 22. On July 31, 2017, *Wakefield II* and *Wakefield I* were consolidated by the Court. | Brockland Decl., Ex. 17 (Consolidation Order) |
| **The Olen Parties Representations Regarding the Destruction of All Infringing Sculptures** | |
| 23. On December 18, 2017, after exhausting all of his rights to appeal the *Wakefield I* Judgment, Mr. Olenicoff filed a sworn declaration under penalty of perjury with the Court in *Wakefield I* stating that ,"[i]n July 2017…the Olen Parties removed all sculptures of '*Untitled*' and derivative pieces from all Olen controlled properties." | Brockland Decl., Ex. 18 (12-18-17 Olenicoff Declaration at ¶7). |
| 24. On January 19, 2018, Mr. Wakefield's attorney sent an email to Julie Ault, counsel of record for the Olen Parties in *Wakefield I* and *Wakefield II* asking her to "please confirm that all copies of the sculptures were destroyed." | Brockland Decl., Ex. 19 (1-19-18 Emails) |
| 25. That same day, Ms. Ault responded via email stating, "Yes, that is already affirmed in our opposition to your motion for sanctions." | Brockland Decl., Ex. 19 (1-19-18 Emails) |

| | |
|---|---|
| 26. On January 24, 2018, Olen Properties filed a Notice of Compliance with the Court in *Wakefield I* stating in part that "all copies of *Human Nature's Many Faces* and *A Tear Must Fall* have been removed and destroyed." | Brockland Decl., Ex. 20 (1-24-18 Notice of Compliance with Judgment filed by the Olen Parties) |
| **The *Wakefield II* Settlement Agreement** | |
| 27. On January 18, 2018, the Olen-Parties and Mr. Wakefield entered into a written settlement agreement to resolve the *Wakefield II* litigation (the "Settlement Agreement"). | Brockland Decl., Ex. 21 (*Wakefield II* Settlement Agreement) |
| 28. Attached hereto is a true and accurate copy of the *Wakefield II* Settlement Agreement. | Brockland Decl., Ex. 21 (*Wakefield II* Settlement Agreement) |
| **Olen's Public Display of *Human Nature's Many Faces* and *A Tear Must Fall* at Quantum Town Center Between 2014 and 2021** | |
| 29. From 2014 until sometime in 2021, a copy of *Human Nature's Many Faces* was publicly displayed at a retail/residential complex called Quantum Town Center located at 1034 Gateway Blvd, Boynton Beach, Florida 33426. | Wakefield Decl. at ¶¶ 9–10 & Ex. A; Brockland Decl., Ex. 22 (Olen Amended Answer at ¶38); Brockland Decl., Ex. 23 (Olenicoff Amended Answer at ¶38); Brockland Decl., Ex. |

**PLAINTIFF DONALD WAKEFIELD'S STATEMENT OF UNCONTROVERTED MATERIAL FACTS IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT**

| | |
|---|---|
| | 25 (Transcript of Olenicoff Deposition (11-4-22), at 111:2-12) |
| 30.    From 2014 until at least sometime in 2021, a copy of *A Tear Must Fall* was publicly displayed at a retail/residential complex called Quantum Town Center located at 1034 Gateway Blvd, Boynton Beach, Florida 33426. | Wakefield Decl. at ¶¶ 9, 11 & Ex. B; Brockland Decl., Ex. 22 (Olen Amended Answer at ¶38); Brockland Decl., Ex. 23 (Olenicoff Amended Answer at ¶38); Brockland Decl., Ex. 25 (Transcript of Olenicoff Deposition (11-4-22) at 111:15-23) |
| 31.    Quantum Town Center, LLC owns and operates Quantum Town Center. | Brockland Decl., Ex. 24 (Decl. of Olen Properties Corp., Dkt. 22-2 at ¶6) |
| 32.    Olen Properties Corp. operates Quantum Town Center, LLC. | Brockland Decl., Ex. 24 (Decl. of Olen Properties Corp., Dkt. 22-2 at ¶5) |

12
**PLAINTIFF DONALD WAKEFIELD'S STATEMENT OF
UNCONTROVERTED MATERIAL FACTS IN SUPPORT OF HIS MOTION FOR
PARTIAL SUMMARY JUDGMENT**

| | |
|---|---|
| 33.    Olen Properties Corp. is the parent company of Quantum Town Center, LLC. | Brockland Decl., Ex. 25 (Transcript of Olenicoff Deposition (1-31-22) at 10:13-18) |
| 34.    Mr. Wakefield did not and has not ever authorized anyone to publicly display copies or derivative copies of his copyrighted sculpture *Untitled* at Quantum Town Center. | Wakefield Decl. ¶¶ 12–13 |
| 35.    Olen was aware that *Human Nature's Many Faces* and *A Tear Must Fall* were publicly displayed at Quantum Town Center from 2014 until sometime in 2021. | Brockland Decl., Ex. 27 (Olen Revised Art Application, City of Boynton Beach, FL, Olen 000003-000064) |

Dated: November 14, 2022            Respectfully submitted,

*/s/ William J. O'Brien*
William J. O'Brien of One LLP
*Attorneys for Plaintiff, Donald Wakefield*