Marc N. Bernstein (SBN 145837)
**The Business Litigation Group, P.C.**
150 Spear Street, Suite 800
San Francisco, CA 94105
Telephone:  415.765.6634
Facsimile:  415.283.4804
Email:  mbernstein@blgrp.com

Gene J. Brockland (Mo. Bar No. 32770)
Christopher O. Miller (Mo. Bar No. 70251)
*Admitted Pro Hac Vice*
**AmundsenDavis LLC**
120 South Central, Suite 700
St. Louis, MO 63105
Telephone:  314.719.3732
Facsimile:  314.719.3733
Email:  gbrockland@amundsendavislaw.com
          comiller@amundsendavislaw.com

William J. O'Brien (SBN 99526)
**One LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA
Telephone:  310.866.5157
Facsimile:  310.943.2085
Email:  wobrien@onellp.com

*Attorneys for Plaintiff, Donald Wakefield*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| DONALD WAKEFIELD,<br><br>Plaintiff,<br><br>v.<br><br>IGOR OLENICOFF, OLEN PROPERTIES CORP.; JOHN LIANG, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants, | Case No. 8:21-cv-1585-CJC-DFM<br>Assigned to: Hon. Cormac Carney<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**<br><br>Hearing Date: November 29, 2022<br>Time: 1:30 p.m.<br>Courtroom: 9B<br><br>Discovery Cut-off: December 2, 2022<br>Pretrial Conference: February 13, 2023<br>Trial: February 21, 2023 |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

## I. INTRODUCTION[1]

Igor Olenicoff and Olen Properties Corp. (collectively, the "Olen Parties") refuse to turn over a vast array of discoverable information and records regarding:

- Their continued display of unauthorized copies of Mr. Wakefield's copyrighted sculpture at Quantum Town Center for years after the Court in *Wakefield I* permanently enjoined them from infringing Mr. Wakefield's copyrights and ordered them to remove and destroy all of the infringing works[2] (the "*Wakefield I* Permanent Injunction");

- The bases for their false sworn declarations and other written representations to Mr. Wakefield and the Court in *Wakefield I* that all of the infringing sculptures had been removed from Olen's properties and destroyed in July of 2017; and

- Their financial statements, which they put at issue by claiming to have never "directly profited from" the infringement at issue.

The Olen Parties' stated reasons for withholding these records and information consist of blanket assertions of privilege—which they refuse to support with a log or any other information demonstrating that any privilege exists—and baseless rote complaints about relevance and that every request and interrogatory is unduly burdensome. Startlingly, the Olen Parties also now contend for the first time, in their section of the Joint Stipulation, that they have no further responsive documents—an assertion that they never stated in their responses or in meeting and conferring with Plaintiff's counsel.

In short, the Olen Parties are stonewalling; and there are grounds for concern that they may be concealing evidence as well. It appears that these defendants, who

---

[1] The factual background and details of the Parties previous litigation in *Wakefield I* and *Wakefield II* has been previously summarized by the Court (Doc. 91, pp 1-3) and for the sake of brevity will not be repeated here.

[2] Also referred to as *Human Nature's Many Faces* and *A Tear Must Fall*.

have a proven history of false representations in litigation, know that the requested information and records would be damaging and therefore have defied their discovery obligations. Rather than comply with the discovery rules, the Olen Parties made the conscious decision to lodge flimsy objections to virtually everything and provoke a 106-page discovery dispute by standing on all of those objections—only to claim, when challenged in Court, that the whole dispute is about nothing because no documents exist. The Court should put an end to these abusive discovery tactics.

## II. THE OLEN PARTIES' BOILERPLATE PRIVILEGE OBJECTIONS FAIL.

Virtually all of the disputed interrogatories and requests to produce at issue in this motion involve a blanket objection of privilege by the Olen Parties.[3] The substance of each such objection is the same and states only that the requested information and records are "protected by the attorney/client privilege and work product privileges." The Olen Parties have refused to comply with Fed. R. Civ. P. 26(b)(5) by turning over a privilege log or otherwise describing the nature of the records/information they claim to be privileged. Instead of complying with the rules, they stand on their single sentence, boilerplate privilege objections. This is insufficient to invoke privilege. *See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005).

