UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SA CV 21-01585-CJC (DFMx) | Date: | November 30, 2022 |
|---|---|---|---|
| Title | Donald Wakefield v. Olen Properties Corp. et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order re: Plaintiff's Motion to Compel (Dkt. 94)

    The parties have submitted a Joint Stipulation ("JS") concerning Plaintiff's Motion to Compel Responses to Written Discovery. See Dkt. 94. Plaintiff also filed a Supplemental Memorandum. See Dkt. 100. The Court held a telephonic hearing and now grants in part the Motion for the reasons below. Defendants' supplemental responses, where ordered, are due within fourteen (14) days and shall describe the efforts made to search for responsive information. Going forward, the parties are strongly encouraged to use the Court's informal discovery procedure, set forth at https://www.cacd.uscourts.gov/honorable-douglas-f-mccormick.

    I.    **BACKGROUND**

    This is the third of four lawsuits between the parties relating to a copyrighted large-scale granite sculpture called Untitled that Plaintiff made in 1992. Plaintiff alleges that Defendants Igor Olenicoff ("Olenicoff") and Olen Properties Corp. ("Olen," together the "Olen Defendants") infringed his copyright (again) by displaying two copies of Untitled at their Florida properties. See Dkt. 1 ¶¶ 37-39. Plaintiff alleges that the Olen Defendants fraudulently induced him into a settlement agreement after they made false representations to Plaintiff that all infringing copies of Untitled were removed from Olen Properties' locations. See id. ¶¶ 93-96.

    This discovery dispute primarily centers on two allegedly false representations. First, a sworn declaration executed by Olenicoff on December 18, 2017 (the "12-18-17 Declaration"), in which he states that "the Olen Parties removed all sculptures of 'Untitled' and derivative pieces from all Olen controlled properties." JS, Ex. C ¶ 7. Second, a Notice of Compliance" filed in the first lawsuit, in which the Olen Defendants stated that they had removed and destroyed all copies

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

of the infringing sculptures. See id., Ex. E at 1. Plaintiff also seeks various financial and other information.

### II. ANALYSIS

Interrogatory Nos. 2 to the Olen Defendants asks them to "describe all efforts you made to assure the truth of the 12-18-17 Declaration." Defendants object on various grounds and state that the 12-18-17 Declaration was based on Olenicoff's personal knowledge, with no independent recollection of the purchase or the locations where the sculptures were installed.

Plaintiff argues these interrogatories are relevant to Defendants' states of mind at the time they represented in the 12-18-17 Declaration that the sculptures had been removed. Defendants contend they have substantively responded and have no additional information to supplement their answers further. Plaintiff's Motion is DENIED. Defendants' responses are sufficient. The long discussion that follows regarding attorney-client privilege appears purely academic considering Defendants' representation that no privileged communications or documents exist.

RTP Nos. 26-28 to the Olen Defendants seek all documents relating to the Notice of Compliance. Defendants objected on various grounds, including attorney-client privilege. In the Motion, Defendants argue that they need not substantively respond, as they do not have any documents responsive to the requests. Nevertheless, Defendants set forth their position regarding privilege and work product "to ensure that there is no waiver of the privilege."

Following a reasonable investigation to locate responsive materials, a responding party must serve a written response to each request either (1) stating that the materials requested will be produced, in whole or in part; (2) affirming that no responsive documents exist in the party's possession, custody or control, or (3) posing an objection to the request, including the reasons. See Fed. R. Civ. P. 34(b)(2). Pursuant to the 2015 revisions, "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(3). The Advisory Committee Notes explain:

> This amendment should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections. The producing party does not need to provide a detailed description or log of all documents withheld, but does need to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection.

Fed. R. Civ. P. 34, Advisory Committee Notes (2015 Amendment).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Accordingly, Plaintiff's Motion is GRANTED. Defendants asserted various privileges but did not sate whether they were withholding any documents pursuant to the privileges. The supplemental responses need not identify each specific document withheld, but should describe the category of documents withheld, if any, pursuant to each separate privilege asserted. If Defendants have no responsive documents, they should explicitly say so. Otherwise, the Court will not offer an advisory opinion on attorney-client privilege questions unless and until documents are withheld on that basis.

RTP Nos. 32-34 to the Olen Defendants seek all documents relating to Defendants' Opposition to Motion for Sanctions in the second lawsuit. Defendants objected on various grounds, including attorney-client privilege. In the Motion, Defendants state that they have no responsive documents but set forth their positions on privilege to avoid waiver. Plaintiff's Motion is GRANTED for the same reason as RTP Nos. 26-28.

