## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Settlement Agreement and Mutual General Release ("Agreement") is made and entered into on January 18, 2018, by and between Donald Wakefield ("Wakefield"), on the one hand, and Igor Olenicoff ("Olenicoff") and Olen Properties Corporation ("Olen") (collectively the "Olen Parties"), on the other hand. Wakefield and the Olen Parties are collectively referred to as the "Parties."

### I.

### GENERAL RECITALS

This Agreement is made for the following purposes and with reference to the following facts:

1.1     **Wakefield Action.** Two consolidated actions entitled **Donald Wakefield v. Igor Olenicoff and Olen Properties, Inc., et al.**, Case Nos. SACV12-2077 AG (RNBx) ("2012 Action") and 8:17-cv-01147-AG-RNB ("2017 Action") are pending in the United States District Court, Central District of California, Southern Division (collectively the "Wakefield Actions"). In the Wakefield Actions, Wakefield's Complaints assert causes of action against the Olen Parties for copyright infringement of a sculpture known as "Untitled."

1.2     **Purpose.** The purpose of this Agreement is to settle and compromise all disputes and controversies existing among the Parties hereto, including but not limited to any and all claims that are raised or might have been raised in the 2017 Action.

### II.

### SETTLEMENT OBLIGATIONS

2.1     **Obligations of the Parties.** On or before January 27, 2018, the Olen Parties shall pay Wakefield the sum of One Hundred Ten Thousand Dollars ($110,000.00). Said amount shall be paid care of HERZOG CREBS LLP, 100 North Broadway, 14th Floor, St. Louis, MO 63102, and made by wire to an account designated by Gene J. Brockland, Esq. of HERZOG CREBS LLP.

2.2     **Dismissal of the 2017 Action.** On or before January 30, 2018, Wakefield and the Olen Parties shall enter into a joint stipulation for the voluntary dismissal of the 2017 Action with prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

2.3     **No Other Claims.** Other than the Wakefield Actions and a complaint filed with the FBI in 2012, Wakefield covenants and represents that he has not filed any complaints, grievances, charges, or lawsuits against the Olen Parties, with any governmental agency or court, and that he will not do so at any time hereafter, with respect to the matters released under this Agreement. The Olen Parties covenant and represent that neither have filed any complaints, grievances, charges, or lawsuits against Wakefield, with any governmental agency or court, and that they will not do so at any time hereafter, with respect to the matters released under this Agreement.

*DW*

**EXHIBIT 15**

2.4  **Parties' Costs.** As to the Wakefield Actions, each of the Parties shall bear their own costs, expenses and attorneys' fees.

## III.

## MUTUAL GENERAL RELEASES AND WAIVERS OF CLAIMS

3.1  **General Release by Wakefield.** For and in consideration of the obligations above described, Wakefield, on behalf of Joseph Glickman pursuant to that certain Joint Copyright Ownership Agreement dated September 18, 2012 and attached hereto as Exhibit "A," and on behalf of his agents, representatives, successors and assigns, forever releases and discharges the Olen Parties and their respective agents, representatives, successors, heirs, assigns, employees, officers, directors, and attorneys from any and all claims, demands, debts, liabilities, accounts, obligations, costs, expenses, liens, actions, causes of action (at law, in equity, or otherwise), rights, rights of action, rights of indemnity (legal or equitable), rights to subrogation, rights to contribution and remedies of any nature whatsoever, known or unknown (except for those arising as a result of a breach of any provision of this Agreement), suspected or unsuspected, that Wakefield may have against the Olen Parties, including, but not limited to any actions relating directly or indirectly to any transaction, affairs or occurrences between them to date, including, but not limited to all loss, liability, damages, claims, charges, complaints, or demands and including any claims set related to the causes of action for copyright infringement as set forth in the Wakefield Actions. ~~Nothing in this Agreement shall be construed to mean that Wakefield is waiving or releasing claims to enforce this Agreement, or any relief granted in the 2012 Action.~~

