1  Marc N. Bernstein (SBN 145837)
   mbernstein@blgrp.com
2  THE BUSINESS LITIGATION GROUP, P.C.
   150 Spear Street, Suite 800
3  San Francisco, CA 94105
   Telephone:  415.765.6634
4  Facsimile:  415.283.4804

5  Gene J. Brockland (Mo. State Bar No. 32770)
   *Admitted Pro Hac Vice*
6  gbrockland@smithamundsen.com
   SmithAmundsen LLP
7  120 South Central, Suite 700
   St. Louis, MO 63105
8  Telephone:  314.719.3732
   Facsimile:   314.719.3733

9  William J. O'Brien (SBN 99526)
10 wobrien@onellp.com
   One LLP
11 23 Corporate Plaza Dr., Suite 150-105
   Newport Beach, CA  92660
12 Telephone:  310.866.5157
   Facsimile:   310.943.2085

13
   ATTORNEYS FOR PLAINTIFF, DON WAKEFIELD
14

15              UNITED STATES DISTRICT COURT

16            CENTRAL DISTRICT OF CALIFORNIA

17                  SOUTHERN DIVISION

18

19 DON WAKEFIELD,                       Case No.:  8:21-cv-1585-CJC-DFM

20                          Plaintiff,
                                        **PLAINTIFF'S ANSWERS AND**
21 v.                                   **OBJECTIONS TO DEFENDANTS'**
                                        **FIRST SET OF**
22 IGOR OLENICOFF, OLEN                 **INTERROGATORIES TO**
23 PROPERTIES CORP.; JOHN LIANG         **PLAINTIFF, DON WAKEFIELD**
   and DOES 1 through 10, inclusive,
24
                                        Complaint Filed: September 27, 2021
25                         Defendants,   Trial Date:       February 21, 2023
26
27                                      *Assigned to: Hon. Cormac Carney*

28      **PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF**
           **INTERROGATORIES TO PLAINTIFF, DON WAKEFIELD**
                                     1

Plaintiff, DON WAKEFIELD, for his Answers and Objections to Defendants' First

Set of Interrogatories, state as follows:

## INTRODUCTION

Plaintiff has not completed the investigation of the facts relating to this case, and has

not completed trial preparation. All the answers contained herein are based only upon such

information and documents as are presently available to, and specifically known by

Plaintiff. The following answers are given without prejudice to Plaintiff's right to produce

evidence of any subsequently discovered fact or facts which Plaintiff may later recall or

uncover. Plaintiff accordingly reserves the right to amend any and all answers herein as

any additional facts are ascertained, analysis made, discovery is undertaken and legal

research is completed.

## GENERAL OBJECTIONS

1.      Plaintiff objects to each and every interrogatory to the extent it seeks

information or documents privileged under law, whether pursuant to the attorney-client

privilege, the work produce doctrine, or otherwise. All references to "privileged"

information in these responses will include, without limitation, the attorney-client

privilege, the work product doctrine, and all applicable common law or constitutional

privileges. Plaintiff therefore construes each interrogatory to exclude information

protected from disclosure by any privilege or the work product doctrine. Plaintiff reserves

the right to object to the introduction into evidence of information or documents that are

privileged under law or that have been revealed inadvertently.

2.      Plaintiff objects to each and every interrogatory to the extent such

interrogatories are vague, ambiguous, overly broad, burdensome, repetitive and excessive

in scope. Plaintiff objects to all interrogatories which require the identification and

production of "all" documents with regarding to a particular interrogatory as it is not

1  practical to require Plaintiff to review each document in every one of its files to
2  determine if it may be responsive. To the extent that Defendants seek to require Plaintiff
3  to do more than use reasonable diligence based upon an examination of such files that
4  may be reasonably expected to yield such documents, Plaintiff objects on the grounds
5  that these interrogatories are vague, ambiguous, overly broad and would subject Plaintiff
6  to oppression, harassment, undue burden and expense.

