Marc N. Bernstein (Cal. Bar No. 145837)
mbernstein@blgrp.com
**The Business Litigation Group, P.C.**
150 Spear Street, Suite 800
San Francisco, CA 94105
Telephone:   415.765.6634
Facsimile:   415.283.4804

Gene J. Brockland (Missouri State Bar No. 32770)
Christopher O. Miller (Missouri State Bar No. 70251)
*Admitted Pro Hac Vice*
gbrockland@amundsendavislaw.com
comiller@amundsendavislaw.com
**Amundsen Davis LLC**
120 South Central, Suite 700
St. Louis, MO 63105
Telephone:   314.719.3732
Facsimile:   314.719.3733

William J. O'Brien (Cal. Bar No. 99526)
wobrien@onellp.com
**One LLP**
23 Corporate Plaza Dr., Suite 150-105
Newport Beach, CA  92660
Telephone:   310.866.5157
Facsimile:   310.943.2085

*Attorneys for Plaintiff, Donald Wakefield*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DONALD WAKEFIELD,<br><br>Plaintiff,<br><br>v.<br><br>IGOR OLENICOFF, OLEN PROPERTIES CORP.; and DOES 1 through 10, inclusive,<br><br>Defendants, | Case No. 8:21-cv-1585-CJC-DFM<br><br>*Assigned to: Hon. Cormac Carney*<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Complaint Filed: September 27, 2021<br>Hearing Date:     January 9, 2023<br>Hearing Time:    1:30 p.m.<br>Trial Date:           February 21, 2023 |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1

II. DEFENDANTS HAVE NOT CONTESTED MR. WAKEFIELD'S FACTS ....................2

III. OLEN HAS NOT RAISED GENUINE ISSUES OF FACT MATERIAL TO ITS COPYRIGHT INFRINGEMENT ..............................................................................3

    A. Mr. Wakefield Has Established Liability ............................................3

    B. The Settlement Agreement Does Not Bar Plaintiff's Claims ...............4

        1. The Settlement Agreement does not release future claims ........5

        2. The Settlement Agreement is unenforceable to the extent it might be interpreted as releasing future intentional torts ..........7

    C. Mr. Wakefield's Claims Are Not Barred by the Statute of Limitations.7

    D. Actual Damages Are Irrelevant to this Motion ....................................9

    E. Mr. Wakefield Is Entitled to Summary Judgment of Contributory and Vicarious Copyright Infringement .......................................................9

IV. OLEN IS LIABLE FOR WILLFUL INFRINGEMENT, AND MR. WAKEFIELD IS ENTITLED TO ELECT STATUTORY DAMAGES ....................................................9

    A. Uncontested Facts Establish Olen's Willfulness ................................9

    B. The Olen Parties Violated the *Wakefield I* Injunction .......................11

    C. Mr. Olenicoff's Declaration and Olen's Statements Were False ......11

V. THE COURT SHOULD GRANT SUMMARY JUDGMENT AGAINST DEFENDANTS' COUNTERCLAIMS ................................................................................................12

VI. CONCLUSION ...................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Augustine Med., Inc. v. Progressive Dynamics, Inc.*, 194 F.3d 1367 (Fed. Cir. 1999) ..................................................................................................6

*Marder v. Lopez*, 450 F.3d 445 (9th Cir. 2006) ..............................................6

*Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 971 F.3d 1042 (9th Cir. 2020) ..........................................................................................................8

*Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014) .................7, 8

*Roley v. New World Pictures, Ltd.*, 19 F.3d 479 (9th Cir. 1994) ..................8

*Winet v. Price*, 4 Cal.App. 4th 1159 (1992) ...................................................6

**Statutes**

17 U.S.C. § 106 ...............................................................................................6

California Civil Code § 1668 .........................................................................7

Copyright Act .......................................................................................6, 7, 11

**Rules**

Local Rule 56-3 ..............................................................................................3

**Other Authorities**

M. NIMMER & D. NIMMER, COPYRIGHT § 12.05[B][1][b], p. 12-150.4 (2013) ................................................................................................................8

## I. INTRODUCTION

The Court should grant Donald Wakefield partial summary judgment. Defendants themselves have conceded that none of the facts he has asserted in support of such summary judgment are contested. Accordingly, the Court should determine that Defendant Olen Properties infringed Mr. Wakefield's copyright in his sculpture *Untitled* after entering into a settlement with him on January 18, 2018.

