Marc N. Bernstein (SBN 145837)
mbernstein@blgrp.com
The Business Litigation Group, P.C.
150 Spear Street, Suite 800
San Francisco, CA 94105
Telephone:  415.765.6634
Facsimile:   415.283.4804

Gene J. Brockland (Mo. State Bar No. 32770)
Christopher O. Miller (Mo. State Bar No. 70251)
*Admitted Pro Hac Vice*
gbrockland@amundsendavislaw.com
comiller@amundsendavislaw.com
Amundsen Davis LLC
120 South Central, Suite 700
St. Louis, MO 63105
Telephone:  314.719.3732
Facsimile:   314.719.3733

William J. O'Brien (SBN 99526)
wobrien@onellp.com
One LLP
Newport Beach, CA
Telephone:  310.866.5157
Facsimile:   310.943.2085

*Attorneys for Plaintiff, Donald Wakefield*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| DONALD WAKEFIELD,<br><br>Plaintiff,<br><br>v.<br><br>IGOR OLENICOFF, OLEN PROPERTIES CORP.; JOHN LIANG and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 8:21-cv-1585-CJC-DFM<br><br>*Assigned to Hon. Cormac Carney*<br><br>**EVIDENTIARY OBJECTIONS TO REPLY DECLARATION AND EXHIBIT (DOCKET NOS. 114-1 AND 114-2)**<br><br>Hearing Date: January 9, 2023<br>Time:              1:30 p.m.<br>Courtroom:    9B<br>Trial:              February 21, 2023 |

Plaintiff, Donald Wakefield, objects on each of the following grounds to the Declaration of Julie Ault (Doc. 114-01) and Exhibit 1 to the Ault Declaration (Doc. 114-02) and asks the Court to disregard those filings.

### 1. The Ault Declaration and Exhibit Are Untimely, and Defendants Have Given Wakefield No Chance to Respond.

Defendants submitted the Ault declaration and exhibit for the first time as part of their reply papers supporting their motion for summary judgment. Neither the exhibit nor any facts asserted about it by Ms. Ault were included in any previous summary judgment filings. However, "It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers." *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) (citing *Lujan v. National Wildlife Federation*, 497 U.S. 871, 894–95 (1990)). In the context of a motion for summary judgment, the Ninth Circuit has been abundantly clear: new evidence presented for the first time in a reply should not be considered unless the other side has a chance to respond. *See, e.g., Glass v. Asic N., Inc.*, 848 Fed. Appx. 255, 257 (9th Cir. 2021) ("Where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the movant an opportunity to respond.") (citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)).

### 2. The Ault Declaration and Exhibit Are Inadmissible Parol Evidence.

In addition, Ault declaration and exhibit are inadmissible parol evidence. They consist of a purported unsigned draft of the settlement agreement asserted by Defendants, as well as Ms. Ault's assertions about that draft.

"The parol evidence rule is a rule of substantive law, providing that 'when

parties enter an integrated written agreement, extrinsic evidence may not be relied upon to alter or add to the terms of the writing.'" *Reeder v. Specialized Loan Servicing LLC*, 52 Cal. App. 5th 795, 804 (2020) (quoting *Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Assn.*, 55 Cal. 4th 1169, 1174 (2013); *see also* CAL. CIV. PROC. CODE § 1856. "The purpose of the rule is to ensure that the parties' final understanding, deliberately expressed in writing, is not subject to change." *Riverisland*, 55 Cal. 4th at 1174.

"An integrated agreement is a writing or writings constituting a final expression of one or more terms of an agreement." *Id.* Nobody disputes that the settlement agreement is an integrated writing. Therefore, the unsigned draft version proffered by the Olen Parties is inadmissible. It cannot be used as evidence that the parties intended for Mr. Wakefield's release to operate as a future license to publicly display his copyrighted sculpture with impunity.[1] Instead, the parties' intentions are reflected in the signed agreement itself:

- The stated purpose of the agreement was to settle all "existing" disputes between the parties. (Doc. 110-3 at §1.2); and
- The parties to the settlement "fully understand, acknowledge and agree" that "Wakefield is, through this Agreement, releasing the Olen Parties from any

---

[1] The parol evidence rule does not exclude evidence of the Defendants' false claims to removed and destroyed all infringing sculptures, because of the rule's express exception for fraud. *See* CAL. CIV. PROC. CODE § 1856 ("This section does not exclude other evidence . . . to establish . . . fraud."); *Riverisland*, 55 Cal. 4th at 1180–81 ("Parol evidence is always admissible to prove fraud, and it was never intended that the parol evidence rule should be used as a shield to prevent the proof of fraud") (citing *Ferguson v. Koch*, 204 Cal. 342, 347 (1928)).

---

**EVIDENTIARY OBJECTIONS TO REPLY DECLARATION AND EXHIBIT**
2

and all claims he may have against them ***arising before the execution of this Agreement***." (*Id.* at §4.1(b) (emphasis added).)

Dated: January 3, 2023           Respectfully submitted,

/s/ *William J. O'Brien*
William J. O'Brien
One LLP
*Attorneys for Plaintiff, Donald Wakefield*

_____