Spencer M. Sax, Esq.
Sachs Sax Caplan
6111 Broken Sound Parkway NW, Suite 200
Boca Raton, FL 33487
Tel: (561) 994-4499
Fax: (561) 994-4985
Email: ssax@ssclawfirm.com
*Pro Hac Vice*

Julie A. Ault, Esq. (Bar No. 186914)
Kaelee Gifford, Esq. (Bar No. 303533)
7 Corporate Plaza
Newport Beach, CA 92660
Tel.:  (949) 719-7212
Fax:   (949) 719-7210
Email:        jault@olenproperties.com

Attorneys for Olen Properties Corp. and Igor Olenicoff

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| DONALD WAKEFIELD, | ) CASE NO.  8:21-cv-1585-CJC-DFM |
| | ) The Hon. Cormac Carney |
| Plaintiff, | ) |
| | ) |
| v. | ) **AMENDED STIPULATION FOR** |
| | ) **ORDER RE CONFIDENTIAL AND** |
| OLEN PROPERTIES CORP., IGOR | ) **PROPRIETARY INFORMATION** |
| OLENICOFF, JOHN LIANG and Does 1 | ) |
| through 10 inclusive, | ) |
| | ) Complaint Filed: September 27, 2021 |
| Defendants. | ) |
| | ) Trial Date:         February 21, 2023 |

Pending before the Court is the Parties' Stipulation Regarding Privileged and Confidential Information.  Plaintiff Donald Wakefield alleges copyright infringement claims against Igor Olenicoff and Olen Properties Corp.  The Plaintiff and Defendants (collectively the "parties") have already served their initial disclosures in the above-captioned action ("Action"), and anticipate that through discovery, the parties may seek the disclosure of confidential business and proprietary material, as well as personal financial information and non-public artwork, sculptures, and other artistic pieces in any other medium or form located at property owned  or controlled by Defendants or an affiliated entity of Defendants.  Pursuant to the parties' stipulation, the Court recognizes that a protective order is necessary to protect this confidential information and material and to provide the parties with a mechanism for avoiding a waiver of privilege or any other applicable evidentiary doctrine as a result of inadvertent disclosure.  For these reasons, the Court hereby enters the following Order for the Protection of Confidential and Proprietary Material ("Order") in this Action.

**Scope of the Order**

1. a. The provisions of this Order shall apply to (i) the parties (including any later-added parties to the Action who agree in writing to be bound by the terms of the Order), as well as the parties' counsel and any other agents of the parties; and (ii) any other person producing or disclosing documents and/or information who agrees to be bound by the terms of the Order and who so notifies the parties in a writing transmitted to all parties, in the form annexed hereto as **Exhibit A**.  As used herein, "person" includes the parties and other persons and entities who have agreed to be bound by this Order; and "parties" includes any later-added parties to the Action who agrees in writing to be bound by the terms of the Order.

   b. The restrictions contained in this Order shall apply to all "material," defined as all documents (including all copies, excerpts, compilations, and summaries thereof, whether in hard copy, electronically stored, on magnetic media, or in any other

medium of representation); photographs, artwork, sculptures, and other artistic pieces in any other medium or form; and any other information of any kind.

   c. The restrictions contained in the Order shall apply to any and all disclosures made pursuant to Fed. R. Civ. P. 26, or discovery taking place after the initiation of this Action.

**Designation and Disclosure of Confidential Material**

  2. a. Any person may designate as "CONFIDENTIAL" any document or response to discovery which that person has a good-faith belief contains sensitive commercial, financial, private, or business information, the public disclosure of which may have an adverse effect on the commercial, business, or financial position of the person producing it, or if a third party to the action.

   b. "CONFIDENTIAL" material shall be used only for purposes of this Action and not for any business, competitive, governmental, or other purpose or function whatsoever, now or at any time in the future, and shall not be given, shown, made available, communicated, or disclosed in any way to anyone except where it is necessary that such material be given or shown for purposes of this Action, and then, only as set forth herein.

