Spencer M. Sax
Sachs Sax Caplan
6111 Broken Sound Parkway NW, Suite 200
Boca Raton, FL 33487
Tel: (561) 994-4499
Fax: (561) 994-4985
Email: ssax@ssclawfirm.com
*Pro Hac Vice*

Julie A. Ault, Esq. (Bar No. 186914)
Kaelee Gifford, Esq. (Bar No. 303533)
7 Corporate Plaza
Newport Beach, CA 92660
Tel.:   (949) 719-7212
Fax:   (949) 719-7210
Email: jault@olenproperties.com

Attorneys for Olen Properties Corp. and Igor Olenicoff

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| DONALD WAKEFIELD,<br><br>                    Plaintiff,<br><br>    vs.<br><br>OLEN PROPERTIES CORP., IGOR OLENICOFF, JOHN LIANG and Does 1 through 10 inclusive,<br><br>                    Defendants. | CASE NO.  8:21-cv-1585-CJC-DFM<br>The Hon. Cormac Carney<br><br>**DECLARATION OF SPENCER M. SAX IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Complaint Filed: September 27, 2021<br>Hearing Date: August 8, 2023 |

I, Spencer M. Sax, declare:

1.      I am over the age of eighteen and am competent to testify to the facts contained in the foregoing Declaration, which are based upon my personal knowledge.

2.      I represent the Defendants, Olen Properties Corp. and Igor Olenicoff, in this matter.

3.      Soon after the litigation was instituted, in discussions that I had with Plaintiff's counsel, Marc Bernstein, Mr. Bernstein asserted millions of dollars in damages and hundreds of thousands of dollars in fees. Mr. Bernstein rejected the offer to resolve the claims for an amount similar to what had previously been established as the value of the sculptures.

4.      I have reviewed the billing records submitted by Amundsen Davis, The Business Litigation Group, PC, and One LLP in support of Plaintiff's Motion for Attorneys' Fees and Costs in this case.

5.      Defendants' objections to specific time entries of Plaintiff's counsel are as follows:

a.  **Excessive Billing for Tasks for Drafting Documents and Research**

The following billing entries represent objectionable excessive billing for tasks and research, which this Court should disallow:

**Complaint [DE 1]**

Between the three law firms, Plaintiff's counsel spent **24.7 hours** researching and drafting/editing the Complaint. This amount is clearly excessive, in that many of the

Case No. 8:21-cv-1585-CJC-DFM
Declaration of Spencer M. Sax in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs

2

allegations in the instant Complaint mirror allegations that were made in the *Wakefield I* and *Wakefield II* complaints. The result is the inclusion of excessive requested fees.

Plaintiff's counsel at Amundsen Davis spent a total of 21.3 hours researching and drafting/editing the Complaint, which time was expended by multiple attorneys. The result is the inclusion of excessive requested fees by multiple of Plaintiff's attorneys. The pertinent entries from Amundsen Davis are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| 147-6, p. 3 | 06/15/21 | G. Brockland | 1.80 | Begin draft of Complaint. |
| *Id.* | 06/16/21 | G. Brockland | 2.00 | Draft revisions to Complaint (1.70); e-mail to B. Wacker and D. Coffman regarding strategy (0.30). |
| *Id.* at 4 | 06/24/21 | D. Coffman | 4.10 | Conduct legal research regarding elements of civil conspiracy under California law for purpose of preparing complaint. |
| *Id.* | 06/30/21 | G. Brockland | 1.80 | Continue draft of Complaint (1.00); review materials regarding John Liang, potential defendant (0.80). |
| *Id.* | 07/08/21 | G. Brockland | 2.00 | Draft revisions to Complaint (1.10); review legal memoranda (0.70); conference with D. Coffman (0.20). |
| *Id.* | 07/09/21 | G. Brockland | 1.00 | Draft insert to Complaint regarding Bedford facts. |
| *Id.* | 07/12/21 | B. Wacker | 1.40 | Review and revise draft of Complaint (0.50); conference with G. Brockland regarding same (0.90). |
| *Id.* at 5 | 7/13/2021 | G. Brockland | 2.0 | Draft revisions to Complaint (1.80); conference with B. Wacker regarding same (0.20). |
| *Id.* | 7/22/2021 | G. Brockland | 0.8 | Draft revisions to Complaint. |
| *Id.* | 8/3/2021 | B. Wacker | 0.9 | Work on and revise draft of initial complaint (0.50); conference with G. Brockland regarding same (0.20); conference with D. |

| | | | | Coffman regarding rescission research (0.20). |
|---|---|---|---|---|
| *Id.* | 8/4/2021 | G. Brockland | 0.5 | Work on Complaint. |
| *Id.* | 8/13/2021 | G. Brockland | 1 | Work on Complaint (0.70); conference with B. Wacker (0.20); e-mail to M. Bernstein (0.10). |
| *Id.* at 6 | 09/15/21 | B. Wacker | 0.90 | Receive, review and analyze edits from Bernstein to Complaint (0.20); review RICO research relating to same (0.20); final revisions to Complaint and conference with G. Brockland regarding same (0.50). |
| *Id.* | 09/15/21 | G. Brockland | 0.40 | Conference with B. Wacker regarding Complaint (0.20); review M. Bernstein's comments to same (0.20). |
| *Id.* | 09/17/21 | G. Brockland | 0.30 | Review final version of Complaint. |
| *Id.* | 09/22/21 | B. Wacker | 0.40 | Final incorporation of edits and revisions to complaint (0.20); conference with G. Brockland regarding same (0.10); email to M. Bernstein regarding filing (0.10). |
| | | | 21.3 | |

Plaintiff's counsel at The Business Litigation Group, PC spent a total of 3.4 hours in reviewing and/or revising the draft Complaint. Additionally, as it is clear that counsel at Amundsen Davis performed the majority of the already grossly excessive research and drafting, it is unclear what additions the attorney at The Business Litigation Group, PC contributed or how his work is different than that completed by other attorneys billing for the same efforts. The pertinent entries from The Business Litigation Group, PC are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| 147-12, p. 2 | 08/31/21 | M. Bernstein | 1.3 | Review draft complaint and background documents |
| *Id.* | 09/01/21 | M. Bernstein | 2.1 | Zoom call with Gene and Brian about the draft complaint, case strategy, and next steps; |

| | | | | finalize redline of complaint and send to Gene & Brian; review Wakefield engagement agreement. |
|---|---|---|---|---|
| | | | 3.4 | |

## Opposition to Defendants' Motion to Transfer Venue [DE 33]

Plaintiff's Opposition to Defendants' Motion to Transfer Venue was 19 pages in length, double-spaced, 14 pt. font. Between the three law firms, Plaintiff's counsel spent **90.5 hours** researching and drafting/editing the Opposition to the Motion to Transfer Venue. The result is the inclusion of excessive requested fees.

Plaintiff's counsel at Amundsen Davis spent a total of 72.4 hours for researching and drafting/editing the Opposition, which time was expended by multiple attorneys. The result is the inclusion of excessive requested fees by multiple of Plaintiff's attorneys. The pertinent entries from Amundsen Davis are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| 147-6, p. 6 | 11/20/21 | G. Brockland | 0.40 | Review Motion to Transfer and related pleadings (0.30); e-mails with co- counsel and client regarding same (0.10). |
| Id. at 7 | 11/22/21 | C. Miller | 0.20 | Conference with Gene Brockland regarding Complaint, case strategy, and recently filed Motion to Transfer by Defendants. |
| Id. | 11/23/21 | C. Miller | 1.50 | Review/analyze Defendants' Motion to Transfer and associated Exhibits attached to same and then research Federal appellate case law regarding whether an attempt to transfer under 1404(a) is among the Rule 12 motions which delay the necessity to file an answer when it is not accompanied with an assertion that venue is improper. |
| Id. | 11/24/21 | G. Brockland | 1.00 | Teleconference with co-counsel and client regarding Motion to Transfer and other issues. |
| Id. | 11/24/21 | C. Miller | 1.00 | Attend conference call (via Zoom) with co-counsel and D. Wakefield regarding Motion to Transfer and other related issues. |

| | | | | |
|---|---|---|---|---|
| *Id.* | 11/24/21 | C. Miller | 3.30 | Plan and prepare to draft opposition to Motion to Transfer: review/analyze prior sworn affidavits, deposition transcripts, and trial testimony of Igor Olenicoff as well as those from other Olen Properties employees/attorneys, including Dale Lyon and Julie Ault. |
| *Id.* | 11/29/21 | C. Miller | 2.10 | Research 9th Circuit caselaw and other relevant authorities interpreting the "might have been brought" language of 1404(a) and whether it can preclude transfer where the action could not have been brought in the proposed transfer district as to some, but not all, defendants; and inapplicability of the general venue provision with respect to claims of copyright infringement. |
| *Id.* | 11/29/21 | C. Miller | 1.70 | Research applicable prior orders from Judge Carney (of US. District Court for Central District of California) regarding the 9th Circuit's "Jones factors" to consider when ruling on a motion to transfer pursuant to 1404(a). |
| *Id.* | 11/29/21 | C. Miller | 2.40 | Draft/revise Opposition to Defendants' Motion to Transfer: section on applicable law including threshold showings required by movant and 9 "Jones factors" considered by 9th Circuit when deciding on a motion to transfer under 1404(a). |
| *Id.* | 12/07/21 | C. Miller | 3.00 | Research 9th Circuit caselaw regarding "plaintiff's choice of forum" factor on Motion to Transfer including significance of such factor when plaintiff is non- resident and finding examples where significant deference was nevertheless given to a foreign plaintiff (including Mueller v. Clarke and Yearby v. American National Insurance Company). |

Case No. 8:21-cv-1585-CJC-DFM
Declaration of Spencer M. Sax in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs

6

| | | | | |
|---|---|---|---|---|
| *Id.* at 8 | 12/07/21 | C. Miller | 2.30 | Continue to draft/revise Opposition to Defendant Olen Properties Motion to Transfer: argument section regarding "plaintiff's choice of forum" factor and why deference should be given to Plaintiff's decision to file in Central District of California in spite of Wakefield's foreign residency in Michigan and the foreign claimed residency of other defendants (using framework set forth in Lou v. Belzberg and citing further support to Mueller v. Clarke and Yearly v. American National Insurance). |
| *Id.* | 12/07/21 | C. Miller | 1.80 | Continue to draft/revise Opposition to Defendant Olen Properties Motion to Transfer: argument section regarding failure to show that SDF is district where lawsuit "might have been brought". |
| *Id.* | 12/08/21 | C. Miller | 2.50 | Research 9th Circuit caselaw regarding "convenience of witness" factor on Motion to Transfer, specifically with respect to: diminished importance given to corporate-party agents, employees, and other individuals within their own control (as detailed further in Amini Innovation Corp. v. JS Imports, Inc., Covington v. Curtis, and Daley v. See, Inc.); and requirement that moving party include admissible evidence regarding such witnesses' residency as well as detailed description of expected testimony/importance at trial (as set forth in Lambert v. Technology Resource Solutions, International Medical Devices, and MOreno v. SFX Entertainment). |
| *Id.* | 12/08/21 | C. Miller | 3.20 | Continue to draft/revise Opposition to Defendant Olen Properties Motion to Transfer: continue on argument section regarding "plaintiff's choice of forum" factor and drafting of sub-section arguments |

Case No. 8:21-cv-1585-CJC-DFM
Declaration of Spencer M. Sax in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs

7

| | | | | regarding Wakefield's own contacts with California, Olen's contacts with California (including with specific references to several exhibits from Olen's websites and prior sworn statements in Wakefield I and II), and the parties contacts to California in connection with this lawsuit. |
|---|---|---|---|---|
| *Id.* | 12/08/21 | C. Miller | 1.80 | Research 9th circuit caselaw regarding importance of litigation costs and ease of access to evidence factors including Stribling v. Picazo and distinctions with Wave Studio LLC v. Mastercard (cited by Defendant in its Motion to Transfer). |
| *Id.* | 12/09/21 | C. Miller | 1.70 | Continue to draft/revise Opposition to Defendant Olen Properties Motion to Transfer: introduction and background sections. |
| *Id.* | 12/09/21 | C. Miller | 1.80 | Continue to draft/revise Opposition to Defendant Olen Properties Motion to Transfer: argument sections regarding convenience of witnesses and why those cited by Defendant's Motion are insufficient and largely party witnesses as well as refutation of affidavits attached to Defendant's Motion from Dale Lyon and Natalia Ostensen. |
| *Id.* | 12/10/21 | G. Brockland | 0.50 | Draft revisions to Memorandum in Opposition to Motion to Transfer. |
| *Id.* | 12/10/21 | C. Miller | 3.50 | Continue to draft/revise Opposition to Defendant Olen Properties Motion to Transfer: argument section regarding convenience of witnesses, including preparing separate tables identifying Plaintiff's expected key party and non- party witnesses including their residency and subjects of expected testimony and discussion of their importance |

Case No. 8:21-cv-1585-CJC-DFM
Declaration of Spencer M. Sax in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs

8

| | | | | relative to those identified in Defendant's Motion. |
|---|---|---|---|---|
| *Id.* at 9-10 | 12/10/21 | C. Miller | 1.70 | Research 9th circuit appellate caselaw and related district court orders regarding the "court congestion" factor when considering Motion to Transfer and why raw number of pending cases is less important than cases per judges and time to get to trial statistics (as discussed in Costco Wholesale Corp. v. Liberty Mut. Ins. Co. and Hendricks v. StarKist Co.). |
| *Id.* at 9 | 12/11/21 | C. Miller | 2.00 | Continue to draft/revise Opposition to Defendant Olen Properties Motion to Transfer: argument section court/docket congestion between CDC and SDF, including analysis of DOJ published statistics regarding cases per judgeship in each district and the time it takes from filing to trial in civil cases. |
| 147-6, p. 9 | 12/13/21 | C. Miller | 4.00 | Continue to draft/revise Opposition to Defendant Olen Properties Motion to Transfer: revise all sections for grammar, clarity, and organization. |
| *Id.* | 12/14/21 | G. Brockland | 1.00 | Conference with C. Miller; review and revise Opposition to Motion to Transfer. |
| *Id.* | 12/14/21 | C. Miller | 2.80 | Continue to draft/revise Opposition to Defendant Olen Properties Motion to Transfer: draft conclusion section and otherwise review/revise all other sections before sending out initial draft to local counsel for review. |
| 147-6, p. | 12/17/21 | C. Miller | 0.50 | Review/analyze incoming email from Bill O'Brien regarding draft opposition to Motion to Transfer. |

| *Id.* | 12/17/21 | C. Miller | 0.70 | Continue to draft/revise Opposition to Motion to Transfer: revise introduction section to include more detailed summary of each particular argument subsection. |
|---|---|---|---|---|
| *Id.* | 12/17/21 | C. Miller | 6.50 | Continue to draft/revise Opposition to Motion to Transfer: draft new background and statement of relevant facts section including subparts A ("overview of the case"); B ("The Parties' Contacts with California"); C ("The Infringements and False Statements from Wakefield I"); D ("The Infringements and False Statements From Wakefield II"); E ("The Undisclosed Ninth and Tenth Copies of Plaintiff's Sculpture"); F ("Olen Owns and Operates Quantum Town Center"); G ("Quantum's Operations Are Managed by Olen From California"); H ("Plaintiff's Claims in this Lawsuit"); I ("Defendants' Prior Racketeering Activities"); J ("Plaintiff's Expected Witnesses"); K ("Olen's Expected Witnesses"); and L ("Comparative Docket Statistics"). |
| *Id.* | 12/17/21 | C. Miller | 0.60 | Continue to draft/revise Opposition to Motion to Transfer: revise argument subsection regarding Defendant's failure to show that venue is proper in SDF, including addition of legal authority regarding its inability to present new facts in its reply to avoid denial. |
| *Id.* | 12/17/21 | C. Miller | 5.40 | Continue to draft/revise Opposition to Motion to Transfer: reorganize argument section concerning convenience and interests of justice factors to be considered into 6 separate subparts and revise content of each. |
| *Id.* | 12/18/21 | C. Miller | 1.50 | Continue to draft/revise Opposition to Motion to Transfer: review all sections and revise where necessary and then draft/revise email to Gene Brockland regarding same. |

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| 147-6, p. 10 | 12/20/21 | C. Miller | 4.00 | Communicate with Gene Brockland and Bill O'Brien (0.70); finalize Opposition to Motion to Transfer before filing deadline (3.30). |
| *Id.* | 12/20/21 | G. Brockland | 6.00 | Work on declarations for Wakefield and Brockland (2.20); review exhibits for same (0.50); work on Memorandum in Opposition to Motion to Transfer (3.30). |
| | | | 72.4 | |

Plaintiff's counsel at One LLP spent a total of 18.1 hours[1] to review the draft Opposition. The result is the inclusion of excessive requested fees by multiple of Plaintiff's attorneys. Additionally, as it is clear that counsel at Amundsen Davis performed the majority of the already grossly excessive research and drafting, it is unclear what additions the attorney at One LLP contributed or how his work is different than that completed by other attorneys billing for the same efforts. The pertinent entries from One LLP are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| 147-14, p. 2 | 11/18/21 | W. O'Brien | 0.20 | Emails about defendants' attempts to meet and confer on motion to transfer case |
| *Id.* | 11/19/21 | W. O'Brien | 1.00 | Receive and study defendants' motion to transfer and supporting declarations; review docket; prepare report to team on defendants' violations of local rules; team emails |
| 147-14, p. 3 | 12/13/21 | W. O'Brien | 0.2 | Call with Gene Brockland about certificates of good standing, opposition to transfer motion, etc. |

---

[1] Because counsel block billed time with no distinction for the time spent on separate tasks, it is not always possible to discern the amount of time counsel spent for drafting/editing the document or other tasks included in the block billing entry. Accordingly, for purposes of calculating the time, the full amount of time on the bill is included.

| 147-14, p. 4 | 12/15/21 | W. O'Brien | 0.50 | Initial review and analysis of draft of memorandum opposing transfer |
|---|---|---|---|---|
| *Id.* | 12/16/21 | W. O'Brien | 3.20 | Prepare detailed comments on draft of brief opposing transfer motion; receive certificates of good standing; direct preparation of pro hac vice application; review updated pro hac vice application; related emails |
| *Id.* | 12/17/21 | W. O'Brien | 0.30 | Emails about draft of brief opposing transfer motion; emails about pro hac vice application |
| 147-14, p. 4 | 12/18/21 | W. O'Brien | 0.20 | Emails with Gene Brockland; receive revised draft of brief opposing transfer |
| *Id.* | 12/19/21 | W. O'Brien | 8.40 | Preparation of brief opposing transfer; emails about declarations opposing transfer; research regarding Forbes article |
| *Id.* | 12/20/21 | W. O'Brien | 4.10 | Extensive preparation of brief and declarations opposing transfer; emails with Don, Gene, Chris Miller, etc.; direct and supervise filing of opposition papers |
| | | | 18.1 | |

## Response in Opposition to Motion to Quash Service [DE 56]

Plaintiff's Opposition to Defendants' Motion to Quash Service was 7 pages in length, double-spaced, 14 pt. font, along with a 1-page Declaration prepared by a legal assistant for the Business Litigation Group, PC. Between the three law firms, Plaintiff's counsel spent **23.2 hours** researching and drafting/editing the Opposition to the Motion to Quash.

Plaintiff's counsel at Amundsen Davis spent a total of 14.6 hours for researching and drafting/editing the Opposition to Defendants' Motion to Quash Service as to Defendant Olenicoff, which time was expended by multiple attorneys. The result is the

inclusion of excessive requested fees by multiple of Plaintiff's attorneys.  The pertinent entries from Amundsen Davis are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| 147-6, p. 11 | 01/06/22 | G. Brockland | 0.40 | E-mails with co-counsel (0.10); review Motion to Quash Service (0.20); review old Sohou website information; e-mails with M. Wagner regarding same  (0.10). |
| *Id.* | 01/11/22 | J. Russo | 0.60 | Review Motion to Quash Service and Memorandum in response to Court's Order to Show Cause to respond to Motion to Quash. |
| *Id.* | 01/18/22 | J. Russo | 2.90 | Research California law on service of process, when service is proper, and when service can be quashed. |
| *Id.* at 13 | 01/31/22 | J. Russo | 3.20 | Draft Memorandum in Opposition to Motion to Quash Service on Olenicoff. |
| *Id.* | 02/01/22 | J. Russo | 0.60 | Review and analyze Livingston v. Morgan to distinguish in memorandum in opposition to motion to quash service on Olenicoff. |
| *Id.* | 02/01/22 | J. Russo | 0.90 | Review and analyze Judicial Council Comments to California statutes on service and proof of service for use in Memorandum in Opposition to Motion to Quash Service |
| *Id.* at 14 | 02/04/22 | G. Brockland | 0.70 | Review Marc's edits to Opposition to Motion to Quash (0.30); e-mails with co-counsel (0.20); e-mails with client (0.20). |
| *Id.* | 02/07/22 | G. Brockland | 5.30 | Work on Memorandum in Opposition to Motion to Quash and related declaration and exhibits (4.50); conference with C. Miller regarding same (0.80). |
|  |  |  | 14.6 |  |

Plaintiff's counsel at One LLP spent a total of 7.1 hours[2] to review/revise the draft Opposition to Defendants' Motion to Quash Service. The result is the inclusion of excessive requested fees by multiple of Plaintiff's attorneys. Additionally, as it is clear that counsel at Amundsen Davis performed the majority of the already excessive research and drafting, it is unclear what additions the attorney at One LLP contributed or how his work is different than that completed by other attorneys billing for the same efforts. The pertinent entries from One LLP are as follows:

| 147-14, p. 5 | 01/05/2022 | W. O'Brien | 1.0 | Direct and supervise finalizing and filing of amended request for default and supporting papers; receive study limited appearance documents; receive and study motion to quash service; prepare reports to co-co-counsel; emails about call from opposing counsel |
| *Id.* | 01/06/22 | W. O'Brien | 0.9 | Emails and call with co-counsel about call with opposing counsel; receive and study order scheduling motion to quash and notice of deficiencies; prepare report to co-counsel; receive and review notice of deficiency in amended request for entry of default; receive and review notes of Marc Bernstein's call with opposing counsel; further emails |
| *Id.* at 6 | 02/01/2022 | W. O'Brien | 0.5 | Receipt and initial review of draft of memorandum opposing motion to quash; emails with team about motions to dismiss and quash |
| *Id.* at 7 | 02/07/2022 | W. O'Brien | 3.5 | Revise and supplement drafts of memoranda opposing motions to dismiss and quash and declaration of Tsui-Ming Chen; review and edit multiple additional |

---

[2]*See* Note 1.

| | | | | drafts; related emails; direct filing of opposition papers |
|---|---|---|---|---|
| *Id.* | 2/11/2022 | W. O'Brien | 1.20 | Receive and study replies in support of motions to dismiss and quash; prepare message to co-counsel; related emails |
| | | | 7.1 | |

Plaintiff's counsel's staff at The Business Litigation Group, PC spent a total of 1.5 hours in reviewing and/or revising the draft Declaration in support of the Opposition to the Motion to Quash.  The pertinent entries from The Business Litigation Group, PC are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| 147-12 p. 12 | 02/04/22 | Tsui-Ming Chen | 0.7 | Draft my declaration iso opposition to Olen Properties' motion to quash. |
| *Id.* | 02/07/22 | Tsui-Ming Chen | 0.8 | Edits to my declaration iso motion to quash and finalize for filing. |
| | | | 1.5 | |

**Response in Opposition to Motion to Dismiss [DE 57]**

Plaintiff's Opposition to Defendants' Motion to Dismiss was 8 pages in length, double-spaced, 14 pt. font. Between the three law firms, Plaintiff's counsel spent **83.3 hours** researching and drafting/editing the Opposition to the Motion to Dismiss. The result is the inclusion of excessive requested fees.

Plaintiff's counsel at Amundsen Davis spent a total of **71.7 hours** for researching and drafting/editing the Opposition, which time was expended by multiple attorneys. The

Case No. 8:21-cv-1585-CJC-DFM
Declaration of Spencer M. Sax in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs

15

result is the inclusion of excessive requested fees by multiple of Plaintiff's attorneys. The pertinent entries from Amundsen Davis are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| 147-6, p. 11 | 01/18/22 | G. Brockland | 0.70 | Teleconference with D. Wakefield (0.10); e-mails with co-counsel (0.20); review research regarding Motion to Dismiss (0.30); conference with C. Miller regarding Motion to Dismiss (0.10). |
| *Id.* | 01/19/22 | G. Brockland | 1.50 | Review Motion to Dismiss (0.80); review case law for Response to same (0.30); e-mails with co-counsel (0.20); teleconference with co-counsel (0.20). |
| *Id.* | 01/19/22 | C. Miller | 1.40 | Review/analyze incoming court filings: Motion to Dismiss filed by Defendant Olen Properties and emails from Gene Brockland, Marc Bernstein and Bill O'Brien discussing same. |
| *Id.* | 01/21/22 | C. Miller | 3.60 | Research California appellate caselaw and related opinions from/within 9th Circuit regarding enforceability of no-representations and merger clauses of agreement to defeat claim of fraudulent inducement as a matter of law |
| *Id.* at 11-12 | 01/21/22 | C. Miller | 1.40 | Research 9th Circuit appellate and district court caselaw regarding date when claim for infringement begins to accrue and also how continuing infringement constitutes independent and separate wrong [redacted] |
| *Id.* at 12 | 01/24/22 | C. Miller | 1.80 | Draft/revise Opposition to Olen's Motion to Dismiss: section I (Introduction), II (background), and III (Legal Standard). |

| *Id.* | 01/24/22 | C. Miller | 2.50 | Research 9th Circuit appellate and district court caselaw in connection with Defendant Olen's MTD: specifically application of incorporation-by-reference doctrine as applied in context of settlement agreement and whether it can be considered outside the 4-corners of a pleading (including all decisions post 2018 decision in Khoja v. Orexigen Therapeutics). |
|-------|----------|-----------|------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| *Id.* | 01/24/22 | C. Miller | 2.00 | Research 9th Circuit appellate and district court caselaw in connection with Defendant Olen's MTD: whether the incorporation-by-reference doctrine can be applied to consider extrinsic documents/materials on a MTD for some of a plaintiff's claims but not others. |
| *Id.* | 01/25/22 | C. Miller | 4.80 | Continue to draft/revise Opposition to Olen's Motion to Dismiss: section IV (Argument), subsection A ("The Settlement Agreement Fraudulently Procured from Wakefield Is Void and Cannot Defeat Any of His Claims In This Lawsuit"). |
| *Id.* | 01/25/22 | C. Miller | 2.20 | Research California appellate caselaw regarding interpretations of settlement release scopes. |
| *Id.* | 01/25/22 | C. Miller | 2.10 | Continue to draft/revise Opposition to Olen's Motion to Dismiss: section IV (Argument), subsection B ("The Fraudulently Procured Settlement Agreement Further Cannot Be Incorporated Into Wakefield's Claims for Infringement, Civil Conspiracy and Civil RICO"). |
| *Id.* | 01/25/22 | C. Miller | 3.50 | Continue to draft/revise Opposition to Olen's Motion to Dismiss section IV (Argument), subsection B1 ("Extrinsic Materials Cannot Be Incorporated Into the Complaint To Raise The Affirmative Defense of Release"). |

| | | | | |
|---|---|---|---|---|
| *Id.* | 01/26/22 | C. Miller | 3.70 | Continue to draft/revise Opposition to Olen's Motion to Dismiss section IV (Argument), subsection B1 ("The Disputed Scope of the Release Provision Within The Settlement Agreement Further Precludes Incorporation And Dismissal"). |
| *Id.* | 01/26/22 | C. Miller | 3.30 | Continue to draft/revise Opposition to Olen's Motion to Dismiss: revise all sections for content, organization and readability. |
| *Id.* at 12-13 | 01/27/22 | C. Miller | 5.20 | Continue to draft/revise Opposition to Olen's Motion to Dismiss: revise all sections for content, organization and readability. |
| *Id.* at 13 | 01/28/22 | C. Miller | 5.50 | Continue to draft/revise Opposition to Olen's Motion to Dismiss: revise all sections for content, organization and readability. |
| *Id.* | 01/31/22 | C. Miller | 3.30 | Review/analyze incoming emails from Marc Bernstein and Bill O'Brien containing edits to Motion to Dismiss (0.60); research various points of law identified in each's respective notes (1.70); and begin revising Motion accordingly (1.00). |
| *Id.* | 01/31/22 | G. Brockland | 0.80 | Draft revisions to Opposition to Motion to Dismiss. |
| *Id.* | 02/01/22 | G. Brockland | 2.80 | Conference with C. Miller (0.20); work on Opposition to Motion to Dismiss (0.60); work on Opposition to Motion to Quash (2.00). |
| *Id.* | 02/02/22 | C. Miller | 1.50 | Research California law regarding legality of a release of unknown future claims based on conduct that has yet to occur (including Lizalde v. Advanced Planning Services, FAS Corp. v. Playmates Toys, Nelson v. Equifax, Orsini v. O/S Seabrook and Forsyth v. CIty of Beuna Park). |

| *Id.* | 02/02/22 | C. Miller | 1.80 | Continue to draft/revise Opposition to Olen Properties Motion to Dismiss: including new section regarding legality of release for future unknown conduct that has yet to occur (incorporating citations to recently researched case law). |
|---|---|---|---|---|
| *Id.* | 02/02/22 | C. Miller | 3.60 | Continue to draft/revise Opposition to Olen Properties Motion to Dismiss. |
| *Id.* | 02/02/22 | G. Brockland | 0.30 | Review latest draft of Opposition to Motion to Dismiss. |
| *Id.* | 02/03/22 | C. Miller | 3.00 | Continue to draft/revise Opposition to Olen's MTD (including incorporating Marc Bernstein changes recently emailed). |
| *Id.* at 14 | 02/04/22 | C. Miller | 2.70 | Research California appellate caselaw and related federal court applications regarding applicability/interpretation of section 1668 of the Cal. Civ. Code prohibition of contracts which "directly or indirectly ... exempt anyone from responsibility for his own fraud, or willful injury". |
| *Id.* | 02/04/22 | C. Miller | 0.20 | Incoming call from Marc Bernstein regarding opposition to Olen Properties MTD and section on legality of future unknown claim releases under California law generally (specifically applicability of FASA Corp v. Playmates Toys). |
| *Id.* | 02/04/22 | C. Miller | 3.50 | Continue to draft/revise Opposition to Olen Properties MTD: replace last section with analysis of Cal. Civ. Code section 1668 and recently research caselaw interpreting and applying same. |
| *Id.* | 02/04/22 | C. Miller | 1.30 | Research federal case law for cases discussing separate accrual principle in context of a "display" of copyrighted material. |
| *Id.* | 02/05/22 | G. Brockland | 1.00 | Draft revisions to Opposition to Motion to Dismiss (0.80); review affidavit (0.20). |

| Id. | 02/07/22 | C. Miller | 0.70 | Research federal appellate and district court case law for holding applying first-accrual rule in RICO context (to add to Opposition to MTD). |
|-----|----------|-----------|------|-----------------------------------------------------------------------------------------------------------------------------|
|     |          |           | 71.7 |                                                                                                                             |

