Spencer M. Sax
Sachs Sax Caplan
6111 Broken Sound Parkway NW, Suite 200
Boca Raton, FL 33487
Tel: (561) 994-4499
Fax: (561) 994-4985
Email: ssax@ssclawfirm.com
*Pro Hac Vice*

Julie A. Ault, Esq. (Bar No. 186914)
Kaelee Gifford, Esq. (Bar No. 303533)
7 Corporate Plaza
Newport Beach, CA 92660
Tel.:  (949) 719-7212
Fax:  (949) 719-7210
Email:        jault@olenproperties.com
Attorneys for Olen Properties Corp.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| DONALD WAKEFIELD,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>OLEN PROPERTIES CORP., IGOR OLENICOFF, JOHN LIANG and Does 1 through 10 inclusive,<br><br>　　　　　　Defendants. | CASE NO.  8:21-cv-1585-CJC-DFM<br>The Hon.<br><br>**DECLARATION OF JULIE AULT IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES**<br><br>Hearing Date:  August 8, 2023<br>Time: 10:00 a.m.<br><br>Complaint Filed: September 27, 2021<br>Trial Date:         NONE |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. My name is Julie Ault, I am over eighteen (18) years of age and General Counsel and counsel of record in this matter for Defendant Olen Properties Corp. ("Olen") and Igor Olenicoff ("Olenicoff"). I was also counsel of record for defendants Olen and Olenicoff in USDC Case(s) *Wakefield v Olenicoff*, et al. SACV12-2077 AG (RNBx) and SACV 17-1147-AG(DFMx)("Original Wakefield Actions) . I make this declaration from my own personal knowledge or upon information and belief.

2. Counsel for Plaintiff in the instant case, Gene Brockland, was also counsel for Plaintiff in the Original Wakefield actions which commenced in 2012. Mr. Brockland was the primary attorney representing Plaintiff in both these matters, and was readily familiar with the facts, law, claims and defenses in the Original Wakefield matters. The claims in the instant matter arise out of the same set of facts and circumstances as the Original Wakefield matters and involve the same issues of law as previously litigated and settled in the Original Wakefield matters. The current case alleges infringement of the copyright of the same sculpture which was at issue in the Original Wakefield as two additional pieces were located at locations in Florida ("Florida Sculptures"). I am informed and believe that the two sculptures at issue in the current matter had, unbeknownst to Olen and Olenicoff, already been installed in the locations in Florida at the time of the settlement agreement reached between Wakefield, Olen and Olenicoff which resolved all copyright infringement claims which existed at the time of the Original Wakefield matters.

3. The primary difference between the Original Wakefield matter and the current case is that Wakefield now included allegations of RICO and civil conspiracy. The allegations of the current complaint did not assert any new or additional factual basis for Wakefield's claims of copyright infringement other than an uninvestigated and meritless allegation that Olenicoff, staff members of Olen

Case No. 8:21-cv-1585-CJC-DEM
DECLARATION OF JULIE AULT IN OPPOSITION TO PLAINTIFF'S MOTION
FOR ATTORNEY FEES

and Olen's legal counsel conspired together to hide the Florida Sculptures from Wakefield at the time of the consummation of the settlement agreement, which said agreement released all claims arising from the Original Wakefield matters.  The unfounded RICO and civil conspiracy allegations in the instant case caused Olen to retain new legal counsel given the conspiracy allegations involved prior counsel William Buus and myself.

4. At no time prior to the filing of this matter did Mr. Brockland, any other attorneys of record in this matter, nor the Plaintiff himself ever contact Olenicoff, Olen, me or any other Olen legal counsel to inquire about the newly discovered Florida Sculptures.  Neither Wakefield nor his counsel made a pre-litigation demand to Olenicoff or Olen, but rather the Defendants first knowledge of the existence of the Florida Sculptures was notification of the filing of the Complaint herein.  Failure to provide any pre-litigation notice of the alleged claims and the existence of the Florida Sculptures deprived Defendants of the ability to resolve the dispute without incurring the reputational damage which occurred upon the filing of the instant complaint alleging violation of RICO.

5. Upon learning of the existence of the Florida Sculptures, Olen caused the Florida Sculptures to be removed from public view and placed in a storage unit.  A true and correct copy of pages 118-121 of the transcript of the deposition, of Dale Lyon confirming the removal of the Florida Sculptures in October 2021 is attached hereto as Exhibit A.

6. On or about January 21, 2023, a settlement agreement in principle was reached through telephonic discussions between Mr. Brockland and Mr. Sax.  I was tasked with working with Mr. Bernstein to finalize the settlement terms in a written agreement.  On or about January 22, 2023, I contacted Mr. Bernstein to propose we agree to a 'pens down' stay of the case while we memorialized the agreement so as to avoid a run up of attorney time preparing for an imminently approaching trial date.  Mr. Bernstein refused to accept such a proposal and instead the three law firms representing Wakefield continued to

Case No. 8:21-cv-1585-CJC-DEM
DECLARATION OF JULIE AULT IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES

prepare for trial. A true and correct copy of the email exchange memorializing the proposal and refusal is attached hereto as Exhibit B.

7. As of March 30, 2023, Mr. Bernstein still had not agreed to the final version of a settlement agreement and instead agreed to meet via zoom to discuss the final wording of the settlement. During this zoom conference, Mr. Bernstein admitted that he was unaware that there had not been a pre-suit demand and further disagreed with the approach of not having provided a pre-litigation demand and instead proceeding with the filing of the lawsuit containing RICO allegations against counsel as well as Defendants. Additionally, Mr. Bernstein admitted that this case had been "over lawyered" with several firms representing Plaintiff. The discussion pertaining to the exact language in the settlement agreement was productive and Mr. Bernstein and I agreed in principle to modifications to the language of the agreement, which he undertook the task of revising so as to ensure he would be agreeable to the language.

8. Despite this agreement, Mr. Bernstein did not provide the revised settlement until April 10, 2023, and the settlement was not finalized and signed until April 21, 2023, three months after the terms of the settlement had been reached. It was not until after execution of the settlement agreement that Plaintiff's counsel stopped prosecution of the case, thus running up additional unnecessary attorney time.

I declare under penalty of perjury according to the laws of California that the forgoing is true and correct.

Executed on this ___ day of July, 2023, at Newport Beach, California

____/s/ _____Julie Ault_____
By:     Julie Ault

Case No. 8:21-cv-1585-CJC-DEM
DECLARATION OF JULIE AULT IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 18, 2023, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send a Notice of Electronic Filing to the following CM/ECF registrants:

Marc N Bernstein
Business Litigation Group PC
150 Spear Street Suite 800
San Francisco, CA 94105
mbernstein@blgrp.com
tchen@blgrp.com

William J O'Brien
One LLP
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
wobrien@onellp.com

Gene J. Brockland
SmithAmundsen LLP
120 South Central, Suite 710
St. Louis, MO 63105
gbrockland@smithamundsen.com

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on July 18, 2023 at Newport Beach, California.

*/s/Julie Ault*
Julie Ault