Marc N. Bernstein (Cal. Bar No. 145837)
mbernstein@blgrp.com
The Business Litigation Group, P.C.
150 Spear Street, Suite 800
San Francisco, CA 94105
Telephone:   415.765.6634
Facsimile:   415.283.4804

Gene J. Brockland (Missouri State Bar No. 32770)
Christopher O. Miller (Missouri State Bar No. 70251)
*Admitted Pro Hac Vice*
gbrockland@amundsendavislaw.com
comiller@amundsendavislaw.com
Amundsen Davis LLC
120 South Central, Suite 700
St. Louis, MO 63105
Telephone:   314.719.3732
Facsimile:   314.719.3733

William J. O'Brien (Cal. Bar No. 99526)
wobrien@onellp.com
One LLP
23 Corporate Plaza Dr., Suite 150-105
Newport Beach, CA  92660
Telephone:   310.866.5157
Facsimile:   310.943.2085

*Attorneys for Plaintiff,*
*Donald Wakefield*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| DONALD WAKEFIELD,<br><br>          Plaintiff,<br><br>     v.<br><br>IGOR OLENICOFF, OLEN PROPERTIES CORP.; and DOES 1 through 10, inclusive,<br><br>          Defendants, | Case No. 8:21-cv-1585-CJC-DFM<br><br>*Hon. Douglas F. McCormick*<br><br>**REPLY DECLARATION OF GENE J. BROCKLAND IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COSTS**<br><br>Hearing Date:  August 8, 2023<br>Time:              10:00 a.m.<br>Courtroom:      6B<br><br>Complaint Filed: September 27, 2021 |

I, Gene J. Brockland, declare as follows:

1. I am an attorney licensed to practice law in Missouri and Illinois, and am admitted pro hac vice in this case. I am an attorney and Partner at the law firm of Amundsen Davis LLC, one of the attorneys of record for Plaintiff Donald Wakefield ("Mr. Wakefield") in this case. I have personal knowledge of the facts set forth herein and, if called and sworn as a witness, could and would testify competently thereto.

2. As the lead attorney for Mr. Wakefield, I made the decision not to issue a pre-suit settlement demand to Defendants. That decision was made not to drive up litigation costs, but was borne out of concern for strategies that I expected Defendants would deploy based on my experience in litigating with them over the prior ten years.

3. I made this decision in consultation with Marc Bernstein, my co-counsel. We agreed that we would file suit first, but that we would immediately engage Defendants' counsel in settlement negotiations, which Mr. Bernstein agreed to handle. We sought an early settlement.

4. As set out in my Declaration in Support of Plaintiff's Application for Attorney's Fees and Costs (Dkt. 147-2), Defendants have actively and vigorously defended every case I have ever filed against them, through trials in this Court, through appeals to the U.S. Court of Appeals for the 9th Circuit, and even an unsuccessful petition for Certiorari to the United States Supreme Court. *Id* at ¶¶ 11-21.

5. Specifically, I was concerned that if we issued a pre-suit settlement demand, Defendants would immediately file suit against Mr. Wakefield for breach of the *Wakefield II* Settlement Agreement in a venue of their choosing, and thereby put Mr. Wakefield on the defensive from the outset, forcing him to file a counter-claim in whatever court Defendants had chosen to initiate litigation.

**REPLY DECLARATION OF GENE J. BROCKLAND IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COST**

6.      In fact, Defendants' strategy that they deployed in this case subsequent to our filing suit demonstrates the merit of my concerns.

7.      First, Defendants sought to transfer this case to the Southern District of Florida.  (*Id* at ¶ 33.)  Second, Defendants filed a separate suit in state Court in California, seeking to enforce the *Wakefield II* Settlement Agreement.  (Id. at ¶¶ 37-41.)

8.      Those actions suggest to me that my pre-suit concerns were warranted.  Had we issued a demand without filing suit, I believe Defendants would have sued Mr. Wakefield either in the Southern District of Florida or state court in California, putting Mr. Wakefield on the defensive.

9.      Despite not issuing a pre-suit demand, Mr. Wakefield was committed to trying to resolve this case early in the litigation.  To that end, Marc Bernstein engaged in settlement discussions with Spencer Sax, which are detailed in Mr. Bernstein's Declaration filed concurrently herewith.

10.     A final settlement agreement was not reached until April 21, 2023. This was just days before Mr. Wakefield and I were scheduled to inspect the artwork and sculpture at the Olen Headquarters, a building not open to the public. That inspection had been ordered by the Court over strenuous objection from the Defendants.

11.     When I filed my Declaration in Support of Plaintiff's Motion for Fees and Costs on June 22, 2023 (Dkt. 147-2) I attached an invoice including the true and accurate time records of Amundsen Davis for this matter for the time period from June 9, 2021 through June 6, 2023.

12.     Attached hereto as Exhibit 1 is an invoice including the true and accurate time records of Amundsen Davis for this matter for the time period from June 7, 2023 through July 24, 2023.

**REPLY DECLARATION OF GENE J. BROCKLAND IN SUPPORT OF**
**PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COST**

13.     As those time records show, Plaintiff has incurred additional attorneys' fees of $25,570 at Amundsen Davis in the time period from June 7, 2023 through July 24, 2023, which should be added to the lodestar fee amount.

Executed this 25th day of July, 2023.

Gene J. Brockland

**REPLY DECLARATION OF GENE J. BROCKLAND IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COST**