Spencer M. Sax
Sachs Sax Caplan
6111 Broken Sound Parkway NW, Suite 200
Boca Raton, FL 33487
Tel: (561) 994-4499
Fax: (561) 994-4985
Email: ssax@ssclawfirm.com
*Pro Hac Vice*

Julie A. Ault, Esq. (Bar No. 186914)
Kaelee Gifford, Esq. (Bar No. 303533)
7 Corporate Plaza
Newport Beach, CA 92660
Tel.:   (949) 719-7212
Fax:   (949) 719-7210
Email: jault@olenproperties.com

Attorneys for Olen Properties Corp. and Igor Olenicoff

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| DONALD WAKEFIELD,<br><br>                              Plaintiff,<br><br>     vs.<br><br>OLEN PROPERTIES CORP., IGOR OLENICOFF, JOHN LIANG and Does 1 through 10 inclusive,<br><br>                              Defendants. | CASE NO.  8:21-cv-1585-CJC-DFM<br>The Hon. Douglas McCormick<br><br>**DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION FOR ATTORNEYS' FEES  [DKT. 151] AND MOTION TO STAY DEADLINE TO COMPLY WITH FEE AWARD** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I.   **INTRODUCTION**

1.     While the Court meticulously reviewed Plaintiff's time entries, the Order Granting Plaintiff's Motion for Attorneys' Fees did not specifically address the excessiveness of the billing related to Plaintiff's various pleadings, other than two pleadings which the Court found unnecessary. As such, Defendants respectfully request that this Court reconsider its Order Granting Plaintiff's Motion for Attorneys' Fees, as the Court materially erred by reducing zero hours from the more than 925 hours sought by Plaintiff for various pleadings for which Defendants have objected based on the hours being excessive, redundant, or otherwise unnecessary.

2.     In its Order, the Court specifically addressed several categories of objections raised by Defendants in their opposition to Plaintiff's Motion for Attorneys' Fees and Costs, including inter/intra-office communications, block billing, billing not directly related to Defendants, and clerical work. Further, the Court found that the motion practice involved in this case was reasonable. Finally, the Court specifically made reductions for pleadings that it found were unnecessary, namely Plaintiff's Opposition to Defendants' Motion for Leave to Amend and Plaintiff's Opposition to Defendants' Motion for Extension of Time to Respond to Plaintiff's Motion for Partial Summary Judgment.

3.     However, the Court's analysis does not address the crux of Defendants' objections to the amount of fees sought by Plaintiff, namely the excessiveness of the billing

for various of Plaintiff's pleadings. Stated differently, while the Court addressed the necessity of certain pleadings, it did not specifically address reductions for those pleadings that it found were necessary but where Defendants asserted there was overbilling. Further, as to the fees which Defendants argued were unreasonable because the narrative/description were completely redacted, the Court also did not address this in its Order, and it is unclear if the Court thought that Plaintiff had voluntarily withdrawn his request for those fees.

## II.   <u>LEGAL STANDARD ON MOTION FOR RECONSIDERATION</u>

4.   Reconsideration motions are governed by Local Rule 7-18, which provides in pertinent part:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or <u>(c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.</u>  No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.

(emphasis added).

5.      Further, under Federal Rule of Civil Procedure, 59(e), a party can move to alter or amend a judgment.  Relief under Rule 59(e) is available for: <u>(1) a court's clear error of law or fact</u>; (2) "newly discovered or previously unavailable evidence"; (3) a "manifestly unjust" decision; or (4) "an intervening change in the controlling law." *Rishor v. Ferguson*, 822 F.3d 482, 491-92 (9th Cir. 2016) (citation omitted), cert. denied, 137 S. Ct. 2213 (2017) (emphasis added).

6.      District courts have "considerable discretion" when ruling on a motion under Rule 59(e). *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citations omitted). While reconsideration is an "extraordinary remedy" it may be used "in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted) (discussing reconsideration under Fed. R. Civ. P. 59(e)).

## III.   <u>THE COURT DID NOT ADDRESS DEFENDANTS' OBJECTIONS TO THE EXCESSIVENESS OF HOURS EXPENDED ON VARIOUS PLEADINGS</u>

7.      Defendants believe that this Court should reconsider this matter because the Court erred in failing to address the crux of objections regarding the excessiveness of the fees billed by Plaintiff's counsel for various pleadings.

8.      As this Court is aware, in their Response to Plaintiff's Motion for Attorneys' Fees and Costs [Dkt. 148], Defendants objected to various categories of fees sought by

Plaintiff's counsel. Namely, Defendants raised objections based upon (a) excessive billing for tasks, (b) inter/intra-office communications, (c) internal memorandum, (d) clerical work, (e)-(f) billing not directly related to Defendants, (g) fully redacted entries, and (h) block billing *See* Sax Decl. [Dkt. 148-2] at 2-136.

9.      In its Order Granting Plaintiff's Motion for Attorneys' Fees [Dkt.151], the Court specifically addressed inter/intra-office communications, block billing, billing not directly related to Defendants, and clerical work. However, the Court's analysis does not specifically address the crux of Defendants' objections to the amount of fees sought by Plaintiff, namely the excessiveness of the billing for various of Plaintiff's pleadings that were overbilled. *See* Sax Decl. [Dkt. 148-2] at 3-86.