The Olen Parties' evasion of their obligation to show that the claimed privilege exists reveals the hollowness of their privilege objections. For example, in the Joint Stipulation, they argue for privilege on the ground that "it is not an unreasonable position to assert that the matter was ***potentially*** discussed with counsel." Jt. Stip. at pp. 12, 27, 39, 63, 75 (emphasis added). But obviously, the privilege applies only to ***actual*** communications between an attorney and client, not ***potential*** communications. So the Olen Parties effectively admit throughout their Joint Stipulation that they cannot say whether the discovery sought actually contains

---

[3] The only discovery requests not subject to any privilege objections are Requests for Production Nos. 53-57 directed to Olen.

communications with their attorneys.[4] They cried privilege and chose to file a 106-page joint stipulation without even knowing whether any of the responsive information and records actually contained attorney-client communications. Such outrageous tactics are also par for the course for the Olen Parties, whose discovery abuses in *Wakefield I* directly resulted in their nondisclosure of the infringing works at issue now. The Court should not let it continue any further.

### III. THE CRIME-FRAUD EXCEPTION NECESSITATES *IN CAMERA* REVIEW.

As set forth in the Joint Stipulation, the Olen Parties' prior sworn declarations and other filings in *Wakefield I* and *Wakefield II* falsely stated that they had removed and destroyed all the infringing works in July of 2017. Now, however, they admit the infringing knockoffs were still displayed on their property in Florida until 2021.

The Olen Parties insist that their previous false statements do not give way to the crime fraud exception for any privileged communications because there "is simply no evidence that either Mr. Olenicoff or Olen Properties Corp. was aware of the existence of the sculptures in [Florida]" and "neither Defendants had records to refresh their recollections." But this is yet another falsehood. Even the minimal records that were produced by the Olen Parties in this litigation included an application they filed with the City of Boynton Beach in 2014 which named both of the infringing works by name. (Doc. 98-34.) This nothing-to-see-here routine is just another iteration of the same falsehoods they propounded in *Wakefield I* and *Wakefield II*.

The Olen Parties' states of mind at the time of their falsehoods is directly relevant to Wakefield's fraud and willful infringement allegations. The requested

---

[4] Specifically, in the Joint Stipulation, Mr. Olenicoff could not say whether the information/records sought in Interrogatory No. 2 and Requests for Production Nos. 26-28 and 32-36 contained attorney-client communications and argued only that his privilege objection was proper "to the extent" they did so. The same was true of Olen as to Interrogatory No. 2 and Requests for Production Nos. 26-28, 32-36, 47-49, and 51-52.

4

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

information and records go to those precise questions. Even if they did properly invoke the privilege, the Court should conduct *in camera* review to determine the applicability of the crime-fraud exception.

### A. The Requested Records/Information Are All Relevant

The Olen Parties' boilerplate relevance objections are also without merit. Tellingly, they do not defend most of these objections in the Joint Stipulation. They only really challenge the relevance of Mr. Wakefield's requests for records relating to their financial condition and net worth. The Olen Parties themselves made those records relevant to this lawsuit by alleging as affirmative defenses that they did not profit from the infringement. (Doc. 84, Aff. Defs. 12, 20). Beyond that, they are further relevant and may contain admissible evidence about the existence and extent of the RICO enterprise that Mr. Wakefield claims the Olen Parties operated. They are also relevant to the issue of punitive damages. Yet the Olen Parties have not even produced Olen's quarterly profit and loss statements for the current calendar year as sought in Request for Production No. 52. Clearly, the Olen Parties are merely stonewalling, with no legally sound basis for withholding discovery.

Dated: November 15, 2022               Respectfully submitted,

**ONE LLP**

*/s/William J. O'Brien*
William J. O'Brien

*Attorneys for Plaintiff,
Donald Wakefield*