RTP Nos. 35-37 to the Olen Defendants seek all documents relating to the 12-18-17 Declaration. Defendants objected on various grounds, including attorney-client privilege. In the Motion, Defendants state that they have no responsive documents. Plaintiff's Motion is GRANTED for the same reason as RTP Nos. 26-28.

RTP No. 47 and 49 to the Olen Defendants seeks all communications between Defendants and employees and subsidiaries of Olen Properties. RTP No. 48 to Olen seeks all communications between Olen and employees of Olen Properties Corp. In the Motion, Defendants state that they have no responsive documents but set forth their positions on privilege to avoid waiver. Plaintiff's Motion is GRANTED for the same reason as RTP Nos. 26-28.

RTP No. 51 to the Olen Defendants seeks all documents indicating their net worth in 2017 and 2018. Plaintiff argues that discovery is proper because he has a claim against Defendants for punitive damages, and that an appropriate protective order will resolve any privacy concerns. Defendants contend that their financial information is generally irrelevant, and that, at best, only current net worth matters.

Tax returns and related documents do not enjoy an absolute privilege from discovery. See Premium Serv. Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975). "Nevertheless, a public policy against unnecessary public disclosure arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete an accurate returns." Id. Courts generally apply a two-pronged test: "First, the court must find that the returns are relevant to the subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." A. Farber and Partners, Inc. v. Graber, 234 F.R.D. 186, 191 (C.D. Cal. 2006) (citation omitted).

When a punitive damages claim is asserted, most federal courts permit pretrial discovery of financial information about defendants without requiring the plaintiff to establish a prima facie

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

case on the issue of punitive damages. See <u>Sandoval v. Lagoon Assocs., LLC</u>, 2016 WL 9113994, at *3 (C.D. Cal. Mar. 23, 2016) (citing cases). The Court concludes that following the majority practice is appropriate in this case and that Defendants' privacy and confidentiality concerns are obviated by an appropriate protective order. However, the Court agrees with Defendants that their net worth in 2017 and 2018 is overbroad and not relevant.

Accordingly, Plaintiff's Motion is GRANTED IN PART. The parties are ordered to meet-and-confer regarding a stipulated protective order. Once a protective order has been entered, Defendants shall produce documents sufficient to enable Plaintiff to determine their <u>current</u> net worth.

RTP No. 52 to Olen seeks "Your quarterly profit and loss statements from 2012 through the present." Plaintiff adopts and incorporates his arguments regarding RTP No. 51. Plaintiff's Motion is DENIED. Plaintiff does not explain how Olen's profit and loss statements from over ten years ago are relevant to this action. Plaintiff should be able to ascertain Olen's net worth from RTP No. 51.

RTP No. 53 to Olen seeks "Documents identifying your shareholders from 2013 through today." RTP No. 54 to Olen seeks "Documents verifying individuals who have served, or serve, as directors, executives, managers, or in-house counsel since January 1, 2012." Plaintiff argues that these individuals may have discoverable information about infringement. Olen objects based on relevance, and notes that all individuals with knowledge regarding issues in this case have been identified. Plaintiff's Motion is DENIED. These requests are unlikely to lead to the discovery of relevant information and are not proportional to the needs of the case.

RTP No. 55 to Olen seeks documents for Olen and Quantum Town Center, LLC, from 2012 to the present. Plaintiff argues that the requested records regarding the subsidiary that operates the commercial property complex where Olen allegedly continued to display the infringing sculptures are relevant to show that Quantum Town Center was an "Olen controlled property," as described in the permanent injunction and are relevant to refuse several of Olen's defenses. Olen objects based on relevance, arguing that compliance with the judgment was impacted by the Settlement Agreement. Plaintiff's Motion is GRANTED. Plaintiff is entitled to some discovery on relationship between Defendants and the LLC.

RTP No. 56 to Olen seeks "Your code of conduct, corporate governance guidelines, or ethics and anti-corruption rules or guidelines." RTP No. 57 to Olen seeks "Your employee and corporate organizational charts for each year since 2012." Olen objects as to relevance, but also argues that there are no documents responsive to the request because it is not a publicly traded company. Plaintiff's Motion is GRANTED for the same reason as RTP Nos. 26-28.