3.2  **General Release by the Olen Parties.** For and in consideration of the obligations above described, the Olen Parties, on behalf of their agents, representatives, successors and assigns, forever release and discharge Wakefield, and his respective agents, representatives, successors, assigns, employees, officers, directors, and attorneys from any and all claims, demands, debts, liabilities, accounts, obligations, costs, expenses, liens, actions, causes of action (at law, in equity, or otherwise), rights, rights of action, rights of indemnity (legal or equitable), rights to subrogation, rights to contribution and remedies of any nature whatsoever, known or unknown (except for those arising as a result of a breach of any provision of this Agreement), suspected or unsuspected, that the Olen Parties may have against Wakefield, including, but not limited to any actions relating directly or indirectly to any transaction, affairs or occurrences between them to date. Nothing in this Agreement shall be construed to mean that the Olen Parties are waiving or releasing claims to enforce this Agreement.

3.3  **California Civil Code Section 1542.** The Parties understand that the releases provided for in this Agreement extend to all claims, whether or not claimed or suspected, up to and including the date of execution hereof, and constitute a waiver of each and all of the provisions of California Civil Code Section 1542, which reads as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Parties hereby acknowledge that the effect and import of this provision has been fully explained to them and that they are aware of its contents and legal effect.

Settlement Agreement and Mutual General Release                    Page 2 of 5

IV.

FURTHER ACKNOWLEDGEMENTS

4.1  **Further Acknowledgements.** The Parties further fully understand, acknowledge and agree, as follows:

(a)  The Parties have carefully read and fully understand all of the provisions of this Agreement, which is written in a manner that they clearly understand.

(b)  Wakefield is, through this Agreement, releasing the Olen Parties from any and all claims he may have against them arising before the execution of this Agreement.

(c)  The Olen Parties are, through this Agreement, releasing Wakefield from any and all claims they may have against him arising before the execution of this Agreement.

(d)  The Parties knowingly and voluntarily agree to all of the terms in this Agreement.

(e)  The Parties knowingly and voluntarily intend to be legally bound by this Agreement.

(f)  The Parties were advised and hereby are advised in writing to consider the terms of this Agreement and consult with an attorney of their choice prior to signing this Agreement.

V.

MISCELLANEOUS PROVISIONS

5.1  **Voluntary Execution.** This Agreement is executed voluntarily and without duress or undue influence on the part of or on behalf of any of the Parties.

5.2  **Attorney Review.** The Parties represent and agree that they fully understand their right to discuss all aspects of this Agreement with their private attorney, that to the extent, if any, that they desired, they have availed themselves of this right, they have carefully read and fully understands all of the provisions of this Agreement, and that they are voluntarily entering into this Agreement.

5.3  **Enforcement.** The Parties agree that, notwithstanding California Evidence Code Sections 1115-1128, the Agreement may be enforced by a motion made pursuant to California Code of Civil Procedure Section 664.6, or by any other procedure permitted by the laws of the State of California, the laws of the United States and the United States District Court, Central District of California, Southern Division.

5.4  **Attorney's Fees.** In the event of a breach of this Agreement, the prevailing party in any action brought to enforce this Agreement shall be entitled to recover their reasonable attorney's fees and expenses incurred therein.

DW

5.5 **Entire Agreement.** This Agreement contains the sole and entire agreement and understanding of the Parties with respect to the entire subject matter hereof, and any and all prior discussions, negotiations, commitments and understandings related hereto are hereby merged herein. No representations, oral or otherwise, express or implied, other than those contained herein have been made by any party hereto. No other agreements not specifically referred to herein, oral or otherwise, shall be deemed to exist or to bind any of the Parties hereto.

5.6 **Undue Delay.** All Parties hereto agree, on the demand of the other party hereto, to execute or deliver any instrument, furnish any information or perform any other act reasonably necessary to carry out the provisions of this Agreement without undue delay or expense.

5.7 **Further Assurances.** Each of the Parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary in connection with the performance of their obligations under this Agreement. Each of the Parties shall pay their own costs and expenses incurred in connection with the performance of their obligations under this Agreement.

5.8 **Invalid Provision.** Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Agreement.

5.9. **Binding and Assignment.** The Parties warrant that they have the authority to enter into this agreement. This Agreement shall bind and inure to the benefit of the Parties hereto and to their respective successors, assigns, legatees, heirs, and personal representatives. In addition, the Parties warrant that they have not assigned any interest in the Wakefield Actions to any individual or entity. The Parties may assign all rights hereunder to any party at their sole discretion.