7       3.    As used herein, all objections as to relevancy shall mean that the information
8  sought is irrelevant to the subject matter involved in the pending action, as the request is
9  not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff
10 objects to each interrogatory to the extent that it is unlimited in time/or not limited to the
11 time relevant to this litigation as being overly broad and burdensome, and not relevant.

12      4.    Plaintiff objects to each and every interrogatory to the extent such
13 interrogatories seek information or documents that are not within Plaintiff's possession,
14 custody or control.

15      5.    Plaintiff objects to all interrogatories to the extent they prematurely seek the
16 disclosure of expert information. Such information will not be disclosed until a timely
17 demand for exchange of expert witness information is made.

18      6.    Plaintiff's attorneys have not fully completed their investigation of the facts
19 related to this case, discovery in this action, and preparation for trial; thus, all of the
20 following answers are based only upon such information and documents that are
21 presently available and specifically known to Plaintiff. These answers are given without
22 prejudice to Plaintiff's right to produce evidence of any subsequently discovered fact or
23 facts. Accordingly, Plaintiff reserves his right to change and/or supplement any and all of
24 the following answers as additional facts are ascertained, analysis is made, legal research
25 is completed and contentions are formulated.

26      7.    All general objections are incorporated by this reference into each and every
27 specific response below as if fully set forth herein.

28
**PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
INTERROGATORIES TO PLAINTIFF, DON WAKEFIELD**
3

## INTERROGATORIES TO PLAINTIFF

1. Please state the name, home and business address of the person answering these interrogatories and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed.

    **ANSWER:** Don Wakefield

                  c/o SmithAmundsen

2. Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of one (1) year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction the specific crime and the date and place of conviction.

    **ANSWER:** No.

3. Please state the role John Liang played in connection with the allegations contained in the Complaint.

    **ANSWER:** Plaintiff believes that Liang acted as a broker, ordering the copies that Defendants specified by providing him pictures, facilitated production in China and coordinated the shipping of the copies from the Chinese manufacturer to the Defendants.

4. Do you contend that you have lost any income as a result of the allegations contained in your Complaint? If so, state the nature of the income lost, the amount of income lost, and the method that you used in computing that amount.

    **ANSWER:** Plaintiff contends that he has lost income as a result of the matters stated in the Complaint, but Plaintiff has not yet calculated his lost income.

5.   Do you contend that the Defendant, Olen Properties Corp., profited from the alleged
display of the subject sculptures? If so, state the amount you believe Olen Properties
Corp. earned and the method you used in computing that amount.

**ANSWER:** Plaintiff contends that Olen Properties has profited from the display of
the infringing sculptures. The amount of profit is not yet known.

6.   Do you contend that the Defendant, Igor Olenicoff, profited from the alleged display
of the subject sculptures? If so, state the amount you believe Igor Olenicoff earned
and the method you used in computing that amount.

**ANSWER:** Plaintiff contends that Defendant Igor Olenicoff has profited from the
display of the infringing sculptures. The amount of profit is not yet known.

7.   Please explain in detail how the instant lawsuit is not in violation of Paragraph 6 of
the Mutual Release and Settlement Agreement entered into between Plaintiff and
Defendants, Olen Properties Corp. and Igor Olenicoff, dated November 12, 2015,
and attached hereto as Exhibit A.

**ANSWER:** Plaintiff objects to the extent that this Interrogatory call for a legal
conclusion. Subject to that objection and without waiving it, Plaintiff states that the
Mutual Release and Settlement Agreement did not release future acts of
infringement. In addition, it was procured by fraud as set out in Plaintiff's Complaint
and should be rescinded.

8.   List all copyrights that Plaintiff has for sculptures other than *Untitled*.

**ANSWER:** Plaintiff objects on the grounds that this interrogatory is irrelevant,
especially as directed to copyrights rather than registrations.   Plaintiff owns
copyrights in each original work of authorship he has created or co-created. Subject
to and without waiving that objection, and construing the interrogatory to be directed
solely to copyright registrations, Plaintiff responds: none.