Olen does not contest that, for years after that settlement date, it publicly displayed sculptures that it calls *Human Nature's Many Faces* and *A Tear Must Fall* on one of its properties in Florida. Olen does not and cannot contest that those sculptures were virtually identical to the ones that Olen had displayed in California and that were the subject of a jury trial in Mr. Wakefield's first copyright suit. The jury found that these sculptures are copies of *Untitled* and infringe Mr. Wakefield's valid copyright in it. Those determinations are binding on Olen in this case and collaterally estop it from contesting infringement or validity.

Revealingly, Olen never addresses the fundamental basis of this motion: issue preclusion. In fact, the terms "issue preclusion," "collateral estoppel," and "res judicata" never appear in their opposition brief. Instead, Olen repeatedly tries to change the subject. But none of those efforts have any merit.

First and foremost, Olen tries to avoid partial summary judgment by invoking the Settlement Agreement. This gambit is unjustified and even offensive. Olen obtained the settlement only by repeatedly representing that all of the infringing sculptures had been taken down. Olen knew that Mr. Wakefield was not licensing and would not license future or ongoing displays of copies of *Untitled*. On the contrary, the Settlement Agreement indicates that Mr. Wakefield was not releasing future claims. Olen also ignores California law, which provides that a release of future intentional torts is unenforceable.

Olen also baselessly invokes the statute of limitations for copyright infringement. But this limitations period is a "rolling" one that permits suit for ongoing infringements that continue to within three years of suit being filed. Olen's infringement was still in process when Mr. Wakefield filed this case. Also, the limitations period was tolled until Mr. Wakefield discovered the undisclosed sculptures in Florida.

Olen's attempt to argue about "actual damages" is a *non sequitur*. That issue is not part of the motion for partial summary judgment.

In addition, Olen has not contested the facts put forward by Mr. Wakefield in support of his request for summary judgment of willful infringement. It is uncontroverted that Olen was enjoined to dispose of the infringing sculptures and falsely represented that it had done so but continued to display the two undisclosed sculptures in Florida. Regardless of the dubious credibility of the assertion by convicted felon Igor Olenicoff that he somehow forgot about the sculptures in Florida, that assertion cannot disprove willful infringement by Olen Properties— and the request for summary judgment of willful infringement is directed against Olen, not Mr. Olenicoff personally.

Finally, Mr. Wakefield is entitled to summary judgment on the Defendants' counterclaims invoking the Settlement Agreement. As noted, that agreement did not license them to continue to display undisclosed infringing sculptures. There are no material issues of fact in dispute, and, on this issue too, Mr. Wakefield is entitled to partial summary judgment.

II. **DEFENDANTS HAVE NOT CONTESTED MR. WAKEFIELD'S FACTS.**

In response to Mr. Wakefield's Statement of Uncontroverted Facts, the Defendants have filed a Statement of Genuine Disputes (Doc. 110-1). But notably, that statement fails to contest even a single one of the facts set forth in Mr. Wakefield's Statement of Uncontroverted Facts. To properly dispute any of those facts, Defendants were required to include them in their Statement of Genuine

Disputes and controvert them by declaration or other written evidence. *See* L.R. 56-3. They did neither. The Court may assume that the material facts set out by Mr. Wakefield, which were all adequately supported, are admitted to exist without controversy. In light of that, and in light of the insufficiency of the defenses that Defendants attempt to raise, Mr. Wakefield's Motion for Partial Summary Judgment should be granted.

### III. OLEN HAS NOT RAISED GENUINE ISSUES OF FACT MATERIAL TO ITS COPYRIGHT INFRINGEMENT.

#### A. Mr. Wakefield Has Established Liability.

Based on the matters which are res judicata as a result of *Wakefield I* and the facts in Mr. Wakefield's Statement of Uncontroverted Material Facts—which Defendants do not dispute in their Statement of Genuine Disputes—Mr. Wakefield has established that Olen is liable for copyright infringement. Defendants contend that infringement is an issue for the jury, but that is irrelevant to issue preclusion. The same infringement issues were already decided by the jury in *Wakefield I*, and they need not be relitigated here.