   c. "CONFIDENTIAL" material shall not be disclosed or made available in any way, in whole or in part, to anyone other than the following:  (i) each party; (ii) each parties' current or former officers, directors, and/or employees only to the extent that their assistance is in good faith deemed necessary by counsel for purposes of this Action; (iii) the parties' outside counsel of record in this Action as well as any consulting counsel, (including such counsel's regular and temporary employees and independent contractors and such counsel's in-house and outside copy services to whom it is deemed necessary that the material be shown for purposes of this Action); (iv) graphics, design, jury-consulting, and/or trial-consulting services retained by the parties or parties' outside counsel of record in this Action to whom it is deemed necessary that the material be shown

for purposes of this Action; (v) the parties' in-house counsel and their administrative and legal assistants; (vi) the parties' representatives at depositions, hearings, and/or other proceedings; (vii) witnesses, including deponents, at depositions, hearings, or other proceedings; (viii) the author of the material or anyone identified on the material as having received it in the ordinary course of business; (ix) bona fide outside experts and consultants retained by the parties or their outside counsel for purposes of this Action ("Experts"); (x) court reporters, videographers, and interpreters employed in connection with this Action; and (xi) the Court and any of its employees.  Prior to disclosing "CONFIDENTIAL" materials to any person pursuant to paragraphs 2(c)(i) through 2(c)(ix), above, the disclosing party must obtain the person's written agreement, in the form annexed hereto as **Exhibit A**, to be bound by the provisions of this Order.

      i.    If an Expert has not been identified or disclosed as an expert witness pursuant to any applicable Federal Rule of Civil Procedure or Federal Rule of Evidence, counsel for the party consulting with or retaining the expert ("retaining party") shall maintain the original executed **Exhibit A** in its files until the conclusion of this Action including any appeals related thereto, at which time the retaining party, upon receipt of a written demand from the person or party who designated the materials "CONFIDENTIAL" ("designating party"), shall provide a copy of the executed **Exhibit A** to the designating party.

      ii.    If or when the Expert has been identified or disclosed as an expert witness pursuant to any applicable Federal Rule of Civil Procedure or Federal Rule of Evidence, the retaining party shall serve (i) a copy of the executed **Exhibit A**; (ii) the name, address, and usual employment affiliation; and (iii) a current resume or curriculum vitae of the Expert on the designating party.  Within five (5) court days of the receipt of such material, the designating party shall notify the retaining party in writing of any objection to the disclosure of such material to the Expert.  If the designating party and retaining party are subsequently unable to agree, the designating party may make a motion

to the Court within ten (10) days of serving its objection (or at a later time if agreed in writing by counsel for the designating and retaining parties). Any motion made pursuant to this provision must be made in strict compliance with Central District Local Rules 37-1 and 37-2, including the requirement to prepare a Joint Stipulation pursuant to Local Rules 37.2.1-37.2.4.

**Access To Confidential Material**

3. All parties shall make all reasonable efforts to ensure that no material designated pursuant to Paragraph 2, above, no copies or extracts there from, and no compilations or summaries thereof are made available in any manner, in whole or in part, to anyone other than those designated persons set forth in this Order as persons properly having access thereto.

**Disclosure of Confidential Material To Persons Not Provided for in This Order**

4. Any party may request at any time permission to disclose "CONFIDENTIAL" material to a person other than those permitted under Paragraph 2, above, by serving a written request upon the designating person or its counsel identifying the material it wishes to disclose, to whom, and the reasons related thereto. All other parties to the Action shall be notified as well. The designating person or its counsel shall thereafter respond to the request in writing within ten (10) business days of service of such written request and, if consent is being withheld, shall state the reasons why consent is being withheld. A failure to respond within such time shall constitute consent to the request. If, where consent has been withheld, the party and the designating person are subsequently unable to agree on the terms and conditions of disclosure, disclosure may be made only on such terms as the Court may provide. Any motion made pursuant to this provision must be made in strict compliance with Central District Local Rules 37-1 and 37-2, including the requirement to prepare a Joint Stipulation pursuant to Local Rules 37.2.1-37.2.4.