Plaintiff's counsel at One LLP spent a total of **4.4 hours**[3] to review/revise the draft Opposition to the Motion to Dismiss. The result is the inclusion of excessive requested fees by multiple of Plaintiff's attorneys. Additionally, as it is clear that counsel at Amundsen Davis performed the majority of the already grossly excessive research and drafting, it is unclear what additions the attorney at One LLP contributed or how his work is different than that completed by other attorneys billing for the same efforts.  The pertinent entries from One LLP are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|--------------|------|-------------|------|-----------|
| 147-14, p. 6 | 01/18/22 | W. O'Brien | 0.60 | Receive and study motion to dismiss; review emails and research by Marc Bernstein |
| Id. | 01/31/22 | W. O'Brien | 0/50 | Receipt and initial review of draft of opposition to motion to dismiss; provide comments; related emails |
| Id. | 02/04/22 | W. O'Brien | 0.60 | Review emails about communications with opposing counsel; emails with Tsui-Ming Chen about her declaration; receipt and initial review of third draft oof opposition to motion to dismiss |
| Id. | 02/05/22 | W. O'Brien | 0.30 | Review further revisions of opposition to motion to dismiss; emails |
| Id. at 7 | 02/07/22 | W. O'Brien | 3.5 | Revise and supplement drafts of memoranda opposing motions to dismiss and quash and |

---

[3] *See* Note 1.

|  |  |  |  | declaration of Tsui-Ming Chen; review and edit multiple additional drafts; related emails; direct filing of opposition papers |
|---|---|---|---|---|
|  |  |  | 4.4 |  |

6.

Plaintiff's counsel at The Business Litigation Group, PC spent a total of **7.2 hours**[4] in reviewing and/or revising the draft Opposition to the Motion to Dismiss. The result is the inclusion of excessive requested fees by multiple of Plaintiff's attorney. Additionally, as it is clear that counsel at Amundsen Davis performed the majority of the already grossly excessive research and drafting, it is unclear what additions the attorney at The Business Litigation Group, PC contributed or how his work is different than that completed by other attorneys billing for the same efforts.  The pertinent entries from The Business Litigation Group, PC are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| 147-12, p. 11 | 01/31/22 | M. Bernstein | 1.2 | Review and redline draft opposition brief to dismissal motion. |
| *Id.* at 12 | 02/03/22 | M. Bernstein | 2.6 | Review and revise opposition to motion to dismiss. |
| *Id.* | 02/04/22 | M. Bernstein | 2.8 | Further review opposition to motion to dismiss, and confer with team re same. |
| *Id.* | 02/05/22 | M. Bernstein | 0.6 | Further edit opposition to motion to dismiss. |
|  |  |  | 7.2 |  |

**Response in Opposition to Motion to Bifurcate [DE 75]**

---

[4] *See* Note 1.

Case No. 8:21-cv-1585-CJC-DFM
Declaration of Spencer M. Sax in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs

21

Plaintiff's Opposition to Defendants' Motion to Bifurcate was 12 pages in length, double-spaced, 14 pt. font, along with a 2-page Declaration by Plaintiff's counsel. Between the three law firms, Plaintiff's counsel spent **51.9 hours** researching and drafting/editing the Opposition to the Motion to Bifurcate. The result is the inclusion of excessive requested fees.

Plaintiff's counsel at Amundsen Davis spent a total of **48 hours** researching and drafting/editing the Opposition, which time was expended by multiple attorneys. The result is the inclusion of excessive requested fees by multiple of Plaintiff's attorneys. The pertinent entries from Amundsen Davis are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| 147-6, p. 16 | 04/06/22 | C. Miller | 0.50 | Conference with G. Brockland regarding Defendants Motion to Bifurcate and Stay. |
| *Id.* | 04/06/22 | G. Brockland | 2.40 | Review Motion to Bifurcate and Stay (0.50); e-mails with co-counsel regarding same (0.30); e-mail to client regarding same (0.20); conference with C. Miller (0.50); begin draft of Declaration (0.90). |
| *Id.* | 04/06/22 | C. Miller | 2.70 | Review/analyze incoming court filings: Defendants Motion to Bifurcate and Stay (totaling 11 pages) (1.00); cases cited in connection with same (0.80); and emails from B. O'Brien regarding same (0.90). |
| *Id.* at 17 | 04/07/22 | G. Brockland | 1.30 | Teleconference with D. Wakefield regarding Motion to Bifurcate (0.60); review Boynton Beach documents (0.50); conference with C. Miller (0.20). |
| *Id.* | 04/08/22 | G. Brockland | 0.30 | Conference with C. Miller regarding Motion to Bifurcate. |
| *Id.* | 04/11/22 | C. Miller | 2.00 | Plan and prepare for drafting Opposition to Motion to Bifurcate: research California case law and related authorities regarding availability of jury trial on claim for fraudulent inducement and issues relating to necessity of concurrent adjudication of rescission remedy. |

| | | | | |
|---|---|---|---|---|
| *Id.* | 04/11/22 | C. Miller | 3.20 | Plan and prepare for drafting Opposition to Motion to Bifurcate: research Federal appellate case law (9th Circuit) and opinions from Central District of California regarding grounds for bifurcation and stay of litigation proceedings. |
| *Id.* | 04/12/22 | C. Miller | 3.30 | Continue to plan and prepare for drafting Opposition to Motion to Bifurcate: research California case law and related authorities regarding availability of jury trial on claim for fraudulent inducement and issues relating to necessity of concurrent adjudication of rescission remedy. |
| *Id.* | 04/13/22 | C. Miller | 2.00 | Draft/revise Opposition to Motion to Bifurcate and Stay: introduction, background, and legal standard sections. |
| *Id.* | 04/13/22 | C. Miller | 3.80 | Continue to draft/revise Opposition to Motion to Bifurcate/Stay: section IV(A) ("Bifurcation Will Not Allow For Early Disposition of All Claims"). |
| *Id.* at 18 | 04/15/22 | C. Miller | 4.30 | Continue to draft/revise Opposition to Motion to Bifurcate/Stay: sections IV(C) ("Bifurcation Will Not Simplify Issues or Avoid Confusion") and IV(D) ("Bifurcation Would Impair Mr. Wakefield's Jury-Trial Rights"). |
| *Id.* | 04/15/22 | C. Miller | 3.60 | Continue to draft/revise Opposition to Motion to Bifurcate/Stay: section IV(B) ("Bifurcation Would Cause Duplicative Discovery and Proceedings") |
| *Id.* | 04/18/22 | C. Miller | 3.70 | Continue to draft/revise Opposition to Motion to Bifurcate/Stay: all sections. |
| *Id.* | 04/18/22 | C. Miller | 4.60 | Continue to draft/revise Opposition to Motion to Bifurcate/Stay: incorporate G. Brockland edits and otherwise revise Sections IV(A)-(D), specifically with respect to arguments about separate adjudication of equitable issues, and |

| | | | | prepare, and draft additional argument in Section V regarding recently filed Complaint in CA State Court by Defendants. |
|---|---|---|---|---|
| *Id.* | 04/18/22 | G. Brockland | 1.80 | Letter to J. Ault regarding improper claim splitting (1.00); review and revise Memorandum in Opposition to Motion to Bifurcate and Stay (0.50); review case law regarding same (0.30). |
| *Id.* | 04/18/22 | C. Miller | 1.30 | Continue to draft/revise Opposition to Motion to Bifurcate/Stay: section V(A) ("A Stay Would Cause Extraordinary Prejudice to Mr. Wakefield"). |
| *Id.* | 04/19/22 | G. Brockland | 1.80 | Draft revisions to Opposition to Motion to Bifurcate and Stay and declaration in support (1.20); review case law pertinent to same (0.60). |
| *Id.* | 04/20/22 | C. Miller | 2.60 | Continue to draft/revise Opposition to Motion to Bifurcate/Stay: revise section/argument regarding priority of jury trial findings and how sought rescission remedy is not alone enough to warrant priority adjudication of that narrow issue. |
| *Id.* | 04/20/22 | G. Brockland | 1.70 | Revise Memorandum in Opposition to Motion to Bifurcate (1.20); conference with C. Miller (0.20); e-mails with co-counsel; red-line Joint Report of Early Meeting (0.30). |
| *Id.* at 19 | 04/25/22 | C. Miller | 0.40 | Review/analyze incoming revisions to Opposition to Motion to Bifurcate/Stay from Bill O'Brien. |
| *Id.* | 04/25/22 | G. Brockland | 0.70 | Finish work on Opposition to Motion to Bifurcate and Stay. |
| | | | 48 | |

Plaintiff's counsel at One LLP spent a total of 3.3 hours[5] to review/revise the draft Opposition to the Motion to Bifurcate. The result is the inclusion of excessive requested fees by multiple of Plaintiff's attorneys. Additionally, as it is clear that counsel at Amundsen Davis performed the majority of the already grossly excessive research and drafting, it is unclear what additions the attorney at One LLP contributed or how his work is different than that completed by other attorneys billing for the same efforts.   The pertinent entries from One LLP are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| 147-14, p. 8 | 04/04/22 | W. O'Brien | 1.3 | Emails with co-counsel about early meeting of counsel and defendants' planned motion to bifurcate; receive and study motion to bifurcate and stay; analysis; prepare message to team |
| *Id.* at 9 | 04/25/22 | W. O'Brien | 2.0 | Emails about opposition to motion to bifurcate; revise brief; finalize and opposition papers and direct filing |
| | | | 3.3 | |

Plaintiff's counsel at The Business Litigation Group, PC spent a total of 0.6 hours[6] in reviewing and/or revising the draft Opposition to the Motion to Bifurcate. The result is the inclusion of excessive requested fees by multiple of Plaintiff's attorney. Additionally, as it is clear that counsel at Amundsen Davis performed the majority of the already grossly excessive research and drafting, it is unclear what additions the attorney at The Business Litigation Group, PC contributed or how his work is different than that completed by other attorneys billing for the same efforts.   The pertinent entries from The Business Litigation Group, PC are as follows:

---

[5] *See* Note 1.

[6] *See* Note 1.

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| 147-12, p. 12 | 04/20/22 | M. Bernstein | 0.6 | Review and revise opposition brief to defendants' motion to bifurcate and stay; comment on sanctions strategy. |

## **Notice of Removal and Motion to Dismiss or Stay State Court Complaint**

Plaintiff's Motion to Dismiss the State Court Complaint was 8 pages in length, double-spaced, 14 pt. font, along with a 4-page Notice of Removal. Between the three law firms, Plaintiff's counsel spent **44 hours** researching and drafting/editing the Motion to Dismiss. The result is the inclusion of excessive requested fees.

Plaintiff's counsel at Amundsen Davis spent a total of **35.3 hours** researching and drafting/editing the Motion to Dismiss, which time was expended by multiple attorneys. The result is the inclusion of excessive requested fees by multiple of Plaintiff's attorneys. The pertinent entries from Amundsen Davis are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| 147-6, p. 17 | 04/13/22 | G. Brockland | 1.20 | Review State Court Complaint (0.70); e-mails with co-counsel regarding removal and motion to dismiss (0.50). |
| *Id.* at 18 | 04/18/22 | G. Brockland | 1.80 | Letter to J. Ault regarding improper claim splitting (1.00); review and revise Memorandum in Opposition to Motion to Bifurcate and Stay (0.50); review case law regarding same (0.30). |
| *Id.* | 04/20/22 | G. DeGregorio | 0.30 | Draft Declaration of Donald Wakefield (Exhibit B to Notice of Removal). |
| *Id.* | 04/20/22 | G. DeGregorio | 2.20 | Draft Notice of Removal to file in US District Court in the Central District of California. |

Case No. 8:21-cv-1585-CJC-DFM
Declaration of Spencer M. Sax in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs

26

| | | | | |
|---|---|---|---|---|
| *Id.* | 04/20/22 | G. DeGregorio | 1.50 | Revise Notice of Removal in accordance with edits from C. Miller. |
| *Id.* | 04/21/22 | G. Brockland | 1.80 | Draft revisions to Joint Report of Early Meeting; e-mails with co-counsel; conference with C. Miller; work on removal papers. |
| *Id.* | 04/21/22 | C. Miller | 1.00 | Continue to draft/revise Notice of Removal and conference with V. DeGregorio regarding same. |
| *Id.* at 18-19 | 04/21/22 | C. Miller | 1.50 | Research Federal appellate case law regarding whether compulsory counterclaim filed in separate state court case raises a federal question for purpose of removal. |
| *Id.* at 19 | 04/21/22 | G. DeGregorio | 0.50 | Prepare Notice of Filing of Notice of Removal (state court filing) required to remove Olenicoff lawsuit to US District Court in the Central District of California. |
| *Id.* | 04/21/22 | G. DeGregorio | 0.70 | Prepare Notice of Filing of Notice of Removal in State Court (federal court filing) required to remove Olenicoff lawsuit to US District Court in the Central District of California. |
| *Id.* | 04/21/22 | G. DeGregorio | 0.40 | Prepare Certification and Notice of Interested Parties required to remove Olenicoff lawsuit to US District Court in the Central District of California. |
| *Id.* | 04/21/22 | G. DeGregorio | 0.70 | Prepare Civil Cover Sheet required to remove Olenicoff lawsuit to US District Court in the Central District of California. |
| *Id.* | 04/22/22 | G. Brockland | 0.80 | Draft further revisions to removal papers (0.50); e-mail to co-counsel (0.10); teleconference with M. Einhorn, potential expert witness (0.20). |
| *Id.* | 05/04/22 | G. Brockland | 3.50 | Review Boynton Beach documents (1.70); revise Initial Voluntary Disclosures in light of same (0.20); emails with D. Wakefield regarding strategy issues (0.40); review final |

| | | | | removal documents (0.20); conference with A. Starks regarding document production (0.20); draft revisions to Plaintiff's Answers to Interrogatories and Response to First Request for Production of Documents (0.80). |
|---|---|---|---|---|
| *Id.* at 20 | 05/10/22 | G. Brockland | 3.50 | Draft 1st Set of Interrogatories to Olen (1.00); draft 1st Set of Interrogatories and First Request for Production of Documents to Olenicoff (1.00); analysis of Motion to Dismiss removed case (0.60); conference with G. DeGregorio regarding same (0.10); revise responses to first set of discovery requests to Plaintiff; e-mails with co-counsel (0.70); e-mails with client regarding discovery (0.10). |
| *Id.* | 05/10/22 | G. DeGregorio | 0.80 | Conduct legal research regarding 9th Circuit case law on Improper Claim Splitting - cases supporting grant of motion to dismiss based upon improper claim splitting. |
| *Id.* | 05/10/22 | G. DeGregorio | 0.90 | Draft legal research memorandum regarding 9th Circuit law regarding improper claim splitting and compulsory counterclaims in preparation of Motion to Dismiss Olen's state court lawsuit - Improper claim splitting section. |
| *Id.* at 21 | 05/10/22 | G. DeGregorio | 1.10 | Conduct legal research regarding 9th Circuit case law on Improper Claim Splitting - grounds to consolidate, direction of court to consolidate. |
| *Id.* | 5/11/2022 | G. Brockland | 6.00 | Draft further revisions to initial discovery requests (0.80); draft Motion to Dismiss removed case (2.50); conference with G. DeGregorio regarding same (0.20). and Proposed Order regarding same (0.30); research for same (2.20). |

| | | | | |
|---|---|---|---|---|
| *Id.* | 5/11/2022 | G. DeGregorio | 0.8 | Draft legal research memorandum regarding 9th Circuit law regarding improper claim splitting and compulsory counterclaims in preparation of Motion to Dismiss Olen's state court lawsuit - compulsory counterclaim section. |
| *Id.* | 5/11/2022 | G. DeGregorio | 1.2 | Conduct legal research regarding 9th Circuit case law on Compulsory counterclaim - situations where compulsory counterclaims are required, remedies available. |
| *Id.* | 5/11/2022 | G. DeGregorio | 0.7 | Conduct legal research regarding circumstances where compulsory counter claim was waived and Motion to Dismiss under FRCP 12(b)(6) was ordered by the court. |
| *Id.* at 23 | 05/26/22 | G. Brockland | 0.80 | Draft revisions to Motion to Dismiss removed case and Memorandum in Support of same. |
| *Id.* | 05/26/22 | G. DeGregorio | 1.60 | Cite-check Memorandum in Support of Motion to Dismiss Complaint or, Alternatively, to Stay the Case (U.S. District Court, C.D. Cal Case). |
| | | | 35.3 | |

Plaintiff's counsel at One LLP spent a total of 8.7 hours[7] to review/revise the draft Motion to Dismiss. The result is the inclusion of excessive requested fees by multiple of Plaintiff's attorneys. Additionally, as it is clear that counsel at Amundsen Davis performed the majority of the already grossly excessive research and drafting, it is unclear what additions the attorney at One LLP contributed or how his work is different than that completed by other attorneys billing for the same efforts. The pertinent entries from One LLP are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| | | | | |

---

[7] *See* Note 1.

| 147-14, p. 9 | 04/29/22 | W. O'Brien | 0.6 | Receipt and initial review of discovery requests; emails about funding; direct work on removal papers |
| *Id.* | 05/02/22 | W. O'Brien | 2.5 | Receive and study message from Gene Brockland about amended complaint; prepare message to Gene about personal jurisdiction; receive and study message from Marc Bernstein; preparation of removal papers; receive and study reply in support of bifurcation motion |
| *Id.* | 05/03/22 | W. O'Brien | 0.5 | Edit drafts of removal papers; circulate revised drafts |
| *Id.* at 11 | 05/25/22 | W. O'Brien | 4.10 | Review, revise, and supplement draft of motion to dismiss; prepare supporting memo; revised proposed order; complete and circulate drafts |
| *Id.* | 05/26/22 | W. O'Brien | 1.00 | Receive feedback and edit drafts of motion to dismiss and supporting memo; receive results of cite-checking; finalize and file motion papers |
| | | | 8.7 | |

## **Reply to Opposition to Motion to Dismiss State Court Claim**

Plaintiff's Reply to its Motion to Dismiss the State Court Complaint was 5 pages in length, double-spaced, 14 pt. font. Between the three law firms, Plaintiff's counsel spent **29.2 hours** researching and drafting/editing the Reply. The result is the inclusion of excessive requested fees.

Plaintiff's counsel at Amundsen Davis spent a total of **26.3 hours** researching and drafting/editing the Reply, which time was expended by multiple attorneys. The result is

the inclusion of excessive requested fees by multiple of Plaintiff's attorneys. The pertinent entries from Amundsen Davis are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| 147-6, p. 26 | 06/27/22 | C. Miller | 1.00 | Review/analyze incoming pleadings in 2022 case filed by Olen/Olenicoff in California State Court (which was since removed to Federal Court, C.D. California): Olen/Olenicoff's Opposition to Wakefield's Motion to Dismiss and authorities/case law cited therein in support of same. |
| *Id.* | 06/27/22 | G. Brockland | 1.30 | Review documents received from Las Vegas, NV in response to FOIA request (0.80); review Memorandum in Opposition to Motion to Dismiss removed case (0.50). |
| *Id.* | 06/27/22 | G. DeGregorio | 0.60 | Download cases cited by Olenicoff in Opposition to Wakefield's Motion to Dismiss or Stay. |
| *Id.* | 06/28/22 | G. Brockland | 6.00 | Review key cases cited by Olen Parties in their Response to Motion to Dismiss removed case (1.00); revise Reply Memorandum in Support of Motion to Dismiss (0.40); review Olen Parties' responses to Plaintiff's initial discovery requests (1.60); conference with C. Miller (0.40); e-mails with co-counsel (0.30); begin draft of lengthy discovery letter to Defendants' counsel (2.30). |
| *Id.* | 06/28/22 | C. Miller | 1.80 | Draft/revise Reply in Support of MTD 2022 case filed by Olen/Olenicoff in California State Court (which was since removed to Federal Court, C.D. California): argument section A ("Allowing This Lawsuit to Proceed Will Needlessly Waste The Court and Mr. Wakefield's Finite Resources"). |
| *Id.* | 06/28/22 | C. Miller | 1.40 | Research applicable 9th Circuit and California Central District Court case law and |

Case No. 8:21-cv-1585-CJC-DFM
Declaration of Spencer M. Sax in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs

31

| | | | | precedent regarding application of compulsory counterclaim rule when underlying case is still pending and whether Rule 13(a) supports dismissal in such circumstances. |
|---|---|---|---|---|
| *Id.* | 06/28/22 | C. Miller | 1.10 | Continue to draft/revise Reply in Support of MTD 2022 case filed by Olen/Olenicoff in California State Court (which was since removed to Federal Court, C.D. California): review/implement changes and revisions from G. Brockland. |
| *Id.* at 27 | 06/28/22 | G. DeGregorio | 1.90 | Conduct legal research regarding any negative treatment on Puff Corporation v. Kandypens, Inc.'s holding re the bar against proceeding on a claim that should have been a counter-claim does not apply where the prior action is still pending. |
| *Id.* | 06/28/22 | C. Miller | 2.00 | Continue to draft/revise Reply in Support of MTD 2022 case filed by Olen/Olenicoff in California State Court (which was since removed to Federal Court, C.D. California): argument section B ("The Compulsory Counterclaim Rule is Applicable Even When The Underlying Lawsuit is Still Pending"). |
| *Id.* | 06/28/22 | C. Miller | 1.30 | Continue to draft/revise Reply in Support of MTD 2022 case filed by Olen/Olenicoff in California State Court (which was since removed to Federal Court, C.D. California): argument section C (" The Olen Parties' Claims Here Are Compulsory Counterclaims"). |
| *Id.* | 06/28/22 | G. DeGregorio | 1.10 | Conduct legal research under local rules of the Central District of California to determine if "slip copy" may be properly cited in a pleading. |
| *Id.* | 06/29/22 | G. Brockland | 4.80 | Further draft of discovery letter to Defendants' counsel (0.50); review initial |

Case No. 8:21-cv-1585-CJC-DFM
Declaration of Spencer M. Sax in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs

32

| | | | | document production from defendants (2.00); e-mail to D. Wakefield regarding same; revise Reply in Support of Motion to Dismiss removed case (2.00); teleconference with D. Wakefield regarding documents produced by defendants (0.30). |
|---|---|---|---|---|
| *Id.* | 06/29/22 | C. Miller | 2.00 | Continue to draft/revise Reply in Support of MTD 2022 case filed by Olen/Olenicoff in California State Court (which was since removed to Federal Court, C.D. California): continue to implement changes and revisions from G. Brockland. |
| | | | 26.3 | |

Plaintiff's counsel at One LLP spent a total of 2.9 hours[8] to review/revise the draft Motion to Dismiss. The result is the inclusion of excessive requested fees by multiple of Plaintiff's attorneys. Additionally, as it is clear that counsel at Amundsen Davis performed the majority of the already grossly excessive research and drafting, it is unclear what additions the attorney at One LLP contributed or how his work is different than that completed by other attorneys billing for the same efforts. The pertinent entries from One LLP are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| 147-14, p. 11 | 06/29/22 | W. O'Brien | 0.6 | Review emails about discovery responses; review draft reply brief in support of motion to dismiss; related email |
| *Id.* | 06/3022 | W. O'Brien | 2.3 | Legal research and preparation of reply brief in support of motion to dismiss; related emails. |
| | | | 2.9 | |

---

[8] *See* Note 1.

Case No. 8:21-cv-1585-CJC-DFM
Declaration of Spencer M. Sax in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs

33

**Memorandum in Opposition to Motion for Leave to File Amended Answer, Affirmative Defenses, and Counterclaim [DE 80]**

Plaintiff's Opposition to Defendants' Motion for Leave to File an Amended Answer, Affirmative Defenses, and Counterclaim was 11 pages in length, double-spaced, 14 pt. font, with a 2-page Declaration from Plaintiff's counsel. Between the three law firms, Plaintiff's counsel spent **30.3 hours** researching and drafting/editing the Opposition. The Court ultimately granted the relief requested by Defendants [D.E. 83]. The result is the inclusion of excessive requested fees.