10.      While the Court specifically made reductions for pleadings that it found were unnecessary, namely Plaintiff's Opposition to Defendants' Motion for Leave to Amend and Plaintiff's Opposition to Defendants' Motion for Extension of Time to Respond to Plaintiff's Motion for Partial Summary Judgment, the Court did not specifically address reductions for those pleadings that it found were necessary but for which Defendants asserted there was overbilling.

11.      Under California law, a court "must carefully review attorney documentation of hours expended" to determine whether the time reported was reasonable. *Ketchum v. Moses,* (2001) 24 Cal.4th 1122, 1132 (quoting *Serrano v. Priest*, 20 Cal.3d 25, 48 (1977)). *See also LYMS, Inc. v. Millimaki*, 2014 WL 12695754 at *6 (S.D. Cal. March 25, 2014) (a

court "'may not uncritically accept a fee request,' but is obligated to review the time billed and assess whether it is reasonable in light of the work performed and the context of the case.") (quoting *Common Cause v. Jones*, 235 F. Supp. 2d 1076, 1079 (C.D. Cal. 2002).

12.    To determine the number of compensable hours, the court must consider "whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Gates v. Deukmejian,* 987 F.2d 1392, 1397 (9th Cir. 1992).

13.    As the Supreme Court laid out in *Hensley v. Eckerhart*:

> **The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely.** Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. **"In the private sector, 'billing judgment' is an important component in fee setting.** It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority."

461 U.S. at 433–34 (emphasis added). *See also Yahoo!, Inc. v. Net Games, Inc.*, 329 F. Supp. 2d 1179, 1187 (N.D. Cal. 2004).

14.    Fees may be reduced for expenses that appear excessive, redundant, or otherwise unnecessary in light of the tasks performed. *Hensley*, 461 U.S. at 434.

15.    Accordingly, the Court must make an analysis of the reasonableness of the hours expended for the work performed. *See Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (If applicants do not exercise billing judgment,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

courts are obligated to do it for them, and cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary.).

16.     Here, the Court did not make an analysis of the reasonableness of the hours expended for various pleadings that it found were necessary but for which Defendants asserted there was overbilling.

17.     In its Order, the Court noted:

> Here, Plaintiff chose to involve three law firms on this case, each with its own partner-level attorney (Brockland of Amundsen Davis, Bernstein of Business Litigation Group, and O'Brien of One LLP). See Brockland Decl., ¶¶ 3-4, 64. **Over 80% of the total hours were billed by these three partners and one senior associate with Brockland's firm, Chris Miller.** See Brockland Decl., Ex. 4; Bernstein Decl., Ex. 1; O'Brien Decl.; Ex. A. Most of the inter/ intra-office communications to which Defendants object involve these timekeepers. See Sax Decl. at 86-116. The Court acknowledges that multiple law firms were employed for valid strategic reasons. **But given this team structure, and given that the bulk of the work was performed by relatively senior attorneys, Plaintiffs lawyers were obligated to perform efficiently, minimize unnecessary inter/intra-office communications, and avoid duplicative billing.** Instead, the time entries show significant time spent conferencing and preparing/reviewing internal communications, with some communications being double or even triple billed.

Order [Dkt 151] at p. 5 (emphasis added).

18.     As the Court already recognized in relation to inter/intra-office communications, the bulk of work performed by Plaintiff's counsel was performed by

partners and a senior associate and thus they were obligated to perform work efficiently. This same concept should be applied to the preparation of the various motions and responses. Further, as the Court recognized in declining to award a fee multiplier, "this case did not present novel or difficult issues." Order [Dkt 151] at p. 12.

19.　As set forth in the Declaration of Spencer M. Sax, which was attached as Exhibit B to Defendants' Response, Plaintiff's counsel billed unreasonable amounts for the work performed for various pleadings. *See* [Dkt. 148-2] at pp. 2-86.

20.　For illustrative purposes, Defendants provide the following table converting the number of hours billed for various pleadings, motions, and responses into fees using the blended rate of $750 that the Court utilized in calculating its reductions for inter/intra-office communications. *See* Order [Dkt. 151] at p. 7.

| Pleading | Length of Document[1] | Hours Claimed | Blended Rate[2] | Fee Amount |
|---|---|---|---|---|
| Complaint [DE 1] | 27 pages | 24.7 hours | $750 | $18,525 |
| Opposition to Motion to Transfer Venue [DE 33] | 19 pages | 90.5 hours | $750 | $67,875 |
| Response in Opposition to Motion to Quash Service [DE 56] | 7 pages | 23.2 hours | $750 | $17,400 |
| Response in Opposition to Motion to Dismiss [DE 57] | 8 pages | 83.3 hours | $750 | $62,475 |