5.10 **Choice of Law.** This Agreement is entered into pursuant to the laws of the State of California and shall be interpreted pursuant to those laws.

5.11 **Counterparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed an original and all of which shall constitute together one and the same instrument.

5.12 **Indemnification.** Wakefield agrees to defend, hold harmless and indemnify the Olen Parties and their parents, subsidiaries, affiliates, successors, assignees, agents, employees, representatives, and heirs against any and all costs, losses, liabilities, expenses (including reasonable attorney's fees), judgments, fines, and/or amounts paid in settlement actually and reasonably incurred in connection with any claim, action, or proceeding that is brought against the Olen Parties by Joseph Glickman, and/or his successors, assignees, agents, employees, representatives, heirs and/or anyone purporting to act on his behalf or on his estate's behalf, for any claim released or intended to be released under this Agreement. Such obligation to defend, hold harmless and indemnify the parties named above arises whether or not any such claim, action, or proceeding possesses merit and/or is successful and shall arise immediately upon written notification to Wakefield of such claim, action, or proceeding.

5.13 **Confidentiality.** The Parties agree to maintain the total confidentiality of the terms of this Agreement, and will not disclose any information regarding the terms and provisions of this

*DW*

Agreement to any person or entity except their attorneys, accountants, tax advisors, controllers, financial advisors, or auditors. However, the terms and provisions of this Agreement may be disclosed to the extent necessary for either of the Parties to enforce his or its rights under this Agreement in connection with a legal proceeding, or when required by law or by the order of a court or similar judicial or administrative body.

    IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates set forth below.

_____
Donald Wakefield

_____
Igor Olenicoff

Olen Properties Corporation

By: _____

| | |
|---|---|
| **From:** | Marc N. Bernstein |
| **To:** | Benjamin Muschel |
| **Cc:** | Lynn Trumbower; Spencer Sax; Brockland, Gene; Bill O"Brien; Tsui-Ming Chen |
| **Subject:** | RE: [EXTERNAL] Wakefield v. Olen |
| **Date:** | Tuesday, January 18, 2022 12:01:44 PM |

Ben,

This will confirm Mr. Wakefield's position as stated in our call today.

First, Mr. Wakefield opposes any motion to seal parts or all of the *Wakefield II* settlement agreement.

That agreement is now over 3 years old, and figures directly in Mr. Wakefield's fraud-in-the-inducement claim. We expect the agreement will be used throughout the case and at trial, and think it only a matter of time before it becomes part of the public record. We see no reason to delay that inevitability. So you are correct that Mr. Wakefield consents to public disclosure of the agreement. He opposes continued *shielding* of it from disclosure.

Second, though Mr. Wakefield thus anticipates that the *Wakefield II* settlement will become evidence in this case, he reserves his right to argue the agreement's unsuitability for consideration in a pleadings challenge.

Best,

Marc

(415) 533-7773 (mobile)

**From:** Benjamin Muschel <BMuschel@ssclawfirm.com>
**Sent:** Tuesday, January 18, 2022 11:43 AM
**To:** Marc N. Bernstein <mbernstein@blgrp.com>
**Cc:** Lynn Trumbower <ltrumbower@ssclawfirm.com>; Spencer Sax <ssax@ssclawfirm.com>
**Subject:** [EXTERNAL] Wakefield v. Olen

Hi Marc,

Just wanted to confirm per our discussion earlier that Wakefield is willing to waive the confidentiality provision in the settlement agreement for purposes of this litigation.

Thanks,
Ben

**Benjamin R. Muschel**
*Associate*

**Sachs Sax Caplan, P.L.**

6111 Broken Sound Parkway NW Suite 200| Boca Raton, FL 33487
Direct: (561) 237-6835   Fax: (561) 994-4985
Email: bmuschel@ssclawfirm.com   Main: (561) 994-4499

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

Case 8:21-cv-01585-JDFM Document 58-10 Filed 11/22/22 Page 7 of 7 PageID #:2970