9. What specific investigation did you undertake to determine the existence and location of the purported infringing sculptures before entering into the Mutual Release and Settlement Agreement.

**ANSWER:** Plaintiff objects on the grounds that this interrogatory is irrelevant. Subject to that objection and without waiving it, Plaintiff states that he reviewed photographs on the Olen Properties web site. Plaintiff also visited some, but not all, of the Olen Properties buildings in Southern California. Plaintiff did not visit any Olen Properties buildings outside of Southern California.

10. Do you have the present financial ability to repay the $110,000 to Defendant, Olen Properties Corp., if ordered by the Court to do so?

**ANSWER:** Plaintiff objects on the grounds that this interrogatory is irrelevant, vague as to "ability to repay," and violative of Plaintiff's right of privacy.

11. Describe all facts indicating that Igor Olenicoff had personal knowledge that the subject sculptures were located in Boynton Beach, Florida at the time the Mutual Release and Settlement Agreement was executed.

**ANSWER:** Plaintiff believes that Olenicoff was aware of the infringing sculptures being installed in 2014 and thus had personal knowledge of their location at the time the Mutual Release and Settlement Agreement was executed.

12. Describe all facts indicating that Igor Olenicoff had personal knowledge that the subject sculptures were located in Boynton Beach, Florida at the time his December 18, 2017 Affidavit was executed.

**ANSWER:** Plaintiff believes that Olenicoff was aware of the infringing sculptures being installed in 2014 and thus had personal knowledge of their location at the time the Mutual Release and Settlement Agreement was executed.

13.   Describe all facts supporting the allegation in paragraph 102 of the Complaint that "[e]ach Olenicoff Entity is . . . engaged in interstate commerce."

**ANSWER:**  Plaintiff objects to the extent that this Interrogatory call for a legal conclusion.  Subject to that objection and without waiving it, Plaintiff states that Olen Properties has locations and affiliates in at least two states in the United States, and it and its affiliates transact interstate commerce with counterparties from many other states.

14.   Which "members" are you referring to in paragraph 103 of your Complaint who have "functioned for years as a continuing unit for the common purpose of achieving the activities described in this Complaint?"

**ANSWER:** Plaintiff objects to the extent that this Interrogatory call for a legal conclusion, and on the grounds that this is a contention interrogatory served at the beginning of discovery.  Plaintiff has not had the opportunity to investigate and discover all members of the Broader Enterprise described in paragraph 103.  Plaintiff reserves the right to amend this response at the close of discovery.  Subject to these objections and without waiving them, Plaintiff has thus far identified the members as Olenicoff, Olen Properties, John Liang and Quantum Town Center, LLC.

15.   What is the private financial gain referenced in paragraph 105 of the Complaint?

**ANSWER:** Plaintiff objects to the extent that this Interrogatory call for a legal conclusion. Subject to that objection and without waiving it, Plaintiff states that defendants have had financial gain by avoiding obtaining and paying for lawful copies of all of the work they infringed, including avoiding payment of license fees for each of the infringing uses they made of the work, and by using cheap knock-offs to satisfy public art requirements.

16. What reproduction and distribution occurred during a 180-day period of multiple copyrighted works as referenced in paragraph 106 of the Complaint?  When did the 180-day period begin and when did it end?

ANSWER: Plaintiff objects to the extent that this Interrogatory call for a legal conclusion.  Subject to that objection and without waiving it, Plaintiff states that the defendants engaged in a large number of past infringements of works that, all by themselves, had a retail value in excess of $1,000.  No 180-day aggregation period is required for any such work.  Alternatively, one could say that each infringement of such a work began and ended its own 180-day period.

17. State all persons you communicated with regarding the allegations of your Complaint, including name and contact information.

ANSWER: Glenn Weiss (see Plaintiff's Initial Voluntary Disclosure)

Bill Bedford (see Plaintiff's Initial Voluntary Disclosure)

18. Please state all licenses you have granted for the use of your artwork, including the value of any compensation received for said license.