Mr. Wakefield briefed the issue of the preclusive effect of *Wakefield I* in his Memorandum in Support of Motion for Partial Summary Judgment. (*See* Doc 98-1 at 6-9.) Defendants do not contradict any of that argument, but only say that the Court in *Wakefield I* did not decide if the Florida copies infringe. (*See* Doc 110 at 14.) Of course that was not decided in *Wakefield I*, as Mr. Wakefield did not know that the Florida copies existed. They had not been disclosed to him, and so the *Wakefield I* court received no evidence of the Florida copies. However, as a result of *Wakefield I*, it is indisputable that Mr. Wakefield owns a valid copyright in *Untitled* and that the copies referred to by Defendants as *Human Nature's Many Faces* and *A Tear Must Fall* infringe that copyright. Those issues were sharply in dispute at the trial of *Wakefield I*, and the Defendants lost. These established facts need not be litigated anew.

      Olen has admitted that it was displaying copies of *Human Nature's Many Faces* and *A Tear Must Fall* at Quantum Town Center from 2008 to sometime in 2021. (*See* Doc. 62 at ¶¶ 38-39; Doc. 63 at ¶¶ 38-39.) Olenicoff admitted the same in his deposition. (*See* Doc. 98-02, Plaintiff's SUMF at ¶¶ 29-30.) Olen does not dispute that it owns and controls Quantum Town Center, nor does it dispute that the display of the copies was unauthorized.

      Olen does not contend that the copies of *Human Nature's Many Faces* and *A Tear Must Fall* that were on display at Quantum Town Center are in any way different than those that were found to infringe in *Wakefield I*. It has not so stated in its Memorandum in Opposition nor in its Statement of Genuine Disputes—because any such statement would be plainly false. The Court has before it photographs of the copies of *Human Nature's Many Faces* and *A Tear Must Fall* that were on display at Quantum Town Center. (*See* Docs. 98-05 and 98-06.) The Court also has before it photographs of *Untitled* (*see* Doc. 98-02 at ¶ 5), photographs of the instances of *Human Nature's Many Faces* found to infringe in *Wakefield I* (*see* Doc. 98-02 at ¶ 6) and photographs of the instances of *A Tear Must Fall* found to infringe in Wakefield I (*see* Doc. 98-02 at ¶ 7). The Court can and should conclude, based on that record, and in light of Olen's failure to make any argument or provide any evidence to the contrary, that Olen infringed Mr. Wakefield's copyright in *Untitled* by displaying *Human Nature's Many Faces* and *A Tear Must Fall* at Quantum Town Center.

### B.    The Settlement Agreement Does Not Bar Plaintiff's Claims

      The Settlement Agreement—which Defendants raise as an affirmative defense to Mr. Wakefield's claims, and on which they rely for their counterclaims—does not bar Plaintiff's claims for multiple reasons. As one example, the agreement did not license ongoing display or release future claims. As another, it is unenforceable under California law insofar as it might be construed as an attempted release of future intentional torts.

### 1. The Settlement Agreement does not release future claims.

Mr. Wakefield seeks partial summary judgment for the Olen's display of infringing knock-offs from January 19, 2018, onward. (*See* Doc. 98-1 at 9-11.) That is the day **after** the effective date of the Settlement Agreement on which the Defendants rely to try to defeat the Motion for Partial Summary Judgment. Defendants go to great lengths in their Memorandum in Opposition and in their Statement of Genuine Disputes to cite language in the Settlement Agreement that points to a release of unknown claims—those that might have existed prior to the Settlement Agreement. That language, however, is beside the point. The issue raised in the Motion for Partial Summary Judgment is whether Olen infringed Mr. Wakefield's copyright after the signing of the Settlement Agreement, not before.

On that issue, the Settlement Agreement does not provide the Defendants with a valid defense. By the plain language of the Settlement Agreement, it released only claims occurring prior to its execution. Although not acknowledged by the Defendants in their Memorandum in Opposition or in their Statement of Genuine Disputes, the Settlement Agreement specifically states that "the releases provided for in this Agreement extend to all claims, whether or not claimed or suspected, **up to and including the date of execution hereof**." (*See* Doc. 110-3, Settlement Agreement at § 3.3 (emphasis added).) Furthermore, the Settlement Agreement stated, "Wakefield is, through this Agreement, releasing the Olen Parties from any and all claims he may have against them **arising before the date of this Agreement.**" (*Id*. at ¶ 4.1 (emphasis added)). Thus, by the express language of the Settlement Agreement, future claims were not released.