**Method of Designation of Confidential Material**

5.  Designation pursuant to Paragraph 2, above, shall be accomplished by employing, respectively, the legend "CONFIDENTIAL" as follows:

   a.  In the case of hard-copy documents, the appropriate legend shall be placed on every page of the document prior to its production;

   b.  In the case of magnetic media and other electronic material (including, but not limited to, diskettes, cassettes, tapes, and USBs), the appropriate legend shall be placed on the diskette, cassette, tape, USB, or other medium container prior to its production. In the case of electronically-stored material, the appropriate legend shall be placed in the title of the file and electronically placed on every page of the document. The party receiving such material shall place the appropriate legend on each page of any printout of this material;

   c.  In the case of material incorporated in answers to interrogatories or responses to requests for admission or other written discovery, the appropriate legend shall be placed on the first page of the answer or responses and on every page of the answers or responses that contain "CONFIDENTIAL" information; and

   d.  In the case of material revealed during a deposition, designation of any confidential portions of the transcript (including exhibits) may be made by a statement to that effect on the record by counsel for a party or counsel for the disclosing person. The court reporter shall thereafter bind separately the portions of the transcript so designated and shall place the appropriate legend on the covers thereof. Such designation may also be made by notification of all parties and the court reporter in writing of such designation within thirty days of receipt of the final transcript at the close of the deposition.

   e.  In the case of material to be used at trial, designation of any confidential material must be made in accordance with Paragraph 14 below.

6.  Any party may designate under Paragraph 2, above, any material that it has previously produced; provided, however, that such re-designation shall be effective only

as of the date of such re-designation. Such re-designation shall be accomplished by notifying all parties in writing of such re-designation. Upon receipt of such written re-designation, counsel of record shall (i) affix the appropriate legends on the re-designated material in accordance with Paragraph 6; (ii) not make any further disclosure or communication of such re-designated material except as provided for in this Order; (iii) at the re-designating party's expense take reasonable steps to notify any persons known to have possession of any re-designated material of the effect of such re-designation under this Order; and (iv) at the re-designating party's expense take reasonable steps to reclaim any re-designated material in the possession of any persons not permitted access to such material under the terms of this Order.

**Objections to Designation of Material**

7. Any party may object to the propriety of the designation of specific material as "CONFIDENTIAL" by serving a written objection on the designating person or its counsel. The designating person shall thereafter, within ten (10) days of service, respond to such objection by either: (a) agreeing to remove the designation; or (b) stating the reasons why the designation was made. The objecting party and the designating person shall meet and confer in good faith regarding their dispute. If they are subsequently unable to agree, the objecting party may move the Court within thirty (30) days of the objecting party's written objection for an order removing the disputed designation. The burden of proof rests with the person designating the materials CONFIDENTIAL. The material at issue shall continue to be treated as it has been designated until the Court orders otherwise. Any motion brought pursuant to this Section 7. must comply with any and all Rules of Court, including but not limited to Local Rules 37-1 and 37-2.

**Effects of Complying with Terms of Protective Order**

8. Entering into, agreeing to, producing, or receiving material designated under, or otherwise complying with the terms of this Order shall not:

        a.    Prevent or restrict counsel from rendering legal advice to the parties and, in the course thereof, relying generally on counsel's examination of material produced in the course of discovery proceedings herein without disclosing the specific content of confidential material in a manner contrary to the terms of this Order;

        b.    Operate as an admission by any person that any particular material designated "CONFIDENTIAL" contains or reflects confidential or proprietary business information, personal financial information or any other type of confidential material;

        c.    Operate as an admission by any person that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular material designated "CONFIDENTIAL";

        d.    Prejudice in any way the rights of any person to object to the production of documents it considers not subject to discovery;

        e.    Prejudice in any way the rights of any person to object to the authenticity or admissibility into evidence of any material subject to this Order;

        f.    Prejudice in any way the rights of any person to seek a determination by the Court whether any material should be subject to the terms of this Order;

        g.    Prejudice in any way the rights of any person to petition the Court for a further protective order relating to any purportedly confidential material;

        h.    Prevent the designating person from agreeing in writing or on the record during a deposition or hearing in this Action to alter or waive the provisions or protections provided for herein with respect to any particular material; or

        i.    Prevent the Court from modifying this Order.

        j.    Prevent any party or any other person from making a disclosure of material at the request of, or otherwise to, authorized officials of regulatory or law enforcement agencies.