Plaintiff's counsel at Amundsen Davis spent a total of **20.6 hours** researching and drafting/editing the Opposition, which time was expended by multiple attorneys. The result is the inclusion of excessive requested fees by multiple of Plaintiff's attorneys. The pertinent entries from Amundsen Davis are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| 147-6, p. 28 | 07/07/22 | G. DeGregorio | 1.60 | Conduct legal research under 9th circuit federal case law and Federal Rules 13 and 15 regarding when a party should or should not be granted leave to file a counter-claim out of time - grounds therefore, discretion of the court, etc. |
| *Id.* | 07/08/22 | G. DeGregorio | 0.70 | Conduct legal research under 9th circuit federal case law and Federal Rules 13 and 15 regarding when a party should or should not be granted leave to file a counter-claim out of time - grounds therefore, discretion of the court, etc. |
| *Id.* | 07/11/22 | G. Brockland | 0.40 | Review memorandum from G. DeGregorio regarding leave to file counterclaims (0.30); e-mail to B. O'Brien regarding discovery letter (0.10). |
| *Id.* | 07/13/22 | G. Brockland | 1.30 | Review case law regarding leave to amend (0.70); e-mail to V. DeGregorio regarding same (0.10); teleconference with D. Wakefield regarding site visits and recent Court order on Motion to Dismiss (0.30); e- |

| | | | | mails with team regarding Sandy Springs, GA FOIA request (0.20). |
|---|---|---|---|---|
| *Id.* | 07/25/22 | G. Brockland | 5.00 | Work on pleadings for Motion for Partial Summary Judgment (3.80); revise discovery letter (0.40); review Defendants' Motion for Leave to file counter- claims (0.30); e-mails with co-counsel regarding same (0.20); e-mail to client (0.10); teleconference with J. Russo regarding research needed (0.20). |
| *Id.* | 08/09/22 | G. Brockland | 2.30 | Begin work on Memorandum in Opposition to Olen's Motion for Leave to Amend Counter-claims (1.30); continue work on Joint Stipulation Regarding Discovery Dispute (1.00). |
| *Id.* at 30 | 08/11/22 | G. Brockland | 0.80 | Draft revisions to Memorandum in Opposition to Motion for Leave to File Amended Answer and Counterclaims (0.60).; teleconference with C. Miller regarding discovery issues and meet and confer results (0.20). |
| *Id.* | 08/15/22 | G. Brockland | 4.00 | Continue draft of Memorandum in Opposition to Defendants' Motion for Leave to File Amended Answer, Affirmative Defenses and Counter-claims. |
| *Id.* | 08/16/22 | G. Brockland | 1.00 | Draft Declaration in Opposition to Defendants' Motion for Leave. |
| *Id.* | 08/19/22 | G. Brockland | 1.80 | Draft revisions to Memorandum in Opposition to Motion for Leave (1.50); emails to co-counsel regarding same (0.30). |
| *Id.* at 31 | 08/22/22 | G. Brockland | 1.70 | Work on Memorandum in Opposition to Motion for Leave and Declaration supporting same (1.20); emails with co-counsel (0.50). |
| | | | 20.6 | |

Plaintiff's counsel at One LLP spent a total of 9.7 hours[9] to review/revise the draft Opposition to the Motion for Leave to Amend. The result is the inclusion of excessive requested fees by multiple of Plaintiff's attorneys. Additionally, as it is clear that counsel at Amundsen Davis performed the majority of the already grossly excessive research and drafting, it is unclear what additions the attorney at One LLP contributed or how his work is different than that completed by other attorneys billing for the same efforts.   The pertinent entries from One LLP are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| 147-14, p. 13 | 08/15/22 | W. O'Brien | 0.6 | Receive and study message from Gene Brockland and draft of memorandum opposing motion for leave to amend; analysis; prepare message to team about opposition issues and papers |
| *Id.* | 08/17/22 | W. O'Brien | 0.1 | Receive and review exhibits to declaration opposing leave to amend |
| *Id.* | 08/19/22 | W. O'Brien | 0.3 | Receive and review emails from Gene Brockland and revised draft of memorandum opposing leave to amend |
| *Id.* | 08/21/22 | W. O'Brien | 3.5 | Revise and supplement draft of memorandum opposing leave to amend |
| *Id.* | 08/22/22 | W. O'Brien | 4.4 | Further revise and supplement draft of memorandum opposing leave to amend; related calls and emails; finalize and file documents |
| *Id.* | 08/29/22 | W. O'Brien | 0.8 | Receive and study messages from Gene Brockland and Marc Bernstein about expert witness disclosure and related damage issues; |

---

[9] *See* Note 1.

Case No. 8:21-cv-1585-CJC-DFM
Declaration of Spencer M. Sax in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs

36

| | | | | receive and study reply in support of motion for leave to amend answer and submit counterclaims; prepare message to team about reply |
|---|---|---|---|---|
| | | | 9.7 | |

## Motion to Dismiss Count III of Defendants' Counterclaims and Strike Affirmative Defenses [DE 88]

Plaintiff's Motion to Dismiss Count III of the Counterclaim was 8 pages in length, double-spaced, 14 pt. font, with a 2-page Declaration from Plaintiff's counsel. Between the three law firms, Plaintiff's counsel spent **31.6 hours** researching and drafting/editing the Motion. The result is the inclusion of excessive requested fees.

Plaintiff's counsel at Amundsen Davis spent a total of **25 hours** researching and drafting/editing the Motion, which time was expended by multiple attorneys. The result is the inclusion of excessive requested fees by multiple of Plaintiff's attorneys. The pertinent entries from Amundsen Davis are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| 147-6, p. 32 | 09/09/22 | G. Brockland | 3.00 | Analyze Counter-claims (0.30); emails with co-counsel and opposing counsel regarding meet and confer (0.20); emails to G. DeGregorio regarding research needed (0.20); research issue of incorporation by reference (0.30); begin draft of Motion to Dismiss, Memorandum in Support and proposed Order (2.00). |

| | | | | |
|---|---|---|---|---|
| *Id.* | 09/12/22 | G. DeGregorio | 3.00 | Conduct legal research regarding ability of court to consider documents attached to the Complaint, documents incorporated by reference in the Complaint, or matters of judicial notice without converting Motion to Dismiss into a Motion for Summary Judgment, and California law regarding statute of limitations for a claim of invalidity. |
| *Id.* | 09/12/22 | G. Brockland | 6.30 | E-mails with G. DeGregorio and B. O'Brien regarding MTD (0.60); work on draft of Memorandum in Support of Motion to Dismiss Counter-claims and to Strike Certain Affirmative Defenses (5.70). |
| *Id.* | 09/13/22 | G. DeGregorio | 2.50 | Revise Wakefield's Memorandum In Support of His Motion to Dismiss in accordance with California law regarding consideration of certain documents without converting to motion for summary judgment, California law providing for judicial notice of pleadings of Wakefield I, and California law regarding statute of limitations for a claim of invalidity. |
| *Id.* | 09/13/22 | G. Brockland | 3.50 | Continue draft of Motion to Dismiss Counter-claims and to Strike Affirmative Defenses; e-mails with opposing counsel; email to co-counsel regarding strategy for Motion. |
| *Id.* | 09/13/22 | G. DeGregorio | 1.90 | Conduct legal research under California state law regarding California Civil Code Section 1542 and case law supporting a finding that express waiver of 1542 means only a release of unknown claims existing at the date of the release. |
| *Id.* | 09/14/22 | G. Brockland | 1.00 | Draft revisions to Motion to Dismiss Counter-claims and Memorandum in Support. |

| *Id.* | 09/16/22 | G. Brockland | 1.50 | Draft revisions to Motion to Dismiss, Memorandum in Support, and Proposed Order (1.30); e-mail to co-counsel regarding same (0.20). |
| *Id.* at 33 | 09/21/22 | G. Brockland | 2.30 | Draft revisions to Motion to Dismiss Count III of counterclaims (1.00); draft revisions to Answer to Counts I and II of Olenicoff's counterclaims (0.80); e- mail to co-counsel (0.20); draft revisions to Joint Stipulation Regarding Discovery (0.30). |
| | | | 25 | |

Plaintiff's counsel at One LLP spent a total of 5.1 hours[10] to review/revise the draft Motion to Dismiss. The result is the inclusion of excessive requested fees by multiple of Plaintiff's attorneys. Additionally, as it is clear that counsel at Amundsen Davis performed the majority of the already grossly excessive research and drafting, it is unclear what additions the attorney at One LLP contributed or how his work is different than that completed by other attorneys billing for the same efforts.  The pertinent entries from One LLP are as follows:

| **Docket Entry** | **Date** | **Time Keeper** | **Time** | **Narrative** |
| --- | --- | --- | --- | --- |
| 147-14, p. 14 | 09/14/22 | W. O'Brien | 1.0 | Review emails; receive and study drafts of motion to dismiss and supporting documents; receive and study comments by Marc Bernstein; prepare responsive comments |
| *Id.* | 09/16/22 | W. O'Brien | 0.6 | Receive and review revised drafts of motion to dismiss and supporting documents; related emails; pro has vice application for Chris Miller |

---

[10] *See* Note 1.

| *Id.* | 09/22/22 | W. O'Brien | 3.5 | Revise and supplement drafts of motion to dismiss and supporting documents; related emails |
| | | | 5.1 | |

Plaintiff's counsel at The Business Litigation Group, PC spent a total of.3.4 hours in reviewing and/or revising the draft Motion. Additionally, as it is clear that counsel at Amundsen Davis performed the majority of the already grossly excessive research and drafting, it is unclear what additions the attorney at The Business Litigation Group, PC contributed or how his work is different than that completed by other attorneys billing for the same efforts. The pertinent entries from The Business Litigation Group, PC are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| 147-12, p. 17 | 09/14/22 | M. Bernstein | 1.5 | Review Gene's motion to dismiss counterclaim and provide comments; legal research re differences between legal standards applicable to Rule 12(b)(6) and Rule 12(c) motions. |
| | | | 1.5 | |

**Discovery Dispute:**
**Motion to Compel Responses to Written Discovery [DE 94]**
**Joint Stipulation for Discovery Dispute [94-1]**
**Memo in Support of Motion to Compel Responses to Discovery [DE 100]**

Between the three law firms, Plaintiff's counsel spent **85.3 hours** researching, drafting, and pursuing the formal discovery dispute in this case. Plaintiff's counsel even began preparing a Joint Stipulation regarding discovery before the parties had finished conferring about the issues and while Defendants' counsel was agreeing to amend responses. The result is the inclusion of excessive requested fees.

Plaintiff's counsel at Amundsen Davis spent a total of **78.6 hours** researching and drafting/editing the Motion, which time was expended by multiple attorneys. The result is the inclusion of excessive requested fees by multiple of Plaintiff's attorneys. The pertinent entries from Amundsen Davis are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| 147-6, p. 26 | 06/28/22 | G. Brockland | 6.00 | Review key cases cited by Olen Parties in their Response to Motion to Dismiss removed case (1.00); revise Reply Memorandum in Support of Motion to Dismiss (0.40); review Olen Parties' responses to Plaintiff's initial discovery requests (1.60); conference with C. Miller (0.40); e-mails with co-counsel (0.30); begin draft of lengthy discovery letter to Defendants' counsel (2.30). |
| *Id.* at 27 | 06/29/22 | G. Brockland | 4.80 | Further draft of discovery letter to Defendants' counsel (0.50); review initial document production from defendants (2.00); e-mail to D. Wakefield regarding same; revise Reply in Support of Motion to Dismiss removed case (2.00); teleconference with D. Wakefield regarding documents produced by defendants (0.30). |
| *Id.* | 06/29/22 | G. DeGregorio | 1.50 | Conduct legal research under federal case law to support a relevancy argument for Wakefield's requests for production 52-57 regarding corporate records. |
| *Id.* | 06/29/22 | C. Miller | 2.00 | Continue to draft/revise Reply in Support of MTD 2022 case filed by Olen/Olenicoff in California State Court (which was since removed to Federal Court, C.D. California): continue to implement changes and revisions from G. Brockland. |

| *Id.* | 06/29/22 | G. DeGregorio | 1.30 | Conduct legal research for California state case law regarding the entitlement to net worth info of the defendant in discovery if punitive damages are proven at trial. |
|---|---|---|---|---|
| *Id.* | 06/30/22 | G. Brockland | 0.80 | Revise discovery letter to Defendants' counsel. |
| *Id.* | 06/30/22 | G. DeGregorio | 1.70 | Conduct legal research under federal case law to support a relevancy argument for Wakefield's requests for production 52-57 regarding corporate records (continued from 6/29). |
| *Id.* | 07/01/22 | G. Brockland | 0.80 | Revise letter to Defendants' counsel regarding discovery deficiencies (0.30); revise Reply Memorandum in Support of Motion to Dismiss (0.50). |
| *Id.* at 28 | 07/11/22 | G. Brockland | 0.40 | Review memorandum from G. DeGregorio regarding leave to file counterclaims (0.30); e-mail to B. O'Brien regarding discovery letter (0.10). |
| *Id.* | 07/22/22 | G. Brockland | 4.00 | E-mails with B. O'Brien (0.80); revise discovery letter to Ault and Sax (3.20). |
| *Id.* | 07/25/22 | G. DeGregorio | 1.50 | Conduct legal research regarding In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983, (731 F.2d 1032) and cases referencing the same to determine if it applicable to client's argument regarding crime-fraud exception to attorney client privilege. |
| *Id.* | 07/25/22 | G. Brockland | 5.00 | Work on pleadings for Motion for Partial Summary Judgment (3.80); revise discovery letter (0.40); review Defendants' Motion for Leave to file counter- claims (0.30); e-mails with co-counsel regarding same (0.20); e- |

| | | | | mail to client (0.10); teleconference with J. Russo regarding research needed (0.20). |
|---|---|---|---|---|
| *Id.* | 07/27/22 | C. Miller | 1.60 | Review/revise letter to Spencer Sax (counsel for Defendants) regarding discovery disputes including Olenicoff's generalized objections #1 and #4 and to Plaintiff's First Interrogatories; Olenicoff's specific objections to Interrogatories #1-#4; Olen's generalized objections #1, #7, and #8 to Plaintiff's First Interrogatories; and Olen's specific objections to Interrogatories #1-#4. |
| *Id.* at 29 | 07/28/22 | G. Brockland | 2.50 | Conference with C. Miller regarding discovery and MPSJ issues (1.00); e-mails with D. Wakefield (0.20); review documents received from Sandy Springs, Georgia (0.60); draft final revisions to discovery letter (0.40); e-mails with co- counsel regarding motion for partial summary judgment (0.30). |
| *Id.* | 07/28/22 | C. Miller | 1.30 | Continue to review/revise letter to Spencer Sax (counsel for Defendants) regarding discovery disputes including Olenicoff generalized objections #1, #3, #7, and #9 and to Plaintiff's First Requests for Production; and Olenicoff's specific objections to #4, #9, #14, #19, #24, #10, #16, #21, #17, #22, #18, #23, #26-#37, #46-#49, #51, and #54 of Plaintiff's Requests for Production. |
| *Id.* | 07/28/22 | C. Miller | 1.00 | Continue to review/revise letter to Spencer Sax (counsel for Defendants) regarding discovery disputes including Olen's generalized objections #1, #3, #7, and #9 and to Plaintiff's First Requests for Production; and Olen's specific objections to #4, #9, #14, #19, #24, #10, #16, #21, #17, #22, #18, #23, |

| | | | | #26-#37, #47-#49, #52-#57, and #61 of Plaintiff's Requests for Production. |
|---|---|---|---|---|
| *Id.* | 08/01/22 | G. Brockland | 4.70 | E-mails with client regarding discovery issues (0.70); begin draft of proposed Order granting partial summary judgment (4.00). |
| *Id.* | 08/03/22 | G. Brockland | 1.20 | Review case law regarding crime fraud exception to attorney-client privilege (0.20); conference with C. Miller regarding motion for partial summary judgment (0.60); review local rules regarding discovery motions (0.20); e- mails with co-counsel (0.20). |
| *Id.* | 08/05/22 | G. Brockland | 0.40 | Teleconference with client (0.20); work on Joint Stipulation Regarding Discovery Dispute (0.20). |
| *Id.* | 08/09/22 | G. Brockland | 2.30 | Begin work on Memorandum in Opposition to Olen's Motion for Leave to Amend Counter-claims (1.30); continue work on Joint Stipulation Regarding Discovery Dispute (1.00). |
| *Id.* at 30 | 08/11/22 | C. Miller | 0.40 | Telephone call with Katherine Moum (attorney for Defendants) discussing meet and confer, anticipated supplemental responses and issues that will need to be covered in a joint stipulation and taken up with the court. |
| *Id.* | 08/11/22 | G. Brockland | 0.80 | Draft revisions to Memorandum in Opposition to Motion for Leave to File Amended Answer and Counterclaims (0.60).; teleconference with C. Miller regarding discovery issues and meet and confer results (0.20). |

| *Id.* | 08/11/22 | C. Miller | 2.00 | Plan and prepare for upcoming meet and confer conference with Katherine Moum (attorney for Defendants) to discuss Defendants' discovery responses and the objections lodged in connection with the same. |
|---|---|---|---|---|
| *Id.* at 31 | 08/25/22 | C. Miller | 0.50 | Review/analyze incoming email from Katherine Moum (attorney for Defendants) regarding discovery disputes. |
| *Id.* | 08/28/22 | C. Miller | 2.40 | Draft/revise Joint Stipulation Regarding Discovery Disputes (as required by Local Rule 37-2.1 and 37-2.2: section II (covering Olenicoff's objection to Interrogatory #2); and section III (covering Olen's objections to Interrogatory #2). |
| *Id.* | 08/28/22 | C. Miller | 2.60 | Draft/revise Joint Stipulation Regarding Discovery Disputes (as required by Local Rule 37-2.1 and 37-2.2: Plaintiff's introductory statement summarizing the general issues in dispute. |
| *Id.* | 08/29/22 | C. Miller | 1.60 | Draft/revise lengthy proposed email response to Katherine Mourn (attorney for Defendants) regarding point-by-point email previously received with her client's responses to the disputed discovery issues. |
| *Id.* | 08/29/22 | C. Miller | 3.90 | Continue to draft/revise Joint Stipulation Regarding Discovery Disputes (as required by Local Rule 37-2.1 and 37-2.2: section V(covering Olen's objections to Document Requests #26-#28, #32-#37, #47-#49, #51-#57, #61). |
| *Id.* | 08/29/22 | C. Miller | 2.60 | Continue to draft/revise Joint Stipulation Regarding Discovery Disputes (as required by Local Rule 37-2.1 and 37-2.2: section IV (covering Olenicoff's objections to Document Requests #26-#28, #32-#37, #47, #49, #51). |

| | | | | |
|---|---|---|---|---|
| *Id.* | 08/30/22 | G. Brockland | 1.00 | Review Olen's Reply in Support of Motion for Leave, and declaration of J. Ault (0.50); e-mail to co-counsel (0.30); conference with C. Miller regarding discovery joint stipulation (0.20). |
| *Id.* | 08/31/22 | G. Brockland | 1.80 | Conference with C. Miller (0.30); draft revisions to Joint Stipulation regarding discovery dispute (1.50). |
| *Id.* at 32 | 09/16/22 | C. Miller | 0.20 | Draft/revise email to Katherine Moum regarding Defendant's supplemental responses to discovery. |
| *Id.* at 32-33 | 09/19/22 | C. Miller | 4.20 | Continue to draft/revise proposed Joint Stipulation of Discovery Disputes in accordance with Local Rules 37-2.1 and 37-2.2 (totaling 50+ pages): adding additional authorities and argument regarding attorney client privilege and two- part test for overcoming the same by way of the crime-fraud exception. |
| *Id.* at 33 | 09/19/22 | C. Miller | 2.70 | Continue to draft/revise proposed Joint Stipulation of Discovery Disputes in accordance with Local Rules 37-2.1 and 37-2.2 (totaling 50+ pages): revise opening statement summarizing the nature of the dispute (including description of the various documents at issue containing the Defendants' misrepresentations including the 12-18-17 Declaration, Joint Opposition, Notice of Compliance). |
| *Id.* | 09/21/22 | G. Brockland | 2.30 | Draft revisions to Motion to Dismiss Count III of counterclaims (1.00); draft revisions to Answer to Counts I and II of Olenicoff's counterclaims (0.80); e- mail to co-counsel (0.20); draft revisions to Joint Stipulation Regarding Discovery (0.30). |

| *Id.* | 09/22/22 | C. Miller | 1.60 | Review/analyze incoming discovery: Igor Olenicoff's supplemental responses to Plaintiffs first interrogatories and requests to produce. |
|---|---|---|---|---|
| *Id.* | 09/22/22 | C. Miller | 2.60 | Review/analyze incoming discovery: Olen Properties supplemental responses to Plaintiffs first interrogatories and requests to produce. |
| *Id.* | 09/22/22 | G. Brockland | 1.20 | Begin review of additional documents produced by Defendants; e-mails with co-counsel. |
| *Id.* | 09/23/22 | C. Miller | 3.60 | Continue to draft/revise Joint Stipulation regarding Discovery Disputes in accordance with Local Rules 37-2.1, 37-2.2: revise in accordance with recently received supplemental responses to discovery received by Olenicoff and Olen. |
| *Id.* | 09/23/22 | G. Brockland | 0.80 | Review supplemental interrogatory responses (0.30); review documents produced by client (0.50). |
| *Id.* at 34 | 09/26/22 | C. Miller | 3.70 | Continue to draft/revise Joint Stipulation regarding Discovery Disputes in accordance with Local Rules 37-2.1, 37-2.2: revise in accordance with recently received supplemental responses to discovery received by Olenicoff and Olen. |
| *Id.* | 09/27/22 | G. Brockland | 1.80 | Continue deposition preparation (1.50); conference with C. Miller regarding Joint Discovery Stipulation (0.30). |
| *Id.* | 09/28/22 | G. Brockland | 1.30 | Revise Joint Stipulation Regarding Discovery (0.90); e-mail to co-counsel regarding same (0.20); e-mails with opposing counsel regarding mediation and depositions (0.20). |

| Id. at 35 | 10/10/22 | C. Miller | 0.80 | Draft/revise email to Bill O'Brien and Marc Bernstein (local counsel) regarding draft joint stipulation regarding discovery disputes and specifically asking for their impressions/thoughts on (1) the format/organization; and (2) the arguments/authorities cited in connection with the crime-fraud exception to the attorney-client privilege. |
| Id. | 10/10/22 | G. Brockland | 0.80 | Revise Joint Stipulation regarding discovery (0.40); e-mail to client (0.20); e-mail to opposing counsel (0.20). |
| Id. | 10/14/22 | C. Miller | 4.30 | Continue to draft/revise joint stipulation regarding discovery disputes: incorporate arguments/authorities regarding waiver of privilege for failure to comply with FRCP 26(b)(5) and applying test set out in Burlington N. & Santa Fe Ry. Co. v. US Dist. Court for Dist. of Mont. (9th Cir. 2005) across all of the disputes privilege claims made by Defendants. |
| Id. | 10/17/22 | G. Brockland | 0.70 | E-mails with opposing counsel (0.20); revise Joint Stipulation (0.50). |
| Id. | 10/19/22 | C. Miller | 0.30 | Draft/revise email to opposing counsel regarding joint stipulation regarding discovery disputes in accordance with LR 37-2.2. |
| Id. at 36 | 10/19/22 | C. Miller | 1.50 | Revise/finalize draft joint stipulation regarding disputes over Olenicoff's objections/responses to Interrogatory #2 and RTPs #26-28, 32-37, 47, 49, 51; and Olen's objections/responses to Interrogatory #2 and RTPs #26-28, 32-37, 47-49, and 51-57. |

| Id. | 10/26/22 | C. Miller | 1.00 | Draft/revise Motion to Compel Olenicoff's responses to Interrogatory #2 and RTPs #26-28, 32-37, 47, 49, 51; and Olen's responses to Interrogatory #2 and RTPs #26-28, 32-37, 47-49, and 51-57. |
| Id. | 10/26/22 | C. Miller | 1.30 | Draft/revise Declaration in support of Motion to Compel setting forth the good faith efforts to resolve the discovery disputes by counsel in accordance with LR 37-2.4. |
| Id. | 10/26/22 | C. Miller | 0.50 | Draft/revise Proposed Order granting motion to compel. |
| | | | 78.6 | |

Plaintiff's counsel at One LLP spent a total of 6.7 hours[11] to review/revise the draft Opposition to the Motion for Leave to Amend. The result is the inclusion of excessive requested fees by multiple of Plaintiff's attorneys. Additionally, as it is clear that counsel at Amundsen Davis performed the majority of the already grossly excessive research and drafting, it is unclear what additions the attorney at One LLP contributed or how his work is different than that completed by other attorneys billing for the same efforts. The pertinent entries from One LLP are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| 147-14, p. | 09/01/22 | W. O'Brien | 0.8 | Receive and review message from Chris Miller and draft of joint statement in support of motion to compel; prepare message to Chris; receive and study order granting leave to amend answer; prepare message to team |

---

[11] *See* Note 1.

| | | | | |
|---|---|---|---|---|
| *Id.* | 09/28/22 | W. O'Brien | 0.5 | Email to Chris Miller about proposed motion to compel discovery; email to Gene Brockland about responding to counterclaims; related analysis |
| *Id.* | 10/26/22 | W. O'Brien | 0.4 | Receive and review papers for motion to compel; emails with Chris Miller; receive notice of deposition and related email |
| *Id.* | 10/31/22 | W. O'Brien | 2.7 | Calls and emails with Gene Brockland about depositions; receive and review drafts of joint stipulation and related emails; review and comment on papers in support of motion to compel; calls and emails with Chris Miller |
| *Id.* | 11/15/23 | W. O'Brien | 2.3 | Revise and supplement draft of supplemental memorandum in support of motion to compel; receive and review request to appear by phone at motion hearing; receive and review emails with opposing counsel about request to extend time to oppose summary judgment; receive and review notice of deficiencies in defendants' filing; reports to team and related team emails |
| | | | 6.7 | |

## **Motion for Partial Summary Judgment [DE 98] 11/14/2022**

Between the three law firms, Plaintiff's counsel spent **146.5 hours** researching and drafting/editing the Motion for Partial Summary Judgment. This amount is clearly excessive not only because the motion itself was but also because Plaintiff did not ultimately prevail on its motion, which the Court should take into consideration. The result is the inclusion of outrageously excessive requested fees.