[1] While these numbers do not reflect the length of exhibits, most of the exhibits were not drafted as part of the respective pleading, apart from declarations of counsel, which, on the whole, averaged one to two pages each.
[2] For the Court's ease, Defendants use a "blended rate" of $750 pursuant to the Court's use of the same blended rate when calculating its reductions for inter/intra-office communications. *See* Order [Dkt. 151] at p. 7.

| | | | | |
|---|---|---|---|---|
| Response in Opposition to Motion to Bifurcate [DE 75] | 12 pages | 51.9 hours | $750 | $38,925 |
| Notice of Removal, Motion to Dismiss or Stay State Court Complaint | 4 pages<br>8 pages | 44.0 hours | $750 | $33,000 |
| Reply to Opposition to Motion to Dismiss State Court Claim | 5 pages | 29.2 hours | $750 | $21,900 |
| Motion to Dismiss Count III of Defendants' Counterclaims and Strike Affirmative Defenses [DE 88] | 8 pages | 31.6 hours | $750 | $23,700 |
| Discovery Dispute:<br>Motion to Compel Responses to Written Discovery [DE 94]<br><br>Joint Stipulation for Discovery Dispute [94-1]<br><br>Memo in Support of Motion to Compel Responses to Discovery [DE 100] | 2 pages<br><br><br>106 pages[3]<br><br><br>4 pages | 85.3 hours | $750 | $63,975 |
| Motion for Partial Summary Judgment [DE 98] | 20 pages | 146.5 hours | $750 | $109,875 |
| Opposition to Defendants Motion for Summary Judgment [DE 113]<br>Reply in Support of Plaintiff's Motion for Partial Summary Judgment [DE 114] | 19 pages<br><br><br><br>12 pages | 160.3 hours | $750 | $120,225 |
| Plaintiff's Consolidated Motion in Limine [DE 117] | 13 pages | 53.6 hours | $750 | $40,200 |
| Opposition to Defendants' Motions in Limine [DE 123] | 12 pages | 51.9 hours | $750 | $38,925 |
| Motion for Attorneys' Fees and Costs [DE 147] | 12 pages | 51.6 hours | $750 | $38,700 |

---

[3] As addressed in Defendants' Response, half of the arguments were Defendants' responses to Plaintiff's arguments, and the same arguments were repeated numerous times.

| Total (estimate based on blended rate for ease of illustration) | | 927.6 hours | | $695,700.00 |
|---|---|---|---|---|

21.   As the table indicates, many of the various pleadings were not significantly lengthy. Further, the subject matter of the various pleadings were not so complex, intricate, or novel to justify the amount of time spent in research and drafting.

22.   Here, it is not clear if the Court has performed an analysis of the hours requested as to these various pleadings to determine whether the hours were reasonably expended or whether they were excessive, redundant, or otherwise unnecessary. Under these circumstances as shown in the table above, Defendants would request that the Court review those hours and reduce the number of hours sought by Plaintiff's counsel, as many of the above-referenced hours are excessive, given the relative length and simplicity of the motions.

23.   Finally, as to the fees which Defendants argued were unreasonable because the narrative/description were completely redacted, Plaintiff maintained his objections in his Reply, but acknowledged that if the Court agreed with Defendants and reduced the fee award, it would be a minimal reduction. [Dkt. 149] at p. 15-16. The Court also did not address this in its Order. It is unclear if the Court thought that Plaintiff had voluntarily withdrawn his request for those fees.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.   MOTION TO STAY DEADLINE TO COMPLY WITH FEE AWARD

24.    Pursuant to the Settlement Agreement entered into between the parties to resolve the instant lawsuit, *see* [Dkt 147-5], "[u]pon the Court's determination of the amount of the fee and cost award to Mr. Wakefield (the Assessed Sum), the Olen Parties shall within 15 court days pay Mr. Wakefield the Assessed Sum in full." Accordingly, the Assessed Sum is due on September 11, 2023.

25.    In order to allow this Court to reconsider this limited aspect of its Order, Defendants also respectfully request that the Court, if necessary, stay the deadline to pay the Assessed Sum until the Court resolves the instant motion for reconsideration.

## V.   CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court reconsider the fee award granted to Plaintiff, specifically as to the excessiveness of the billing for Plaintiff's various pleadings that the Court deemed necessary but for which Defendants asserted there was overbilling and thus requested a 75% reduction.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **L.R. 11-6.2. CERTIFICATE OF COMPLIANCE**

The undersigned counsel certifies that this Response contains 2,249 words, which complies with the word limit of L.R. 11-6.1.

Dated: August 25, 2023.

/s/ Spencer Sax
SPENCER M. SAX
SACHS SAX CAPLAN
Attorneys for Olen Properties Corp. and Igor Olenicoff

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2023, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send a Notice of Electronic Filing to the following CM/ECF registrants:

Marc N Bernstein
Business Litigation Group PC
150 Spear Street Suite 800
San Francisco, CA 94105

William J O'Brien
One LLP
23 Corporate Plaza Drive, Suite 150-105
Newport Beach, CA 92660

Gene J. Brockland
SmithAmundsen LLP
120 South Central, Suite 710
St. Louis, MO 63105

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on August 25, 2023 at Newport Beach, California.

*/s/ Julie A. Ault*
Julie A. Ault