ANSWER: None.

19. Please state all sales of your artwork, including the name of the piece, type of piece, and the sales price of the piece.

ANSWER:  Plaintiff objects on the grounds of relevance insofar as this Interrogatory requests information regarding artwork that is not large scale.  Subject to that objection and without waiving it, Plaintiff states that the following  represents a list of large scale, contemporary sculptures sold by Plaintiff:

| Title of Sculpture | Price |
| --- | --- |
| "Dimensional Language" | $54,000 |
| "Daughter and Daddy" | $24,000 |
| "Never Ending Puzzle" | unknown |
| "Police monument" | $29,000 |

**PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF, DON WAKEFIELD**

| | | |
|---|---|---|
| 1 | "Reflection of a Language" | unknown |
| 2 | "Untitled" | $35,000 |
| 3 | "Chino, Where Everything Grows" | $56,000 |
| 4 | "New Moon" | $23,000 |
| 5 | "Language for Three" | $45,000 |
| 6 | "The Glow Show" | $30,000 |
| 7 | "Fish Tower" | unknown |
| 8 | "Round House" | $40,000 |
| 9 | "Diving Owl" | $32,000 |
| 10 | "The Balance Between F&D" | unknown |
| 11 | "Group in Red" | unknown |
| 12 | "Native Blooms" | $13,000 |
| 13 | "California Beams" | $12,000 |
| 14 | "The Great American Life" | $6,500 |
| 15 | "Behind the Mask" | $45,000 |
| 16 | "Citrus Series" | $40,000 |

Dated: May 27, 2022.

*/s/ Gene J. Brockland*
GENE J. BROCKLAND
SMITHAMUNDSEN LLC
*Attorneys for Plaintiff Don Wakefield*

**PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
INTERROGATORIES TO PLAINTIFF, DON WAKEFIELD**

9

**STATE OF MICHIGAN** )
                      ) SS
**COUNTY OF WAYNE** )

## VERIFICATION

I, Don Wakefield, being of lawful age and duly sworn, state that the foregoing Answers and Objections to Defendants' First Set of Interrogatories are true and accurate to the best of my knowledge and belief.

Don Wakefield

Subscribed and sworn to before me this 25th day of May, 2022.

Notary Public

STATE OF Michigan

COUNTY OF Washtenaw

PATTI DEE MOUSSEAU
Notary Public - State of Michigan
County of Washtenaw
My Commission Expires Jan 2, 2027
Acting in the County of Washtenaw

SUBSCRIBED AND SWORN TO BEFORE ME

THIS 25th DAY OF May 2022

BY Don Wakefield

Patti Dee Mousseau

NOTARY PUBLIC

PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
INTERROGATORIES TO PLAINTIFF, DON WAKEFIELD

10

1

# **CERTIFICATE OF SERVICE**

2

3 **I hereby certify that on May 27th, 2022, the attached document was electronically transmitted to:**

4 Spencer M. Sax

Sachs Sax Caplan

5 6111 Broken Sound Parkway NW, Suite 200

6 Boca Raton, FL 33487

Tel: (561) 994-4499

7 Fax: (561) 994-4985

8 Email: ssax@ssclawfirm.com

9 Julie A. Ault, Esq. (Bar No. 186914)

10 Kaelee Gifford, Esq. (Bar No. 303533)

7 Corporate Plaza

11 Newport Beach, CA 92660

12 Tel.: (949) 719-7212

Fax: (949) 719-7210

13 Email: jault@olenproperties.com

14

Attorneys for Defendants

15

16      I declare under penalty of perjury under the laws of the State of Missouri and the

17 United States of America that the foregoing is true and correct. Executed on May 27th,

18 2022 at St. Louis, MO.

19

20                                   Gene J. Brockland

21

22

23

24

25

26

27

28

**PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF, DON WAKEFIELD**

11