There can be no serious argument that the parties intended the Settlement Agreement to provide a license for ongoing or future infringement, and Defendants make no such argument. Seemingly acknowledging that the agreement did not release future acts of infringement, the Defendants assert in their Memorandum and in their Statement of Genuine Disputes that they "did not install" the

infringing copies after entering into the Settlement Agreement. (*See* Doc. 110 at p. 7; Doc. 110-1 at ¶ 22.) Installation, however, is not the issue. Display is the issue. Liability under the Copyright Act does not flow only from one's installation of an infringing copy. Rather, the Copyright Act provides that the owner of the copyright (here indisputably Mr. Wakefield) has the exclusive right to "display" his copyrighted work publicly. 17 U.S.C. § 106. He alleges that the Defendants infringed his copyright in *Untitled* by publicly displaying two copies of it in Florida after the execution of the Settlement Agreement.

The cases cited by the Defendants in support of their argument that the Settlement Agreement essentially gives them a free pass to infringe Mr. Wakefield's copyright in *Untitled* (apparently as much and as long as they want) are unpersuasive. They all involved either different settlement language or facts not existing here, and are thus distinguishable. For example, in *Augustine Med., Inc. v. Progressive Dynamics, Inc*. 194 F.3d 1367 (Fed. Cir. 1999), the reason why the court found that the release applied to future patent infringements was that the plaintiff knew the allegedly infringing actions were ongoing at the time of the settlement. *See id*. at 1371. Here, in contrast, Defendants do not claim that Mr. Wakefield knew about the Florida infringements before signing the Settlement Agreement. Instead, he believed defendants' false representations that they had taken down all infringing sculptures.

In *Marder v. Lopez*, 450 F.3d 445 (9th Cir. 2006), the reason why the court held that the plaintiff could not assert a later copyright claim was that the plaintiff had released her claim to copyright ownership in the settlement. *See id*. at 451. But Defendants do not and cannot contend that, when Mr. Wakefield signed the Settlement Agreement, he gave up his copyright in *Untitled*. Nothing in the Settlement Agreement even suggests that.

Finally, the Defendants' reliance on *Winet v. Price*, 4 Cal.App. 4th 1159 (1992) is also misplaced. That case involved alleged legal malpractice claim that

had occurred before the release was executed—a completely different issue from the one here.

### 2. The Settlement Agreement is unenforceable to the extent it might be interpreted as releasing future intentional torts.

In their Memorandum, the Defendants completely fail to address Mr. Wakefield's argument that releases for future intentional torts are unenforceable under California law, as a result of California Civil Code Section 1668 and the related California decisional law (*See* Doc. 98-1 at 18-19.) The Defendants did not acquire any right to commit future intentional torts against Mr. Wakefield when he signed the Settlement Agreement. Mr. Wakefield alleges willful copyright infringement—which is demonstrated by uncontested facts—and California law prohibits prospective releases from liability for such intentional wrongs. (*See id.*) To the extent that the Settlement Agreement could be construed as purporting to do so, it would be unenforceable. It cannot bar Mr. Wakefield's claims, and it does not preclude him from being granted summary judgment.

### C. Mr. Wakefield's Claims Are Not Barred by the Statute of Limitations.

Mr. Wakefield filed this lawsuit on September 27, 2021. (*See* Doc. 1.) The Defendants assert that the three-year statute of limitations in the Copyright Act bars his claims. At most, however, that statute could only relieve Defendants from liability for public display that occurred prior to September 27, 2018. That would not bar Mr. Wakefield's claim in its entirety, but would only bar him from recovering damages for the period of the display that occurred more than three years prior to his filing suit. Therefore, it could not bar Mr. Wakefield from obtaining partial summary judgment of liability.

As stated in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014), *cited in* Defendants' Opp. Mem. at 10, it is widely recognized that the separate accrual rule applies to the copyright statute of limitations. That is, when a

defendant commits successive violations, the statute of limitations runs separately from each violation. *Id* at. 671; *see also* 3 M. NIMMER & D. NIMMER, COPYRIGHT § 12.05[B][1][b], p. 12-150.4 (2013) ("If infringement occurred within three years prior to filing, the action will not be barred even if prior infringements by the same party as to the same work are barred because they occurred more than three years previously.") Although not labelled as such, the separate accrual rule was recognized by the Ninth Circuit in *Roley v. New World Pictures, Ltd.*, 19 F.3d 479 (9th Cir. 1994). The circuit court recognized that the statute of limitations runs separately for each successive act of infringement and held that an action can be brought for all acts that accrued within the three years preceding the filing of suit. *See Roley* at 481.