    9.    This Order has no effect upon and shall not apply to any person's use or disclosure of its own confidential material for any purpose. Nothing contained herein

1 shall impose any restriction on the use or disclosure by a person of material designated
2 pursuant to Paragraph 2 that was obtained lawfully by such person independently of any
3 proceedings in this Action and/or which: (1) was already known to such person by lawful
4 means prior to acquisition from or disclosure by another person; (2) is or becomes publicly
5 known through no fault or act of such person; or (3) is received by such person from a
6 nonparty where the person receiving the material reasonably believes such nonparty has
7 authority to provide such material without restriction as to disclosure.

**Protection of Privileged Information**

9    10.    Some of the documents and information in this action may contain attorney-
10 client privileged communications, attorney work product, or other information protected
11 as privileged under the Federal Rules of Evidence and not subject to discovery under the
12 Federal Rules of Civil Procedure or the Federal Rules of Evidence ("Privileged
13 Information"). The inadvertent production of any Privileged Information shall not be
14 deemed a waiver or impairment of any claim of privilege with respect to that material,
15 including, but not limited to, the attorney-client privilege or work-product doctrine,
16 consistent with Federal Rule of Evidence 502. Any party or its counsel recognizing that
17 he/she/it has obtained material containing in whole or in part information protected by the
18 attorney-client privilege and/or work-product doctrine that appears to have been
19 inadvertently disclosed shall not read or review the privileged material, but shall
20 immediately return the material to the producing party. Upon becoming aware of an
21 inadvertent disclosure, the producing party shall promptly request the return of any
22 inadvertently disclosed Privileged Information. Within five business days of receiving
23 written notice from a person or party who represents that he/she/it has inadvertently
24 produced any privileged material, the recipient(s) of such request shall return the original
25 and all copies of such inadvertently produced privileged material within his/her/its
26 possession, custody, or control, confirm in writing that all copies have been destroyed, or
27 the recipient(s) of such request shall notify the producing party in writing that they do not

agree that such material is privileged and provide the basis for such disagreement. If the parties cannot agree on the assertion of privilege by the producing party, the producing party may file a motion for a Court order ruling on the claim of privilege and the producing party shall have the burden of proof establishing the claim of privilege. Said motion shall be filed within ten (10) days after the producing party or the recipient(s) provide notice in writing that an impasse has been reached. During the pendency of resolution of the privilege claim, the materials shall not be used or disclosed by the recipient(s) and shall be maintained segregated from other materials.

### Use of Confidential Material in Depositions

11. A party may designate information disclosed during a deposition or in response to written discovery as Confidential by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a party may designate in writing, within thirty (30) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript or specific responses be treated as Confidential. Except as stated in Par. 14, *infra,* all deposition transcripts shall be treated as Confidential for thirty (30) days after all parties have received such deposition transcripts to allow time for the parties to make their Confidential designations. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in Par. 7 above. After any designation made according to the procedure set forth in this paragraph, the designated information shall be treated according to the designation until the matter is resolved according to the procedures described in Par. 7 above, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

12. Whenever "CONFIDENTIAL" material is to be discussed or disclosed in a deposition: (a) any person who has produced or will produce such material may require

the exclusion from the room of any person who is not entitled to receive such material under this Order; and (b) any party who will disclose material previously designated pursuant to Paragraph 2, above, shall first exclude from the room any person who is not entitled to receive such material under this Order.