Plaintiff's counsel at Amundsen Davis spent a total of **131.7 hours** for researching and drafting/editing the Motion for Partial Summary Judgment, which time was expended

by multiple attorneys. The result is the inclusion of excessive requested fees by multiple of Plaintiff's attorneys.  The pertinent entries from Amundsen Davis are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| 147-6, p. 21 | 5/12/2022 | C. Miller | 3.00 | Draft/revise outline/rough-draft of Motion for Partial Summary Judgment as to liability on copyright infringement, willful infringement, and civil RICO (2.50); as well as drafting email memorandum to G. Brockland regarding strategy concerning same (0.50). |
| *Id.* | 05/13/22 | C. Miller | 2.10 | Continue to draft/revise outline/rough-draft of Motion for Partial Summary Judgment as to liability on copyright infringement, willful infringement, and civil RICO as well as drafting email memorandum to G. Brockland regarding strategy concerning same. |
| *Id.* | 05/16/22 | G. Brockland | 3.70 | Review draft of Motion for Partial Summary Judgment (1.20); conference with A. Starks regarding discovery responses (0.30); begin work on Requests for Admission.(0.80); conference with V. DeGregorio regarding timing issues (0.20); begin review of documents to be produced by D. Wakefield (1.20). |
| *Id.* | 05/16/22 | C. Miller | 3.00 | Research applicable 9th circuit and California Central District authorities and case law regarding use of offensive, mutual collateral estoppel (with specific application on a plaintiff's motion for summary judgment). |
| *Id.* at 23 | 06/06/22 | G. Brockland | 3.70 | Draft revisions to Motion for Partial Summary Judgement on Liability, Memorandum in Support and Statement of Uncontroverted Material Facts (3.10); |

| | | | | teleconference with D. Wakefield (0.30); e-mails with co-counsel (0.30). |
|---|---|---|---|---|
| *Id.* at 24 | 06/07/22 | G. Brockland | 2.00 | Continue draft of revisions to Motion for Partial Summary Judgement, Memorandum in Support and Statement of Uncontroverted Material Facts (1.20); review documents and testimony supporting same (0.80). |
| *Id.* | 06/08/22 | C. Miller | 3.00 | Continue to draft/revise SUMF and Memorandum of Points and Authorities in support of Motion for Partial Summary Judgment and incorporate revisions/notes/comments of G. Brockland. |
| *Id.* | 06/10/22 | G. Brockland | 0.50 | Review revisions to Motion for Partial Summary Judgment. |
| *Id.* at 28 | 07/21/22 | G. Brockland | 2.30 | Draft revisions to Motion for Partial Summary Judgment, Memorandum in Support of same and Statement of Uncontroverted material Facts. |
| *Id.* | 07/25/22 | G. Brockland | 5.00 | Work on pleadings for Motion for Partial Summary Judgment (3.80); revise discovery letter (0.40); review Defendants' Motion for Leave to file counter- claims (0.30); e-mails with co-counsel regarding same (0.20); e-mail to client (0.10); teleconference with J. Russo regarding research needed (0.20). |
| *Id.* | 07/27/22 | C. Miller | 0.40 | Research federal rules of civil procedure and appellate case law from 9th circuit regarding burden of disproving defendant's affirmative defenses when moving for summary judgment as a plaintiff and then draft brief email memorandum to G. Brockland discussing the same. |

| | | | | |
|---|---|---|---|---|
| *Id.* at 29 | 07/27/22 | C. Miller | 0.60 | Continue to review/revise draft Motion for Partial Summary Judgment in advance of circulating for co-counsel's thoughts/comments. |
| *Id.* | 07/28/22 | G. Brockland | 2.50 | Conference with C. Miller regarding discovery and MPSJ issues (1.00); e-mails with D. Wakefield (0.20); review documents received from Sandy Springs, Georgia (0.60); draft final revisions to discovery letter (0.40); e-mails with co-counsel regarding motion for partial summary judgment (0.30). |
| *Id.* | 07/29/22 | G. Brockland | 0.80 | E-mails with co-counsel regarding parameters for motion for partial summary judgment. |
| *Id.* | 08/01/22 | G. Brockland | 4.70 | E-mails with client regarding discovery issues (0.70); begin draft of proposed Order granting partial summary judgment (4.00). |
| *Id.* | 08/03/22 | C. Miller | 0.60 | Conference with G. Brockland regarding civil RICO claim and elements of criminal copyright infringement for purposes of preparing motion for partial summary judgment and then prepare/send him email memorandum summarizing same. |
| *Id.* | 08/04/22 | G. Brockland | 0.70 | E-mails with co-counsel regarding strategy for motion for partial summary judgment. |
| *Id.* at 30 | 08/15/22 | C. Miller | 3.70 | Continue to draft/revise proposed order granting (not yet filed) motion for partial summary judgment: Section IV (Liability for Contributory Copyright Infringement); V ("Liability for Vicarious Copyright Infringement "); and VI ("Liability for Willful Copyright Infringement"). |

| | | | | |
|---|---|---|---|---|
| *Id.* | 08/15/22 | C. Miller | 3.60 | Draft/revise proposed order granting (not yet filed) motion for partial summary judgment: Section III ("Liability for Direct Copyright Infringement"), including subsections (A) ("Mr. Wakefield's Ownership of the Copyrights to Untitled"), B ("Infringement by way of the Unauthorized Public Display of HNMF and ATMF without Mr. Wakefield's Authorization"). |
| *Id.* | 08/15/22 | C. Miller | 2.90 | Continue to draft/revise proposed order granting (not yet filed) motion for partial summary judgment: Section III(C) ("Human Nature's Many Faces And A Tear Must Fall Were Displayed By Olen At Quantum Town Center From 2014-2022"); (D) ("The Public Display Was Unauthorized"). |
| *Id.* | 08/16/22 | C. Miller | 3.10 | Continue to draft/revise proposed order granting (not yet filed) motion for partial summary judgment: Section VI (civil RICO). |
| *Id.* | 08/16/22 | C. Miller | 2.50 | Continue to draft/revise proposed order granting (not yet filed) motion for partial summary judgment: Section VI, subsection (A) (The Wakefield I Permanent Inunction) and (B) (Olen's Sworn Declaration of Compliance with the Permanent Injunction). |
| *Id.* | 08/17/22 | C. Miller | 4.10 | Continue to draft/revise proposed order granting partial summary judgment. |
| *Id.* | 08/18/22 | G. Brockland | 1.30 | Revise proposed Order granting MPSJ (1.10); e-mail to C. Miller regarding same (0.20). |
| *Id.* at 31 | 08/25/22 | G. Brockland | 1.80 | Draft revisions to proposed Order Granting MPSJ on Liability (1.30); conference with C. Miller (0.30); email to co-counsel (0.20). |

| *Id.* at 37 | 11/01/22 | C. Miller | 1.40 | Review/analyze M. Berstein comments/notes regarding plaintiff's draft motion for partial summary judgment. |
|---|---|---|---|---|
| *Id.* | 11/02/22 | G. Brockland | 4.80 | Continue preparation for deposition of I. Olenicoff (3.60); conference with C. Miller regarding Motion for Partial Summary Judgment (0.20); revise proposed Order regarding same (0.50); email to client regarding depositions (0.20);  email to opposing counsel regarding corporate representative deposition (0.30). |
| *Id.* at 38 | 11/07/22 | C. Miller | 3.60 | Continue to draft/revise motion for partial summary judgment: draft/revise changes to statement of uncontroverted facts and proposed order (largely to address comments/notes from M. Bernstein regarding the linking of the particular Boynton Beach sculptures to those the Wakefield I jury found to be infringing for purposes of collateral estoppel). |
| *Id.* | 11/08/22 | C. Miller | 2.80 | Continue to draft/revise motion for partial summary judgment: revise memorandum in support to include sections on Olen-Parties Counterclaims Counts I-II, section A ("Releases for Future Intentional Torts Are Unenforceable"). |
| *Id.* | 11/08/22 | C. Miller | 3.30 | Continue to draft/revise motion for partial summary judgment: revise memorandum in support (largely in accordance with comments/notes from M. Bernstein regarding the linking of the particular Boynton Beach sculptures to those the W1 jury found to be infringing for purposes of collateral estoppel). |

| | | | | |
|---|---|---|---|---|
| *Id.* | 11/08/22 | C. Miller | 2.00 | Continue to draft/revise motion for partial summary judgment: revise memorandum in support to include sections on Olen-Parties Counterclaims Counts I-II, section B ("The Wakefield II Settlement Agreement Does Not Release Claims for Future Infringement"). |
| *Id.* | 11/09/22 | C. Miller | 3.60 | Continue to draft/revise motion for partial summary judgment (including the SUMF, Memo, and Proposed Order) prior to sending to G. Brockland for combined review in advance of upcoming filing deadline of 11/14. |
| *Id.* at 38-39 | 11/09/22 | C. Miller | 2.80 | Research Ninth Circuit appellate case law regarding interpretations of release provisions that include any the parties "may have" and whether that can be construed to include future claims (including Wang v. StayWell Co., SACV060813ODWJTLX, 2008 WL 11342961, at *1 (C.D. Cal. May 27, 2008) and the cases cited therein). |
| *Id.* at 39 | 11/10/22 | G. Brockland | 2.80 | Draft revisions to motion for partial summary judgment pleadings (2.50); e- mail to co-counsel regarding same (0.30). |
| *Id.* | 11/10/22 | C. Miller | 0.30 | Draft/revise email to local counsel M. Bernstein and B. O'Brien regarding exhibits to motion for partial summary judgment being sent for their review. |
| *Id.* | 11/11/22 | C. Miller | 2.30 | Research Ninth Circuit appellate case law and other relevant legal authorities regarding the accrual of copyright infringement action based on unauthorized public display and whether continued display constitutes a separate "act" of infringement that resets statute of limitations each and every day it is not removed. |

| | | | | |
|---|---|---|---|---|
| *Id.* | 11/11/22 | C. Miller | 3.10 | Research California appellate case law and other interpretations of Cal. Civ. Code 1668 regarding unenforceability of future acts of fraud or willful injury (including SI 59 LLCv. Variel Warner Ventures, LLC, 29 Cal. App. 5th 146, 148, 239 Cal. Rptr. 3d 788,790 (2018); Frittelli, Inc. v. 350 N. Canon Drive, LP, 202 Cal. App. 4th 35, 43, 135 Cal. Rptr.3d 761, 769 (2011); Farnham v. Superior Court (Sequoia Holdings, Inc.), 60 Cal.App. 4th 69, 71, 70 Cal. Rptr. 2d 85, 86 (1997); Appel v. Boston Nat'l Title Agency, LLC, 3:18-CV-0873- RSH-AHG, 2022 WL 3582776, at *6 (S.D. Cal. Aug. 19, 2022); Kashani v. TsannKuen China Enter. Co., 118 Cal. App. 4th 531, 543, 13 Cal. Rptr. 3d 174, 181 (2004). |
| *Id.* | 11/11/22 | C. Miller | 4.30 | Continue to draft/revise SUMF (in connection with MPSJ): to reorganize/rearrange in the table format suggested by local counsel B. O'Brien. |
| *Id.* | 11/11/22 | C. Miller | 1.50 | Zoom conference call with G. Brockland and B. O'Brien to discuss motion for partial summary judgment in advance of upcoming filing deadline (of 11/14). |
| *Id.* | 11/12/22 | C. Miller | 4.00 | Continue to research Ninth Circuit appellate case law and other relevant legal authorities regarding the accrual of copyright infringement action based on unauthorized public display and whether continued display constitutes a separate "act" of infringement that resets statute of limitations each and every day it is not removed. |
| *Id.* at 40 | 11/12/22 | C. Miller | 2.70 | Continue to draft/revise Memorandum in support of MPSJ: revise sections regarding time period of infringement we're |

| | | | | |
|---|---|---|---|---|
| | | | | alleging in accordance with recent conference with B. O'Brien and G. Brockland; and counterclaims to incorporate research of California law interpreting Cal. Civ. Code. 1664. |
| *Id.* | 11/13/22 | C. Miller | 1.00 | Draft/revise Wakefield declaration to be filed with SUMF. |
| *Id.* | 11/13/22 | C. Miller | 1.50 | Draft/revise G. Brockland declaration to be filed with SUMF. |
| *Id.* | 11/13/22 | C. Miller | 3.00 | Continue to draft/revise SUMF and Proposed Order to be filed with MPSJ in advance of upcoming 11/14 filing deadline (and to incorporate changes made to memorandum in support of same). |
| *Id.* | 11/13/22 | C. Miller | 4.50 | Continue to draft/revise Memorandum in Support of MPSJ in advance of upcoming filing deadline of 11/14. |
| *Id.* | 11/14/22 | C. Miller | 2.00 | Continue drafting declarations of Wakefield and Brockland to be filed with SUMF. |
| *Id.* | 11/14/22 | G. Brockland | 3.00 | Teleconferences with C. Miller (0.30); draft revisions to Memorandum in Support of Motion for Partial Summary Judgment (1.70); draft revisions to Supplemental Memorandum in Support of Motion to Compel (1.00). |
| *Id.* | 11/14/22 | C. Miller | 8.00 | Continue to draft/revise/finalize SUMF, Memorandum in Support, Proposed Order and moving papers themselves in advance of upcoming deadline to file MPSJ. |

| | | | | |
|---|---|---|---|---|
| *Id.* | 11/14/22 | C. Miller | 0.30 | Exchange emails/telephone calls with Don Wakefield regarding his declaration to be submitted in connection with MPSJ. |
| *Id.* | 11/14/22 | C. Miller | 1.50 | Draft/revise request for judicial notice to be filed in connection with MPSJ. |
| | | | 131.7 | |

Plaintiff's counsel at One LLP spent a total of 14.81 hours[12] to review/revise the draft Motion for Partial Summary Judgement. The result is the inclusion of excessive requested fees by multiple of Plaintiff's attorneys. Additionally, as it is clear that counsel at Amundsen Davis performed the majority of the already grossly excessive research and drafting, it is unclear what additions the attorney at One LLP contributed or how his work is different than that completed by other attorneys billing for the same efforts.   The pertinent entries from One LLP are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| 147-16, p. 15 | 10/07/22 | W. O'Brien | 4.2 | Preparation of reply brief in support of motion to dismiss counterclaims; direct filing; emails about stipulation to extend discovery; receive and review draft of proposed summary judgment order |
| *Id.* at 17 | 11/10/22 | W. O'Brien | 1.0 | Receipt and initial review of draft summary judgment motion papers; provide initial comments; emails about summary judgment and motion to compel |

---

[12] *See* Note 1.

| | | | | |
|---|---|---|---|---|
| *Id.* | 11/11/22 | W. O'Brien | 1.9 | Call and emails with Gene Brockland and Chris Miller about summary judgment motion; receive and review draft of statement of uncontroverted facts; receive and review cases about willfulness |
| *Id.* | 11/12/22 | W. O'Brien | 1.4 | Receive and study revised draft of summary judgment brief from Chris MIller; receive and study revisions by Gene Brockland; legal research |
| *Id.* | 11/14/22 | W. O'Brien | 6.3 | Receive and study revised drafts of summary judgment papers and exhibits; further preparation of summary judgment papers; review, revise, and supplement multiple drafts; direct filing; related emails |
| | | | 14.8 | |

## Opposition to Defendants Motion for Summary Judgment [DE 113]
## Reply in Support of Plaintiff's Motion for Partial Summary Judgment [DE 114][13]

Between the three law firms, Plaintiff's counsel spent **160.3 hours** researching and drafting/editing the Opposition to Defendants' Motion for Summary Judgment and the Reply in Support of Plaintiff's Motion for Partial Summary Judgment. The result is the inclusion of outrageously excessive requested fees.

Plaintiff's counsel at Amundsen Davis spent a total of **147.9 hours** for researching and drafting/editing the Opposition, which time was expended by multiple attorneys. The result is the inclusion of excessive requested fees by multiple of Plaintiff's attorneys. The pertinent entries from Amundsen Davis are as follows:

---

[13] Because Plaintiff's counsel improperly block-billed preparing the Opposition to Defendant's Motion for Summary Judgment and the Reply in Support of Plaintiff's Motion for Partial Summary Judgment, in order to avoid duplication and for ease of the Court, all entries for the Opposition and Reply are included herein.

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| 147-6, p. 41 | 11/28/2022 | G. Brockland | 2.5 | Review Memorandum in Support of Defendants' Motion for Summary Judgment and Statement of Uncontroverted Facts (1.30); e-mail to D. Wakefield regarding same (0.20); review case law cited by Defendants (1.00). |
| *Id.* | 11/28/2022 | C. Miller | 2 | Review/analyze incoming pleadings: Defendants motion for summary judgment and then conference with G. Brockland regarding the same. |
| *Id.* | 11/28/2022 | G. DeGregorio | 0.6 | Pull cases cited Defendants' MSJ and save to research folder for review and analyzation in preparation to draft response thereto. |
| *Id.* at 41-42 | 11/30/2022 | G. Brockland | 3.2 | Begin draft of Memorandum in Opposition to Defendants' Motion for Summary Judgment and Response to defendants' SUMF (2.80); e-mails with co-counsel (0.40). |
| *Id.* at 42 | 11/30/22 | G. DeGregorio | 1.80 | Conduct legal research under 9th Circuit law regarding reliance on misrepresentations outside of the settlement agreement, and for case law where a contractual merger clause was found to be void where a party who alleges fraud in the inducement, and prepare legal research memorandum regarding the same. |
| *Id.* | 12/01/22 | G. Brockland | 1.70 | Review Order regarding Motion to Compel (0.40); draft mediation statement (1.00); draft revisions to Defendants' Motion for Summary Judgment (0.30). |

| Id. | 12/02/22 | G. DeGregorio | 2.40 | Conduct legal research under 9th circuit law regarding a fraud claimant's right to rely on a material misrepresentation and find case law beneficial to Wakefield's position in light of Olen's argument that no right to rely because Igor's declaration states that Olen does not keep records of where sculptures are. |
| Id. | 12/02/22 | G. DeGregorio | 2.80 | Conduct legal research under 9th Circuit law regarding whether a plaintiff who brings a fraud claim must prove "knowingly" element by introducing evidence that defendant knew the statement was false, or is it sufficient if plaintiff introduces evidence that defendant should have known that it was false, and prepare legal research memorandum regarding the same. |
| Id. | 12/04/22 | G. DeGregorio | 2.30 | Conduct legal research under 9th circuit and California state law for case law holding that restoration of settlement proceeds is not necessary where plaintiff is entitled to proceeds on other grounds and cases which exemplify the type of defendant's conduct required to be liable for punitive damages. |
| Id. | 12/04/22 | G. DeGregorio | 2.40 | Conduct legal research under 9th circuit and California state law for cases which counter Olen's arguments in Section D and E of its Memorandum in Opposition to Wakefield's Motion for Summary Judgment and the amount of evidence needed to prove a |

| | | | | "voluntary, intentional violation" of the settlement agreement to overcome MSJ. |
|---|---|---|---|---|
| *Id.* | 12/05/22 | G. DeGregorio | 2.80 | Conduct legal research under 9th Circuit and California state law regarding the Mason v. Montgomery Data case cited in Olen's Memorandum in Opposition to Wakefield's MSJ, the ability to claim statutory damages when the infringement began before registration and continued after it, and the number of statutory damages one can claim where multiple cases of action are alleged under the Copyright Act. |
| *Id.* | 12/06/22 | G. DeGregorio | 0.50 | Review Peer International case cited on page 14 of Wakefield's Motion for Partial Summary Judgment to determine how the plaintiff in that case received $4 million in statutory damages and compare and contrast the facts there with the facts of this case. |
| *Id.* at 42-43 | 12/07/22 | G. Brockland | 1.20 | Preparation for mediation (0.40); draft revisions to Memorandum in Opposition to Defendants' Motion for Summary Judgment (0.80). |
| *Id.* at 43 | 12/07/22 | G. DeGregorio | 4.50 | Conduct legal research under 9th circuit and California law on the availability of an award of attorneys' fees under Civil RICO, the Copyright Act, defeating a claim of declaratory judgment, and prevailing on a claim to enforce the settlement agreement. |

| *Id.* | 12/08/22 | C. Miller | 1.00 | Conference with V. DeGregorio and G. Brockland regarding authorities/arguments to raise in opposition to Defendants' motion for summary judgment: specifically with respect to the applicability of the exemption to statutory damages under section 412 of the Copyright Act and limited authorities finding a break between pre and post registration infringement. |
| *Id.* | 12/08/22 | C. Miller | 2.70 | Continue to research federal district and appellate case law regarding applicability of the exemption to statutory damages under section 412 of the Copyright Act. |
| *Id.* | 12/08/22 | G. DeGregorio | 0.90 | Conduct legal research under 9th Circuit and California state law to find case which states the purpose of the Copyright Act is to deter/discourage willful infringement and determine if there are cases with similar facts to Wakefield's case to cite in reply to Wakefield's motion for summary judgment. |
| *Id.* | 12/08/22 | G. DeGregorio | 0.70 | Conduct legal research under 9th circuit and CA state law regarding the ability of a plaintiff to be entitled to attorneys' fees under the Copyright Act where the infringement began before the copyright was registered. |
| *Id.* | 12/08/22 | G. DeGregorio | 0.70 | Review Troll Company v. Uneeda Doll Company and Rosen v. Netfronts, Inc. to determine if they should be cited in Wakefield's Reply in Support of his MSJ, specifically on issue of if there was a "legally |

| | | | | significant difference" between Olen/Igor's pre and post registration infringements of Wakefield's Copyrights. |
|---|---|---|---|---|
| *Id.* | 12/08/22 | G. DeGregorio | 0.60 | Shephardize and examine cases citing to Troll Company v. Uneeda Doll Company to determine if there are cases which allow for recovery of statutory damages and attorney's fees where alleged continuing infringements pre and post registration was destroyed by a cessation period of infringing conduct. |
| *Id.* | 12/08/22 | G. DeGregorio | 0.50 | Shephardize and examine cases citing to Guillot-Vogt Associates, Inc. v. Holly and Smith to determine if there are cases which allow for recovery of statutory damages and attorney's fees where alleged continuing infringements pre and post registration was destroyed by a cessation period of infringing conduct. |
| *Id.* | 12/08/22 | G. DeGregorio | 0.60 | Shephardize and examine cases citing to Rosen v. Netfronts, Inc. to determine if there are cases which allow for recovery of statutory damages and attorney's fees where alleged continuing infringements pre and post registration was destroyed by a cessation period of infringing conduct. |
| *Id.* at 44 | 12/12/22 | C. Miller | 2.00 | Plan and prepare for drafting opposition to Defendants' MSJ (1.70): review/analyze relevant rulings/orders from Wakefield I |

| | | | | |
|---|---|---|---|---|
| | | | | (Doc. 56, 120, 164) regarding the non-disclosure of additional infringements and rejection of argument that plaintiff had duty to investigate Olen properties; and then conference with G. Brockland regarding the same (0.30). |
| *Id.* | 12/12/22 | C. Miller | 2.90 | Draft/revise Opposition to Defendants' Motion for Summary Judgment: Section IV(A) (argument regarding the scope of the release including analysis/argument of sections 3.3, 2.3, and 3.1). |
| *Id.* | 12/12/22 | C. Miller | 3.40 | Draft/revise Opposition to Defendants' Motion for Summary Judgment: Section IV(B) (argument regarding unenforceability of release for future intentional acts under California law). |
| *Id.* | 12/13/22 | C. Miller | 2.60 | Continue to draft/revise Opposition to Defendants' Motion for Summary Judgment: arguments regarding accrual of infringement claim arising from public display at QTC. |
| *Id.* | 12/12/22 | C. Miller | 2.00 | Plan and prepare for drafting opposition to Defendants' MSJ (1.70): review/analyze relevant rulings/orders from Wakefield I (Doc. 56, 120, 164) regarding the non-disclosure of additional infringements and rejection of argument that plaintiff had duty to investigate Olen properties; and then conference with G. Brockland regarding the same (0.30). |

| Id. | 12/13/22 | C. Miller | 5.20 | Continue to draft/revise Opposition to Defendants' Motion for Summary Judgment: Section IV(A) (argument regarding the scope of the release including analysis/argument of sections 3.3, 2.3, and 3.1). |
|---|---|---|---|---|
| Id. | 12/13/22 | C. Miller | 1.60 | Research federal district and appellate case law regarding the accrual of claim for copyright infringement and conference with G. Brockland regarding findings from the same (including but not limited to the 9th Circuit's recent holding in Starz Entm't v. MGM). |
| Id. | 12/13/22 | G. DeGregorio | 0.30 | Conduct research under 9th Circuit law regarding case law supporting the notion that a credibility assessment is not appropriate at the summary judgment stage. |
| Id. at 45 | 12/13/22 | G. DeGregorio | 0.70 | Conduct legal research under 9th Circuit and California state law regarding case law which demonstrates a failure to take any affirmative steps to assure the veracity of their statements demonstrates a reckless disregard for the truth. |
| Id. | 12/13/22 | G. DeGregorio | 0.30 | Conduct legal research under 9th Circuit law regarding a favorable Motion for summary judgment standard. |
| Id. | 12/13/22 | G. DeGregorio | 0.70 | Conduct research under 9th Circuit and California state law regarding case law supporting the notion that Olen is charged with the knowledge of its employees and charged with |

| | | | | |
|---|---|---|---|---|
| | | | | knowing what is in its own documents. |
| *Id.* | 12/13/22 | G. DeGregorio | 1.20 | Conduct legal research under 9th Circuit and California State law regarding a declarant's duty to ascertain the truth of his declaration. |
| *Id.* | 12/13/22 | G. Brockland | 5.40 | Review Defendants' Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment and Statement of Genuine Disputes (2.00); conference with C. Miller (0.20); begin draft of Reply Memorandum in Support of Motion for Partial Summary Judgment (3.20). |
| *Id.* | 12/14/22 | G. DeGregorio | 1.20 | Conduct legal research under 9th Circuit law and California state law for case law supporting the argument that Wakefield should be able to retain the settlement proceeds if the agreement is just held void and not rescinded. |
| *Id.* | 12/14/22 | G. DeGregorio | 1.00 | Conduct legal research under 9th Circuit and California State law regarding failure to comply with injunction supporting violation of a known legal duty that supports a civil RICO claim against Olen and case law regarding the effect of an injunction and the enjoined party's obligations. |
| *Id.* | 12/14/22 | C. Miller | 4.10 | Continue to draft/revise Opposition to Defendants' Motion for Summary Judgment: Section VI (availability of statutory damages and section 412 of the Copyright Act. |

| _Id._ | 12/14/22 | C. Miller | 2.80 | Continue to draft/revise Opposition to Defendants' Motion for Summary Judgment: Section V (arguments regarding evidence supporting claims for recission, restitution and punitive damages). |
|---|---|---|---|---|
| _Id._ | 12/14/22 | C. Miller | 4.40 | Continue to draft/revise Opposition to Defendants' Motion for Summary Judgment: Section IV(C) (argument regarding evidence of Defendants' fraud and reckless disregard for truth). |
| _Id._ | 12/14/22 | G. Brockland | 9.20 | Draft revisions to Statement of Genuine Disputes (4.20); review exhibits and deposition transcripts to support same; draft revisions to Reply Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment (4.00); review additional documents produced by Defendants (1.00). |
| _Id._ | 12/14/22 | C. Miller | 2.00 | Continue to draft/revise Opposition to Defendants' Motion for Summary Judgment: Section VII (argument regarding evidence of the Defendants' willfulness). |
| _Id._ | 12/14/22 | C. Miller | 1.50 | Continue to draft/revise Opposition to Defendants' Motion for Summary Judgment: Section VII (argument regarding RICO claim). |
| _Id._ | 12/14/22 | G. DeGregorio | 0.50 | Conduct legal research under 9th Circuit and California State law regarding defendant's affirmative duty to ascertain that they are complying with an injunction against them. |

| | | | | |
|---|---|---|---|---|
| *Id.* | 12/14/22 | G. DeGregorio | 1.20 | Conduct legal research under 9th Circuit and California State law regarding case law that applies the separate-accrual rule based on a defendant's ongoing display of a copyrighted work. |
| *Id.* at 45-46 | 12/14/22 | G. DeGregorio | 1.10 | Conduct legal research under 9th Circuit and California State law regarding Wakefield's entitlement to recession in spite of non return of settlement proceeds as well as for case law distinguishing the Shelley case Olen cites in their argument on this issue. |
| *Id.* at 46 | 12/15/22 | C. Miller | 0.70 | Research federal district court and 9th circuit appellate case law regarding waiver of an affirmative defense, including to raise exemption under section 412 of Copyright Act. |
| *Id.* | 12/15/22 | C. Miller | 3.90 | Draft/revise response to Defendants statement of 58 purported undisputed material facts filed in connection with their MSJ: specifically with responses/objections and citations to supporting evidence to purported facts #8- #31. |
| *Id.* | 12/15/22 | C. Miller | 6.50 | Continue to draft/revise Opposition to Defendants' MSJ: all argument sections. |
| *Id.* | 12/15/22 | G. Brockland | 7.80 | Draft revisions to Memorandum in Opposition to Defendants' MSJ (5.30); draft revisions to Plaintiff's SGD in Response to Defendants' MSJ (2.20); review Stipulation regarding Protective Order (0.30). |

| Id. | 12/15/22 | C. Miller | 2.10 | Draft/revise response to Defendants statement of 58 purported undisputed material facts filed in connection with their MSJ: specifically with responses/objections and citations to supporting evidence to purported facts #1- #6. |
|---|---|---|---|---|
| Id. | 12/16/22 | G. Brockland | 3.40 | Draft revisions to Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment. |
| Id. | 12/16/22 | C. Miller | 4.70 | Continue to draft/revise response to Defendants statement of 58 purported undisputed material facts filed in connection with their MSJ: specifically with responses/objections and citations to supporting evidence to purported facts #32-#58. |
| Id. | 12/16/22 | C. Miller | 2.50 | Continue to draft/revise Reply ISO MSJ: review/analyze/revise all sections. |
| Id. | 12/16/22 | C. Miller | 2.50 | Continue to draft/revise Reply ISO MSJ: review/analyze/revise all sections. |
| Id. | 12/19/22 | C. Miller | 7.40 | Continue to draft/revise/finalize Plaintiff's Reply ISO MSJ (3.00), Plaintiff's Opposition to Defendants' MSJ (and the Statement of Genuine Disputes in connection with the same) (4.40). |
| Id. | 12/19/22 | A. Starks | 0.20 | Correspondence with opposing counsel forwarding Wakefield December 2022 document production. |

| | | | | |
|---|---|---|---|---|
| *Id.* | 12/19/22 | G. Brockland | 10.50 | Draft revisions to SGD (1.60); draft Declaration of G. Brockland in Support of SGD (1.50); review exhibits for same (1.80); draft D. Wakefield Declaration in Support of SGD (2.00); draft revisions to Reply Memorandum (1.60); draft revisions to Memorandum in Opposition to Defendants' Motion for Summary Judgment (1.80); multiple e-mails with co-counsel regarding same (0.80). |
| | | | 147.9 | |

Plaintiff's counsel at One LLP spent a total of 12.4 hours[14] to review/revise the draft Opposition to Defendants' Motion for Summary Judgment and the Reply in Support of Plaintiff's Motion for Partial Summary Judgement. The result is the inclusion of excessive requested fees by multiple of Plaintiff's attorneys. Additionally, as it is clear that counsel at Amundsen Davis performed the majority of the already grossly excessive research and drafting, it is unclear what additions the attorney at One LLP contributed or how his work is different than that completed by other attorneys billing for the same efforts.   The pertinent entries from One LLP are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| 147-14, p. | 12/15/2022 | W. O'Brien | 0.5 | Receipt and initial review of drafts of papers opposing summary judgment |

---

[14] *See* Note 1.

| Id. | 12/16/22 | W. O'Brien | 1.0 | Receive and review updated drafts of papers opposing summary judgment; related emails |
|-----|----------|-----------|-----|-----|
| Id. | 12/19/22 | W. O'Brien | 10.9 | Prepare reply brief and papers opposing summary judgment; review numerous drafts; numerous related emails; finalize papers and direct filing |
|  |  |  | 12.4 |  |

## Plaintiff's Consolidated Motion in Limine [DE 117]

Plaintiff's Motion in Limine was 13 pages in length, double-spaced, 14 pt. font, with a 2-page Declaration from Plaintiff's counsel. Between the three law firms, Plaintiff's counsel spent **53.6 hours** researching and drafting/editing the Opposition. The result is the inclusion of excessive requested fees.