Olen's display of the unauthorized copies was ongoing from around 2014 until sometime in 2021, after the suit was filed. While Mr. Wakefield might be precluded from seeking damages for the display that took place more than three years' prior to his initiation of suit in 2021, under *Roley* he is entitled to pursue damages for any display occurring during those three years or thereafter.

Mr. Wakefield further contends that his damages should extend back further than three years before he filed suit, and should cover the entire period of infringement, because he was unaware of the ongoing infringement that had apparently begun as early as 2014, and he could not reasonably have been expected to discover the infringement. That issue, however, can be left for another day. Defendants' discussion of the discovery rule and related case law, such as *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 971 F.3d 1042 (9th Cir. 2020), does not support a denial of Mr. Wakefield's motion for partial summary judgment. In *Oracle*, the defendant was granted summary judgment on infringement more than three years before plaintiff filed suit, because the plaintiff had not raised a triable issue of fact about its investigation prior to that time. *Id.* at 1049. Here, investigation is a disputed issue but, more important, Mr. Wakefield

has viable claims for infringement less than three years prior to his filing suit. The disputed issue does not need to be resolved for this court to grant Mr. Wakefield partial summary judgment on the issue of liability. The Court can, and should, find that Olen is liable for infringing Mr. Wakefield's copyright in *Untitled* during the three years prior to his filing suit on September 27, 2021.

### D. Actual Damages Are Irrelevant to this Motion.

At this point, the amount of Mr. Wakefield's actual damages is irrelevant. In his Motion for Partial Summary Judgment, Mr. Wakefield seeks a determination that Olen Properties is liable for direct, contributory and vicarious copyright infringement. (*See* Doc. 98, Plaintiff Donald Wakefield's Motion for Partial Summary Judgment.) Defendants' arguments about alleged fact disputes regarding the amount of Mr. Wakefield's actual damages are beside the point.

### E. Mr. Wakefield Is Entitled to Summary Judgment of Contributory and Vicarious Copyright Infringement.

Olen raises no additional or different arguments regarding contributory or vicarious copyright infringement, but merely cites its arguments regarding direct infringement. (*See* Doc. 110 at 15.) For same reasons set forth above, those arguments fail, and Mr. Wakefield should receive partial summary judgment on the issue of Olen's contributory and vicarious infringement.

## IV. OLEN IS LIABLE FOR WILLFUL INFRINGEMENT, AND MR. WAKEFIELD IS ENTITLED TO ELECT STATUTORY DAMAGES.

### A. Uncontested Facts Establish Olen's Willfulness.

Regarding Igor Olenicoff, Olen relies on an "oops, I forgot" argument. They claim that Olenicoff was not aware of the knock-offs or did not remember that they were there. Regardless, the motion for partial summary judgment of willful infringement pends against Olen Properties, not Olenicoff. As to Olen, it is undisputed, as set forth in Mr. Wakefield's Statement of Uncontroverted Facts, that:

- Olen knew about the injunction. (*See* Doc. 98-02 (Plaintiff's SUMF) at ¶ 17.)
- The injunction required that Olen not infringe Plaintiff's copyright in *Untitled*. (Plaintiff's SUMF at ¶ 17 and Doc.98-18, *Wakefield I* Permanent Injunction)
- The injunction required that Olen destroy all copies of *Human Nature's Many Faces* and *A Tear Must Fall*. (Plaintiff's SUMF at ¶ 17 and Doc. 98-18, *Wakefield I* Permanent Injunction)
- From 2014 until sometime in 2021, a copy of *Human Nature's Many Faces* and a copy of *A Tear Must Fall* were publicly displayed at Quantum Town Center. (Plaintiff's SUMF at ¶¶ 29-30.)
- Quantum Town Center is owned and operated by Quantum Town Center, LLC, which in turn is operated by Olen, and Olen is the parent company of Quantum Town Center. (Plaintiff's SUMF at ¶¶ 31-33.)
- Olen was aware that *Human Nature's Many Faces* and *A Tear Must Fall* were publicly displayed at Quantum Town Center. (Plaintiff's SUMF at ¶ 34.)

Defendants did not dispute any of these facts in their Statement of Genuine Disputes. They ineffectually try to sidestep these dispositive facts by pointing to a single employee, named Alfred LaFave, and saying that he left the company. But this is beside the point. His knowledge is imputed to Olen. Olen knew about the copies and blatantly ignored the injunction. In fact, Olen made no effort to comply with the injunction other than to remove copies that Mr. Wakefield already knew about. That is not compliance with an injunction that clearly prohibited them from infringing his copyright and clearly ordered them to destroy all infringing copies.