### Filing/Introducing Evidence at Trial of Confidential Information

13. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) and if appropriate, the application itself under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

14. To the extent any party intends to file with the Court any document containing Confidential Information or potentially Confidential Information (pursuant to Par. 11), the filing party must meet and confer with the designating party at least five days before any such filing regarding whether it is necessary for documents containing Confidential Information to be filed under seal. Such meet-and-confer shall not require the passing of the thirty (30) day window described in Par. 11, *supra*. Rather, the moving party may begin the meet-and-confer process immediately upon receipt of the subject deposition transcript, expedited or otherwise, by any of the parties relevant to the specific meet-and-confer. If the parties agree that it is not necessary, no request for such relief shall be made. If the parties agree that it is necessary, they shall jointly seek relief from the Court to file documents under seal. If the parties disagree as to whether it is necessary, the party arguing that such relief is necessary shall seek relief from the Court.

### Return or Disposal of Confidential and Proprietary Material

15. The provisions of this Order shall, absent written permission of the designating person or further order of the Court, continue to be binding throughout and after the conclusion of this Action, including, without limitation, any appeals related to or

arising out of this Action. Within thirty (30) days after receiving both (1) notice of the entry of an order, judgment, or decree finally disposing of this Action, including any appeals; and (2) written notice from counsel for the designating person, all persons having received material designated under Paragraph 2 shall return such material and all copies, excerpts, compilations, and summaries thereof to the designating person or its counsel, unless instructed in writing by the designating person that the documents may be destroyed. Each party shall confirm such return or destruction in writing. The parties' outside counsel of record in this Action shall be entitled to retain papers related to this Action; deposition, pretrial, and trial transcripts; exhibits; correspondence; deposition summaries; and attorney work product (including those containing confidential material), provided that such counsel and employees of such counsel shall not disclose any such confidential material contained therein to any person or entity except pursuant to a written agreement with the person(s) that designated such material. This provision does not apply to documents filed or lodged with the Court.

      a.    As it relates to non-public artwork, sculptures, and other artistic pieces in any other medium or form located at property owned or controlled by Defendants or an affiliated entity of Defendants, including at Olen Properties Corp. headquarters located in Newport Beach, California, the artwork and any visual documentation of the artwork is deemed CONFIDENTIAL by Defendants. Any person who documents the artwork via any visual means, including, but not limited to, photographers and videographers, shall not have any ownership rights to the visual documentation, including, but not limited to, any photographs, video recordings, drawings, sketches, etc., for purposes of this Order. Any person who intends to document the artwork via any visual means will not be permitted to proceed with such documentation unless and until he or she notifies the parties, in a writing transmitted to all parties, of his or her acknowledgement and agreement to be bound by the terms of this Order in the form annexed hereto as **Exhibit B**. Any person who documents the artwork via any visual means shall immediately turn

Page 12

over the original visual documentation to counsel who retained him or her and shall not retain any copies. Further, all such visual documentation shall be provided to all parties in this Action within five (5) court days of their creation. Finally, all such visual documentation shall be returned to Defendants as set forth in this Paragraph 15.

**No Other Use of Artwork**

16.     As it relates to non-public artwork, sculptures, and other artistic pieces in any other medium or form located at property owned or controlled by Defendants or an affiliated entity of Defendants, including at Olen Properties Corp. headquarters located in Newport Beach, California, the artwork is being disclosed pursuant to Court order only. All visual documentation of the artwork shall be used for the sole purpose of proving or disproving the amount of artwork and sculptures at Olen headquarters and storage and for no other purpose unless ordered by the Court.  The visual documentation may not be used or submitted for review via AI, reverse image searches, or any other similar use.  Further, the visual documentation may not be offered into evidence at trial unless ordered by the Court upon further motion of a party. If the Court orders as such, the visual documentation shall be filed under seal.