Plaintiff's counsel at Amundsen Davis spent a total of **44.3 hours** for researching and drafting/editing the Motion, which time was expended by multiple attorneys. The result is the inclusion of excessive requested fees by multiple of Plaintiff's attorneys. The pertinent entries from Amundsen Davis are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|-----|-----|-----|-----|-----|
| 147-6, p. 47 | 12/27/22 | G. Brockland | 3.00 | Begin work on Motion in Limine (0.20); review case law regarding punitive damages (0.60); e-mail to S. Sax; conference with C. Miller regarding Motion to Strike (0.20); revise discovery responses (0.80). |
| Id. | 01/02/23 | G. Brockland | 6.30 | Draft revisions to three supplemental discovery responses (1.00); draft revisions to Motions in Limine (1.90); draft revisions to Joint Exhibit List |

Case No. 8:21-cv-1585-CJC-DFM
Declaration of Spencer M. Sax in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs

73

| | | | | |
|---|---|---|---|---|
| | | | | (0.50); preparation for meet and confer with S. Sax on pre-trial matters and Motion in Limine (0.50); draft statement of the case to be read to jury (0.50); draft Plaintiff's proposed voir dire questions (1.00); begin draft of proposed final pre-trial order (0.50); draft notice of lodging of same; multiple e-mails to team (0.40). |
| *Id.* at 48 | 01/03/23 | G. DeGregorio | 2.60 | Conduct legal research under 9th circuit federal law, specifically Federal Rule of Evidence 402 and 403, regarding admissibility of Olen's potential introduction of Joint Copyright Ownership Agreement in preparation of drafting for motion in limine. |
| *Id.* | 01/03/23 | G. Brockland | 4.80 | Draft objection to Defendants' untimely-filed summary judgment exhibit (0.80); participate in meet and confer teleconference with S. Sax regarding pre- trial matters and motions in limine (0.20); draft revisions to motion in limine (1.10); e-mails with co-counsel (0.20); e-mail to opposing counsel (0.20); teleconference with B. Bedford (0.30); begin draft of B. Bedford direct testimony outline (1.00); review research for motion in limine (1.00). |
| *Id.* | 01/05/23 | G. Brockland | 3.80 | E-mail to D. Wakefield (0.20); teleconference with M. Bernstein (0.20); email to L. Trumbower (0.20); draft revisions to motion in limine (2.60); teleconference with C. Miller and G. DeGregorio (0.30); |

|  |  |  |  | teleconference with D. Wakefield (0.30). |
|---|---|---|---|---|
| *Id.* | 01/05/23 | C. Miller | 1.50 | Plan and prepare for upcoming trial: draft email memorandum to G. Brockland outlining potential motions in limine. |
| *Id.* at 49 | 01/06/23 | C. Miller | 1.70 | Plan and prepare for upcoming trial: continue to draft email memorandum to G. Brockland outlining potential motions in limine. |
| *Id.* | 01/06/23 | G. Brockland | 1.80 | Teleconference with S. Sax (0.20); e-mail to team regarding same (0.20).; draft revisions to motion in limine (1.40). |
| *Id.* at 50 | 01/09/23 | G. Brockland | 8.30 | Revise Motion in Limine (1.50); revise Memorandum of Contentions of Fact and Law (5.00); conference with G. DeGregorio regarding research needed (0.30); conference with C. Miller regarding exhibit list (0.20); emails with S. Sax regarding discovery matters (0.20); draft proposed Joint Stipulation Regarding Net Worth (0.50); teleconferences with M. Bernstein regarding damages and settlement issues (0.30); teleconference with client regarding settlement discussions (0.30). |
| *Id.* at 51 | 01/12/23 | C. Miller | 3.50 | Continue to draft/revise Plaintiffs' Motions in Limine: #1(a)-(g) (matters relating to Wakefield I); and #2 (matters relating to Raimondi litigation). |

| *Id.* | 01/12/23 | C. Miller | 2.80 | Continue to draft/revise Plaintiffs' Motions in Limine: #3 (parol evidence) #4(Glickman) and #5 (reputational damage claimed by Defendants in answers to interrogatories). |
|-------|----------|-----------|------|----------------|
| *Id.* | 01/13/23 | C. Miller | 3.00 | Continue to draft/revise Plaintiffs' Motions in Limine: all sections. |
| *Id.* | 01/13/23 | C. Miller | 1.20 | Draft/revise Brockland Declaration to attach to Plaintiffs' Motions in Limine. |
|       |          |           | 44.3 |                |

Plaintiff's counsel at One LLP spent a total of 9.3 hours[15] to review/revise the draft Motion in Limine. The result is the inclusion of excessive requested fees by multiple of Plaintiff's attorneys. Additionally, as it is clear that counsel at Amundsen Davis performed the majority of the already grossly excessive research and drafting, it is unclear what additions the attorney at One LLP contributed or how his work is different than that completed by other attorneys billing for the same efforts.  The pertinent entries from One LLP are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|--------------|------|-------------|------|-----------|
| 147-14, p. 20 | 01/12/23 | W. O'Brien | 2.6 | Review and comment on draft Memorandum of Contentions of Fact and Law; review and comment on draft motions in limine; review emails and draft exhibit list; receive and study email and memo on Judge Carney's fee awards |

---

[15] *See* Note 1.

| Id. | 01/13/23 | W. O'Brien | 6.7 | Video meeting with Gene and Mark about settlement; preparation of motions in limine and supporting declaration; calls with Chris MIller and Nate Lichtenberger; finalize motion in limine papers and direct filing; emails and amended discovery response |
| | | | 9.3 | |

## Opposition to Defendants' Motions in Limine [DE 123]

Plaintiff's Opposition to Defendants' Motion in Limine was 12 pages in length, double-spaced, 14 pt. font, with a 2-page Declaration from Plaintiff's counsel. Between the three law firms, Plaintiff's counsel spent **51.9 hours** researching and drafting/editing the Opposition. The result is the inclusion of excessive requested fees.

Plaintiff's counsel at Amundsen Davis spent a total of **47.5 hours** for researching and drafting/editing the Motion, which time was expended by multiple attorneys. The result is the inclusion of excessive requested fees by multiple of Plaintiff's attorneys. The pertinent entries from Amundsen Davis are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| 147-6, p. 51 | 01/17/23 | C. Miller | 2.30 | Draft/revise Opposition to Defendants' MILs: Section II(A)(1) (regarding the relevance of the existence and outcome of Wakefield I). |
| Id. at 51-52 | 01/17/23 | C. Miller | 2.00 | Continue to draft/revise Opposition to Defendants' MILs: Section II(A)(2) (regarding the relevance of the existence and outcome of Wakefield 2). |
| Id. at 52 | 01/17/23 | C. Miller | 2.80 | Continue to draft/revise Request for Judicial Notice and instruction to jury regarding the same under Federal Rule of Evidence 201(f): requested facts |

| | | | | #1regarding Mr. Wakefield's copyright ownership; and #2-#5 regarding the existence and outcome of the litigation in Wakefield I (with specific reference to the findings that HNMF and ATMF infringed upon Untitled). |
|---|---|---|---|---|
| *Id.* | 01/17/23 | G. Brockland | 2.60 | Review Defendants' Motion in Limine (.8); e-mail to team regarding research needed to respond to same (.6); e-mail to team regarding Plaintiff's Memorandum of Contentions of Fact and Law (.4); review Amended Response to Demand for Inspection (.2); e-mail to S. Sax regarding same (.3).; e-mails with M. Bernstein regarding settlement (.3). |
| *Id.* | 01/17/23 | C. Miller | 1.80 | Continue to draft/revise Opposition to Defendants' MILs: Section II(B) (regarding evidence of Defendants' willfulness and reckless disregard). |
| *Id.* | 01/18/23 | G. DeGregorio | 2.40 | Conduct legal research under 9th Circuit law regarding collateral estoppel and issue preclusion to find beneficial cases which allow for admissibility of previous court records which are have been previously decided, are conclusive, and are relevant to the issues in the case-in-chief. |
| *Id.* | 01/18/23 | G. DeGregorio | 1.00 | Conduct legal research under 9th Circuit law for case law distinguishing Prouty and Ward cases cited in Olen's Motion in Limine, in support of Wakefield's argument that evidence of prior lawsuits should be permitted to be introduced as evidence. |

| | | | | |
|---|---|---|---|---|
| *Id.* | 01/18/23 | G. DeGregorio | 0.70 | Conduct legal research under 9th Circuit law regarding helpful case law exhibiting FRE 201(f) regarding requirement of court in civil case to instruct jury on judicially noticed facts in support of Memorandum in Opposition to Olenicoff's Motion in Limine. |
| *Id.* | 01/18/23 | C. Miller | 4.10 | Continue to draft/revise Opposition to Defendants' MILs: Section II(D) (regarding the admissibility of Olenicoff's tax fraud conviction). |
| *Id.* | 01/18/23 | C. Miller | 1.60 | Continue to draft/revise Opposition to Defendants' MILs: Section II(C) (regarding the availability of statutory damages). |
| *Id.* | 01/18/23 | G. Brockland | 9.60 | Begin draft of Memorandum in Opposition to Defendants' Motion in Limine (2.0); conference with C. Miller and G. DeGregorio regarding same (.3); continue draft of Memorandum of Contentions of Fact and Law (6.3); teleconference with M. Bernstein and B. O'Brien regarding settlement issues (1.0). |
| *Id.* | 01/18/23 | C. Miller | 2.30 | Continue to draft/revise Opposition to Defendants' MILs: Section II(E) (regarding election of remedies and punitive damages). |
| *Id.* | 01/18/23 | G. DeGregorio | 2.40 | Conduct legal research under 9th Circuit law regarding collateral estoppel and issue preclusion to find beneficial cases which allow for admissibility of previous court records which are have been previously decided, are conclusive, and are |

| | | | | relevant to the issues in the case-in-chief. |
|---|---|---|---|---|
| *Id.* at 53 | 01/19/23 | G. DeGregorio | 0.70 | Conduct legal research under 9th Circuit law regarding helpful case law exhibiting FRE 201(f) regarding requirement of court in civil case to instruct jury on judicially noticed facts in support of Memorandum in Opposition to Olenicoff's Motion in Limine (continued from 1/18). |
| *Id.* | 01/19/23 | C. Miller | 4.70 | Continue to draft/revise Opposition to Defendants' Motions in Limine: all sections. |
| *Id.* at 54 | 01/21/23 | G. Brockland | 6.80 | Teleconference with M. Bernstein and D. Wakefield regarding possible settlement (.8); teleconference with D. Wakefield regarding settlement (.4); draft further revisions to Memorandum in Opposition to Motion in Limine (4.3); teleconference with C. Miller regarding Memorandum of Contentions of Fact and Law (.3); teleconference with M. Bernstein regarding settlement (.2); draft revisions to Request for Judicial Notice (.8). |
| *Id.* | 01/22/23 | G. Brockland | 5.70 | Draft revisions to Memorandum in Opposition to Defendants' Motion in Limine (1.3); draft declaration in support of same (.4); review Local Rule and FRCP 26 regarding disclosure of witnesses (.2); finalize Plaintiff's Disclosure of Witnesses (.2); e-mails with M. Bernstein regarding settlement (.2).draft further revisions to |

| | | | | Memorandum of Contentions of Fact and Law (3.4). |
|---|---|---|---|---|
| *Id.* | 01/23/23 | G. Brockland | 7.60 | Conference with C. Miller regarding pre-trial filings due today (.4); draft final revisions to Memorandum in Opposition to Defendants' Motion in Limine (1.3); draft further revisions to Memorandum of Contentions of Fact and Law (5.7); teleconference with M. Bernstein regarding filings (.2). |
| | | | 47.5 | |

Plaintiff's counsel at One LLP spent a total of 4.4 hours[16] to review/revise the draft Opposition to Defendants' Motion in Limine The result is the inclusion of excessive requested fees by multiple of Plaintiff's attorneys. Additionally, as it is clear that counsel at Amundsen Davis performed the majority of the already grossly excessive research and drafting, it is unclear what additions the attorney at One LLP contributed or how his work is different than that completed by other attorneys billing for the same efforts.   The pertinent entries from One LLP are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| 147-14, p. 21 | 01/23/23 | W. O'Brien | 4.4 | Emails about settlement documentation, exhibit list, and opposition to motion in limine; prepare stipulation; prepare revisions to settlement agreement; review and comment on drafts of opposition to motion in limine and Memorandum of Contentions of Fact and Law; direct and supervise filings |

---

[16] *See* Note 1.

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  |  |  |

### Motion for Attorneys' Fees and Costs [DE 147]

Plaintiff's Motion for Fees was 12 pages in length, double-spaced, 14 pt. font. Between the three law firms, Plaintiff's counsel spent **51.6 hours** researching and drafting/editing the Opposition. The result is the inclusion of excessive requested fees.

Plaintiff's counsel at Amundsen Davis spent a total of **39.8 hours** for researching and drafting/editing the Motion, which time was expended by multiple attorneys. The result is the inclusion of excessive requested fees by multiple of Plaintiff's attorneys. The pertinent entries from Amundsen Davis are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| 147-6, p. 54 | 01/24/23 | G. Brockland | 2.10 | E-mail to D. Wakefield regarding yesterday's pre-trial filings (.3); research regarding attorneys' fees (1.8). |
| *Id*. | 01/30/23 | G. DeGregorio | 3.70 | Conduct legal research under federal law, specifically C.D. Cal., to find and pull orders entered since 2018 in the Central District of California granting attorneys fees to a plaintiff under the Copyright Act together with the memorandum of law filed by the plaintiff in connection with the motion for attorneys fees in each. |
| *Id*. at 56 | 04/11/23 | C. Miller | 2.30 | Draft/revise/edit Brockland declaration in support of motion for attorney's fees: include specific references to prior Court orders from |

| | | | | Wakefield III and IV and photographs at issue. |
|---|---|---|---|---|
| *Id.* at 57 | 04/24/23 | C. Miller | 2.00 | Continue to draft/review/edit Brockland declaration in support of motion for attorney's fees: include specific references to prior Court orders from Wakefield III and IV and photographs at issue. |
| *Id.* | 04/25/22 | C. Miller | 1.30 | Continue to draft/review/edit Brockland declaration in support of motion for attorney's fees: include specific references to prior Court orders from Wakefield III and IV and photographs at issue. |
| *Id.* | 05/01/23 | G. Brockland | 2.20 | Draft revisions to Memorandum of Points and Authorities in Support of Motion for Attorneys' Fees. |
| *Id.* | 05/03/23 | C. Miller | 2.80 | Continue to draft/revise memorandum in support of attorney fees. |
| *Id.* | 05/04/23 | C. Miller | 2.00 | Continue to draft/revise memorandum in support of attorney fees. |
| *Id.* | 05/05/23 | C. Miller | 3.70 | Continue to draft/revise memorandum in support of attorney fees |
| *Id.* at 58 | 05/18/23 | G. Brockland | 0.70 | Draft revisions to Declaration in Support of Motion for Attorneys' Fees. |

| *Id.* | 05/19/23 | G. Brockland | 2.50 | Draft revisions to Memorandum in Support of Motion for Fees and C0sts (1.2); draft revisions to Brockalnd Declaration in support of same (1.3). |
|-------|----------|--------------|------|-----------------------------------------------------------------------------------------------------------------------------------------------------|
| *Id.* | 05/22/23 | G. Brockland | 1.10 | Draft revisions to Declaration in Support of Motion for Attorneys' Fees (.6); draft revisions to memorandum in Support of Motion for Fees and Costs (.5). |
| *Id.* | 05/25/23 | G. Brockland | 0.80 | Draft revisions to Memorandum in Support of Motion for Fees and Costs. |
| *Id.* | 05/26/23 | E. McKown | 2.90 | Research re: copyright damages multiplier using federal law. |
| *Id.* | 05/26/23 | G. Brockland | 0.70 | Draft revisions to Memorandum in Support of Motion for Fees and Costs. |
| *Id.* | 05/30/23 | E. McKown | 5.00 | research re: use of a multiplier and possibility of applying California law over federal law. |
| *Id.* | 05/30/23 | G. Brockland | 0.70 | Review draft of M. Bernstein's Declaration in Support of Motion for Fees and Costs (.4); review research (.3). |
| *Id.* | 05/31/23 | E. McKown | 1.00 | Research re: lodestar calculation differences in state law and federal copyright law. |
| *Id.* | 06/01/23 | G. Brockland | 1.60 | Review case law regarding fees (1.0); draft revisions to Memorandum in Support of Motion for Fees (.6). |

| | | | | |
|---|---|---|---|---|
| *Id.* | 06/06/23 | G. Brockland | 0.7 | Work on Memorandum in Support of Motion for Fees (.5); teleconference with K. Moum regarding confidentiality of Motion (.2). |
| | | | 39.8 | |

Plaintiff's counsel at The Business Litigation Group, PC spent a total of 11.8 hours in reviewing and/or revising the draft Motion for Fees. Additionally, as it is clear that counsel at Amundsen Davis performed the majority of the already grossly excessive research and drafting, it is unclear what additions the attorney at The Business Litigation Group, PC contributed or how his work is different than that completed by other attorneys billing for the same efforts. The pertinent entries from The Business Litigation Group, PC are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| 147-12, p. 23 | 05/03/23 | M. Bernstein | 4.6 | Read Kewalramani order (2.7); search docket for fee award related items (0.6); download and file re-scheduling notice and calendar; download and file protective order and stipulation for settlement (0.4); research into Kewelramani fee awards and Olen Corp. fees sought in CA (0.8); research into McCormick fee awards (0.1). |
| *Id.* | 05/17/23 | T. Chen | 0.3 | Resend Marc previous McCormick fee award case documents and download other McCormick fee award case (0.2); download and file civil minutes (0.1). |
| *Id.* | 05/25/23 | M. Bernstein | 3.5 | Work on fee motion. |
| *Id.* | 05/26/23 | T. Chen | 1.4 | Edit Marc's declaration and create exhibit. |

| *Id.* | 05/26/23 | M. Bernstein | 1.5 | Work on declaration in support of fee petition. |
|-------|----------|--------------|-----|--------------------------------------------------|
| *Id.* | 05/26/23 | M. Bernstein | 0.5 | Continued work on declaration. |
| | | | 11.8 | |

## b.  Improper Billing for Intra-Firm and Inter-Firm Conferences and Communications among Counsel

Plaintiff's counsel at Amundsen Davis spent a total of **79.2 hours** communicating or conferencing internally or with the other attorneys/staff at One LLP/The Business Litigation Group, P.C.  The result is the inclusion of requested fees by multiple of Plaintiff's attorneys for the same conferences and communications. The pertinent entries from Amundsen Davis are as follows:

| Docket Entry | Date | Timekeeper | Time | Narrative |
|--------------|------|------------|------|-----------|
| 147-6, P. 3 | 6/14/21 | B. Wacker | 0.4 | Attend telephone strategy conference with co-counsel regarding same [RICO case law] (0.2); Conference with D. Coffman regarding targeted research topics (0.2) |
| *Id.* | 6/14/21 | G. Brockland | 0.3 | Telephone conference with M. Bernstein. |
| *Id.* | 6/16/21 | G. Brockland | 0.3 | e-mail to B. Wacker and D. Coffman regarding strategy |
| *Id.* at 4 | 6/21/21 | G. Brockland | 0.3 | Conference with D. Coffman regarding research. |
| *Id.* | 6/29/21 | G. Brockland | 0.3 | Conference with D. Coffman regarding research. |
| *Id.* | 7/1/21 | G. Brockland | 0.2 | Conference with B. Wacker regarding Complaint. |
| *Id.* | 7/12/21 | G. Brockland | 1.4 | Conference with B. Wacker regarding strategy and Complaint (0.9); telephone conference with M. Bernstein (0.5) |

| Id. | 7/21/21 | B. Wacker | 0.9 | Conference with G. Brockland regarding same [Complaint]. |
|---|---|---|---|---|
| Id. at 5 | 7/13/21 | G. Brockland | 0.2 | Conference with B. Wacker regarding same [Complaint]. |
| Id. | 7/15/21 | B. Wacker | 0.2 | Conference with D. Coffman regarding statute of limitations issues as they pertain to potential voiding of settlement agreement and research regarding same. |
| Id. | 7/28/21 | B. Wacker | 0.3 | Conference with G. Brockland regarding same. |
| Id. | 7/28/21 | G. Brockland | 0.3 | Conference with B. Wacker regarding legal issues. |
| Id. | 8/3/21 | B. Wacker | 0.4 | Conference with G. Brockland regarding same [draft of initial complaint] (0.2); Conference with D. Coffman regarding rescission research (0.2) |
| Id. | 8/13/21 | G. Brockland | 0.3 | Conference with B. Wacker (0.2); e-mail to M. Bernstein (0.1). |
| Id. at 5-6 | 9/1/21 | G. Brockland | 0.5 | Teleconference with M. Bernstein and B. Wacker (0.5) |
| Id. at 6 | 9/15/21 | B. Wacker | 0.5 | Final revisions to Complaint and conference with G. Brockland regarding same. |
| Id. | 9/15/21 | G. Brockland | 0.2 | Conference with B. Wacker regarding Complaint. |
| Id. | 9/20/21 | G. Brockland | 0.1 | E-mail to Mr. Bernstein. |
| Id. | 9/22/21 | B. Wacker | 0.2 | Conference with G. Brockland regarding same [edits and revisions to complaint] (0.1); e-mail to M. Bernstein regarding filing (0.1). |
| Id. | 9/24/21 | G. Brockland | 0.3 | Teleconference with M. Bernstein and T. Chen. |
| Id. | 9/26/21 | G. Brockland | 0.1 | E-mail to T. Chen |
| Id. | 10/14/21 | B. Wacker | 0.1 | Conference with G. Brockland regarding same [Court Order]. |

Case No. 8:21-cv-1585-CJC-DFM
Declaration of Spencer M. Sax in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs

87

| *Id.* | 10/14/21 | G. Brockland | 0.1 | Teleconference with M. Bernstein. |
|-------|----------|--------------|-----|-----------------------------------|
| *Id.* | 10/16/21 | G. Brockland | 0.3 | Teleconference with B. O'Brien. |
| *Id.* | 10/25/21 | G. Brockland | 0.3 | Teleconference with B. O'Brien. |
| *Id.* | 10/26/21 | G. Brockland | 0.5 | Teleconference with B. O'Brien and D. Wakefield (0.4); e-mail to B. O'Brien (0.1). |
| *Id.* at 7 | 11/22/21 | G. Brockland | 0.4 | E-mails with co-counsel; conference with C. Miller. |
| *Id.* | 11/22/21 | C. Miller | 0.2 | Conference with Gene Brockland regarding Complaint, case strategy, and recently filed Motion to Transfer by Defendants. |
| *Id.* | 11/24/21 | C. Miller | 1.0 | Attend conference call (via Zoom) with co-counsel and D. Wakefield regarding Motion to Transfer and other related issues. |
| *Id.* | 11/21/21 | G. Brockland | 1.0 | Teleconference with co-counsel and client regarding Motion to Transfer and other issues. |
| *Id.* | 11/29/21 | G. Brockland | 0.7 | E-mails with client and co-counsel regarding [redacted] (0.4); e-mails to co-counsel regarding strategy concerning Quantum Town Center LLC (0.3). |
| *Id.* at 9 | 12/14/21 | G. Brockland | 1.0 | Conference with C. Miller; review and revise Opposition to Motion to Transfer. |
| *Id.* | 12/17/21 | C. Miller | 0.5 | Review/analyze incoming e-mail from Bill O'Brien regarding draft opposition to Motion to Transfer. |
| *Id.* at 10. | 12/20/21 | C. Miller | 0.7 | Communicate with Gene Brockland and Bill O'Brien. |
| *Id.* | 12/20/21 | G. Brockland | 0.2 | Conference with C. Miller. |
| *Id.* | 12/30/21 | G. Brockland | 0.3 | E-mails with co-counsel. |
| *Id.* | 12/31/21 | C. Miller | 1.0 | Conference with Gene Brockland to discuss status/revisions to Memorandum in |

| | | | | response to OSC, GB Declaration, Request for Entry of Default, and Proof of Service to be filed by 1/3/22 in connection with same. |
|---|---|---|---|---|
| *Id.* at 10-11 | 12/31/21 | C. Miller | 0.3 | Draft/revise email to co-counsel Bill O'Brien and Marc Bernstein regarding Memorandum in Response to OSC, GB Declaration, Request for Entry of Default, and Proof of Service to be filed by 1/3/22 in connection with same. |
| *Id.* at 11 | 1/6/22 | G. Brockland | 0.1 | E-mails with co-counsel. |
| *Id.* | 1/10/22 | G. Brockland | 0.2 | E-mails to co-counsel regarding same [telephone conference with J. Hodges]. |
| *Id.* | 1/12/22 | G. Brockland | 0.5 | Teleconference with M. Bernstein and B. O'Brien. |
| *Id.* | 1/14/22 | G. Brockland | 0.4 | E-mails with co-counsel (0.2); teleconference with M. Bernstein (0.2). |
| *Id.* | 1/18/22 | G. Brockland | 0.3 | E-mails with co-counsel (0.2); conference with C. Miller regarding Motion to Dismiss (0.1). |
| *Id.* | 1/19/22 | G. Brockland | 0.4 | E-mails with co-counsel (0.2); teleconference with co-counsel (0.2). |
| *Id.* | 1/19/22 | C. Miller | 1.4 | Review/analyze incoming court filings; Motion to Dismiss filed by Defendant Olen Properties and e-mails from Gene Brockland, Marc Bernstein and Bill O'Brien discussing same. |
| *Id.* at 12 | 1/24/21 | G. Brockland | 0.1 | E-mails with co-counsel. |
| *Id.* | 1/25/21 | G. Brockland | 0.4 | E-mails to co-counsel and client. |
| *Id.* at 13 | 1/31/22 | C. Miller | 0.6 | Review/analyze incoming e-mails from Marc Bernstein and Bill O'Brien. |
| *Id.* | 2/1/22 | G. Brockland | 0.2 | Conference with C. Miller. |

| | | | | |
|---|---|---|---|---|
| *Id.* at 14 | 2/4/22 | G. Brockland | 0.2 | E-mails with co-counsel. |
| *Id.* | 2/4/22 | C. Miller | 0.2 | Incoming call from Marc Bernstein… |
| *Id.* | 2/7/22 | G. Brockland | 0.8 | Conference with C. Miller regarding same [Memorandum in Opposition to Motion to Quash]. |
| *Id.* | 2/9/22 | G. Brockland | 0.1 | Coordinate service with S. Thomas. |
| *Id.* at 15 | 2/16/22 | G. Brockland | 0.5 | Conference with C. Miller regarding research needed (0.2); e-mails with co-counsel (0.3). |
| *Id.* | 2/17/22 | G. Brockland | 0.3 | E-mail to J. Russo (0.1); e-mails with co-counsel (0.2). |
| *Id.* | 2/20/22 | G. Brockland | 0.2 | E-mails with co-counsel regarding strategy. |
| *Id.* | 2/22/22 | G. Brockland | 0.2 | E-mails to with co-counsel. |
| *Id.* | 2/25/22 | G. Brockland | 0.3 | E-mails with co-counsel. |
| *Id.* at 16 | 3/1/22 | G. Brockland | 0.2 | E-mails with co-counsel. |
| *Id.* | 3/7/22 | G. Brockland | 0.5 | E-mails with co-counsel regarding same [prior history of expert testimony on damages] (0.2); teleconference with M. Bernstein (0.2); conference with C. Miller (0.1). |
| *Id.* | 3/10/22 | G. Brockland | 0.1 | E-mails with C. Miller regarding same [Google images}. |
| *Id.* | 3/11/22 | G. Brockland | 0.5 | Review e-mail from C. Miller regarding statutory damages (0.2); conference with C. Miller (0.1); e-mail to J. Russo regarding research needed (0.2). |
| *Id.* | 4/5/22 | G. Brockland | 0.4 | E-mails to co-counsel (0.3); teleconference with M. Bernstein (0.1). |
| *Id.* | 4/6/22 | G. Brockland | 0.8 | E-mails with co-counsel regarding same [Motion to Bifurcate] (0.3); conference with C. Miller (0.5). |