/ / /

/ / /

Olen's attempts to distinguish the cases relied upon by Mr. Wakefield for a finding of willfulness are unpersuasive. Notably, Olen acknowledges that the case law provides that an infringement that continues after a defendant knows about the existence of a copyright constitutes willfulness. (*See* Doc. 110 at 19.) That is exactly what occurred here. After *Wakefield I*, Olen knew that Mr. Wakefield had a valid and enforceable copyright in *Untitled*, knew that the copies it refers to as *Human Nature's Many Faces* and *A Tear Must Fall* infringed that copyright, and knew that an additional copy of each was on display at its Quantum Town Center property. This is exactly the type of blatant behavior that courts find to be willful infringement under the Copyright Act.

### B. The Olen Parties Violated the *Wakefield I* Injunction.

By selectively quoting the Ninth Circuit's ruling in *Wakefield I*, the Olen Parties preposterously suggest that their obligation under the *Wakefield I* injunction was to only destroy the six copies that were the subject of that case, and no more. (*See* Doc 11 at 21). What the Olen Parties conveniently ignore is that the Ninth Circuit affirmed the District Court's injunction Order. It did not reverse it. It did not order it modified. It affirmed it. (*See* Doc. 98-19, *Wakefield I* 9th Circuit Opinion at ¶ 4.)

The District Court's injunction Order was unequivocally **not** limited to the six knock-offs that it had before it at the time. The District Court explicitly ordered that "Defendants . . . are PERMANENTLY ENJOINED from infringing Plaintiff's copyrighted work known as *Untitled*" and provided that "Defendants are further ORDERED to destroy all copies of *Human Nature's Many Faces* and *ATear Must Fall* . . . ." (*See* Doc. 98-18, *Wakefield I* Injunction Order at ¶¶ 1, 3.) Uncontestably, Defendants violated those provisions.

### C. Mr. Olenicoff's Declaration and Olen's Statements Were False.

Trying to argue that Mr. Olenicoff's declaration was not false, Olen omits the very statement that contained the falsehood—namely, Mr. Olenicoff's

11

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

statement that all infringing copies had been removed from Olen-controlled properties. While the declaration contained other statements no doubt meant to counter the motion for sanctions that Defendants were facing at the time, those other statements do not make Olenicoff's statement that all copies had been removed any less false. In fact, Olen does not even contend that the statement was true. By its silence, it admits the falsity.

Further, Olen does not even try to dispute that its counsel, Julie Ault, also represented in an e-mail message to counsel for Mr. Wakefield that all copies had been destroyed. (*See* Doc. 98-02, Plaintiff's SUMF at ¶¶ 24-25.) Since Olen failed to dispute that fact in its Statement of Genuine Disputes, it is uncontested. These false representations establish that Olen's continued display of the sculptures it was concealing from Mr. Wakefield and the Court was willful infringement.

V. **THE COURT SHOULD GRANT SUMMARY JUDGMENT AGAINST DEFENDANTS' COUNTERCLAIMS.**

In addition to moving for partial summary judgment on his claims for copyright infringement, Mr. Wakefield also seeks a ruling that he is entitled to summary judgment on Defendants' counterclaims. The counterclaims fail because the Settlement Agreement did not license ongoing display of copies of *Untitled* or release claims for willful infringement occurring after the date of the Settlement Agreement. (*See supra* Section III.B.)

Furthermore, Defendants have ignored Mr. Wakefield's argument that a future release of an intentional tort is not enforceable under California law. Defendants do not address the legal issue, apparently conceding it. Their only response is that there is no evidence of willfulness—but that is far from the case, as demonstrated in Section IV above.

/ / /

/ / /

## VI. CONCLUSION

Defendants have not raised any material issues of fact in dispute to defeat Mr. Wakefield's Motion for Partial Summary Judgment. It should be granted.

Dated: December 19, 2022  **ONE LLP**

  /s/ William J. O'Brien
William J. O'Brien

*Attorneys for Plaintiff,
Donald Wakefield*

## L.R. 11-6.2. CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff, Donald Wakefield, certifies that this brief contains 3,848 words, which complies with the word limit of L.R. 11-6.1.

Dated: December 19, 2022  **ONE LLP**

  /s/ William J. O'Brien
William J. O'Brien

*Attorneys for Plaintiff,
Donald Wakefield*

13

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**