**Subpoenas in Other Actions and Proceedings**

17.     If any party (a) is subpoenaed in another action or proceeding; (b) is served with a demand in another action or proceeding to which it is a party; or (c) is served with any other legal process by a nonparty seeking material designated under Paragraph 2 by someone other than that nonparty, the party shall give written notice by facsimile transmission or email within two business days of receipt of such subpoena, demand, or other legal process to the person that so designated the material.  After receipt of the notice specified under this paragraph, the person seeking to maintain confidentiality shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of Confidential Information. Nothing contained in this Order is intended to be construed as authorizing a party to disobey a lawful subpoena issued in another action.

**Modification of Order**

18.   Nothing in this Order shall prevent any party from seeking modification of the terms of this Order or from objecting to discovery that it believes to be otherwise improper.

By: */s/ Gene J. Brockland*
Gene J. Brockland, Esq.
SmithAmundsen LLP
Attorneys for Plaintiff
120 South Central, Suite 710
St. Louis, MO 63105
gbrockland@smithamundsen.com


By: */s/ Spencer M. Sax*
Spencer M. Sax, Esq.
Sachs Sax Caplan
Attorneys for Defendants, Igor Olenicoff and Olen Properties Corp.
6111 Broken Sound Parkway NW, Suite 200
Boca Raton, Florida 33487
ssax@ssclawfirm.com

# EXHIBIT A

## ACKNOWLEDGMENT OF AND AGREEMENT TO BE BOUND BY AMENDED ORDER FOR THE PROTECTION OF CONFIDENTIAL AND PROPRIETARY MATERIAL

I state under penalty of perjury that I have read the Amended Stipulation for Order for the Protection of Confidential and Proprietary Material ("Protective Order") dated _____, 2023, in connection with *Wakefield v. Olen Properties Corp., et al.*, Case No. 8:21-cv-1585-CJC-DFM, pending in the United States District Court for the Central District of California (the "Action").

I understand that CONFIDENTIAL information is being provided to me pursuant to the terms of that Protective Order. I agree to be bound by all of the provisions of that Protective Order. I acknowledge that I will treat any CONFIDENTIAL information that I receive in this Action strictly according to the terms of the Protective Order.

I further agree to submit myself to the jurisdiction and venue of the United States District Court for the Central District of California for enforcement of the Protective Order.

DATED: _____   SIGNATURE: _____

PRINTED NAME: _____

# EXHIBIT B

## ACKNOWLEDGMENT OF AND AGREEMENT TO BE BOUND BY AMENDED ORDER FOR THE PROTECTION OF CONFIDENTIAL AND PROPRIETARY MATERIAL
### (for persons visually documenting confidential material)

I state under penalty of perjury that I have read the Order for the Amended Stipulation for Protection of Confidential and Proprietary Material ("Protective Order") dated _____, 2023, in connection with *Wakefield v. Olen Properties Corp., et al.*, Case No. 8:21-cv-1585-CJC-DFM, pending in the United States District Court for the Central District of California (the "Action").

I understand that, as it relates to non-public artwork, sculptures, and other artistic pieces in any other medium or form located at property owned or controlled by Defendants or an affiliated entity of Defendants, including at Olen Properties Corp. headquarters located in Newport Beach, California, the artwork and any visual documentation of the artwork, including, but not limited to, any photographs, video recordings, drawings, sketches, etc., is deemed CONFIDENTIAL. I further understand that I am granted access to visually document the CONFIDENTIAL artwork but do not have any ownership rights to the visual documentation, pursuant to the terms of that Protective Order. I understand that I will not be permitted to proceed with such documentation unless and until I execute this Acknowledgement and provide it to all parties in this Action. I further understand that I shall immediately turn over the original visual documentation to counsel who retained me and shall not retain any copies.

I agree to be bound by all of the provisions of that Protective Order. I acknowledge that I will treat any CONFIDENTIAL documentation in this Action strictly according to the terms of the Protective Order.

I further agree to submit myself to the jurisdiction and venue of the United States District Court for the Central District of California for enforcement of the Protective Order.

DATED: _____          SIGNATURE: _____

                                            PRINTED NAME: _____