| | | | | |
|---|---|---|---|---|
| *Id.* at 16-17 | 4/6/22 | C. Miller | 0.9 | Review/analyze e-mails from B. O'Brien. |
| *Id.* at 17 | 4/7/22 | G. Brockland | 0.2 | Conference with C. Miller. |
| *Id.* | 4/8/22 | G. Brockland | 0.3 | Conference with C. Miller regarding Motion to Bifurcate. |
| *Id.* | 4/13/22 | G. Brockland | 0.5 | E-mails with co-counsel regarding removal and motion to dismiss. |
| *Id.* at 18 | 4/21/22 | C. Miller | 1.0 | Continue to draft/revise Notice of Removal and conference with V. DeGregorio regarding same. |
| *Id.* at 19 | 4/22/22 | G. Brockland | 0.1 | E-mail to co-counsel. |
| *Id.* | 4/29/22 | G. Brockland | 0.2 | Teleconferences with D. Wakefield and M. Bernstein. |
| *Id.* | 5/1/22 | G. Brockland | 0.4 | E-mails with co-counsel regarding strategy and planning. |
| *Id.* | 5/2/22 | G. Brockland | 0.1 | E-mail to co-counsel. |
| *Id.* | 5/3/22 | G. Brockland | 0.5 | E-mails with co-counsel regarding Amended Complaint (0.3); conference with C. Miller regarding same [first set of discovery requests]. |
| *Id.* | 5/4/22 | G. Brockland | 0.2 | Conference with A. Starks regarding document production. |
| *Id.* at 20 | 5/6/22 | G. Brockland | 0.2 | E-mails with co-counsel. |
| *Id.* | 5/9/22 | G. Brockland | 0.8 | E-mails with co-counsel regarding discovery issues. |
| *Id.* | 5/10/22 | G. Brockland | 0.7 | E-mails with co-counsel. |
| *Id.* at 21 | 5/11/22 | G. Brockland | 0.2 | Conference with G. DeGregorio regarding same [draft Motion to Dismiss]. |
| *Id.* | 5/13/22 | G. Brockland | 0.2 | E-mails with co-counsel. |
| *Id.* | 5/16/22 | G. Brockland | 0.5 | Conference with A. Starks regarding discovery responses (0.3); conference with |

| | | | | V. DeGregorio regarding timing issues (0.2). |
|---|---|---|---|---|
| *Id.* at 22 | 5/17/22 | G. Brockland | 0.4 | E-mail to V. DeGregorio regarding research issues. |
| *Id.* at 22-23 | 5/18/22 | G. Brockland | 0.2 | E-mails with M. Bernstein. |
| *Id.* at 23 | 5/19/22 | G. Brockland | 0.2 | Conference with A. Starks regarding production of documents. |
| *Id.* | 5/20/22 | G. Brockland | 0.5 | Lengthy e-mail to co-counsel regarding status. |
| *Id.* | 5/24/22 | G. Brockland | 0.2 | Conference with A. Starks regarding same [documents to be produced]. |
| *Id.* | 6/1/22 | G. Brockland | 0.2 | Teleconference with M. Bernstein. |
| *Id.* | 6/3/22 | G. Brockland | 0.4 | E-mails to B. O'Brien (0.2) conference with K. Lam regarding document production (0.2). |
| *Id.* | 6/6/22 | G. Brockland | 0.3 | E-mails with co-counsel. |
| *Id.* at 24 | 6/9/22 | G. Brockland | 0.2 | Conference with C. Miller. |
| *Id.* | 6/16/22 | G. Brockland | 0.3 | E-mail to V. DeGregorio regarding research needed. |
| *Id.* at 26 | 6/22/22 | G. Brockland | 0.4 | Teleconference with M. Bernstein and M. Kelley regarding funding. |
| *Id.* | 6/28/22 | G. Brockland | 0.7 | Conference with C. Miller (0.4); e-mails with co-counsel (0.3). |
| *Id.* at 27-28 | 7/6/22 | G. Brockland | 0.5 | E-mail to V. DeGregorio regarding research needed. |
| *Id.* at 28 | 7/7/22 | G. Brockland | 0.2 | E-mails with A. Starks regarding FOIA requests. |
| *Id.* | 7/13/22 | G. Brockland | 0.2 | E-mails with team regarding Sandy Springs, GA FOIA request. |
| *Id.* | 7/22/22 | G. Brockland | 0.8 | E-mails to B. O'Brien. |
| *Id.* | 7/25/22 | G. Brockland | 0.4 | E-mails with co-counsel regarding same [Defendants' Motion for Leave to File |

| | | | | Counterclaim] (0.2); teleconference with J. Russo regarding research needed (0.2). |
|---|---|---|---|---|
| *Id.* at 29 | 7/27/22 | G. Brockland | 0.3 | E-mails with C. Miller regarding discovery issues. |
| *Id.* | 7/28/22 | G. Brockland | 0.3 | E-mails with co-counsel regarding Motion for Summary Judgment. |
| *Id.* | 7/29/22 | G. Brockland | 0.8 | E-mails with co-counsel regarding parameters for motion for partial summary judgment. |
| *Id.* | 8/3/22 | C. Miller | 0.6 | Conference with G. Brockland regarding civil RICO claims and elements of criminal copyright infringement for purposes of preparing motion for partial summary judgment… |
| *Id.* | 8/3/22 | G. Brockland | 0.8 | Conference with C. Miller regarding motion for partial summary judgment (0.6); e-mails with co-counsel (0.2) |
| *Id.* | 8/4/22 | G. Brockland | 0.7 | E-mails with co-counsel regarding strategy for motion for partial summary judgment. |
| *Id.* at 30 | 8/10/22 | G. Brockland | 0.4 | E-mails with J. Russo regarding research. |
| *Id.* | 8/11/22 | G. Brockland | 0.2 | Teleconference with C. Miller regarding discovery issues and meet and confer results. |
| *Id.* | 8/18/22 | G. Brockland | 0.2 | E-mail to C. Miller regarding same [proposed Order granting MPSJ]. |
| *Id.* at 31 | 8/22/22 | G. Brockland | 0.5 | E-mails with co-counsel. |
| *Id.* | 8/25/22 | G. Brockland | 0.2 | E-mail to co-counsel. |
| *Id.* | 8/29/22 | G. Brockland | 0.3 | E-mail to co-counsel regarding same [Defendants' Expert Witness Disclosure]. |
| *Id.* | 8/30/22 | G. Brockland | 0.2 | Conference with C. Miller regarding discovery joint stipulation. |
| *Id.* | 8/31/22 | G. Brockland | 0.3 | Conference with C. Miller. |

| *Id.* | 9/2/22 | G. Brockland | 0.3 | E-mail to co-counsel. |
|---|---|---|---|---|
| *Id.* | 9/7/22 | G. Brockland | 0.2 | E-mail to G. DeGregorio regarding research needed. |
| *Id.* at 32 | 9/9/22 | G. Brockland | 0.2 | E-mails to G. DeGregorio regarding research needed. |
| *Id.* | 9/12/22 | G. Brockland | 0.6 | E-mails with G. DeGregorio and B. O'Brien regarding MTD. |
| *Id.* | 9/15/22 | G. Brockland | 0.2 | Teleconference with C. Miller. |
| *Id.* | 9/16/22 | G. Brockland | 0.2 | E-mail to co-counsel. |
| *Id.* | 9/18/22 | G. Brockland | 1.0 | Meeting with B. O'Brien to discuss strategy. |
| *Id.* at 33 | 9/19/22 | G. Brockland | 0.1 | E-mails with co-counsel regarding MTD. |
| *Id.* | 9/21/22 | G. Brockland | 0.2 | E-mail to co-counsel. |
| *Id.* at 34 | 9/27/22 | G. Brockland | 0.3 | Conference with C. Miller regarding Joint Discovery Stipulation. |
| *Id.* | 9/28/22 | G. Brockland | 0.2 | E-mail to co-counsel regarding same [Joint Stipulation Regarding Discovery]. |
| *Id.* | 10/4/22 | G. Brockland | 0.1 | E-mails with co-counsel regarding same. |
| *Id.* at 35 | 10/7/22 | G. Brockland | 0.1 | E-mail to co-counsel. |
| *Id.* | 10/11/22 | G. Brockland | 0.2 | E-mail to co-counsel regarding same [Joint Stipulation]. |
| *Id.* | 10/13/22 | G. Brockland | 0.3 | Teleconference with M. Bernstein. |
| *Id.* at 36 | 10/20/22 | G. Brockland | 0.2 | Conference with C. Miller. |
| *Id.* | 10/24/22 | G. Brockland | 0..2 | Conference with C. Miller regarding motions. |
| *Id.* | 10/26/22 | G. Brockland | 1.6 | Teleconference with B. O'Brien; continue preparation for deposition of I. Olenicoff. |

| *Id.* | 10/27/22 | G. Brockland | 0.2 | Conference with C. Miller. |
|-------|----------|--------------|-----|----------------------------|
| *Id.* | 10/28/22 | C. Miller | 1.5 | Conference with G. Brockland regarding upcoming party depositions. |
| *Id.* | 11/2/22 | G. Brockland | 0.2 | Conference with C. Miller regarding Motion for Partial Summary Judgment. |
| *Id.* | 11/3/22 | C. Miller | 1.0 | Conference with G. Brockland and assist in preparing outline and exhibit lists. |
| *Id.* at 38 | 11/5/22 | G. Brockland | 0.2 | E-mail to C. Miller regarding next steps. |
| *Id.* | 11/7/22 | G. Brockland | 0.3 | E-mails to C. Miller regarding corporate representative deposition and motion for partial summary judgment. |
| *Id.* | 11/8/22 | G. Brockland | 1.0 | E-mail to co-counsel. |
| *Id.* at 39 | 11/10/22 | G. Brockland | 0.3 | E-mail to counsel regarding same (revisions to partial summary judgment pleadings). |
| *Id.* | 11/10/22 | C. Miller | 0.3 | Draft/revise e-mail local counsel M. Bernstein and B. O'Brien regarding exhibits to motion for partial summary judgment. |
| *Id.* | 11/11/22 | G. Brockland | 0.5 | Teleconference with C. Miller regarding same [Supplemental Memorandum in Supporting of Motion to Compel] (0.2); teleconference with co-counsel regarding Motion for Partial Summary Judgment (0.3). |
| *Id.* | 11/11/22 | C. Miller | 1.5 | Zoom conference call with G. Brockland and B. O'Brien to discuss motion for partial summary judgment in advance of upcoming filing deadline. (of 11/14). |
| *Id.* at 40 | 11/14/22 | G. Brockland | 0.3 | Teleconferences with C. Miller. |
| *Id.* | 11/15/22 | G. Brockland | 0.3 | Teleconference with C. Miller. |

| *Id.* at 41 | 11/16/22 | G. Brockland | 0.3 | Conference with C. Miller regarding corporate representative deposition. |
|---|---|---|---|---|
| *Id.* | 11/17/22 | G. Brockland | 0.3 | Conference with V. DeGregorio regarding research needed. |
| *Id.* | 11/22/22 | G. Brockland | 0.3 | Conference with C. Miller. |
| *Id.* | 11/29/22 | G. Brockland | 0.7 | Multiple e-mails to V. DeGregorio regarding research need for Opposition to Defendants' Motion for Summary Judgment (0.4); conference with C. Miller regarding Motion to Compel (0.3). |
| *Id.* at 41-42 | 11/30/22 | G. Brockland | 0.4 | E-mails with co-counsel. |
| *Id.* at 43 | 12/8/22 | C. Miller | 1.0 | Conference with V. DeGregorio and G. Brockland regarding authorities/arguments to raise in opposition to Defendants' motion for summary judgment. |
| *Id.* at 44 | 12/12/22 | C. Miller | 0.3 | Conference with G. Brockland. |
| *Id.* | 12/12/22 | G. Brockland | 0.3 | E-mails with co-counsel regarding briefing. |
| *Id.* at 46 | 12/19/22 | G. Brockland | 0.8 | Multiple e-mails with co-counsel. |
| *Id.* | 12/21/22 | G. Brockland | 0.4 | Conference with A. Starks regarding document search needed (0.2); e-mail to team regarding same [Scheduling Order and Local Rules regarding pretrial matters]. |
| *Id. at 47* | 12/22/22 | G. Brockland | 0.5 | E-mails with tram regarding pre-trial requirements. |
| *Id.* | 12/24/22 | G. Brockland | 0.1 | E-mail to B. O'Brien. |
| *Id.* | 12/27/22 | G. Brockland | 0.2 | Conference with C. Miller regarding Motion to Strike. |
| *Id.* | 12/28/22 | G. Brockland | 0.2 | E-mails with team. |
| *Id.* at 48 | 1/3/23 | G. Brockland | 0.2 | E-mails with co-counsel. |

| | | | | |
|---|---|---|---|---|
| *Id.* | 1/4/23 | C. Miller | 0.5 | Plan and prepare for upcoming jury trial: conference with V. DeGregorio regarding preparation of jury instructions. |
| *Id.* | 1/5/23 | G. Brockland | 0.5 | Teleconference with M. Bernstein (02); teleconference with C. Miller and G. DeGregorio (0.3). |
| *Id.* at 49 | 1/6/23 | G. Brockland | 0.2 | E-mail to team regarding same [teleconference with S. Sax]. |
| *Id.* at 50 | 1/9/23 | G. Brockland | 0.8 | Conference with G. DeGregorio regarding research needed (0.3); conference with C. Miller regarding exhibit list (0.2); teleconferences with M. Bernstein regarding damages and settlement issues (0.3). |
| *Id.* | 1/10/23 | G. Brockland | 0.3 | Conference with C. Miller regarding exhibit list. |
| *Id.* at 52 | 1/17/23 | G. Brockland | 1.3 | E-mail to team regarding research needed to respond to same [Defendants' Motion in Limine] (0.6); e-mail to team regarding Plaintiff's Memorandum of Contentions of Fact and Law (0.4); e-mails with M. Bernstein regarding settlement (0.3) |
| *Id.* | 1/18/23 | G. Brockland | 1.3 | Conference with C. Miller and G. DeGregorio regarding same [Memorandum in Opposition to Defendants' Motion in Limine]; teleconference with M. Bernstein and B. O'Brien regarding settlement issues (1.0). |
| *Id.* at 53 | 1/19/23 | G. Brockland | 0.5 | E-mail to co-counsel regarding same [settlement value]. |
| *Id.* | 1/20/23 | G. Brockland | 1.3 | Multiple teleconferences with M. Bernstein and D. Wakefield regarding settlement. |
| *Id.* at 54 | 1/21/23 | G. Brockland | 1.3 | Teleconference with M. Bernstein and D. Wakefield regarding possible settlement (.8); teleconference with C. Miller regarding Memorandum of Contentions if |

| | | | | Fact and Law (.3); teleconference with M. Bernstein regarding settlement (.2). |
|---|---|---|---|---|
| *Id.* | 1/22/23 | G. Brockland | 0.2 | E-mails to M. Bernstein regarding settlement. |
| *Id.* | 1/23/23 | G. Brockland | 0.6 | Conference with C. Miller regarding pretrial filings due today (0.4); teleconference with M. Bernstein regarding filings (0.2) |
| *Id.* | 1/26/23 | G. Brockland | 0.5 | E-mail to co-counsel regarding settlement (0.2); e-mails with co-counsel (0.3). |
| *Id.* at 55 | 1/30/23 | G. Brockland | 0.5 | Teleconference with M. Bernstein and B O'Brien regarding settlement and trial strategy. |
| *Id.* | 1/31/23 | G. Brockland | 0.3 | Teleconference with M. Bernstein regarding settlement. |
| *Id.* | 2/9/23 | G. Brockland | 0.3 | Teleconference with M. Bernstein regarding same [preparation for status conference with magistrate]. |
| *Id.* | 2/10/23 | G. Brockland | 0.1 | E-mails with co-counsel regarding settlement negotiations. |
| *Id.* | 2/13/23 | G. Brockland | 0.3 | E-mail to M. Bernstein regarding settlement (0.2); e-mail to C. Miller regarding witness interview (0.1) |
| *Id.* | 2/18/23 | G. Brockland | 0.2 | E-mail to co-counsel regarding same [revised settlement agreement draft]. |
| *Id.* | 2/20/23 | G. Brockland | 0.1 | E-mail to M. Bernstein. |
| *Id.* 55-56 | 2/22/23 | G. Brockland | 0.3 | E-mails with co-counsel. |
| *Id.* at 56 | 3/1/23 | G. Brockland | 0.5 | Conference with C. Miller regarding jury instructions (0.2); e-mail to client and co-counsel regarding same and further developments (0.3). |
| *Id.* | 3/3/23 | G. Brockland | 0.3 | E-mail with co-counsel regarding outstanding issues. |
| *Id.* | 3/6/23 | G. Brockland | 0.3 | E-mails with co-counsel regarding magistrate settlement conference. |

| | | | | |
|---|---|---|---|---|
| *Id.* | 3/30/23 | G. Brockland | 0.3 | Teleconference with M. Bernstein regarding settlement discussions. |
| *Id.* | 4/5//23 | G. Brockland | 0.2 | Emails with M. Bernstein regarding settlement negotiations. |
| *Id.* | 4/7/23 | G. Brockland | 0.2 | Emails with M. Bernstein regarding settlement agreement. |
| *Id.* at 57 | 4/13/23 | G. Brockland | 0.3 | Teleconference with M. Bernstein regarding settlement letter required by magistrate. |
| *Id.* | 4/18/23 | G. Brockland | 0.2 | Emails with co-counsel regarding discovery matter. |
| *Id.* | 4/19/23 | G. Brockland | 0.2 | Teleconference with M. Bernstein regarding settlement strategy. |
| *Id.* | 4/20/23 | G. Brockland | 0.2 | E-mail to co-counsel regarding same [teleconference with D. Wakefield]. |
| *Id.* at 58 | 6/3/23 | G. Brockland | 0.2 | E-mails with co-counsel regarding declarations. |
| | | | 79.2 | |

Plaintiff's counsel at The Business Litigation Group, P.C. spent a total of **50.9 hours**[17] communicating or conferencing internally or with the attorneys at One LLP/Amundsen Davis. The result is the inclusion of requested fees by multiple of Plaintiff's attorneys for the same conferences and communications. The pertinent entries from The Business Litigation Group, P.C. are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| 147-12, P. 3 | 6/14/21 | M. Bernstein | 1.7 | Call with Gene and Brian Wacker about preliminary case strategy; research RICO statute of limitations. |
| *Id.* | 7/12/21 | M. Bernstein | 0.7 | Call with Gene about case strategy |
| *Id.* | 9/1/21 | M. Bernstein | 2.1 | Zoom call with Gene and Brian about draft complaint, case strategy, and next steps. |

---

[17] Because counsel block billed time with no distinction for the time spent on separate tasks, it is not always possible to discern the amount of time counsel spent for conferences and communications. Accordingly, for purposes of calculating the time, the full amount of time on the bill is included.

| *Id.* | 9/22/21 | M. Bernstein | 1.2 | Work with Tsui to get complaint on file. |
|---|---|---|---|---|
| *Id.* | 9/24/21 | M. Bernstein | 0.3 | Call with Marc to review initiating documents; call with Gene and Marc re initiating documents |
| *Id.* at 7 | 11/24/21 | M. Bernstein | 1.3 | Prepare for and attend meeting with Bill and Gene re response to motion to change venue. |
| *Id.* at 11 | 1/6/22 | M. Bernstein | 1.2 | Review and respond to email re service and motion to quash issues; call with Bill re same. |
| *Id.* | 1/12/22 | T. Chen | 0.3 | Zoom with Marc and Richard re searching for Olenicoff deadline to file answer after motion denied. |
| *Id.* | 1/12/22 | M. Bernstein | 0.9 | Call with Gene and Bill about Don issue; call with Tsui and Richard re Olen's response deadline to complaint. |
| *Id.* | 1/18/22 | M. Bernstein | 1.7 | Calls and emails with Olen counsel and Gene about its meet-and-confer regarding its motion to dismiss and supporting request for filing of Wakefield II settlement agreement under seal. |
| *Id.* | 1/19/22 | T. Chen | 0.3 | Confer with Marc re deadlines Olen Prop MTD. |
| *Id.* | 1/19/22 | M. Bernstein | 1.2 | Confer with Tsui about calendaring deadlines triggered by Olen's Rule 12 motion; confer with Bill and Gene about settlement strategy. |
| *Id.* | 1/25/22 | M. Bernstein | 1.1 | Email with Gene and Done about Don's desire to take possession of knockoffs Olenicoff made of his work.; and about legal research questions we'll want to look at. |
| *Id.* at 12 | 2/1/21 | M. Bernstein | 0.9 | Confer with Bill and Gene about case strategy; call to Spencer Sax and note to Gene and Bill re same. |

| *Id.* | 2/7/22 | M. Bernstein | 2.1 | Confer with team re today's filings, and review and redline same. |
|---|---|---|---|---|
| *Id.* | 2/11/22 | M. Bernstein | 0.4 | Review reply briefs of Olen and Olenicoff and confer with Bill and Gene re same. |
| *Id.* | 2/17/22 | M. Bernstein | 0.9 | Confer with Bill and Gene re case strategy. |
| *Id.* | 2/21/22 | M. Bernstein. | 0.9 | Review case management rules and correspond with Gene and Bill about our judge having seemingly missed the CMC deadline. |
| *Id.* | 2/22/22 | M. Bernstein | 0.9 | Calls with Bill and Gene about strategy… |
| *Id.* | 2/23/22 | M. Bernstein | 2.0 | Call from Spencer Sax and summarize same to Gene and Bill; e-mail with Don, and call with Bill re same. |
| *Id.* | 4/13/22 | M. Bernstein | 0.4 | Review state-court complaint against Done; confer with Don, Gene and Bill about possible responses… |
| *Id.* | 4/15/22 | M. Bernstein | 0.8 | Research regarding options for dealing with Olenicoff's newly filed state-court claims, and confer with Gene, Bill and Done re same. |
| *Id.* | 4/25/22 | M. Bernstein | 0.5 | Correspond with Gene and Bill about damages and whether an expert is needed. |
| *Id.* at 13 | 4/29/22 | M. Bernstein | 0.9 | Calls with Gene about case strategy, including history of first work that was not tried in the first Wakefield case (.9). |
| *Id.* | 5/2/22 | M. Bernstein | 0.6 | Respond to Gene and Bill re adding Quantum Town Center to case. |
| *Id.* | 5/3/22 | M. Bernstein | 0.6 | Confer with team about adding Quantum |
| *Id.* | 5/6/22 | M. Bernstein | 1.9 | … begin draft response to Gene's questions about what issues we can get decided before trial. |
| *Id.* | 5/10/22 | M. Bernstein | 1.5 | Confer with Gene and Bill re response date for remove state-court complaint and whether to seek rule 11 sanctions; review |

| | | | | draft discovery requests from Gene and confer with him re same. |
|---|---|---|---|---|
| *Id.* | 5/13/22 | M. Bernstein | 0.7 | Confer with Gene and Bill about strategy questions. |
| *Id.* | 7/28/22 | M. Bernstein | 1.0 | Respond to Gene's inquiries about a partial summary judgment motion. |
| *Id.* | 8/29/22 | M. Bernstein | 0.3 | Answer Gene's question about Olen's designation of an expert. |
| *Id.* at 18 | 1/5/23 | M. Bernstein | 0.9 | Call with Gene to discuss strategies for dealing with proof of Olenicoff's and Olen's net worth and case strategy more generally. |
| *Id.* | 1/9/23 | M. Bernstein | 1.3 | Calls with Gene, Don, Spencer Sax and Bill re settlement. |
| *Id.* | 1/10/23 | M. Bernstein | 0.7 | Talk with Tsui and update Gene and Bill, about researching Judge Carney's attorney fee awards. |
| *Id.* | 1/10/23 | T. Chen | 0.2 | Zoom with Marc re Judge Carney's awarded attorney fees. |
| *Id.* | 1/12/23 | T. Chen | 0.1 | Zoom with Marc re Carney memo on attorney fee awards. |
| *Id.* | 1/17/23 | M. Bernstein | 0.8 | Call and email with Spencer and plaintiff team about settlement. |
| *Id.* | 1/18/23 | M. Bernstein | 1.4 | Confer with Gene and Bill re settlement strategy. |
| *Id.* | 1/20/23 | M. Bernstein | 1.9 | Confer with Sax, Gene and Bill, and Bill and Don, about settlement. |
| *Id.* at 19 | 1/26/23 | M. Bernstein | 1.3 | Continued conferences with team, and communications with defense counsel. |
| *Id.* | 1/30/23 | M. Bernstein | 0.7 | Call with Gene and Bill re strategy for response. |
| *Id.* | 1/31/23 | M. Bernstein | 0.6 | Correspond with team and with Sax re settlement. |
| *Id.* | 2/2/23 | M. Bernstein | 1.5 | Confer with Gene and Bill |
| *Id.* | 2/6/23 | M. Bernstein | 0.7 | Review and respond to latest settlement draft from Sax; confer with team re same. |

| *Id.* | 2/9/23 | M. Bernstein | 0.4 | Calls with Gene and the court about upcoming settlement conference. |
| *Id.* | 2/13/23 | M. Bernstein | 0.3 | Call with Gene, and email to Sax, about settlement. |
| *Id.* | 2/14/23 | M. Bernstein | 2.3 | Prepare response to Sax about why settlement went off the rail; and confer with Gene and Bill re same. |
| *Id.* | 3/1/23 | M. Bernstein | 0.5 | Settlement strategy call with Gene and Bill. |
| *Id.* at 20 | 4/13/23 | M. Bernstein | 0.4 | Call with Gene re Settlement Strategy. |
| *Id.* | 4/19/23 | M. Bernstein | 1.3 | Calls with Gene re, and attend, settlement conference prep call with Judge Kewalramani… |
| *Id.* | 4/20/23 | M. Bernstein | 1.8 | Revise latest redline of the settlement agreement from defendants; confer with Gene re same. |
| *Id.* | 5/20/23 | T. Chen | 0.2 | Zoom with Marc re invoice redactions. |
| *Id.* at 23 | 5/17/23 | T. Chen | 0.3 | Resend Marc previous McCormick fee award case documents |
| | | | 50.9 | |

Plaintiff's counsel at One LLP spent a total of **97.9 hours**[18] communicating or conferencing internally and/or with the attorneys at The Business Law Group, P.C/Amundsen Davis. The result is the inclusion of requested fees by multiple of Plaintiff's attorneys for the same conferences and communications. The pertinent entries from One LLP are as follows:

| Docket Entry | Date | Time Keeper | Time | Narrative |
|---|---|---|---|---|
| 147-14, P. 2 | 10/13/21 | W. O'Brien | 0.3 | Emails with Marc Bernstein about recently-filed case |
| *Id.* | 10/14/21 | W. O'Brien | 0.9 | Call with Marc Bernstein about recently-filed case; emails with Marc and Gene |

---

[18] Because counsel block billed time with no distinction for the time spent on separate tasks, it is not always possible to discern the amount of time counsel spent for conferences and communications. Accordingly, for purposes of calculating the time, the full amount of time on the bill is included.

| | | | | Brockland; review information about copyright RICO claims |
|---|---|---|---|---|
| *Id.* | 10/15/21 | W. O'Brien | 0.5 | Call with Gene Brockland |
| *Id.* | 10/16/21 | W. O'Brien | 0.6 | Emails with Gene Brockland; receive and study settlement agreement |
| *Id.* | 10/19/21 | W. O'Brien | 0.4 | Prepare message to Gene Brockland about issues in case, etc.; call with Marc Bernstein |
| *Id.* | 10/21/21 | W. O'Brien | 0.5 | Legal research on law of fraudulent inducement; message to Gene Brockland |
| *Id.* | 10/23/21 | W. O'Brien | 1.2 | Further legal research on law of fraudulent inducement; research on rescission; confer with colleagues about Judge Carney; emails with Gene Brockland |
| *Id.* | 10/26/21 | W. O'Brien | 0.4 | Zoom meeting with Don Wakefield and Gene Brockland |
| *Id.* | 11/1/21 | W. O'Brien | 0.4 | **Emails with Glen Brockland about extension of defendants' time to respond**; prepare notice of appearance and pro has vice application; emails about certificates of good standing |
| *Id.* | 11/3/21 | W. O'Brien | 0.5 | **Emails with Glen Brockland and call with Nate Lichtenberger about earlier cases**, related case designation, and pro hac appearance in earlier case; review and forward dockets and information about new defense attorney |
| *Id.* at 3 | 11/4/21 | W. O'Brien | 0.3 | Emails with Gene Brockland about possible attempt by defendants to move case to Florida; review dockets and civil cover sheet |
| *Id.* | 11/18/21 | W. O'Brien | 0.2 | Emails about defendants' attempts to meet and confer on motion to transfer case |
| *Id.* | 11/19/21 | W. O'Brien | 1.0 | …Team emails |
| *Id.* | 11/22/21 | W. O'Brien | 0.6 | Emails with team about notice and resulting deadlines; further emails |

Case No. 8:21-cv-1585-CJC-DFM
Declaration of Spencer M. Sax in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs

104

| Id. | 11/23/21 | W. O'Brien | 0.2 | Emails and internal communications about deadlines. |
|---|---|---|---|---|
| Id. | 11/24/21 | W. O'Brien | 1.3 | Conference call with Don Wakefield, Gene Brockland, Marc Bernstein, and Chris Miller about transfer motion, etc.; receive and study information about Natalia Ostensen |
| Id. | 11/29/21 | W. O'Brien | 0.5 | Emails with team about adding Quantum Town Center and website photographs to case and about crime-fraud exception; call with Nate Lichtenberger and emails about expiration of certificate of good standing |
| Id. | 11/30/21 | W. O'Brien | 0.3 | Further emails about expiration of certificate of good standing and obtaining new ones; receive and review corrected pro hac vice application |
| Id. | 12/13/21 | W. O'Brien | 0.2 | Call with Gene Brockland about certificates of good standing, opposition to transfer motion, etc. |
| Id. at 4 | 12/18/21 | W. O'Brien | 0.3 | Emails with Gene Brockland; receive revised draft of brief opposing transfer |
| Id. | 12/20/21 | W. O'Brien | 4.1 | …Emails with Done, Gene, Chris Miller, etc. |
| Id. at 5 | 1/2/22 | W. O'Brien | 1.5 | Prepare request for entry of default; edit draft of supporting declaration; **emails** |
| Id. | 1/3/22 | W. O'Brien | 2.1 | **Receive and study multiple emails** and revised drafts of filings to request default of Igor Olenicoff and respond to court's order to show cause; check and revise documents; direct and supervise filings |
| Id. | 1/5/22 | W. O'Brien | 1.0 | Direct and supervise finalizing and filing of amended request for default and supporting papers; receive study limited appearance documents; receive and study motion to quash service; **prepare reports to co-co-counsel; emails about call from opposing counsel** |

| *Id*. | 1/6/22 | W. O'Brien | 0.9 | **Emails and call with co-counsel about call with opposing counsel**; receive and study order scheduling motion to quash and notice of deficiencies; **prepare report to co-counsel**; receive and review notice of deficiency in amended request for entry of default; **receive and review notes of Marc Bernstein's call with opposing counsel; further emails** |
|---|---|---|---|---|
| *Id*. | 1/10/22 | W. O'Brien | 0.5 | **Emails with co-counsel** about attempted service of summons and complaint on John Liang; receive and study proposed order on motion to quash; prepare report to co-counsel; **further emails** |
| *Id*. | 1/11/22 | W. O'Brien | 0.2 | Emails with co-counsel setting up Zoom meeting |
| *Id*. | 1/13/22 | W. O'Brien | 0.4 | Receive and study supplement to motion to quash; call with Marc Berstein about Olen default and calling opposing counsel |
| *Id*. at 6 | 1/17/22 | W. O'Brien | 0.1 | Review emails |
| *Id*. | 1/18/22 | W. O'Brien | 0.6 | Receive and study motion to dismiss; review emails and research by Marc Bernstein |
| *Id*. | 1/19/22 | W. O'Brien | 0.7 | Emails with co-counsel about opposing motion to dismiss; receive and review notice of deficiencies; further emails; conference call |
| *Id*. | 1/20/22 | W. O'Brien | 0.3 | Receive notice scheduling hearing on motion to dismiss; emails with co-counsel about briefing schedule |
| *Id*. | 1/24/22 | W. O'Brien | 0.1 | Receive and review emails about settlement discussion, etc. |
| *Id*. | 1/25/22 | W. O'Brien | 0.1 | Receive and review emails about settlement, destruction of infringing sculptures, reasonable reliance, etc. |
| *Id*. | 2/1/22 | W. O'Brien | 0.5 | Receipt and initial review of draft of memorandum opposing motion to quash; |

| | | | | |
|---|---|---|---|---|
| | | | | emails with team about motions to dismiss and quash |
| *Id*. | 2/3/22 | W. O'Brien | 0.3 | Emails about opposition to motion to quash. |
| *Id*. | 2/4/22 | W. O'Brien | 0.6 | **Review emails about communications with opposing counsel; emails with Tsui-Ming Chen about her declaration**; receipt and initial review of third draft oof opposition to motion to dismiss |
| *Id*. at 7 | 2/11/22 | W. O'Brien | 1.2 | Receive and study replies in support of motions to dismiss and quash; **prepare message to co-counsel; related emails** |
| *Id*. | 2/16/22 | W. O'Brien | 0.6 | Receive and study order denying motions to dismiss and to quash; **emails** about order, default, service of Liang, possible spoliation, etc. |
| *Id*. | 2/18/22 | W. O'Brien | 0.2 | Review emails about false designations of authorship. |
| *Id*. | 2/21/22 | W. O'Brien | 0.4 | Emails and analysis about responding to opposing counsel's request we agree he won't be a witness |
| *Id*. | 2/23/22 | W. O'Brien | 0.3 | Emails about discussion with opposing counsel, possible discovery |
| *Id*. | 3/1/22 | W. O'Brien | 0.6 | Emails about defendants request for extension of time, litigation funding; review and comment on draft stipulation |
| *Id*. | 3/3/22 | W. O'Brien | 0.1 | Review further emails about litigation funding |
| *Id*. at 8 | 3/11/22 | W. O'Brien | 0.2 | Prepare message to team about dismissal of John Liang. |
| *Id*. | 3/21/22 | W. O'Brien | 0.1 | Review emails about joint report of early meeting of counsel |
| *Id*. | 3/31/22 | W. O'Brien | 0.2 | Review status of early meeting of counsel; prepare message to Gene Brockland |
| *Id*. | 4/1/22 | W. O'Brien | 0.2 | Review emails with opposing counsel about early meeting of counsel and proposed motion; emails with team |

| *Id.* | 4/5/22 | W. O'Brien | 1.3 | Emails with co-counsel about early meeting of counsel and defendants' planned motion to bifurcate; receive and study motion to bifurcate and stay; analysis; prepare message to team |
| *Id.* | 4/6/22 | W. O'Brien | 0.8 | Emails with co-counsel about bifurcation motion, etc.; receive and study scheduling notice, notice of deficiencies, and revised draft of joint report |
| *Id.* | 4/12/22 | W. O'Brien | 0.1 | Review emails about litigation funding |
| *Id.* | 4/13/22 | W. O'Brien | 1.0 | Receive and study state-court filings; analysis; emails with team |
| *Id.* at 9 | 4/14/22 | W. O'Brien | 0.4 | Emails with team about removal of state-court case. |
| *Id.* | 4/15/22 | W. O'Brien | 0.8 | Further emails with team about removal of state-court case; analysis of related issues |
| *Id.* | 4/21/22 | W. O'Brien | 0.4 | Direct and supervise filing of joint report; **related emails**. |
| *Id.* | 4/25/22 | W. O'Brien | 2.0 | Emails about opposition to motion to bifurcate; revise brief; finalize and opposition papers and direct filing |
| *Id.* | 4/26/22 | W. O'Brien | 0.3 | Call with Marc Bernstein about litigation privilege |
| *Id.* | 5/1/22 | W. O'Brien | 0.2 | Receive and study message from Gene Brockland about case tasks and issues |
| *Id.* | 5/2/22 | W. O'Brien | 2.5 | **Receive and study message from Gene Brockland** about amended complaint; **prepare message to Gene about personal jurisdiction; receive and study message from Marc Bernstein**; preparation of removal papers; receive and study reply in support of bifurcation motion |
| *Id.* | 5/4/22 | W. O'Brien | 0.2 | Team emails |
| *Id.* at 10 | 5/6/22 | W. O'Brien | 1.0 | **Team emails**; review draft of initial disclosures and provide suggested edits; |

| | | | | |
|---|---|---|---|---|
| | | | | direct and supervise filing of federal papers re removal |
| *Id.* | 5/9/22 | W. O'Brien | 0.8 | Receive and study defendants' initial disclosures; review emails about discovery; check status of removal papers; circulate copies to team; **emails about how to respond  to state-court complaint and about possibility of sanctions** |
| *Id.* | 5/10/22 | W. O'Brien | 1.1 | Emails about responding to complaint in removed case, discovery, potential sanctions, etc.; receive and study rejection of state-court filing and prepare notice of stay demanded by state-court clerk; related emails; prepare message to opposing counsel requesting extension; **emails with Gene Brockland about motion format** |
| *Id.* | 5/12/22 | W. O'Brien | 1.0 | Prepare stipulation for extension and forward it to opposing counsel; **emails with** opposing counsel **and team**; receive order denying motion to bifurcate; prepare report to team |
| *Id.* | 5/13/22 | W. O'Brien | 1.0 | Prepare for call with Julie Ault about motion to dismiss; call with Ault; receive and review order from superior court; **prepare reports to team; emails with team about discovery and issues looking ahead** |
| *Id.* | 5/19/22 | W. O'Brien | 0.2 | Receive and study emails about [redacted] |
| *Id.* | 5/23/22 | W. O'Brien | 0.1 | Receive and study emails about discovery responses. |
| *Id.* at 11 | 5/27/22 | W. O'Brien | 0.6 | Receive and study notice of intent; prepare report to team; emails; receive and study discovery responses |
| *Id.* | 6/3/22 | W. O'Brien | 0.5 | Emails about pro hac vice admissions and about continuance of hearing on motion for dismissal |

| | | | | |
|---|---|---|---|---|
| *Id.* | 6/8/22 | W. O'Brien | 0.8 | Receive and review order continuing motion to dismiss; prepare message to team; exchange messages with Marc Bernstein about dismissal motion and related procedural issues; review other emails |
| *Id.* | 6/11/22 | W. O'Brien | 0.2 | Emails about extension of time, engagement letter |
| *Id.* | 6/27/22 | W. O'Brien | 0.4 | Emails with Gene Brockland about replying in support of motion to dismiss; receipt and initial review of discovery responses |
| *Id.* | 6/28/22 | W. O'Brien | 0.4 | Emails with Gene Brockland about preliminaries to motion to compel; receive documents produced by defendants |
| *Id.* | 6/29/22 | W. O'Brien | 0.6 | Review emails about discovery responses; review draft reply brief in support of motion to dismiss; related email |
| *Id.* at 12 | 7/5/22 | W. O'Brien | 0.2 | Emails about early meeting of counsel. |
| *Id.* | 7/6/22 | W. O'Brien | 0.8 | Emails with Gene Brockland; receive and study court order granting motion to dismiss; prepare message to team; further emails with team |
| *Id.* | 7/21/22 | W. O'Brien | 0.5 | Prepare message to Gene Brockland with comments and suggestions on meet-and-confer letter |
| *Id.* | 7/25/22 | W. O'Brien | 0.5 | Receipt and initial review of motion for leave to amend answer to add counterclaims; related emails |
| *Id.* | 7/28/22 | W. O'Brien | 2.9 | **Receive and study message from Gene Brockland about partial summary judgment** and drafts of motion documents; receive and study letter asking to meet and confer about defendants' deficient discovery responses; emails; prepare comments on motion for partial summary |

| | | | | judgment; further analysis and emails about partial summary judgment |
|---|---|---|---|---|
| *Id.* | 7/29/22 | W. O'Brien | 0.4 | Call with Marc Bernstein about partial summary judgment |
| *Id.* | 8/2/22 | W. O'Brien | 0.2 | Review recent emails |
| *Id.* | 8/3/22 | W. O'Brien | 0.5 | Further emails with co-counsel about meet-and-confer requirement and joint stipulation; review additional emails |
| *Id.* | 8/5/22 | W. O'Brien | 0.3 | Emails with co-counsel about partial summary judgment |
| *Id.* at 13 | 8/8/22 | W. O'Brien | 0.2 | Email to team about deadline for opposing motion for leave amend |
| *Id.* | 8/9/22 | W. O'Brien | 0.6 | Receive and study draft of joint stipulation; **prepare message to Gene Brockfield with initial comments** |
| *Id.* | 8/15/22 | W. O'Brien | 0.6 | **Receive and study message from Gene Brockland** and draft of memorandum opposing motion for leave to amend; analysis; **prepare message to team about opposition issues and papers** |
| *Id.* | 8/19/22 | W. O'Brien | 0.3 | **Receive and review emails from Gene Brockland** and revised draft of memorandum opposing leave to amend |
| *Id.* | 8/29/22 | W. O'Brien | 0.8 | **Receive and study messages from Gene Brockland and Marc Bernstein about expert witness disclosure and related damage issues**; receive and study reply in support of motion for leave to amend answer and submit counterclaims; **prepare message to team about reply** |
| *Id.* | 9/1/22 | W. O'Brien | 0.8 | **Receive and review message from Chris Miller** and draft of joint statement in support of motion to compel; **prepare message to Chris**; receive and study order granting leave to amend answer; **prepare message to team** |

| *Id.* at 14 | 9/6/22 | W. O'Brien | 0.6 | Email to Chris Miller about proposed motion to compel discovery; email to Gene Brockland about responding to counterclaims; related analysis |
| *Id.* | 9/9/22 | W. O'Brien | 0.6 | **Emails with Gene Brockland about meeting and conferring about motion to dismiss counterclaims**; review schedule for responding to counterclaims; review emails with opposing counsel |
| *Id.* | 9/12/22 | W. O'Brien | 0.6 | Emails with Gene Brockland about motions to dismiss and strike |
| *Id.* | 9/14/22 | W. O'Brien | 1.0 | **Review emails**; receive and study drafts of motion to dismiss and supporting documents; **receive and study comments by Marc Bernstein**; prepare responsive comments |
| *Id.* | 9/15/22 | W. O'Brien | 0.7 | Emails about mediators, etc. |
| *Id.* | 9/19/22 | W. O'Brien | 0.2 | Review emails about motion to dismiss and mediation. |
| *Id.* at 15 | 9/29/22 | W. O'Brien | 0.7 | **Emails with Gene Brockland about discovery deadlines and stipulation for extension;** review further emails |
| *Id.* | 10/3/22 | W. O'Brien | 0.8 | Receive and study opposition to motion to dismiss counterclaims; initial analysis; confirm deadline for reply; **emails with Gene Brockland** |
| *Id.* | 10/5/22 | W. O'Brien | 0.6 | **Emails about partial summary judgment**; receive and review draft of reply in support of motion to dismiss |
| *Id.* | 10/14/22 | W. O'Brien | 0.7 | **Review emails about depositions and mediation**; prepare message about depositions and dispositive motions; receive and study order granting motion to dismiss counterclaims; **emails** |
| *Id.* | 10/17/22 | W. O'Brien | 0.5 | **Review emails** and revised drafts of stipulation for extension of discovery and |

| | | | | |
|---|---|---|---|---|
| | | | | proposed order; **emails with Gene Brockland** |
| *Id.* at 16 | 10/19/22 | W. O'Brien | 0.2 | Receive and review order on stipulation for extension of discovery; **emails with Gene Brockland** |
| *Id.* | 10/25/22 | W. O'Brien | 0.1 | Emails with Gene Brockland about depositions |
| *Id.* | 10/26/22 | | 0.4 | Receive and review papers for motion to compel; **emails with Chris Miller**; receive notice of deposition and related email |
| *Id.* | 10/27/22 | | 0.5 | **Review emails regarding depositions and motion to compel**; direct arrangements for Wakefield deposition; **emails with Gene Brockland** |
| *Id.* | 11/7/22 | | 0.2 | Call with Gene Brockland about depositions, mediation, etc. |
| *Id.* at 17 | 11/11/22 | | 1.9 | **Call and emails with Gene Brockland and Chris Miller about summary judgment motion**; receive and review draft of statement of uncontroverted facts; receive and review cases about willfulness |
| *Id.* | 11/15/22 | | 2.3 | Revise and supplement draft of supplemental memorandum in support of motion to compel; receive and review request to appear by phone at motion hearing; receive and review emails with opposing counsel about request to extend time to oppose summary judgment; receive and review notice of deficiencies in defendants' filing; **reports to team and related team emails** |
| *Id.* at 18 | 11/18/22 | | 0.7 | Review opposing counsel's email about reply brief; **emails with Gene Brockland**; prepare message to court clerk; receive and study order from court; **further emails** |

| | | | | |
|---|---|---|---|---|
| *Id*. | 11/23/22 | | 0.6 | Receipt and initial review summary judgment motion by defendants; **emails about response deadline** |
| *Id*. | 11/28/22 | | 0.5 | Attempt to retrieve tentative ruling on motion to compel; review magistrate judge's procedures; **call with Gene Brockland about motion to compel and motions for summary judgment** |
| *Id*. | 12/2/22 | | 0.8 | Receive and review additional discovery requests from defendants; **emails with Gene Brockland about discovery deadline and possible additional request by us**; receive and review additional discovery requests served by Gene |
| *Id*. | 12/8/22 | | 0.3 | Emails with Gene Brockland about attorneys' fees, settlement discussions. and report to court on result of mediation |
| *Id*. | 12/9/22 | W. O'Brien | 0.5 | Further emails with Gene Brockland about mediation and report to court; review and approve draft of report |
| *Id*. | 12/12/22 | W. O'Brien | 0.7 | **Emails and coordination about opposing defendants' summary judgment and replying in support of client's motion for partial summary judgment**; direct and supervise filing of joint report regarding mediation |
| *Id*. | 12/13/22 | W. O'Brien | 0.2 | Emails about defendants' failure to contest facts in motion for partial summary judgment |
| *Id*. at 19 | 12/21/22 | W. O'Brien | 0.2 | Emails about case schedule and deadlines |
| *Id*. | 12/22/22 | W. O'Brien | 1.0 | **Further emails about case schedule and deadlines**; review calendar entries; receive and study defendants summary judgment reply papers; **related emails** |
| *Id*. | 12/23/22 | W. O'Brien | 0.4 | Emails about objecting to Ault reply declaration; emails about possible stipulation to defendants' net worth |

| | | | | |
|---|---|---|---|---|
| *Id.* | 12/24/22 | W. O'Brien | 0.2 | Further emails about objecting to Ault reply declaration and exhibit |
| *Id.* | 12/27/22 | W. O'Brien | 0.2 | Emails about summary judgment hearing, objections, and discovery responses |
| *Id.* | 12/29/22 | W. O'Brien | 0.1 | E-mails about meet-and-confer deadlines. |
| *Id.* | 1/2/23 | W. O'Brien | 0.2 | Emails with Gene Brockland about case schedule and upcoming hearing |
| *Id.* at 20 | 1/6/23 | W. O'Brien | 0.3 | Review emails about settlement, wealth stipulation |
| *Id.* | 1/9/23 | W. O'Brien | 1.0 | **Review emails** about wealth stipulation and discovery; receive and review draft of stipulation; receipt and initial review of motion in limine |
| *Id.* | 1/10/23 | W. O'Brien | 1.5 | **Review emails** about settlement, discovery, and attorneys' fees claim; **call with Marc Bernstein** |
| *Id.* | 1/12/23 | W. O'Brien | 2.6 | Review and comment on draft Memorandum of Contentions of Fact and Law; review and comment on draft motions in limine; **review emails** and draft exhibit list; **receive and study email** and memo on Judge Carney's fee awards |
| *Id.* | 1/13/23 | W. O'Brien | 6.7 | **Video meeting with Gene and Mark about settlement**; preparation of motions in limine and supporting declaration; **calls with Chris MIller and Nate Lichtenberger**; finalize motion in limine papers and direct filing; **emails** and amended discovery response |
| *Id.* | 1/18/23 | W. O'Brien | 1.3 | Call and emails with Gene Brockland and Marc Bernstein about settlement and travel plans |
| *Id.* | 1/19/23 | W. O'Brien | 1.3 | Emails about settlement; call with Gene Brockland and Marc Bernstein |
| *Id.* at 21 | 1/24/23 | W. O'Brien | 1.3 | **Review emails**; receive and study defendants' revisions of settlement drafts; **call with Marc Bernstein**; further emails |

| *Id.* | 1/27/23 | W. O'Brien | 0.8 | Emails about settlement |
|---|---|---|---|---|
| *Id.* | 1/30/23 | W. O'Brien | 0.5 | Emails and call with Gene Brockland and Marc Bernstein about settlement and magistrate judge |
| *Id.* | 2/1/23 | W. O'Brien | 1.7 | **Emails with Gene Brockland and opposing counsel about consent to trial by magistrate judge; emails with Marc Bernstein about settlement**; review and comment on draft of consent form; receive drafts of settlement drafts |
| *Id.* | 2/2/23 | W. O'Brien | 0.5 | Emails about settlement conference; call with Marc Bernstein and Gene Brockland |
| *Id.* | 2/6/23 | W. O'Brien | 0.4 | Emails with Marc Bernstein and Gene Brockland about settlement |
| *Id.* | 3/1/23 | W. O'Brien | 1.0 | Receive and study minutes of discovery conference; receive and study emails about settlement conference and inspection of premises; **call with Gene and Marc about settlement conference and inspection of premises** |
| *Id.* | 3/2/23 | W. O'Brien | 0.2 | Emails with Gene Brockland about recent developments and upcoming events and needs |
| *Id.* | 3/6/23 | W. O'Brien | 0.2 | Receive and review emails from Gene Brockland and Spencer Sax |
| *Id.* | 3/29/23 | W. O'Brien | 0.4 | Emails with Gene Brockfield and Marc Bernstein about protective order; review latest draft |
| | | | 97.9 | |

## c.  Improper Billing for Internal Memoranda

The following billing entries represent objectionable time spent on internal memoranda and review of internal memoranda which this Court should disallow:

| Docket Entry | Date | Timekeeper | Time | Narrative |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| 147-6, P. 3-4 | 6/17/21 | D. Coffman | 4.0 | Prepare legal memorandum regarding statute of limitations and discovery rule utilized in civil RICO cases. |
| *Id*. at 4 | 6/21/21 | D. Coffman | 4.4 | Prepare legal memorandum regarding rescission of Wakefield II settlement agreements based on fraud. |
| *Id*. | 6/28/21 | D. Coffman | 4.8 | Prepare memo regarding use of collateral estoppel to obtain summary judgment. |
| *Id*. | 6/29/21 | G. Brockland | 0.3 | Review memorandum. |
| *Id*. | 6/30/21 | D. Coffman | 2.8 | Prepare memo regarding civil conspiracy under California law. |
| *Id*. | 7/8/21 | G. Brockland | 0.7 | Review legal memoranda |
| *Id*. at 13 | 1/28/22 | C. Miller | 3.0 | Plan and prepare for long-term litigation strategy: research 9th Circuit appellate and district court case law for cases granting plaintiff judgment as a matter of law for willful infringement and **then draft/revise email memorandum to Gene Brockland regarding findings of same**. |
| *Id*. at 15 | 2/21/22 | C. Miller | 3.8 | Plan and prepare for long-term litigation strategy: research 9th Circuit appellate and district court case law for cases granting plaintiff judgment as a matter of law for willful infringement and then draft/revise email memorandum to Gene Brockland regarding findings of same. |
| *Id*. at 16 | 3/10/22 | C. Miller | 0.6 | Research applicable federal district and appellate court case law regarding the availability of statutory damages under the copyright for infringement that begins pre-registration (2.40) **and draft email memorandum to G. Brockland regarding findings from same (0.60)**. |

| Id. | 3/10/22 | C. Miller | 0.5 | Draft email memorandum to G. Brockland regarding images located showing existence of sculptures on display at properties in question and timeline associated with same. |
|---|---|---|---|---|
| Id. | 3/11/22 | G. Brockland | 0.2 | Review email from C. Miller regarding statutory damages. |
| Id. at 17 | 4/6/22 | G. DeGregorio | 0.3 | Conduct legal research regarding remedies available to client for the violation of permanent injunction, whether we can plead for contempt with a different court in the Central District of Cal (0.40), **prepare research memorandum for the same (0.30)**. |
| Id. | 4/8/22 | G. DeGregorio | 0.7 | Conduct legal research regarding remedies available to client for the violation of permanent injunction, whether we can plead for contempt with a different court in the Central District of Cal, **prepare research memorandum for the same (continued from 4/6)**. |
| Id. | 4/9/22 | G. DeGregorio | 0.4 | Conduct legal research regarding remedies available to client for the violation of permanent injunction, whether we can plead for contempt with a different court in the Central District of Cal, (1.70) **prepare research memorandum for the same (continued from 4/8) (0.40)**. |
| Id. | 4/11/22 | G. DeGregorio | 0.4 | Conduct legal research regarding remedies available to client for the violation of permanent injunction, whether we can plead for contempt with a different court in the Central District of Cal (1.00), **prepare research memorandum for the same (continued from 4/9) (0.40)**. |

| *Id*. at 20 | 5/10/22 | G. DeGregorio | 0.9 | Draft legal research memorandum regarding 9th Circuit law regarding improper claim splitting and compulsory counterclaims in preparation of Motion to Dismiss Olen's state court lawsuit - Improper claim splitting section. |
|---|---|---|---|---|
| *Id*. | 5/11/22 | G. DeGregorio | 0.8 | Draft legal research memorandum regarding 9th Circuit law regarding improper claim splitting and compulsory counterclaims in preparation of Motion to Dismiss Olen's state court lawsuit - compulsory counterclaim section. |
| *Id*. at 21 | 5/12/22 | C. Miller | 0.5 | Draft/revise outline/rough-draft of Motion for Partial Summary Judgment as to liability on copyright infringement, willful infringement, and civil RICO (2.50); **as well as drafting email memorandum to G. Brockland regarding strategy concerning same (0.50)**. |
| *Id*. | 5/13/22 | C. Miller | 2.1 | Continue to draft/revise outline/rough-draft of Motion for Partial Summary Judgment as to liability on copyright infringement, willful infringement, and civil RICO **as well as drafting email memorandum to G. Brockland regarding strategy concerning same**. |
| *Id*. at 22 | 5/16/22 | G. DeGregorio | 0.5 | Prepare legal research memorandum regarding validity of client's possible claim for Removal or Alteration of Copyright Management Infringement under 17 U.S.C. § 1202(b) based on Olenicoff's placement of another artist's name on copies of client's work. |
| *Id*. | 5/17/22 | G. DeGregorio | 0.6 | Draft research memorandum regarding breadth of the [redacted] and whether it applies to [redacted]. |

| Id. | 5/17/22 | G. DeGregorio | 0.5 | Draft research memorandum regarding breadth of [redacted] and whether it applies to [redacted]. |
|---|---|---|---|---|
| Id. | 5/17/22 | G. DeGregorio | 0.4 | Draft legal research memorandum regarding the crime/fraud exception to the attorney-client privilege - California state case law section. |
| Id. | 5/17/22 | G. DeGregorio | 0.6 | Draft legal research memorandum regarding the crime/fraud exception to the attorney-client privilege - 9th Circuit case law section. |
| Id. at 22-23 | 5/18/22 | G. Brockland | 0.6 | Review memoranda from G. DeGregorio regarding research issues (0.6) |
| Id. at 23 | 5/18/22 | G. DeGregorio | 0.6 | Draft legal research memorandum concerning Olenicoff's representations. |
| Id. at 25 | 6/20/22 | G. Brockland | 0.5 | Review legal memoranda from V. DeGregorio on three separate topics. |
| Id. at 28 | 7/7/22 | G. DeGregorio | 1.6 | Conduct legal research under 9th circuit federal case law and Federal Rules 13 and 15 regarding when a party should or should not be granted leave to file a counter-claim out of time - grounds therefore, discretion of the court, etc. |
| Id. | 7/8/22 | G. DeGregorio | 0.7 | Conduct legal research under 9th circuit federal case law and Federal Rules 13 and 15 regarding when a party should or should not be granted leave to file a counter-claim out of time - grounds therefore, discretion of the court, etc. |
| Id. | 7/11/22 | G. Brockland | 0.3 | **Review memorandum from G. DeGregorio regarding leave to file counterclaims (0.30)**; e-mail to B. O'Brien regarding discovery letter (0.10). |
| Id. | 7/27/22 | C. Miller | 0.4 | Research federal rules of civil procedure and appellate case law from 9th circuit regarding burden of disproving defendant's affirmative defenses when |

| | | | | |
|---|---|---|---|---|
| | | | | moving for summary judgment as a plaintiff and **then draft brief email memorandum to G. Brockland discussing the same**. |
| *Id*. at 29 | 8/3/22 | C. Miller | 0.6 | Conference with G. Brockland regarding civil RICO claim and elements of criminal copyright infringement for purposes of preparing motion for partial summary judgment and **then prepare/send him email memorandum summarizing same**. |
| *Id*. at 40 | 11/14/22 | G. DeGregorio | 2.6 | Conduct legal research under 9th Circuit Law on Recovery of Attorneys' Fees Under the Copyright Act & the Fogerty factors which must be met to obtain attorneys' fees, **and prepare legal memorandum of the same**. |
| *Id*. | 11/15/22 | G. DeGregorio | 0.6 | Conduct legal research under 9th Circuit Law on Recovery of Attorneys' Fees Under the Copyright Act & the Fogerty factors which must be met to obtain attorneys' fees, **and prepare legal memorandum of the same (continued from 11/14)**. |
| *Id*. at 41 | 11/17/22 | G. DeGregorio | 2.7 | Conduct legal research regarding 9th Circuit Law Surrounding the "Good Cause" Standard of FRCP 16 and case law supporting client's position, and **prepare legal memorandum for the same**. |
| *Id*. at 42 | 11/30/22 | G. DeGregorio | 1.8 | Conduct legal research under 9th Circuit law regarding reliance on misrepresentations outside of the settlement agreement, and for case law where a contractual merger clause was found to be void where a party who alleges fraud in the inducement, and |

| | | | | |
|---|---|---|---|---|
| | | | | **prepare legal research memorandum regarding the same**. |
| *Id*. | 12/2/22 | G. DeGregorio | 2.8 | Conduct legal research under 9th Circuit law regarding whether a plaintiff who brings a fraud claim must prove "knowingly" element by introducing evidence that defendant knew the statement was false, or is it sufficient if plaintiff introduces evidence that defendant should have known that it was false, and **prepare legal research memorandum regarding the same**. |
| *Id*. 48 | 1/5/23 | C. Miller | 1.5 | Plan and prepare for upcoming trial: draft email memorandum to G. Brockland outlining potential motions in limine. |
| 147-14, P. 3 | 11/19/21 | W. O'Brien | 1.0 | Receive and study defendants' motion to transfer and supporting declarations; review docket; **prepare report to team on defendants' violations of local rules**; team emails |
| *Id*. at 4 | 12/27/21 | W. O'Brien | 0.5 | Receipt and initial review of Olen's reply in support of motion to transfer; **prepare report to team** |
| *Id*. at 5 | 1/5/22 | W. O'Brien | 1.0 | Receipt and initial review of Olen's reply in support of motion to transfer; **prepare report to team** |
| *Id*. | 1/6/22 | W. O'Brien | 0.9 | Emails and call with co-counsel about call with opposing counsel; receive and study order scheduling motion to quash and notice of deficiencies; **prepare report to co-counsel**; receive and review notice of deficiency in amended request for entry of default; **receive and review notes of Marc Bernstein's call with opposing counsel**; further emails |
| *Id*. | 1/10/22 | W. O'Brien | 0.5 | Emails with co-counsel about attempted service of summons and complaint on |

| | | | | John Liang; receive and study proposed order on motion to quash; **prepare report to co-counsel**; further emails |
|---|---|---|---|---|
| *Id*. at 6 | 1/14/22 | W. O'Brien | 0.9 | Receive and review notice of deficiency in filing of supplement to motion to quash; review emails about communications with opposing counsel; **prepare report and recommendations about supplement to motion to quash** |
| *Id*. at 8 | 3/7/22 | W. O'Brien | 1.3 | **Receive and study messages regarding answers to complaint, damages, experts, joint report, and mediation**; review and comment on draft of joint report; receive and review notices of filing deficiencies re defendants' answers |
| *Id*. at 10 | 5/13/22 | W. O'Brien | 1.0 | Prepare for call with Julie Ault about motion to dismiss; call with Ault; receive and review order from superior court; **prepare reports to team**; emails with team about discovery and issues looking ahead |
| *Id*. at 11 | 5/27/22 | W. O'Brien | 0.6 | Receive and study notice of intent; **prepare report to team**; emails; receive and study discovery responses |
| *Id*. at 16 | 11/8/22 | W. O'Brien | 0.3 | Study report from Gene Brockland about depositions, etc.; emails about motions in limine |
| *Id*. at 17 | 11/15/22 | W. O'Brien | 2.3 | Revise and supplement draft of supplemental memorandum in support of motion to compel; receive and review request to appear by phone at motion hearing; receive and review emails with opposing counsel about request to extend time to oppose summary judgment; receive and review notice of deficiencies in defendants' filing; **reports to team and related team emails** |

| | | | | |
|---|---|---|---|---|
| *Id.* | 11/16/22 | W. O'Brien | 1.6 | Receive and study emails with opposing counsel; receive and analyze motion to extend time to oppose summary judgment; **prepare report and recommendations**; emails about extension motion, expert witnesses, and mediation |
| 147-12, P. 11 | 1/17/22 | M. Bernstein | 1.4 | Call with Ben Muschel is Sachs Sax about Olen's planned dismissal motion; review background case materials and **prepare summary emails to Gene and Bill re same**. |
| *Id.* at 18 | 1/10/23 | T. Chen | 2.2 | Westlaw research into same [Judge Carney's fee awards]. |
| *Id.* | 1/10/23 | M. Bernstein | 0.7 | Talk with Tsui and update Gene and Bill , about researching Judge Carney's attorney's fee awards. |
| *Id.* | 1/11/23 | T. Chen | 4.6 | Search for Carney attorney fee awards. |
| *Id.* | 1/12/23 | M. Bernstein | 1.5 | Review and analyze Tsui's research on Judge Carney fee awards. |
| *Id.* | 1/12 | T. Chen | 0.5 | Edit Carney memo. |
| | | | 73.9 | |

### d. <u>Improper Billing for Clerical Work</u>

The following billing entries represent objectionable clerical tasks which this Court should disallow:

| Docket Entry | Date | Timekeeper | Time | Narrative |
|---|---|---|---|---|
| 147-12, P. 3 | 9/22/21 | M. Bernstein | 1.2 | Work with Tsui to get complaint on file. |
| *Id.* | 9/22/21 | T. Chen | 3.8 | Review Central District of CA Local Rules, case filing requirements; download and prepare all documents for initiating case. |
| *Id.* | 9/23/21 | M. Bernstein | 0.2 | Work on complaint filing. |

| *Id.* | 10/8/21 | T. Chen | 0.6 | Email process server re service (0.1); check local rules, standing orders, general orders for pro hac vice filing (0.5). |
|---|---|---|---|---|
| *Id.* | 10/21/21 | T Chen | 1.4 | Prepare chambers copy and arrange deliver. |
| *Id.* at 4 | 10/13/21 | T. Chen | 1.0 | Email and call process server re service to Olen Properties |
| *Id.* | 10/24/21 | M. Bernstein | 0.4 | Review and approve 11 calendaring dates triggered by service of the Olen summons; respond to Tsui's question about fling of the returned summons. |
| *Id.* | 10/25/21 | T. Chen | 0.4 | Research last day to serve and file summons. |
| *Id.* at 7 | 11/1/21 | T. Chen | 0.3 | Research local rules, standing order, and FL state process rules for mail service. |
| *Id.* at 13 | 7/28/22 | T. Chen | 0.1 | File Brockland discovery objection letter. |
| *Id.* | 8/16/22 | T. Chen | 0.2 | Download Document production. |
| *Id.* | 8/22/22 | T. Chen | 0.2 | File drafts of opposition to motion to amend (0.1); file opposition motion (0.1). |
| *Id.* | 8/26/22 | T. Chen | 0.1 | File expert materials. |
| *Id.* at 17 | 9/8/22 | T. Chen | 0.4 | File and calendar counterclaim. |
| *Id.* | 9/12/22 | T. Chen | 0.2 | Calendar response dates. |
| *Id.* | 9/16/22 | T. Chen | 0.1 | File draft MTD. |
| *Id.* | 9/21/22 | T. Chen | 0.1 | File order on PHV. |
| *Id.* | 9/22/22 | T. Chen | 0.1 | Download and save filings. |
| *Id.* | 10/3/22 | T. Chen | 0.2 | Download and file opposition brief. |
| *Id.* | 10/7/22 | T. Chen | 0.1 | File draft and e-filing. |
| *Id.* | 10/10/22 | T. Chen | 0.3 | Download brief |
| *Id.* | 10/14/22 | T. Chen | 1.3 | Download and file Order; review Order. |
| *Id.* | 10/17/22 | T. Chen | 0.1 | File draft stipulation |
| *Id.* | 10/18/22 | T. Chen | 0.3 | File stipulation and proposed order. |
| *Id.* | 10/19/22 | T. Chen | 1.5 | Download and file order; calendar new deadlines; file and calendar deposition. |
| *Id.* | 10/26/22 | T. Chen | 0.3 | File and calendar Wakefield deposition. |
| *Id.* | 10/28/22 | T. Chen | 0.4 | File and discern differences in amended depo notice. |

| *Id.* | 11/1/22 | T. Chen | 0.9 | Download and file motion to compel; calendar deadlines. |
|---|---|---|---|---|
| *Id.* | 11/2/22 | T. Chen | 0.1 | Download and file answer. |
| *Id.* | 11/10/22 | T. Chen | 0.1 | Download exhibits and MPSJ brief. |
| *Id.* | 11/14/22 | T. Chen | 0.1 | Download exhibits and file. |
| *Id.* | 11/15/22 | T. Chen | 2.1 | Download and file MPSJ; review MPSJ |
| *Id.* | 11/16/22 | T. Chen | 0.2 | Download and file notice and motion. |
| *Id.* | 11/17/22 | T. Chen | 0.2 | Download and file opposition. |
| *Id.* | 11/18/22 | T. Chen | 0.6 | Download and calendar order. |
| *Id.* at 18. | 11/23/22 | T. Chen | 0.7 | File and calendar MSJ. |
| *Id.* | 11/30/22 | T. Chen | 0.2 | Download and file minutes. |
| *Id.* | 12/2/22 | T. Chen | 0.7 | File and calendar RFP (0.3); file RPFs & ROGs (0.4). |
| *Id.* | 12/5/22 | T. Chen | 0.3 | Calendar discovery requests. |
| *Id.* | 12/13/22 | T. Chen | 0.2 | Download and file defendant's opposition to MPSJ. |
| *Id.* | 12/14/22 | T. Chen | 0.1 | File defendant discovery responses. |
| *Id.* | 12/15/22 | T. Chen | 0.1 | File stipulated protective order. |
| *Id.* | 12/20/22 | T. Chen | 0.2 | File opposition to defendants' MSJ. |
| *Id.* | 12/21/22 | T. Chen | 0.3 | Generate deadline dates. |
| *Id.* | 1/3/23 | T. Chen | 0.5 | File discovery response documents (0.4); download and file objection to reply declaration. |
| *Id.* | 1/10/23 | T. Chen | 0.1 | Download Wakefield production documents. |
| *Id.* | 1/13/23 | T. Chen | 0.3 | File discovery response; download and file motion. |
| *Id.* | 1/17/23 | T. Chen | 0.1 | Download and file motion. |
| *Id.* | 1/23/23 | T. Chen | 0.1 | Download and file motion. |
| *Id.* at 19 | 1/24/23 | T. Chen | 0.3 | Download and file witness list, memo of contentions, opposition to motion in limine; compare settlement agreements. |
| *Id.* | 1/27/23 | T. Chen | 0.5 | Update deadlines based upon 1/27/23 civil minutes; download and file civil minutes. |
| *Id.* | 2/1/23 | T. Chen | 0.5 | Download and file notice of lodging. |
| *Id.* | 2/2/23 | T. Chen | 0.1 | Download and file consent to proceed. |

| Id. | 2/9/23 | T. Chen | 0.1 | Download and file civil minutes. |
|---|---|---|---|---|
| Id. | 2/17/23 | T. Chen | 0.2 | Create redlines of settlement agreement. |
| Id. | 2/21/23 | T. Chen | 0.1 | Download and file motion re discovery dispute. |
| Id. | 3/1/23 | T. Chen | 0.1 | Download and file civil minutes. |
| Id. | 3/2/23 | T. Chen | 0.1 | Download and file transcript request. |
| Id. | 3/6/23 | T. Chen | 0.1 | Download and file transcript request. |
| Id. | 3/8/23 | T. Chen | 0.9 | Download and file settlement conference order and calendar. |
| Id. | 3/13/23 | T. Chen | 0.8 | Calendar new deadlines from civil minutes and change trial and pretrial dates; download and file civil minutes. |
| Id. at 20 | 4/18/23 | T. Chen | 0.2 | Download and file motion and calendar hearing date. |
| Id. | 4/20/23 | T. Chen | 0.1 | Download and file protective order. |
| Id. at 23 | 5/3/23 | T. Chen | 0.4 | Download and file re-scheduling notice and calendar; download and file protective order and stipulation for settlement. |
| Id. | 5/5/23 | T. Chen | 0.2 | Redact invoices. |
| Id. | 5/17/23 | T. Chen | 0.3 | Resend Marc previous McCormick fee award case documents and download other McCormick fee award case (0.2); download and file civil minutes (0.1). |
| Id. | 5/23/23 | T. Chen | 0.2 | Redact banking info on the invoices. |
| 147-6, P.14 | 2/8/22 | S. Thomas | 0.1 | Telephone conference with Process Services, Inc. regarding service of complaint. |
| Id. | 2/8/22 | S. Thomas | 0.1 | Telephone conference with Caplan, Caplan and Caplan regarding service of complaint. |
| Id. | 2/8/22 | S. Thomas | 0.1 | Telephone conference with Accurate Serve regarding service of complaint. |
| Id. | 2/9/22 | G. Brockland | 0.1 | Coordinate service with S. Thomas. |

| *Id.* at 15 | 2//16/22 | S. Thomas | 0.2 | Telephone conference with J. Baggoo of Process Service, Inc. regarding service attempts to Igor Olenicoff. |
|---|---|---|---|---|
| *Id.* at 21 | 5/16/22 | A. Starks | 1.2 | Finalize review and organization of document production (1.00); bates label all docs and sent to client for review (0.20). |
| *Id.* at 22 | 5/17/22 | A. Starks | 0.8 | Prepare hyperlinked index of Wakefield I trial exhibits. |
| *Id.* | 5/23/22 | A. Starks | 0.8 | Finalize bates production of documents WAKEFIELD 1-587 for first production of documents. |
| *Id.* at 23 | 5/27/22 | G. DeGregorio | 1.4 | Create pleading, discovery, and motion deadline schedule based off of deadlines provided by court in May 5 Scheduling Order. |
| *Id.* at 24 | 6/8/22 | G. DeGregorio | 1.1 | Revise pleading, discovery, and motion deadline schedule to include meet and confer deadlines for motion filing, deadline for discovery motion filing, deadline for opposition to discovery motions, and deadline for reply to discovery motion. |
| *Id.* at 26 | 6/27/22 | G. DeGregorio | 0.6 | Download cases cited by Olenicoff in Opposition to Wakefield's Motion to Dismiss or Stay. |
| *Id.* at 35 | 10/5/22 | G. DeGregorio | 0.3 | Pull all cases cited in Paragraphs 22, 23, 25, and 29 of Defendant's Opposition to Wakefield's Motion to Dismiss Count III of Counterclaims and Motion to Strike Affirmative Defenses of Invalidity. |
| *Id.* at 46 | 12/21/22 | A. Starks | 0.4 | Review documents produced in prior suit. |
| 147-14, P. 4 | 12/20/21 | W. O'Brien | 4.1 | Extensive preparation of brief and declarations opposing transfer; emails with Don, Gene, Chris Miller, etc.; **direct** |

|  |  |  |  | and supervise filing of opposition papers |
|---|---|---|---|---|
| *Id.* at 5 | 1/3/22 | W. O'Brien | 2.1 | Receive and study multiple emails and revised drafts of filings to request default of Igor Olenicoff and respond to court's order to show cause; check and revise documents; **direct and supervise filings** |
| *Id.* | 1/5/22 | W. O'Brien | 1.0 | **Direct and supervise finalizing and filing of amended request for default and supporting papers**; receive study limited appearance documents; receive and study motion to quash service; prepare reports to co-co-counsel; emails about call from opposing counsel |
| *Id.* at 9 | 4/21/22 | W. O'Brien | 0.4 | **Direct and supervise filing** of joint report; related emails. |
| *Id.* at 10 | 5/5/22 | W. O'Brien | 0.5 | **Direct and supervise filing** of removal papers; receive and study scheduling order and order about settlement procedures |
| *Id.* | 5/6/22 | W. O'Brien | 1.0 | Team emails; review draft of initial disclosures and provide suggested edits; **direct and supervise filing of federal papers re removal** |
| *Id.* at 16 | 10/18/22 | W. O'Brien | 0.5 | **Direct and supervise filing of stipulation for extension of discovery and proposed order**; related emails |
| *Id.* at 18 | 12/12/22 | W. O'Brien | 0.7 | Emails and coordination about opposing defendants' summary judgment and replying in support of client's motion for partial summary judgment; **direct and supervise filing of joint report regarding mediation** |
| *Id.* at 19 | 12/22/22 | W. O'Brien | 1.0 | Further emails about case schedule and deadlines; **review calendar entries**; receive and study defendants summary judgment reply papers; related emails |

| Id. at 21 | 1/23/23 | W. O'Brien | 4.4 | Emails about settlement documentation, exhibit list, and opposition to motion in limine; prepare stipulation; prepare revisions to settlement agreement; review and comment on drafts of opposition to motion in limine and Memorandum of Contentions of Fact and Law; **direct and supervise filings** |
| | | | 51.6 | |

### e.  Improper Billing for Items Directed to a Defaulted Unrelated Defendant

Plaintiff should not recover against the Olen Defendants regarding billing directed to John Liang, an unserved, unrelated defendant as follows:

| Docket Entry | Date | Timekeeper | Time | Narrative |
|---|---|---|---|---|
| 147-6, P. 6 | 6/30/21 | G. Brockland | 0.8 | Continue draft of Complaint (1.00); **review materials regarding John Liang, potential defendant (0.80).** |
| Id. at 6 | 10/14/21 | G. Brockland | 0.1 | Teleconference with D. Wakefield (0.10); review Order regarding PHV (0.10); **e-mails with T. Chen regarding PHV motion and service on J. Liang (0.10)**; teleconference with M. Bernstein (0.10). |
| Id. | 10/14/21 | B. Walker | 0.2 | Review and analyze Court order on compliance with local rules and **emails to and from co-counsel relating to service on Liang** and Olen (0.10); conference with G. Brockland regarding same (0.10). |
| Id. at 10 | 12/30/21 | C. Miller | 3.8 | Continue to draft/revise Memorandum in Response to Order to Show Cause, including Sections IV (regarding extension for service under FRCP 4(m) if Olenicoff's prior attempted service was insufficient) **and V (regarding extension for service to Liang under FRCP 4(m))**. |

| Id. at 11 | 1/10/22 | G. Brockland | 0.5 | Teleconference with J. Hodges regarding attempted service on Liang (0.30); e-mail to co-counsel regarding same (0.20). |
|---|---|---|---|---|
| 147-14, P. 4 | 12/28/21 | W. O'Brien | 1.0 | **Emails about service of summons and complaint on John Liang** and Igor Olenicoff; inquiries about private investigators; **receive and study OSC re dismissal of Liang** and Olenicoff; related emails; receive order for pro hac vice admission |
| Id. at 5 | 1/10/22 | W. O'Brien | 0.5 | **Emails with co-counsel about attempted service of summons and complaint on John Liang**; receive and study proposed order on motion to quash; prepare report to co-counsel; further emails |
| Id. at 7 | 2/16/22 | W. O'Brien | 0.6 | Receive and study order denying motions to dismiss and to quash; emails about order, default, **service of Liang**, possible spoliation, etc. |
| Id. | 2/12/22 | W. O'Brien | 0.4 | **Emails and analysis about service on Liang** and about restoring monies received as result of rescinded contract |
| Id. | 2/24/22 | W. O'Brien | 0.4 | Receive and study information about litigation funding; related emails; receive Gene Brockland's draft of joint report; **receive and study message about service on Liang** |
| Id. at 8 | 3/9/22 | W. O'Brien | 0.2 | Receive and study order dismissing case against Liang |
| Id. | 3/11/22 | W. O'Brien | 0.2 | Prepare message to team about dismissal of Liang. |
| 147-12, P. 3 | 10/8/21 | T. Chen | 2.2 | Email process server re service (0.1); Online search for John Liang (2.0). |
| Id. | 10/11/21 | T. Chen | 4.1 | Online search for John Liang. |
| Id. at 7 | 12/28/21 | M. Bernstein | 0.4 | Review and respond to email among Bill and Gene about locating and serving Liang. |
| | | | 15.4 | |

### f.  Improper Billing for Items are Not Applicable to Olen Defendants

Plaintiff improperly seeks to recover against the Olen Defendants for billing which is not applicable to Olen, including, but not limited to preparation of engagement agreements, time spent discussing litigation funding, and time spent on Plaintiff's counsel's pro hac vice motions.  The applicable entries are:

| Docket Entry | Date | Timekeeper | Time | Narrative |
|---|---|---|---|---|
| 147-6, P. 3 | 6/14/21 | G. Brockland | 0.8 | Prepare engagement agreement. |
| *Id*. at 6 | 10/14/21 | G. Brockland | 0.2 | Teleconference with D. Wakefield (0.10); **review Order regarding PHV (0.10); e-mails with T. Chen regarding PHV motion and service on J. Liang (0.10)**; teleconference with M. Bernstein (0.10). |
| *Id*. at 26 | 6/22/22 | G. Brockland | 0.4 | Teleconference with M. Bernstein and M. Kelley regarding funding. |
| *Id*. | 6/23/22 | G. Brockland | 0.3 | Review emails regarding litigation funding. |
| *Id*. | 6/24/22 | G. Brockland | 0.3 | Teleconference with D. Wakefield regarding litigation funding and FOIA requests. |
| 147-14, P. 3 | 11/16/21 | W. O'Brien | 0.1 | Receive and study pro hac vice application; email to team |
| *Id*. | 11/30/21 | W. O'Brien | 0.3 | Further emails about expiration of certificate of good standing and obtaining new ones; receive and review corrected pro hac vice application |
| *Id*. at 4 | 12/16/21 | W. O'Brien | 3.2 | Prepare detailed comments on draft of brief opposing transfer motion; **receive certificates of good standing; direct preparation of pro hac vice application; review updated pro hac vice application**; related emails |

| | | | | |
|---|---|---|---|---|
| *Id.* | 12/17/21 | W. O'Brien | 0.3 | Emails about draft of brief opposing transfer motion; **emails about pro hac vice application** |
| *Id.* at 7 | 2/24/22 | W. O'Brien | 0.4 | **Receive and study information about litigation funding**; related emails; receive Gene Brockland's draft of joint report; receive and study message about service on Liang |
| *Id.* | 2/28/22 | W. O'Brien | 0.3 | **Receive and review further information about litigation funding**; related emails; receive and review further evidence of infringement |
| *Id.* | 3/1/22 | W. O'Brien | 0.6 | **Emails about** defendants request for extension of time, **litigation funding**; review and comment on draft stipulation |
| *Id.* at 8 | 3/3/22 | W. O'Brien | 0.1 | Review further emails about litigation funding |
| *Id.* | 4/12/22 | W. O'Brien | 0.1 | Review e-mails about litigation funding |
| *Id.* at 9 | 4/28/22 | W. O'Brien | 0.1 | Review information about litigation funding |
| *Id.* | 4/29/22 | W. O'Brien | 0.6 | Receipt and initial review of discovery requests; **emails about funding**; direct work on removal papers |
| *Id.* at 11 | 6/3/22 | W. O'Brien | 0.5 | Emails about pro hac vice admissions and about continuance of hearing on motion for dismissal. |
| 147-12, P. 3 | 10/8/21 | T. Chen | 0.5 | Check local rules, standing orders, general orders for pro hac vice filing. |
| | | | 9.1 | |

### g. Improper Billing for Items Where the Narrative/Description of Work is Completely Redacted

Plaintiff has not met his burden concerning the Motion for Attorney's Fees where he seeks to recover for time when the entire narrative/description is redacted. Under these circumstances, neither the Court nor Defendants' counsel can assess whether the time sought is reasonable. The effected time entries are as follows:

| Docket Entry | Date | Timekeeper | Time | Narrative |
|---|---|---|---|---|
| 147-12, P. 12 | 2/24/22 | M. Bernstein | 1.2 | Redacted |
| *Id.* | 2/28/22 | M. Bernstein | 0.6 | Redacted |
| *Id.* | 4/26/22 | M. Bernstein | 0.9 | Redacted |
| *Id* at 12-13 | 4/27/22 | M. Bernstein | 0.5 | Redacted |
| *Id.* at 13 | 4/28/22 | M. Bernstein | 0.5 | Redacted |
| *Id.* | 5/31/22 | M. Bernstein | 0.3 | Redacted |
| *Id.* | 6/22/22 | M. Bernstein | 0.7 | Redacted |
| *Id.* at 23 | 5/25/23 | T. Chen | 3.9 | Redacted |
| | | | 8.6 | |

### h.  Block Billing

A review of the time submitted by Mr. O'Brien reflects block billing which the Court should reduce. Examples of this type of billing, include, but are not limited to:

| Docket Entry | Date | Timekeeper | Time | Narrative |
|---|---|---|---|---|
| 147-14, P.9 | 5/2/2022 | W. O'Brien | 2.5 | Receive and study message from Gene Brockland about amended complaint; prepare message to Gene about personal jurisdiction; receive and study message from Marc Bernstein; preparation of removal papers; receive and study reply in support of bifurcation motion |
| *Id.* at 12 | 7/28/22 | W. O'Brien | 2.9 | Receive and study message from Gene Brockland about partial summary judgment and drafts of motion documents; receive |

| | | | | and study letter asking to meet and confer about defendants' deficient discovery responses; emails; prepare comments on motion for partial summary judgment; further analysis and emails about partial summary judgment. |
|---|---|---|---|---|
| *Id*. at 15 | 10/7/22 | W. O'Brien | 4.2 | Preparation of reply brief in support of motion to dismiss counterclaims; direct filing; emails about stipulation to extend discovery; receive and review draft of proposed summary judgment order |
| *Id*. at 17 | 11/15/22 | W. O'Brien | 2.3 | Revise and supplement draft of supplemental memorandum in support of motion to compel; receive and review request to appear by phone at motion hearing; receive and review emails with opposing counsel about request to extend time to oppose summary judgment; receive and review notice of deficiencies in defendants' filing; reports to team and related team emails |
| *Id*. at 20 | 1/12/23 | W. O'Brien | 2.6 | Review and comment on draft Memorandum of Contentions of Fact and Law; review and comment on draft motions in limine; review emails and draft exhibit list; receive and study email and memo on Judge Carney's fee awards |
| *Id*. | 1/13/23 | W. O'Brien | 6.7 | Video meeting with Gene and Mark about settlement; preparation of motions in limine and supporting declaration; calls with Chris MIller and Nate Lichtenberger; finalize motion in limine papers and direct filing; emails and amended discovery response |
| *Id*. at 21 | 1/23/23 | W. O'Brien | 4.4 | Emails about settlement documentation, exhibit list, and opposition to motion in limine; prepare stipulation; prepare |

| | | | | |
|---|---|---|---|---|
| | | | | revisions to settlement agreement; review and comment on drafts of opposition to motion in limine and Memorandum of Contentions of Fact and Law; direct and supervise filings |
| *Id.* | 1/26/23 | W. O'Brien | 2.7 | Emails re case schedule, settlement; receive and study email from Julie Ault and draft motion for stay; calls with Marc Bernstein and Gene Brockland; receive and study revised settlement agreement; receive and study order vacating trial date, etc.; related emails; research on Magistrate Judge McCormick |

Case No. 8:21-cv-1585-CJC-DFM
Declaration of Spencer M. Sax in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs

136

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of July, 2023.

_____

Spencer M. Sax